| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900 | Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>Ross M. Kwasteniet, P.C. (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200 |

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**DEBTORS' MOTION SEEKING**
**ENTRY OF AN ORDER (I) EXTENDING TIME**
**TO FILE SCHEDULES OF ASSETS AND LIABILITIES,**
**SCHEDULES OF CURRENT INCOME AND EXPENDITURES,**
**SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND**
**STATEMENTS OF FINANCIAL AFFAIRS, (II) EXTENDING TIME TO FILE**
**RULE 2015.3 FINANCIAL REPORTS AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) extending the deadline by which the Debtors must file the schedules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") to the earlier of (i) 30 days (for a total of 44 days after the Petition Date (as defined below)) or (ii) 7 days prior to the 341 Meeting, without prejudice to the Debtors' ability to request additional extensions; (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in rule 2015.3 (the "2015.3 Reports") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), or to file a motion with the Court (as defined below) seeking a modification of such reporting requirements for cause, to the later of: (i) 30 days after the meeting of creditors to be held pursuant to section 341 (the "341 Meeting") of the Bankruptcy Code (as defined below) or (ii) 44 days from the Petition Date, each without prejudice to the Debtors' ability to request additional extensions; and (c) granting related relief.

### Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2015.3(d), and 9006,

and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.  The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius employs a global workforce of approximately 670 employees and has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.  On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Campagna Declaration"), both filed contemporaneously with this Motion and incorporated by reference herein.[2] As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

3

business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## Basis for Relief

**I.    Cause Exists to Extend the Time to File the Schedules and Statements.**

8. Section 521 of the Bankruptcy Code provides that the debtor shall file "(B) unless the court orders otherwise—(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs . . . ." 11 U.S.C. § 521(a)(1)(B). Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." *See* Fed. R. Bankr. P. 1007(c) and 9006(b). The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, and contracts of the Debtors. The collection of this necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and the Debtors' advisors.

9. Given the size and complexity of the Debtors' business and financial affairs, and the critical matters that the Debtors' management and professionals were required to address prior

4

to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

10. In the weeks leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases, including stabilizing their business operations. Focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and all parties in interest. Moreover, granting an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

11. As explained in the First Day Declarations, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and advisors. Engaging in such preparation immediately before or after the commencement of these chapter 11 cases would distract such personnel and advisors from the Debtors' business operations at this juncture. Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the limited number of employees available to collect the information, the competing demands upon such employees, and the time and attention the Debtors must devote to the restructuring process, the Debtors submit that "cause" exists to extend the current deadline to the earlier of (a) an additional 30 days (for a total of 44 days after the Petition Date) or (b) 7 days prior to the 341 Meeting. The Debtors request such an extension without prejudice to their ability to request waivers or additional extensions from the Court.

12. Courts in this district regularly have found "cause" to extend the deadline for filing schedules and statements in chapter 11 cases, especially when the case involves business operations of comparable size, complexity, and geographic scope. *See, e.g.*, *In re Voyager Digital Holdings, Inc., et al.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022) (finding cause to extend the deadline by which the debtors must file their schedules and statements by an additional 30 days); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) (finding cause to extend the deadline by which the debtors must file their schedules and statements by an additional 45 days); *In re Pareteum Corporation*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022) (extending the deadline by 30 days, for a total of 44 days after the petition date); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Sept. 10, 2021) (extending the deadline by 31 days, for a total of 45 days after the petition date); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Aug. 2, 2021) (extending the deadline by 29 days).[3]  Accordingly, the Debtors submit that such an extension is appropriate under the circumstances.

## II.    Cause Exists to Extend the Time to File the 2015.3 Reports.

13. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c).  Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the

---

[3]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

6

ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." *See* Fed. R. Bankr. P. 2015.3(d).

14. The Debtors directly and indirectly own non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on: (a) the size, complexity, and geographic scope of the Debtors' business; and (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases. For the reasons set forth above, the Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3.

15. Extending the deadline to file the initial 2015.3 Reports will provide the Debtors with the necessary time to examine the books and records of their non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3. The additional time will also enable the Debtors to work with their financial advisors and the United States Trustee for the Southern District of New York (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (a) 30 days after the 341 Meeting or (b) 44 days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

16. The relief requested herein will not prejudice any party in interest. The Debtors will work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-debtor subsidiaries. Courts in this district regularly have found "cause" to

7

extend the deadline for filing 2015.3 reports in chapter 11 cases of comparable size, complexity, and geographic scope. *See, e.g.*, *In re Voyager Digital Holdings, Inc., et al.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022) (granting the debtors a 30-day extension from the petition date to file 2015.3 reports); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) (granting the debtors a 45-day extension from the petition date to file 2015.3 reports); *In re Pareteum Corporation*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022) (granting the debtors a 44-day extension from the petition date to file 2015.3 reports); *In re Philippine Airlines, Inc.*, No. 21-11569 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2021) (granting the debtors an extension to file 2015.3 reports to the later of (a) ten days after the 341 meeting and (b) 59 days from the petition date); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Sept. 24, 2020) (granting the debtors a 44-day extension from the petition date to file 2015.3 reports).

## The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

17.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

**Motion Practice**

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**Notice**

19. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

20. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: July 14, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>Ross M. Kwasteniet, P.C. (*pro hac vice* pending)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br>Email:  patrick.nash@kirkland.com<br>  ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**ORDER (I) EXTENDING TIME
TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
AND STATEMENTS OF FINANCIAL AFFAIRS, (II) EXTENDING TIME TO FILE
RULE 2015.3 FINANCIAL REPORTS AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) extending the deadline by which the Debtor must file their Schedules and Statements to the earlier of (i) 30 days (for a total of 44 days after the Petition Date) or (ii) 7 days prior to the 341 Meeting, without prejudice to the Debtors' ability to request additional extensions for cause shown, (b) extending the deadline by which the Debtors must file their 2015.3 Reports to the later of (i) 30 days after the 341 Meeting or (ii) 44 days from the Petition Date, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time within which the Debtors must file their Schedules and Statements is extended to the earlier of (a) an additional 30 days (for a total of 44 days after the Petition Date (August 29, 2022)) or (b) 7 days prior to the 341 Meeting, without prejudice to the Debtors' right to seek additional extensions.

3. The time within which the Debtors must file the 2015.3 Reports or otherwise file a motion with this Court seeking a modification of such reporting requirements for cause is extended to the later of (a) 30 days after the 341 Meeting or (b) 44 days from the Petition Date, in each case without prejudice to the Debtors' right to seek additional extensions.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

　　　　　　　　　　　　　　　　　　　THE HONORABLE [●]
　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE