**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) approving the form and manner of notice, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     Subject to the exceptions to the automatic stay contained in Bankruptcy Code

section 362(b)[3] and the right of any party in interest to seek relief from the automatic stay in

accordance with Bankruptcy Code section 362(d), all persons (including individuals, partnerships,

corporations, and other entities and all those acting on their behalf) and governmental units,

whether of the United States, any state or locality therein or any territory or possession thereof, or

any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service

thereof, and all those acting on their behalf), are hereby stayed, restrained and enjoined from:

> (a)     commencing or continuing (including the issuance or employment of
> process) any judicial, administrative, or other action or proceeding against
> the Debtors that was or could have been commenced before the
> commencement of the Debtors' chapter 11 cases or recovering a claim
> against the Debtors that arose before the commencement of the Debtors'
> chapter 11 cases;

---

[3]     The text of Bankruptcy Code section 362 is attached hereto as **Exhibit A**.

(b)     enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' chapter 11 cases;

(c)     taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located or to exercise control over property of the estates or interfere in any way with the conduct by the Debtors of their business, including, without limitation, attempts to arrest, seize or reclaim any assets in which the Debtors have legal or equitable interests;

(d)     taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

(e)     taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

(f)     taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

(g)     offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

(h)     commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the exceptions set forth in provisions of 11 U.S.C. § 362(b).

3.     Pursuant to sections 362 and 365[4] of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these chapter 11 cases, because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these chapter 11 cases or (b) commencement of these chapter 11 cases under the Bankruptcy Code. Accordingly, all such persons are required to

---

[4]    The text of Bankruptcy Code section 365 is attached hereto as **Exhibit B**.

continue to perform their obligations under such leases and contracts during the postpetition period.

4.      Pursuant to section 525[5] of the Bankruptcy Code, all foreign or domestic governmental units and other regulatory authorities and all those acting on their behalf are stayed, restrained, prohibited, and enjoined from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors or the Debtors' affiliates on account of (i) the commencement of the Debtors' chapter 11 cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the chapter 11 cases; (b) placing conditions upon such a grant to the Debtors or the Debtors' affiliates on account of (i) the commencement of the Debtors' chapter 11 cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the chapter 11 cases; (c) discriminating against the Debtors or the Debtors' affiliates on account of (i) the commencement of the Debtors' chapter 11 cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the chapter 11 cases; or (d) interfering in any way with any and all property of the Debtors' estates wherever located on account of (i) the commencement of the Debtors' chapter 11 cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the chapter 11 cases.

5.      The form of Notice, substantially in the form attached as **Exhibit 1** hereto, is approved.  The Debtors are authorized to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.

6.      Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

---

[5]    The text of Bankruptcy Code section 525 is attached hereto as **Exhibit C**.

7.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.      For the avoidance of doubt, this Order confirms, but does not enlarge, the provisions or modify the protections of the Bankruptcy Code.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  July 19, 2022
        New York, New York

        _____/s/ Martin Glenn_____
            MARTIN GLENN
    Chief United States Bankruptcy Judge

## Exhibit A

**Bankruptcy Code Section 362**

## § 362. Automatic Stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

    (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

    (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

    (4) any act to create, perfect, or enforce any lien against property of the estate;

    (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

    (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

    (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay--

    (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

    (2) under subsection (a)--

        (A) of the commencement or continuation of a civil action or proceeding-

            (i)  for the establishment of paternity;

            (ii) for the establishment or modification of an order for domestic support obligations;

            (iii)concerning child custody or visitation;

            (iv)for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or

            (v) regarding domestic violence;

        (B) of the collection of a domestic support obligation from property that is not property of the estate;

        (C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute;

(D) of the withholding, suspension, or restriction of a driver's license, a professional or occupational license, or a recreational license, under State law, as specified in section 466(a)(16) of the Social Security Act;

(E) of the reporting of overdue support owed by a parent to any consumer reporting agency as specified in section 466(a)(7) of the Social Security Act;

(F) of the interception of a tax refund, as specified in sections 464 and 466(a)(3) of the Social Security Act or under an analogous State law; or

(G) of the enforcement of a medical obligation, as specified under title IV of the Social Security Act;

(3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title;

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

[(5) Repealed. Pub.L. 105-277, Div. I, Title VI, § 603(1), Oct. 21, 1998, 112 Stat. 2681886]

(6) under subsection (a) of this section, of the exercise by a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency of any contractual right (as defined in section 555 or 556) under any security agreement or arrangement or other credit enhancement forming a part of or related to any commodity contract, forward contract or securities contract, or of any contractual right (as defined in section 555 or 556) to offset or net out any termination value, payment amount, or other transfer obligation arising under or in connection with 1 or more such contracts, including any master agreement for such contracts;

(7) under subsection (a) of this section, of the exercise by a repo participant or financial participant of any contractual right (as defined in section 559) under any security agreement or arrangement or other credit enhancement forming a part of or related to any repurchase agreement, or of any contractual right (as defined in section 559) to offset or net out any termination value, payment amount, or other transfer obligation arising under or in connection with 1 or more such agreements, including any master agreement for such agreements;

(8) under subsection (a) of this section, of the commencement of any action by the Secretary of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units;

2

(9) under subsection (a), of--

    (A) an audit by a governmental unit to determine tax liability;

    (B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;

    (C) a demand for tax returns; or

    (D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).

(10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;

(11) under subsection (a) of this section, of the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument;

(12) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursuant to chapter 11 of this title and which was brought by the Secretary of Transportation under section 31325 of title 46 (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage, or a security interest in or relating to a vessel or vessel under construction, held by the Secretary of Transportation under chapter 537 of title 46 or section 109(h) of title 49, or under applicable State law;

(13) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursuant to chapter 11 of this title and which was brought by the Secretary of Commerce under section 31325 of title 46 (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage in a vessel or a mortgage, deed of trust, or other security interest in a fishing facility held by the Secretary of Commerce under chapter 537 of title 46;

(14) under subsection (a) of this section, of any action by an accrediting agency regarding the accreditation status of the debtor as an educational institution;

(15) under subsection (a) of this section, of any action by a State licensing body regarding the licensure of the debtor as an educational institution;

(16) under subsection (a) of this section, of any action by a guaranty agency, as defined in section 435(j) of the Higher Education Act of 1965 or the Secretary of Education regarding the eligibility of the debtor to participate in programs authorized under such Act;

(17) under subsection (a) of this section, of the exercise by a swap participant or financial participant of any contractual right (as defined in section 560) under any security agreement or arrangement or other credit enhancement forming a part of or related to any swap agreement, or of any contractual right (as defined in section

560) to offset or net out any termination value, payment amount, or other transfer obligation arising under or in connection with 1 or more such agreements, including any master agreement for such agreements;

(18) under subsection (a) of the creation or perfection of a statutory lien for an ad valorem property tax, or a special tax or special assessment on real property whether or not ad valorem, imposed by a governmental unit, if such tax or assessment comes due after the date of the filing of the petition;

(19) under subsection (a), of withholding of income from a debtor's wages and collection of amounts withheld, under the debtor's agreement authorizing that withholding and collection for the benefit of a pension, profit-sharing, stock bonus, or other plan established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986, that is sponsored by the employer of the debtor, or an affiliate, successor, or predecessor of such employer--

    (A) to the extent that the amounts withheld and collected are used solely for payments relating to a loan from a plan under section 408(b)(1) of the Employee Retirement Income Security Act of 1974 or is subject to section 72(p) of the Internal Revenue Code of 1986; or

    (B) a loan from a thrift savings plan permitted under subchapter III of chapter 84 of title 5, that satisfies the requirements of section 8433(g) of such title; but nothing in this paragraph may be construed to provide that any loan made under a governmental plan under section 414(d), or a contract or account under section 403(b), of the Internal Revenue Code of 1986 constitutes a claim or a debt under this title;

(20) under subsection (a), of any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for other good cause shown, after notice and a hearing;

(21) under subsection (a), of any act to enforce any lien against or security interest in real property--

    (A) if the debtor is ineligible under section 109(g) to be a debtor in a case under this title; or

    (B) if the case under this title was filed in violation of a bankruptcy court order in a prior case under this title prohibiting the debtor from being a debtor in another case under this title;

(22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

(23) subject to subsection (m), under subsection (a)(3), of an eviction action that seeks possession of the residential property in which the debtor resides as a tenant under a lease or rental agreement based on endangerment of such property or the illegal use of controlled substances on such property, but only if the lessor files with the

4

court, and serves upon the debtor, a certification under penalty of perjury that such an eviction action has been filed, or that the debtor, during the 30-day period preceding the date of the filing of the certification, has endangered property or illegally used or allowed to be used a controlled substance on the property;

(24) under subsection (a), of any transfer that is not avoidable under section 544 and that is not avoidable under section 549;

(25) under subsection (a), of--

    (A) the commencement or continuation of an investigation or action by a securities self regulatory organization to enforce such organization's regulatory power;

    (B) the enforcement of an order or decision, other than for monetary sanctions, obtained in an action by such securities self regulatory organization to enforce such organization's regulatory power; or

    (C) any act taken by such securities self regulatory organization to delist, delete, or refuse to permit quotation of any stock that does not meet applicable regulatory requirements;

(26) under subsection (a), of the setoff under applicable nonbankruptcy law of an income tax refund, by a governmental unit, with respect to a taxable period that ended before the date of the order for relief against an income tax liability for a taxable period that also ended before the date of the order for relief, except that in any case in which the setoff of an income tax refund is not permitted under applicable nonbankruptcy law because of a pending action to determine the amount or legality of a tax liability, the governmental unit may hold the refund pending the resolution of the action, unless the court, on the motion of the trustee and after notice and a hearing, grants the taxing authority adequate protection (within the meaning of section 361) for the secured claim of such authority in the setoff under section 506(a);

(27) under subsection (a) of this section, of the exercise by a master netting agreement participant of any contractual right (as defined in section 555, 556, 559, or 560) under any security agreement or arrangement or other credit enhancement forming a part of or related to any master netting agreement, or of any contractual right (as defined in section 555, 556, 559, or 560) to offset or net out any termination value, payment amount, or other transfer obligation arising under or in connection with 1 or more such master netting agreements to the extent that such participant is eligible to exercise such rights under paragraph (6), (7), or (17) for each individual contract covered by the master netting agreement in issue;

(28) under subsection (a), of the exclusion by the Secretary of Health and Human Services of the debtor from participation in the medicare program or any other Federal health care program (as defined in section 1128B(f) of the Social Security Act pursuant to title XI or XVIII of such Act); and (29) under subsection (a)(1) of this section, of any action by--

    (A) an amateur sports organization, as defined in section 220501(b) of title 36, to replace a national governing body, as defined in that section, under section 220528 of that title; or

      (B) the corporation, as defined in section 220501(b) of title 36, to revoke the certification of a national governing body, as defined in that section, under section 220521 of that title.

    The provisions of paragraphs (12) and (13) of this subsection shall apply with respect to any such petition filed on or before December 31, 1989.

(c) Except as provided in subsections (d), (e), (f), and (h) of this section--

    (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

    (2) the stay of any other act under subsection (a) of this section continues until the earliest of--

      (A) the time the case is closed;

      (B) the time the case is dismissed; or

      (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

    (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

      (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

      (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

      (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

        (i) as to all creditors, if--

          (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

          (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

            (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

            (bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

(aa) if a case under chapter 7, with a discharge; or

(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor; and

(4)

(A)

(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and

(ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and

(D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

(i) as to all creditors if--

(I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

(II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's

7

attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if-

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization;

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that--

(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property.
If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

(e)

(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless--

(A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or
(B) such 60-day period is extended--
(i) by agreement of all parties in interest; or
(ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

(f) Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

9

(2) the party opposing such relief has the burden of proof on all other issues.

(h)

    (1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--

        (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

        (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

    (2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

(i) If a case commenced under chapter 7, 11, or 13 is dismissed due to the creation of a debt repayment plan, for purposes of subsection (c)(3), any subsequent case commenced by the debtor under any such chapter shall not be presumed to be filed not in good faith.

(j) On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.

(k)

    (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

    (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

(l)

    (1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that--

        (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire

monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and

(B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

(2) If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).

(3)

(A) If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true.

(B) If the court upholds the objection of the lessor filed under subparagraph (A)--

(i) subsection (b)(22) shall apply immediately and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and

(ii) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the court's order upholding the lessor's objection.

(4) If a debtor, in accordance with paragraph (5), indicates on the petition that there was a judgment for possession of the residential rental property in which the debtor resides and does not file a certification under paragraph (1) or (2)--

(A) subsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and

(B) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22).

(5)

(A) Where a judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement has been obtained by the lessor, the debtor shall so indicate on the bankruptcy petition and shall provide the name and address of the lessor that obtained that pre-petition judgment on the petition and on any certification filed under this subsection.

(B) The form of certification filed with the petition, as specified in this subsection, shall provide for the debtor to certify, and the debtor shall certify--

   (i) whether a judgment for possession of residential rental housing in which the debtor resides has been obtained against the debtor before the date of the filing of the petition; and

   (ii) whether the debtor is claiming under paragraph (1) that under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment of possession was entered, and has made the appropriate deposit with the court.

(C) The standard forms (electronic and otherwise) used in a bankruptcy proceeding shall be amended to reflect the requirements of this subsection.

(D) The clerk of the court shall arrange for the prompt transmittal of the rent deposited in accordance with paragraph (1)(B) to the lessor.

(m)

(1) Except as otherwise provided in this subsection, subsection (b)(23) shall apply on the date that is 15 days after the date on which the lessor files and serves a certification described in subsection (b)(23).

(2)

(A) If the debtor files with the court an objection to the truth or legal sufficiency of the certification described in subsection (b)(23) and serves such objection upon the lessor, subsection (b)(23) shall not apply, unless ordered to apply by the court under this subsection.

(B) If the debtor files and serves the objection under subparagraph (A), the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the situation giving rise to the lessor's certification under paragraph (1) existed or has been remedied.

(C) If the debtor can demonstrate to the satisfaction of the court that the situation giving rise to the lessor's certification under paragraph (1) did not exist or has been remedied, the stay provided under subsection (a)(3) shall remain in effect until the termination of the stay under this section.

(D) If the debtor cannot demonstrate to the satisfaction of the court that the situation giving rise to the lessor's certification under paragraph (1) did not exist or has been remedied--

   (i) relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to proceed with the eviction; and

   (ii) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the court's order upholding the lessor's certification.

(3) If the debtor fails to file, within 15 days, an objection under paragraph (2)(A)--

(A) subsection (b)(23) shall apply immediately upon such failure and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and

(B) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating such failure.

(n)

(1) Except as provided in paragraph (2), subsection (a) does not apply in a case in which the debtor--

(A) is a debtor in a small business case pending at the time the petition is filed;

(B) was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition;

(C) was a debtor in a small business case in which a plan was confirmed in the 2-year period ending on the date of the order for relief entered with respect to the petition; or

(D) is an entity that has acquired substantially all of the assets or business of a small business debtor described in subparagraph (A), (B), or (C), unless such entity establishes by a preponderance of the evidence that such entity acquired substantially all of the assets or business of such small business debtor in good faith and not for the purpose of evading this paragraph.

(2) Paragraph (1) does not apply--

(A) to an involuntary case involving no collusion by the debtor with creditors; or

(B) to the filing of a petition if--

(i) the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed; and

(ii) it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time.

(o) The exercise of rights not subject to the stay arising under subsection (a) pursuant to paragraph (6), (7), (17), or (27) of subsection (b) shall not be stayed by any order of a court or administrative agency in any proceeding under this title.

## **Exhibit B**

**Bankruptcy Code Section 365**

### § 365. Executory contracts and unexpired leases

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(b)

    (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--

        (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

        (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

        (C) provides adequate assurance of future performance under such contract or lease.

    (2) Paragraph (1) of this subsection does not apply to a default that is a breach of a provision relating to--

        (A) the insolvency or financial condition of the debtor at any time before the closing of the case;

        (B) the commencement of a case under this title;

        (C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement; or

        (D) the satisfaction of any penalty rate or penalty provision relating to a default arising from any failure by the debtor to perform nonmonetary obligations under the executory contract or unexpired lease.

    (3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance--

        (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

        (B) that any percentage rent due under such lease will not decline substantially;

        (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in

any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

(4) Notwithstanding any other provision of this section, if there has been a default in an unexpired lease of the debtor, other than a default of a kind specified in paragraph (2) of this subsection, the trustee may not require a lessor to provide services or supplies incidental to such lease before assumption of such lease unless the lessor is compensated under the terms of such lease for any services and supplies provided under such lease before assumption of such lease.

(c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if--

(1)

(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(B) such party does not consent to such assumption or assignment; or

(2) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor; or

(3) such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief.

(d)

(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

(2) In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

(3)

(A) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period, except as provided in subparagraph (B). This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this

2

section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

(B) In a case under subchapter V of chapter 11, the time for performance of an obligation described in subparagraph (A) arising under any unexpired lease of nonresidential real property may be extended by the court if the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic until the earlier of--

> (i) the date that is 60 days after the date of the order for relief, which may be extended by the court for an additional period of 60 days if the court determines that the debtor is continuing to experience a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; or
>
> (ii) the date on which the lease is assumed or rejected under this section.

(C) An obligation described in subparagraph (A) for which an extension is granted under subparagraph (B) shall be treated as an administrative expense described in section 507(a)(2) for the purpose of section 1191(e).

(4)

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of--
>
> > (i) the date that is 210 days after the date of the order for relief; or
> > (ii) the date of the entry of an order confirming a plan.
>
> (B)
>
> > (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 210-day period, for 90 days on the motion of the trustee or lessor for cause.
> >
> > (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

(5) The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property (other than personal property leased to an individual primarily for personal, family, or household purposes), until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f). Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

3

(e)

(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on- -

(A) the insolvency or financial condition of the debtor at any time before the closing of the case;

(B) the commencement of a case under this title; or

(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

(2) Paragraph (1) of this subsection does not apply to an executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if--

(A)

(i) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to the trustee or to an assignee of such contract or lease, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(ii) such party does not consent to such assumption or assignment; or

(B) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor.

(f)

(1) Except as provided in subsections (b) and (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.

(2) The trustee may assign an executory contract or unexpired lease of the debtor only if--

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

(3) Notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law that terminates or modifies, or permits a party other than the debtor to terminate or modify, such contract or lease or a right or obligation under such contract or lease on account of an assignment of such contract or lease, such contract, lease, right, or obligation may not be terminated or modified under such provision because of the assumption or assignment of such contract or lease by the trustee.

4

(g) Except as provided in subsections (h)(2) and (i)(2) of this section, the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease-

  (1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title, immediately before the date of the filing of the petition; or

  (2) if such contract or lease has been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title--

    (A) if before such rejection the case has not been converted under section 1112, 1208, or 1307 of this title, at the time of such rejection; or

    (B) if before such rejection the case has been converted under section 1112, 1208, or 1307 of this title--

      (i) immediately before the date of such conversion, if such contract or lease was assumed before such conversion; or

      (ii) at the time of such rejection, if such contract or lease was assumed after such conversion.

(h)

  (1)

    (A) If the trustee rejects an unexpired lease of real property under which the debtor is the lessor and--

      (i) if the rejection by the trustee amounts to such a breach as would entitle the lessee to treat such lease as terminated by virtue of its terms, applicable nonbankruptcy law, or any agreement made by the lessee, then the lessee under such lease may treat such lease as terminated by the rejection; or

      (ii) if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

    (B) If the lessee retains its rights under subparagraph (A)(ii), the lessee may offset against the rent reserved under such lease for the balance of the term after the date of the rejection of such lease and for the term of any renewal or extension of such lease, the value of any damage caused by the nonperformance after the date of such rejection, of any obligation of the debtor under such lease, but the lessee shall not have any other right against the estate or the debtor on account of any damage occurring after such date caused by such nonperformance.

    (C) The rejection of a lease of real property in a shopping center with respect to which the lessee elects to retain its rights under subparagraph (A)(ii) does not affect the enforceability under applicable nonbankruptcy law of any provision in the lease pertaining to radius, location, use, exclusivity, or tenant mix or balance.

5

(D) In this paragraph, "lessee" includes any successor, assign, or mortgagee permitted under the terms of such lease.

(2)

(A) If the trustee rejects a timeshare interest under a timeshare plan under which the debtor is the timeshare interest seller and--

  (i) if the rejection amounts to such a breach as would entitle the timeshare interest purchaser to treat the timeshare plan as terminated under its terms, applicable nonbankruptcy law, or any agreement made by timeshare interest purchaser, the timeshare interest purchaser under the timeshare plan may treat the timeshare plan as terminated by such rejection; or

  (ii) if the term of such timeshare interest has commenced, then the timeshare interest purchaser may retain its rights in such timeshare interest for the balance of such term and for any term of renewal or extension of such timeshare interest to the extent that such rights are enforceable under applicable nonbankruptcy law.

(B) If the timeshare interest purchaser retains its rights under subparagraph (A), such timeshare interest purchaser may offset against the moneys due for such timeshare interest for the balance of the term after the date of the rejection of such timeshare interest, and the term of any renewal or extension of such timeshare interest, the value of any damage caused by the nonperformance after the date of such rejection, of any obligation of the debtor under such timeshare plan, but the timeshare interest purchaser shall not have any right against the estate or the debtor on account of any damage occurring after such date caused by such nonperformance.

(i)

(1) If the trustee rejects an executory contract of the debtor for the sale of real property or for the sale of a timeshare interest under a timeshare plan, under which the purchaser is in possession, such purchaser may treat such contract as terminated, or, in the alternative, may remain in possession of such real property or timeshare interest.

(2) If such purchaser remains in possession--

(A) such purchaser shall continue to make all payments due under such contract, but may,1 offset against such payments any damages occurring after the date of the rejection of such contract caused by the nonperformance of any obligation of the debtor after such date, but such purchaser does not have any rights against the estate on account of any damages arising after such date from such rejection, other than such offset; and

(B) the trustee shall deliver title to such purchaser in accordance with the provisions of such contract, but is relieved of all other obligations to perform under such contract.

(j) A purchaser that treats an executory contract as terminated under subsection (i) of this section, or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.

6

(k) Assignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment.

(l) If an unexpired lease under which the debtor is the lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

(m) For purposes of this section 365 and sections 541(b)(2) and 362(b)(10), leases of real property shall include any rental agreement to use real property.

(n)

    (1) If the trustee rejects an executory contract under which the debtor is a licensor of a right to intellectual property, the licensee under such contract may elect--

        (A) to treat such contract as terminated by such rejection if such rejection by the trustee amounts to such a breach as would entitle the licensee to treat such contract as terminated by virtue of its own terms, applicable nonbankruptcy law, or an agreement made by the licensee with another entity; or

        (B) to retain its rights (including a right to enforce any exclusivity provision of such contract, but excluding any other right under applicable nonbankruptcy law to specific performance of such contract) under such contract and under any agreement supplementary to such contract, to such intellectual property (including any embodiment of such intellectual property to the extent protected by applicable nonbankruptcy law), as such rights existed immediately before the case commenced, for--

           (i) the duration of such contract; and

           (ii) any period for which such contract may be extended by the licensee as of right under applicable nonbankruptcy law.

    (2) If the licensee elects to retain its rights, as described in paragraph (1)(B) of this subsection, under such contract--

        (A) the trustee shall allow the licensee to exercise such rights;

        (B) the licensee shall make all royalty payments due under such contract for the duration of such contract and for any period described in paragraph (1)(B) of this subsection for which the licensee extends such contract; and

        (C) the licensee shall be deemed to waive--

           (i) any right of setoff it may have with respect to such contract under this title or applicable nonbankruptcy law; and

           (ii) any claim allowable under section 503(b) of this title arising from the performance of such contract.

    (3) If the licensee elects to retain its rights, as described in paragraph (1)(B) of this subsection, then on the written request of the licensee the trustee shall--

        (A) to the extent provided in such contract, or any agreement supplementary to such contract, provide to the licensee any intellectual property (including such embodiment) held by the trustee; and

        (B) not interfere with the rights of the licensee as provided in such contract, or any agreement supplementary to such contract, to such intellectual property (including such embodiment) including any right to obtain such intellectual property (or such embodiment) from another entity.

(4) Unless and until the trustee rejects such contract, on the written request of the licensee the trustee shall--

    (A) to the extent provided in such contract or any agreement supplementary to such contract--

        (i) perform such contract; or

        (ii) provide to the licensee such intellectual property (including any embodiment of such intellectual property to the extent protected by applicable nonbankruptcy law) held by the trustee; and

    (B) not interfere with the rights of the licensee as provided in such contract, or any agreement supplementary to such contract, to such intellectual property (including such embodiment), including any right to obtain such intellectual property (or such embodiment) from another entity.

(o) In a case under chapter 11 of this title, the trustee shall be deemed to have assumed (consistent with the debtor's other obligations under section 507), and shall immediately cure any deficit under, any commitment by the debtor to a Federal depository institutions regulatory agency (or predecessor to such agency) to maintain the capital of an insured depository institution, and any claim for a subsequent breach of the obligations thereunder shall be entitled to priority under section 507. This subsection shall not extend any commitment that would otherwise be terminated by any act of such an agency.

(p)

(1) If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.

(2)

    (A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.

    (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

    (C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

In a case under chapter 11 in which the debtor is an individual and in a case under chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under section 362 and any stay under section 1301 is automatically terminated with respect to the property subject to the lease.

8

## **Exhibit C**

**Bankruptcy Code Section 525**

**§ 525. Protection Against Discriminatory Treatment**

(a) Except as provided in the Perishable Agricultural Commodities Act, 1930, the Packers and Stockyards Act, 1921, and section 1 of the Act entitled "An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes," approved July 12, 1943, a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

(b) No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt--

 (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;

 (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or

 (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

(c)

 (1) A governmental unit that operates a student grant or loan program and a person engaged in a business that includes the making of loans guaranteed or insured under a student loan program may not deny a student grant, loan, loan guarantee, or loan insurance to a person that is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, or another person with whom the debtor or bankrupt has been associated, because the debtor or bankrupt is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of a case under this title or during the pendency of the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

In this section, "student loan program" means any program operated under title IV of the Higher Education Act of 1965 or a similar program operated under State or local law.

## **Exhibit 1**

**Form of Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF ENTRY OF AN ORDER
## (I) RESTATING AND ENFORCING THE WORLDWIDE
## AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS,
## AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING
## THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on July 13, 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11 cases are pending before the Honorable Judge Martin Glenn, United States Bankruptcy Judge, and are being jointly administered under the lead case *In re Celsius Network LLC, et. al.*, Case No. 22-10964 (MG).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities, and protecting the Debtors from, among other things: (a) the commencement or continuation of a judicial, administrative, or

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' cases or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and* Ipso Facto *Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "Order") [Docket No. [__]], entered on [____], 2022, and attached hereto as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to a contract or agreement with the Debtors, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims or interests against, seek or assert causes of action or other legal or equitable remedies against, or

---

[2]    Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff, or recoupment or any other claims of the Debtors against any party to the above-captioned cases. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

otherwise exercise any rights in law or equity against the Debtors or their estates, must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing, except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law, including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by:  (a) reviewing the publicly available docket of the Debtors' chapter 11 cases at

3

http://www.nysb.uscourts.gov (PACER login and password required); (b) accessing the Debtors'

publicly available website providing information regarding these chapter 11 cases, located online

at http://www.cases.stretto.com/Celsius; or (c) contacting the following proposed co-counsel for

the Debtors.

| | |
|---|---|
| New York, New York<br>Dated: [_____], 2022 | /s/ DRAFT<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:          jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>Ross M. Kwasteniet, P.C. (*pro hac vice* pending)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>              ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |

**<u>Exhibit A</u>**

**Order**