Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) |  Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING AND APPROVING PROCEDURES**
**TO REJECT, ASSUME, OR ASSUME AND ASSIGN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory*

*Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Motion") will be held on

**August 8, 2022, at 10:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with

General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom

for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **August 5, 2022, at 4:00 p.m., prevailing Eastern Time,** by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors")  at  https://cases.stretto.com/celsius  and  (ii) any  person  or  entity  with  a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

New York, New York
Dated: July 25, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) )  Case No. 22-10964 (MG) |
| Debtors. | ) )  (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (I) AUTHORIZING AND APPROVING**
**PROCEDURES TO REJECT, ASSUME, OR ASSUME AND ASSIGN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

Exhibit A (the "Order"):    (a) authorizing and approving procedures (as described herein,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

the "Contract Procedures") for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases (collectively, the "Contracts"); and (b) granting related relief.

2.      The Debtors also request authority, but not direction, to remove or abandon personal property of the Debtors, including, without limitation, equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Contract after the effective date of any proposed rejection.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 105(a), 363, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6006-1 and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

6.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which

users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

7.    On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[2] As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

8.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

**The Debtors' Executory Contracts and Unexpired Leases**

9.     The Debtors are party to a substantial number of Contracts, which include agreements with vendors for the supply of goods and services, licensing agreements, insurance and employee benefits agreements, equipment leases, software and information technology arrangements, other contracts related to the Debtors' business, and leases with respect to real and personal property.  Certain of these Contracts may be considered non-residential real property leases subject to section 365(d)(4) of the Bankruptcy Code, which provides that, absent agreement with the non-Debtor counterparty, such Contracts will be deemed rejected unless they are assumed or assumed and assigned within 210 days from the Petition Date.

10.    The Debtors are in the process of evaluating all of their Contracts to determine whether such Contracts should be (a) rejected as unfavorable to the Debtors or (b) assumed or assumed and assigned, including those Contracts to be assumed as amended through consensual negotiations with the relevant counterparties.

11.    Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject, assume, or assume and assign the Contracts, resulting in substantial costs to, and administrative burdens on, the Debtors' estates—in addition to burdening the Court's docket.  To that end, the Debtors hereby request approval of the Contract Procedures to minimize such costs and burdens.

**The Proposed Rejection Procedures**

12.    The Debtors seek entry of the Order authorizing and approving the following Contract Procedures with respect to rejection of the Contracts (the "Rejection Procedures"):

    a.    ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "Rejection Notice") to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts;

4

(iv) the proposed effective date of the rejection for each such Contract, which, for non-residential real property leases, shall be the later of (A) the proposed effective date of the rejection for each such Contract, or (B) if applicable, the date upon which the Debtors in writing (email is sufficient) surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable (the "Rejection Date"); (v) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable, if any; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100.

b. ***Service of Rejection Notice***. The Debtors will cause the Rejection Notice to be served: (i) by overnight delivery service upon the Contract counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Contract counterparty's counsel, if known); and (ii) by first class mail, email, or fax upon (a) the Master Service List and (b) the 2002 List (each as defined in the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63] (the "Case Management Order")).

c. ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and ***actually received*** by the following parties no later than twenty-one days after the date the Debtors serve the relevant Rejection Notice (the "Rejection Objection Deadline"): (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (iii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) counsel to any statutory committee appointed in these chapter 11 cases; and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Objection Service Parties").

d. ***No Objection***. If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such

---

3    An objection to the rejection of a particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

other date as the Debtors and the counterparty or counterparties to such Contract(s) agree; *provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises.

e.  ***Unresolved Objections***.  If an objection to the rejection of any Contracts listed in the applicable Rejection Notice is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.  In the case of a rejection of a lease of non-residential real property, such rejection shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises.

f.  ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

g.  ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.[4]  Contract counterparties to leases may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property

---

[4]  If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h. ***Rejection Damages***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty days after the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i. ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to any Rejection Notice at any time prior to the Rejection Date.

## The Proposed Assumption Procedures

13.    The Debtors seek entry of the Order authorizing and approving the following Contract Procedures with respect to assumption of the Contracts (the "Assumption Procedures"):

a. ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 2 (the "Assumption Notice") to assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:   (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts; (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the effective date of the assumption for each such Contract (the "Assumption Date"); (v) the proposed cure amount, if any for each such Contract; (vi) a description of any material amendments to the Contract made outside of the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided that* the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100.

b. ***Service of Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served:  (i) by overnight delivery service upon the Contract counterparties affected by the Assumption Notice and each Assignee, if applicable, at the notice address provided in the applicable Contract (and upon such Contract counterparty's counsel, if known); and (ii) by first class mail, email, or fax upon (a) the Master Service List and (b) the 2002 List (each as defined in the Case Management Order).  To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected

by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).[5]

c. **Objection Procedures**.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[6] so that such objection is filed with the Court and **actually received** by the Objection Service Parties no later than twenty-one days after the date the Debtors serve the applicable Assumption Notice (the "Assumption Objection Deadline").

d. **No Objection**.  If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree and the proposed cure amount shall be binding on all counterparties to such Contract(s) and no amount in excess thereof shall be paid for cure purposes.

e. **Unresolved Objections**.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

f. **Removal from Schedule**.  The Debtors reserve the right to remove any Contract from the schedule to any Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

14.    In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the

Debtors request that the assignment of any Contract pursuant to the Assumption Procedures:  (a) be

free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and

priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as

---

[5]   The Debtors shall serve a counterparty to a Contract other than a lease of non-residential real property to be assumed or assumed and assigned under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' proposed counsel.

[6]   An objection to the assumption or assumption and assignment of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other Contract listed on such Assumption Notice.

that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee), provided that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability which shall be assumed or assumed and assigned by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee, or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract.  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.[7]

**Basis for Relief**

I.      **The Contract Procedures Are in the Best Interests of the Debtors' Estates.**

15.      The Debtors may reject, assume, or assume and assign a number of Contracts prior to the consummation of any plan of reorganization.  Establishing the Contract Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the reorganization process by eliminating substantial legal expenses that would otherwise be incurred

---

[7]   Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors reserve the right to argue that such clauses are unenforceable as anti-assignment or *ipso facto* clauses under section 365 of the Bankruptcy Code.

if multiple hearings were held on separate motions with respect to every Contract that the Debtors

seek to assume, assume and assign, or reject.  The Contract Procedures are reasonable and fair to

Contract counterparties because they afford parties in interest the opportunity to be heard with

respect to the rejection, assumption, or assumption and assignment of the Contracts (and any

amendments to Contracts or abandonment of property related thereto).

16.     Courts in this district often enter orders granting similar relief as requested in this

motion.  *See, e.g.*, *In re LATAM Airlines Group S.A.*, No. 20-1154 (JLG) (Bankr. S.D.N.Y.

Jan. 2, 2022) (approving procedures to reject executory contracts and unexpired leases)

*In re Grupo Aeromexico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. April 20, 2021)

(same); *In re The McClatchy Company*, No. 20-10418 (MEW) (Bankr. S.D.N.Y. May 1, 2020)

(same); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019)

(same); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. April 22, 2019)

(same); *In re Nine West Holdings, Inc.*, No. No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 7, 2018)

(same).[8]

## II.     Rejection, Assumption, or Assumption and Assignment of the Contracts Is an Exercise of the Debtors' Business Judgment.

17.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession,

"subject to the court's approval, may assume or reject any executory contract or unexpired lease

of the debtor."  The decision to assume, assume and assign, or reject an executory contract or

unexpired lease is a matter within the "business judgment" of the debtor.  *See In re Orion Pictures

Corp.*, 4 F.3d 1095, 1099 (2d Cir. 1993); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr.

S.D.N.Y. 2009) ("The business judgment standard is employed by courts in determining whether

to permit a debtor to assume or reject a contract."); *see also In re Bildisco*, 682 F.2d 72, 79 (3d Cir.

---

[8]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)), *aff'd*, 465 U.S. 513 (1984). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Richmond Metal Finishes, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985). Accordingly, courts generally will not second-guess a debtor's business judgment concerning the assumption, assumption and assignment, or rejection of an executory contract or unexpired lease.

18.     Further, the business judgment standard is satisfied when a debtor determines that assumption, assumption and assignment, or rejection will benefit the estate. *See, e.g.*, *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990). As with the assumption, assumption and assignment, or rejection of an executory contract or an unexpired lease under section 365, any amendment to an executory contract or unexpired lease that may be deemed outside the ordinary course of business is authorized under section 363 of the Bankruptcy Code when there is a "sound business purpose" that justifies such action. *See In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *see also In re Borders Grp. Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011).

19.     In addition, the Court may authorize the Contract Procedures based on section 105(a) of the Bankruptcy Code. Section 105(a) codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under section 105(a), courts may authorize actions that are essential to the continued operation of a debtor's business. *See In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *see also In re Fin. News Network Inc.*, 134 B.R. 732, 735–36

11

(Bankr. S.D.N.Y. 1991) (holding that the "doctrine of necessity" stands for the principle that a bankruptcy court may allow pre-plan payments of prepetition obligations where such payments are critical to the debtor's organization).  A bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is appropriate under the circumstances described herein to carry out one of the central policies underlying chapter 11—i.e., to preserve value and maximize property available to satisfy the Debtor's stakeholders.

20.      The Debtors have determined, in their sound business judgment, that the rejection, assumption, or assumption and assignment (and any amendments thereto) of Contracts in accordance with the Contract Procedures proposed herein is and will be in the best interest of the Debtors' estates.  Further, the Contract Procedures will avoid substantial legal expense and the use of Court time that would result if a motion were filed and a hearing held for every Contract that the Debtors reject, assume, or assume and assign.  The Debtors submit that the information provided on the Rejection Notices and Assumption Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection, assumption, or assumption and assignment (and any amendments thereto) in their sound business judgment.  Accordingly, the Court should approve the Contract Procedures.

**III.    The Debtors Should Be Permitted to Assign Contracts Free and Clear of Interests.**

21.      Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if:  (a) applicable nonbankruptcy law permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

22.     Executory contracts and unexpired leases are property of a debtor's estate.  To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property, and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied.  The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of section 363(f)(2) of the Bankruptcy Code.  If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection; if such objection is overruled or withdraw, the Contract(s) in question shall be assumed.  The requirements of section 363(f) of the Bankruptcy Code would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances and other interests.

23.     Courts in this district and others have granted similar authority.  *See, e.g.*, *In re LATAM Airlines Group S.A.*, No. 20-1154 (JLG) (Bankr. S.D.N.Y. Jan. 2, 2022) (authorizing the assignment of contracts and leases free and clear of liens and claims) *In re Grupo Aeromexico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. April 20, 2021) (same); *In re The McClatchy Company*, No. 20-10418 (MEW) (Bankr. S.D.N.Y. May 1, 2020) (same); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015) (same); *In re Linens Holding Co.*, No. 08-10832 (CSS) (Bankr. D. Del. July 10, 2008) (same).

## IV.    Abandonment of Personal Property Is in the Best Interests of the Debtors' Estates.

24.     The Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is or will be satisfied in the event the Debtors seek to abandon property located at the premises subject to a rejected lease of real property.  Section 554(a) provides that a debtor in

13

possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." Before authorizing abandonment of property, a bankruptcy court must find that either (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate. *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *In re Texaco, Inc.*, 92 B.R. 38, 44 (S.D.N.Y. 1988); *In re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n. 7 (Bankr. S.D.N.Y. 1990). The personal property proposed to be abandoned in connection with any future rejections of real property leases would primarily consist of fixtures, furniture, and other office equipment that is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

## V.     The Contract Procedures Satisfy Due Process.

25.     The counterparties to the Contracts will not be prejudiced by the Contract Procedures because, upon receipt of an Assumption Notice or a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject, assume, or assume and assign their respective Contract as of the effective date of such assumption, assumption and assignment, or rejection. *See, e.g.*, *In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject). Additionally, in the case of unexpired leases of nonresidential real property, the Debtors will likely vacate the premises before or upon serving the Rejection Notice, thereby allowing the counterparties to take possession of the property. *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (holding bankruptcy court did

not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re New Valley Corp.*, No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44–46 (D.N.J. Aug. 31, 2000) (holding that bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible).

26.    As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The notice and hearing requirements for contested matters in Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. See 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

27.    Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to assume, assume and assign, or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume, assume and assign, or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. Bankruptcy Rule 6006(f) provides that

a motion to assume, assume and assign, or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    a.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.    list parties alphabetically and identify the corresponding contract or lease;

    c.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

    d.    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    e.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    f.    be limited to no more than 100 executory contracts or unexpired leases.

28.    The purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the Contracts. Counterparties must be able to locate their Contracts and readily determine whether their Contracts are being assumed, assumed and assigned, or rejected.

29.    The Contract Procedures satisfy Bankruptcy Rule 6006(f), including the 100-Contract limit set forth therein. Given the substantial number of Contracts the Debtors will be seeking to assume, assume and assign, or reject, obtaining Court approval of each assumption, assumption and assignment, or rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection, assumption, or assumption and assignment.

30.    In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the U.S. Trustee and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

16

31.    As a result, the Contract Procedures afford Contract counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard. Moreover, the Court maintains authority and oversight in the event of an objection.  For the foregoing reasons, the Contract Procedures should be approved, and the Debtors should be authorized to reject, assume, and assume and assign the Contracts consistent with the terms of such procedures.

32.    In sum, the Contract Procedures will minimize costs to the Debtors' estates and reduce the burden on this Court's docket while protecting parties in interest by providing notice and the opportunity to object and obtain a hearing.  Moreover, the Debtors have determined that the Contract Procedures are an appropriate means to protect and maximize the value of their estates.

## **Motion Practice**

33.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## **Notice**

34.    The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to any statutory committee appointed in these chapter 11 cases; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

35.      No prior request for the relief sought in this Motion has been made to this or any

other court.


[*Remainder of Page Intentionally Left Blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: July 25, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

### ORDER (I) AUTHORIZING AND APPROVING
### PROCEDURES TO REJECT OR ASSUME EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

---

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving procedures for rejecting or assuming executory contracts and unexpired leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to  28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  The following procedures (the "Rejection Procedures") are approved in connection with rejecting Contracts:

    a.  ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "Rejection Notice") to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts; (iv) the proposed effective date of the rejection for each such Contract, which, for non-residential real property leases, shall be the later of (A) the proposed effective date of the rejection for each such Contract, or (B) if applicable, the date upon which the Debtors in writing (email is sufficient) surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable (the "Rejection Date"); (v) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable, if any; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100.

    b.  ***Service of Rejection Notice***.  The Debtors will cause the Rejection Notice to be served:  (i) by overnight delivery service upon the Contract counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Contract counterparty's counsel, if known); and (ii) by first class mail, email, or fax upon (a) the Master Service List and (b) the 2002 List (each as defined in the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63] (the "Case Management Order")).

2

c. ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and ***actually received*** by the following parties no later than twenty-one days after the date the Debtors serve the relevant Rejection Notice (the "Rejection Objection Deadline"): (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn:  Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (iii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) counsel to any statutory committee appointed in these chapter 11 cases; and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Objection Service Parties").

d. ***No Objection***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree; *provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises.

e. ***Unresolved Objections***.  If an objection to the rejection of any Contracts listed in the applicable Rejection Notice is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.  In the case of a rejection of a lease of non-residential real property, such rejection shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and

---

[3]     An objection to the rejection of a particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises.

f. ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

g. ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.[4]  Contract counterparties to leases may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h. ***Rejection Damages***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty days after the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i. ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to any Rejection Notice at any time prior to the Rejection Date.

3.     The following procedures (the "<u>Assumption Procedures</u>") are approved in connection with assuming and assuming and assigning Contracts:

a. ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as <u>Exhibit 2</u> (the "<u>Assumption Notice</u>") to assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:   (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the

---

[4]   If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts; (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the effective date of the assumption for each such Contract (the "Assumption Date"); (v) the proposed cure amount, if any for each such Contract; (vi) a description of any material amendments to the Contract made outside of the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided that* the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100.

b.  ***Service of Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served:  (i) by overnight delivery service upon the Contract counterparties affected by the Assumption Notice and each Assignee, if applicable, at the notice address provided in the applicable Contract (and upon such Contract counterparty's counsel, if known); and (ii) by first class mail, email, or fax upon (a) the Master Service List and (b) the 2002 List (each as defined in the Case Management Order).  To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).[5]

c.  ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[6] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than twenty-one days after the date the Debtors serve the applicable Assumption Notice (the "Assumption Objection Deadline").

d.  ***No Objection***.  If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree and the proposed

---

[5]  The Debtors shall serve a counterparty to a Contract other than a lease of non-residential real property to be assumed or assumed and assigned under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' proposed counsel.

[6]  An objection to the assumption or assumption and assignment of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other Contract listed on such Assumption Notice.

cure amount shall be binding on all counterparties to such Contract(s) and no amount in excess thereof shall be paid for cure purposes.

e. ***Unresolved Objections***. If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates. If such objection is overruled or withdrawn, such Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

f. ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to any Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.    With regard to Contracts to be assigned, pursuant to section 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.    Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order

(including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees any applicable Contract, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contract except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.  For the avoidance of doubt, the occurrence of a closing with respect to the assumption and assignment of any Contract shall mean that date on which such assumption and assignment is effective.

6.    The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or ipso facto clauses is fully reserved.

7.    The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

8.    The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

9.    Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.    The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

12.    All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract

rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim

14.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF REJECTION OF [A]
## CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]

**PLEASE TAKE NOTICE** that on [_____], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. ____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Exhibit 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree; *provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

occur until the later of (i) the Rejection Date set forth in this Rejection Notice and (ii) the date the
Debtors relinquish control of the premises by notifying the affected landlord in writing of the
Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any,
to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes,
and security codes, if any, are not available but the landlord may rekey the leased premises.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed
rejection of any of the Contracts must file and serve a written objection so that such objection is
filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the
following parties no later than seven days after the date that the Debtors served this Notice:
(a) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030; Attn: Ron
Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue,
New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, Kirkland & Ellis
LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick Nash, Jr., P.C., Ross M.
Kwasteniet, P.C., and Heidi Hockberger; (c) the U.S. Trustee, 201 Varick Street, Suite 1006, New
York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) counsel to
any statutory committee appointed in these chapter 11 cases; and (e) to the extent not listed herein,
those parties requesting notice pursuant to Bankruptcy Rule 2002.  Only those responses that are
timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the
rejection of each Contract shall become effective on the Rejection Date set forth in **<u>Exhibit 1</u>**, or
such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3]

---

[3]  An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an
objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the
rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in **Exhibit 1** or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Exhibit 1** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) thirty days after the Rejection Date.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF

---

directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND

(3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES

ON ACCOUNT OF SUCH CLAIM.

New York, New York
Dated: [_____], 2022

/s/ DRAFT
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**EXHIBIT 1**

**Rejected Contracts**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| | | | | |

---

[1]  The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**<u>EXHIBIT C</u>**

**Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF ASSUMPTION [AND ASSIGNMENT] OF [A] CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]

**PLEASE TAKE NOTICE** that on [_____], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. _____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 1** attached hereto is hereby assumed or assumed and assigned effective as of the date (the "Assumption Date") set forth in **Exhibit 1**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the [Debtor / Assignee] has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract, thereby demonstrating that the [Debtor / Assignee] has the ability to comply with the requirements of adequate assurance of future performance.[3]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than seven days after the date that the Debtors served this Notice: (a) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030; Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (c) the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) counsel to any statutory committee appointed in these chapter 11 cases; and (e) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. Only those responses that are timely filed, served, and received will be considered at any hearing.

---

[3]    The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' proposed counsel.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption of each Contract shall become effective on the Assumption Date set forth in **<u>Exhibit 1</u>**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[4]

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth in **<u>Exhibit 1</u>**.  If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth in **<u>Exhibit 1</u>** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

---

[4] An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

New York, New York
Dated: [_____], 2022

/s/ DRAFT
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         patrick.nash@kirkland.com
               ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**EXHIBIT 1**

**Assumed Contracts**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.