**Hearing Date:** **August 8, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:** **August 5, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION SEEKING ENTRY**
**OF AN ORDER (I) PERMITTING THE SALE OF THE DEBTORS' MINED**
**BITCOIN IN THE ORDINARY COURSE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* (the "Motion") will be held on **August 8, 2022, at 10:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63]; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **August 5, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion / Application.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings

filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.

New York, New York
Dated: July 25, 2022

/s/  Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**Hearing Date:  August 8, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  August 5, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[2] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION SEEKING ENTRY OF AN
## ORDER (I) PERMITTING THE SALE OF THE DEBTORS' MINED
## BITCOIN IN THE ORDINARY COURSE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

## Relief Requested

1.      Out of an abundance of caution, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) permitting the Debtors, on a postpetition basis and consistent with past practice and in the ordinary course of business, to continue to sell, pledge, transfer, assign, or otherwise monetize the Bitcoin generated from their mining activity and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 363(c)(1), 541, 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more

than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.      On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[3]  As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

## Bitcoin Mining Activity

8.     As further described in the Mashinsky Declaration, one of the primary operations of Celsius is the "mining" of Bitcoin by Debtor Celsius Mining LLC.[4]   Indeed, Celsius not only operates one of the largest crypto mining enterprises in the United States but, prior to the Petition Date, Celsius had plans to continue to expand its capacity to mine Bitcoin by acquiring and making operational additional mining rigs.

9.     As of the Petition Date, Celsius Mining LLC owned 80,850 mining "rigs," 43,632 of which were operational, generating approximately 14.2 Bitcoin per day.   In 2021, Celsius generated a total of 3,114 Bitcoin and, for 2022, it projected generating more than 10,100 Bitcoin for the year.   Prior to the Petition Date, Celsius planned to expand its mining capacity to approximately 120,000 operational mining rigs.   For 2023, Celsius projected that it would generate approximately 15,000 Bitcoin for the year, if it stayed on track with its plan to expand mining capacity.

10.     In the ordinary course of its business and on market terms, Celsius monetized the Bitcoin generated by the mining activity of Celsius Mining LLC to not only cover expenses (including expanding its capacity to mine Bitcoin) at Celsius Mining LLC but also to distribute funds to Debtor Celsius Network Limited to repay a certain intercompany loan, as further described in the Mashinsky Declaration.   Since filing chapter 11 petitions, Celsius has continued

---

[4]     As further described in the Mashinsky Declaration, crypto "mining" is a type of "consensus mechanism" used to verify cryptocurrency blockchain transactions and to "mint" new units of certain cryptocurrencies.  When the parties involved in mining efforts correctly verify a transaction, they are rewarded with newly created in-kind cryptocurrency.  In simple terms, mining is the process by which new blockchain transactions are verified and new cryptocurrency assets enter the market.  "Mining" is performed by using sophisticated hardware to solve complex mathematical problems.  The mathematical and computational effort is described as "proof of work" ("PoW") and serves as a type of "auditing" process to avoid any "double spending" or otherwise fraudulent transactions on the blockchain.  PoW requires a significant amount of computer processing work and energy to solve the "mathematical puzzle" posed by the network, but the effort that goes into this solution prevents bad actors from taking over the network.  The first computer to solve the problem is "paid" Bitcoin rewards for confirming the next block and the process restarts.

its mining activities. However, out of an abundance of caution, Celsius has discontinued monetizing the Bitcoin generated from its mining activities. As a result, Celsius has been financially constrained.

11.     The Debtors, in an exercise of their reasonable business judgment, believe that the continued monetization of its mined Bitcoin consistent with past practice and in the ordinary course of business is an efficient way to generate liquidity to help fund the Debtors' operations.

## Basis for Relief

12.     The relief requested in this Motion relates solely to the continued ordinary course conduct of the Debtors' business within the meaning of section 363(c)(1) of the Bankruptcy Code. The Debtors believe that monetization of its mined Bitcoin, consistent with prepetition practice, fits squarely within the meaning of ordinary course conduct and, therefore, a notice and hearing is not required for the Debtors to continue such activity on a postpetition basis. Nonetheless, out of an abundance of caution, the Debtors seek entry of an order for the relief requested herein to provide comfort to those doing business with the Debtors in connection with the monetization of its mined Bitcoin.

**I.     The Debtors May Continue to Monetize Their Mined Bitcoin in the Ordinary Course of Business Pursuant to Bankruptcy Code Section 363(c)(1) of the Bankruptcy Code.**

13.     Section 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to use, sell, or lease property of the estate in the ordinary course of its business providing, in relevant part:

> If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204 or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

14.    As threshold matters, the Debtors continue to operate their businesses as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code and any Bitcoin generated from the Debtors' postpetition mining activity constitutes property of the Debtors' estates in accordance with section 541(a) of the Bankruptcy Code.  There is little doubt that Debtors' current mining rigs are property of the estate.  Accordingly, the proceeds generated by the mining activity of such rigs in the form of Bitcoin also constitute property of the Debtors' estate.  *See* 5 Collier on Bankruptcy ¶ 541.15 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("Included as property of the estate under section 541(a)(6) [of the Bankruptcy Code] are all proceeds, products, offspring, rents, or profits of or from property of the estate, acquired after the case is commenced.").

15.    As a general matter, section 363 is designed to strike a balance between allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets.  *See In re Lavigne*, 114 F.3d 379, 384 (2d Cir. 1997) (citations omitted).  The ordinary course of business standard was intended to allow a debtor in possession the flexibility required to run its business and respond quickly to changes in the business environment.  *See In re Roth Am., Inc*., 975 F.2d 949, 952 (3d Cir. 1992).  Accordingly, a debtor in possession may use, sell or lease property of the estate without need for prior court approval if the transaction is in the ordinary course. *See Lavigne*, 114 F.3d at 384; *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 796-97 (Bankr. D. Del. 2007) ("Thus, whether notice and a hearing are required depends on whether a transaction is 'in the ordinary course of business.'"); *In re Chernicky Coal Co.*, 67 B.R. 828, 834 (Bankr. W.D. Penn. 1986) (holding that bankruptcy court approval was not required for a transaction in which the debtor "did nothing post-petition that it did not do pre-petition in the ordinary course of its

regular business activities"). Stated differently, creditors are not given the right to notice and a hearing when transactions are in the ordinary course of business "because their objections to such transactions are likely to relate to the [debtor's] chapter 11 status, not the particular transactions themselves." *See In re James A. Phillips, Inc.*, 29 B.R. 391, 394 (S.D.N.Y. 1983).

16.    The Bankruptcy Code does not define the "ordinary course of business." To determine whether a transaction is in the ordinary course of business under section 363, courts in this circuit apply a two-part test, the objective horizontal test and the subjective vertical test. *See, e.g.*, *Lavigne*, 114 F.3d at 384-85 (citing *Roth Am.*, 975 F.2d at 952-53). The horizontal test is a factual analysis as to whether the transaction in question is of the sort commonly undertaken by companies in the relevant industry. *See Lavigne*, 114 F.3d at 384-85. The vertical test is an analysis conducted from the perspective of a hypothetical creditor to determine whether the transaction subjects such creditor to an economic risk of a nature different from those it accepted when it entered into a contract with the debtors. *Id*. In making this determination, courts look to the debtor's prepetition business practices and conduct and compare them to the debtor's postpetition conduct. *See, e.g.*, *Nellson Nutraceutical*, 369 B.R. at 797. Here, the Debtors continuing to monetize their Bitcoin generated from mining activity satisfies both the horizontal and vertical tests.

17.    The Debtors' continued monetization of its mined Bitcoin satisfies the horizontal test as a matter of definition. As further described in the Mashinsky Declaration, one of the principal lines of business of Celsius is mining activity that generates Bitcoin, which is a store of value that is able to be monetized. Accordingly, a cryptocurrency mining business would be reasonably expected to find a way to monetize, in some way, the cryptocurrency it generated from its mining activity. If a mining business did not monetize the crypto generated from its

mining activity, it would be generating an asset that it is unable to deploy in support of the business and would be expending resources to do so. Thus, the Debtors submit that the horizontal test is satisfied here because the monetization of Bitcoin or any other cryptocurrency generated from mining activity constitutes the regular, ordinary course practice of companies in the Debtors' industry and should be permitted.

18.    In satisfaction of the vertical test, a hypothetical reasonable creditor would likely see no material change in its exposure to economic risk in connection with the Debtors' continued monetization of their mined Bitcoin. That is, a hypothetical prepetition creditor would reasonably expect (and likely prefer) that the Debtors continue their prepetition practice in this regard on a postpetition basis. Rather, the Debtors submit, it is likely that a reasonable creditor would view its exposure to economic risk as materially and negatively altered if the Debtors hypothetically discontinued the practice of monetizing their mined Bitcoin. Not only would the company be generating an asset it would be unable to deploy in support of the business, but it would be expending resources to do so. To be sure, the Debtors' monetization of Bitcoin generated from its mining activity is precisely what the Debtors did prior to the Petition Date.

19.    The Debtors submit that Bankruptcy Code section 363(c)(1) provides sufficient authority for the Debtors' continued monetization of their mined Bitcoin on grounds such activity is squarely "ordinary course" under the binding precedent of this circuit. Accordingly, the Debtors respectfully request entry of the Order.

## **Waiver of Bankruptcy Rule 6004(h)**

20.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

21.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Motion Practice

22.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

23.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the United States Trustee for the Southern District of New York; (b) counsel to any statutory committee appointed in these chapter 11 cases; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States

Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

24.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Reminder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: July 25, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) PERMITTING SALE OF THE DEBTORS' MINED BITCOIN
## IN THE ORDINARY COURSE AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) permitting the Debtors to continue to monetize their mined Bitcoin consistent with past practice and in the ordinary course of the Debtors' business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Pursuant to section 363(c)(1) of the Bankruptcy Code, the Debtors are authorized, but not directed, to monetize the Bitcoin and any other cryptocurrencies generated from their mining activity on a postpetition basis consistent with prepetition practices and in the ordinary course of business without further notice and hearing.  For the avoidance of doubt, such monetization may include the sale, pledging, hypothecation, assignment, investment, use, transfer, or other disposal of such assets.

3.      Notwithstanding anything to the contrary herein, upon the Debtors' monetization to cash of any of the Bitcoin and any other cryptocurrencies generated from their mining activity, such cash proceeds are subject to the applicable provisions of the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 56] and any other order of the Court relating to the subject matter hereof.

4.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any

particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim

5.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

6.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE