Hearing Date and Time:  September 1, 2022, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  August 25, 2022, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON**
**DEBTORS' APPLICATION FOR ENTRY**
**OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND**
**KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE**
**DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Application for Entry of an*

*Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis*

*International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of*

*July 13, 2022* (the "Application") will be held on **September 1, 2022, at 10:00 a.m., prevailing**

**Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
      number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
      Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
      Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's
      principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05,
      Hoboken, New Jersey 07030.

the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear

at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make

an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-

bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief

requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all

General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the

Southern District of New York; (c) be filed electronically with the Court on the docket of

*In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing

system and in accordance with all General Orders applicable to chapter 11 cases in the United

States Bankruptcy Court for the Southern District of New York (which are available on the Court's

website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received

by **August 25, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master

Service List available on the case website of the above-captioned debtors and debtors in

possession (the "Debtors") at https://cases.stretto.com/celsius and (ii) any person or

entity with a particularized interest in the subject matter of the Application.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are

timely filed, served, and received will be considered at the Hearing. Failure to file a timely

objection may result in entry of a final order granting the Application as requested by the Debtors.

PLEASE TAKE FURTHER NOTICE that copies of the Application and other pleadings

filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at

https://cases.stretto.com/celsius. You may also obtain copies of the Application and other

pleadings    filed    in    these    chapter    11    cases    by    visiting    the    Court's    website    at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

New York, New York
Dated: August 4, 2022

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**Hearing Date and Time:  September 1, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  August 25, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.                    Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**                    Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS INTERNATIONAL LLP**      **KIRKLAND & ELLIS LLP**
601 Lexington Avenue                        **KIRKLAND & ELLIS INTERNATIONAL LLP**
New York, New York 10022                    300 North LaSalle Street
Telephone:      (212) 446-4800              Chicago, Illinois 60654
Facsimile:      (212) 446-4900              Telephone:      (312) 862-2000
                                            Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' APPLICATION FOR ENTRY**
**OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND**
**KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE**
**DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this application (this "Application") for the entry of an order (the "Order"), substantially in the

form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Kirkland & Ellis

LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as their attorneys

effective as of the Petition Date (as defined herein).  In support of this Application, the Debtors

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
       number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
       Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
       Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's
       principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05,
       Hoboken, New Jersey 07030.

submit the declaration of Patrick J. Nash, Jr., the president of Patrick J. Nash, Jr., P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Nash Declaration"), which is attached hereto as **Exhibit B** and the declaration of Chris Ferraro, the Chief Financial Officer of Celsius Network LLC, which is attached hereto as **Exhibit C** (the "Ferraro Declaration"). In further support of this Application, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.       The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

4.       On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  On July 18, 2022, the Court entered an order [Docket No. 53] authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 241].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.      A description of the Debtors' business, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions*, filed on July 14, 2022 [Docket No. 23] and in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions*, filed on July 14, 2022 [Docket No. 22], incorporated herein by reference.[2]

### **Relief Requested**

6.      By this Application, the Debtors seek entry of the Order authorizing the retention and employment of Kirkland as their attorneys in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Kirkland effective as of July 1, 2022 (the "Engagement Letter"), a copy of which is attached as **Exhibit 1** to the Order and incorporated herein by reference.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

## **Kirkland's Qualifications**

7.      The Debtors seek to retain Kirkland because of Kirkland's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

8.      Kirkland has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others: *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. Sept. 10, 2020); *In re Jason Industries, Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. Aug. 27, 2020); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020); *In re Deluxe Entm't Servs. Grp. Inc.*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 25, 2019); *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. July 2, 2019); *In re Sungard Availability Servs. Capital, Inc.* No. 19- 22915 (RDD) (Bankr. S.D.N.Y. May 2, 2019); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019); *In re FULLBEAUTY Brands Holdings Corp.*, No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2019).[3]

9.      In preparing for its representation of the Debtors in these chapter 11 cases, Kirkland has become familiar with the Debtors' business and many of the potential legal issues that may arise in the context of these chapter 11 cases. The Debtors believe that Kirkland is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

---

[3]    Because of the voluminous nature of the orders cited in this Application, they are not attached to this Application. Copies of these orders are available upon request to Kirkland.

4

### Services to be Provided

10.     Subject to further order of the Court, and consistent with the Engagement Letter,

the Debtors request the retention and employment of Kirkland to render the following legal

services:

a.      advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

b.      advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c.      attending meetings and negotiating with representatives of creditors and other parties in interest;

d.      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.      preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.      representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.      advising the Debtors in connection with any potential sale of assets;

h.      appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.      advising the Debtors regarding tax matters;

j.      taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.      performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors' assets; and (iii) advising the Debtors on corporate and litigation matters.

5

**Professional Compensation**

11.     Kirkland intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Kirkland will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Kirkland uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

12.     Kirkland operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

13.     Kirkland's current hourly rates for matters related to these chapter 11 cases range as follows:[4]

| Billing Category[5] | U.S. Range |
|---|---|
| Partners | $1,135-$1,995 |
| Of Counsel | $805-$1,845 |
| Associates | $650-$1,245 |
| Paraprofessionals | $265-$495 |

---

[4]     For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate.  After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.  While the rate ranges provided for in this Application may change if an individual leaves or joins Kirkland, if any such individual's billing rate falls outside the ranges disclosed above, Kirkland does not intend to update the ranges for such circumstances.

[5]     Although Kirkland does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Kirkland will not charge a markup to the Debtors with respect

14.    Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[6]

15.    Kirkland represented the Debtors during the two-week period before the Petition Date, using the hourly rates listed above and in the Nash Declaration.  Moreover, these hourly rates are consistent with the rates that Kirkland charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

16.    The rate structure provided by Kirkland is appropriate and not significantly different from (a) the rates that Kirkland charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Kirkland will perform in these chapter 11 cases.

17.    It is Kirkland's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also Kirkland's policy to charge its clients only the amount actually incurred by Kirkland in connection with such items.  Examples

---

to fees billed by such attorneys.  Any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Kirkland will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

[6]    For example, like many of its peer law firms, Kirkland typically increases the hourly billing rate of attorneys and paraprofessionals twice a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013).  As set forth in the Order, Kirkland will provide ten business-days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

18.     To ensure compliance with all applicable deadlines in these chapter 11 cases, from time to time Kirkland utilizes the services of overtime secretaries. Kirkland charges fees for these services pursuant to the Engagement Letter, which permits Kirkland to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition, Kirkland professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases* (the "Amended Guidelines") and the Local Rules.

19.     Kirkland currently charges the Debtors $0.16 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Rules and the Amended Guidelines, Kirkland will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases. Kirkland does not charge its clients for incoming facsimile transmissions. Kirkland has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques.

## Compensation Received by Kirkland from the Debtors

20.     Per the terms of the Engagement Letter, on July 1, 2022, the Debtors paid $1.0 million to Kirkland, which, as stated in the Engagement Letter, constituted an "advance payment retainer" as defined in Rule 1.15(c) of the Illinois Rules of Professional Conduct and *Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007). Subsequently, the Debtors paid to Kirkland additional advance payment retainer totaling $2.5 million in the aggregate. As stated in the Engagement Letter, any advance payment retainer is earned by

8

Kirkland upon receipt, any advance payment retainer becomes the property of Kirkland upon receipt, the Debtors no longer have a property interest in any advance payment retainer upon Kirkland's receipt, any advance payment retainer will be placed in Kirkland's general account and will not be held in a client trust account, and the Debtors will not earn any interest on any advance payment retainer.[7]  A chart identifying the statements setting forth the professional services provided by Kirkland to the Debtors and the expenses incurred by Kirkland in connection therewith, as well as the advance payment retainer transferred by the Debtors to Kirkland, prior to the Petition Date is set forth in the Nash Declaration.

21.    Pursuant to Bankruptcy Rule 2016(b), Kirkland has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Kirkland or (b) any compensation another person or party has received or may receive.

22.    As of the Petition Date, the Debtors did not owe Kirkland any amounts for legal services rendered before the Petition Date.  Although certain expenses and fees may have been incurred but not yet applied to Kirkland's advance payment retainer, the amount of Kirkland's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

---

[7]    The Engagement Letter provides that Kirkland may continue to hold any remaining prepetition advance payment retainer during the pendency of a chapter 11 case rather than applying such advance payment retainer to postpetition fees and expenses.  Kirkland evaluates whether to retain any remaining prepetition advance payment retainer on a case-by-case basis.  In this particular case, Kirkland has elected not to hold any remaining prepetition advance payment retainer but, instead, will apply any remaining advance payment retainer to postpetition fees and expenses as such fees and expenses are allowed by the Court.

## **Kirkland's Disinterestedness**

23.     To the best of the Debtors' knowledge and as disclosed herein and in the Nash Declaration, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Nash Declaration.

24.     Kirkland will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Kirkland will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## **Supporting Authority**

25.     The Debtors seek retention of Kirkland as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

26.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United

States trustee, or any person employed in the office of the United
States trustee.

Fed. R. Bankr. P. 2014.

27.    The Debtors submit that for all the reasons stated above and in the Nash

Declaration, the retention and employment of Kirkland as counsel to the Debtors is warranted.

Further, as stated in the Nash Declaration, Kirkland is a "disinterested person" within the meaning

of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code,

and does not hold or represent an interest adverse to the Debtors' estates and has no connection to

the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Nash

Declaration.

## Notice

28.    The Debtors have provided notice of this Application to the following parties:  (a) the

U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50 largest unsecured claims

against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the

Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys

general in the states in which the Debtors operate; (g) the Securities and Exchange Commission;

and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  A copy of this

Application is also available on the website of the Debtors' notice and claims agent at

https://cases.stretto.com/celsius.  In light of the nature of the relief requested, the Debtors submit

that no other or further notice is required.

## No Prior Request

29.    No prior request for the relief sought in this Application has been made to this or

any other court.

*[Remainder of Page Intentionally Left Blank]*

11

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  August 4, 2022
       New York, New York

/s/ Chris Ferraro
_____
Chris Ferraro
Chief Financial Officer
Celsius Network LLC

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE RETENTION
### AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND
### KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE
### DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for the entry of an order (the "Order") authorizing the

Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP

(collectively, "Kirkland") as their attorneys effective as of the Petition Date, pursuant to sections

327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1

and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"); and the Court having reviewed the Application, the Declaration of Patrick J. Nash, Jr.,

the president of Patrick J. Nash, Jr., P.C., a partner of Kirkland & Ellis LLP, and a partner of

Kirkland & Ellis International LLP (the "Nash Declaration"), and the declaration of Chris Ferraro,

the Chief Financial Officer of Celsius Network LLC (the "Ferraro Declaration"); and the Court

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and the Court having found that venue of this proceeding and the Application in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on

the representations made in the Application and in the Nash Declaration that (a) Kirkland does not

hold or represent an interest adverse to the Debtors' estates and (b) Kirkland is a "disinterested

person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a)

of the Bankruptcy Code; and the Court having found that the relief requested in the Application is

in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the

Court having found that the Debtors provided adequate and appropriate notice of the Application

under the circumstances and that no other or further notice is required; and the Court having

reviewed the Application and having heard statements in support of the Application at a hearing

held before the Court (the "Hearing"); and the Court having determined that the legal and factual

bases set forth in the Application and at the Hearing establish just cause for the relief granted

herein; and any objections to the relief requested herein having been withdrawn or overruled on

the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      The Debtors are authorized to retain and employ Kirkland as their attorneys

effective as of the Petition Date in accordance with the terms and conditions set forth in the

Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3.      Kirkland is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.  Specifically, but without limitation, Kirkland will render the following legal services:

a.      advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

b.      advising and consulting on their conduct during these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c.      attending meetings and negotiating with representatives of creditors and other parties in interest;

d.      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.      preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.      representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.      advising the Debtors in connection with any potential sale of assets;

h.      appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.      advising the Debtors regarding tax matters;

j.      taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.      performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including:  (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors' assets; and (iii) advising the Debtors on corporate and litigation matters.

4.      Kirkland shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

5.      Notwithstanding anything in the Engagement Letter to the contrary, Kirkland shall apply any remaining amounts of its prepetition advance payment retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Kirkland.  Kirkland is authorized without further order of the Court to reserve and apply amounts from the prepetition advance payment retainer that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Kirkland for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

6.      Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Kirkland's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

7.      Kirkland shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Kirkland to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8.      Kirkland shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9.      Kirkland shall not withdraw as Debtors' counsel before the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Rule 2090-1(e).

10.      The Debtors and Kirkland are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

12.      To the extent the Application, the Nash Declaration, the Ferraro Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

13.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
New York, New York

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

5

**<u>EXHIBIT 1</u>**

**Engagement Letter**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Patrick J. Nash, Jr., P.C.
To Call Writer Directly:
+1 312 862 2290
patrick.nash@kirkland.com

300 North Lasalle
Chicag, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

July 1, 2022

Rod Bolger
Celsius Network Limited
The Harley Building
77–79 New Cavendish Street
London W1W 6XB
United Kingdom

Re:    Retention to Provide Legal Services

Dear Mr. Bolger,

We are very pleased that you have asked us to represent Celsius Network Limited and only those wholly or partially owned subsidiaries listed in an addendum or supplement to this letter (collectively, "Client") in connection with a potential restructuring.  Please note, the Firm's representation is only of Client; the Firm does not and will not represent any direct or indirect shareholder, director, officer, partner, employee, affiliate, or joint venturer of Client or of any other entity.

**General Terms.**  This retention letter (this "Agreement") sets forth the terms of Client's retention of Kirkland & Ellis LLP (and its affiliated entity Kirkland & Ellis International LLP (collectively, the "Firm")) to provide legal services and constitutes an agreement between the Firm and Client (the "Parties").  This Agreement (notwithstanding any guidelines for outside counsel that Client may provide to the Firm) sets forth the Parties' entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where the Parties otherwise agree in writing.

**Fees.**  The Firm will bill Client for fees incurred at its regular hourly rates and in quarterly increments of an hour (or in smaller time increments as otherwise required by a court).  The Firm reserves the right to adjust the Firm's billing rates from time to time in the ordinary course of the Firm's representation of Client.

Although the Firm will attempt to estimate fees to assist Client in Client's planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

**Expenses.**  Expenses related to providing services shall be included in the Firm's statements as disbursements advanced by the Firm on Client's behalf.  Such expenses include photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain

Celsius Network Limited
July 1, 2022
Page No. 2

secretarial overtime, and other overtime expenses, postage, express mail, and messenger charges, deposition costs, computerized legal research charges, and other computer services, and miscellaneous other charges. Client shall pay directly (and is solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers' or contractors' charges, unless otherwise agreed by the Parties. By executing this Agreement below, Client agrees to pay for all charges in accordance with the Firm's schedule of charges, a copy of which is attached hereto at Schedule 1, as revised from time to time.

**Billing Procedures.** The Firm's statements of fees and expenses are typically delivered monthly, but the Firm reserves the right to alter the timing of delivering its statements depending on circumstances. Client may have the statement in any reasonable format it chooses, but the Firm will select an initial format for the statement unless Client otherwise requests in writing. Depending on the circumstances, however, estimated or summary statements may be provided, with time and expense details to follow thereafter.

**Retainer.** Client agrees to provide to the Firm an "advance payment retainer," as defined in Rule 1.15(c) of the Illinois Rules of Professional Conduct, *Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007), and *In re Caesars Entm't Operating Co., Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. May 28, 2015) (and cases cited therein), in the amount of $1 million. In addition, Client agrees to provide one or more additional advance payment retainers upon request by the Firm so that the amount of any advance payment retainers remains at or above the Firm's estimated fees and expenses. The Firm may apply the advance payment retainers to any outstanding fees as services are rendered and to expenses as they are incurred. Client understands and acknowledges that any advance payment retainers are earned by the Firm upon receipt, any advance payment retainers become the property of the Firm upon receipt, Client no longer has a property interest in any advance payment retainers upon the Firm's receipt, any advance payment retainers will be placed in the Firm's general account and will not be held in a client trust account, and Client will not earn any interest on any advance payment retainers; provided, however, that solely to the extent required under applicable law, at the conclusion of the Engagement, if the amount of any advance payment retainers held by the Firm is in excess of the amount of the Firm's outstanding and estimated fees, expenses, and costs, the Firm will pay to Client the amount by which any advance payment retainers exceed such fees, expenses, and costs. Client further understands and acknowledges that the use of advance payment retainers is an integral condition of the Engagement, and is necessary to ensure that: Client continues to have access to the Firm's services; the Firm is compensated for its representation of Client; the Firm is not a pre-petition creditor in the event of a Restructuring Case; and that in light of the foregoing, the provision of the advance payment retainers is in Client's best interests. The fact that Client has provided the Firm with an advance payment retainer does not affect Client's right to terminate the client-lawyer relationship.

Please be advised that there is another type of retainer known as a "security retainer," as defined in *Dowling v. Chicago Options Assoc.*, 875 N.E.2d at 1018, and *In re Caesars Entm't Operating Co., Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. May 28, 2015) (and cases cited therein). A security retainer remains the property of the client until the lawyer applies it to charges for services that are actually rendered and expenses that are incurred. Any unearned funds are then

Celsius Network Limited
July 1, 2022
Page No. 3

returned to the client. In other circumstances not present here, the Firm would consider a security retainer and Client's funds would be held in the Firm's segregated client trust account until applied to pay fees and expenses. Funds in a security retainer, however, can be subject to claims of Client's creditors and, if taken by creditors, may leave Client unable to pay for ongoing legal services, which may result in the Firm being unable to continue the Engagement. Moreover, a security retainer creates clawback risks for the Firm in the event of an insolvency proceeding. The choice of the type of retainer to be used is Client's choice alone, but for the Engagement and for the reasons set forth above, the Firm is unwilling to represent Client in the Engagement without using the advance payment retainer.

**Termination.** The Engagement may be terminated by either Party at any time by written notice by or to Client. The Engagement will end at the earliest of (a) Client's termination of the Engagement, (b) the Firm's withdrawal, and (c) the substantial completion of the Firm's substantive work. If permission for withdrawal is required by a court, the Firm shall apply promptly for such permission, and termination shall coincide with the court order for withdrawal. If this Agreement or the Firm's services are terminated for any reason, such termination shall be effective only to terminate the Firm's services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of the Firm's active involvement in a particular matter (even if the Firm continues active involvement in other matters on Client's behalf), the Firm will have no further duty to inform Client of future developments or changes in law as may be relevant to such matter. Further, unless the Parties mutually agree in writing to the contrary, the Firm will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which the Firm had been retained.

**Cell Phone and E-Mail Communication.** The Firm hereby informs Client and Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that Client must inform the Firm if Client does not wish the Firm to discuss privileged matters on cell telephones with Client or Client's professionals or agents.

The Firm hereby informs Client and Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that Client must inform the Firm if Client wishes to institute a system to encode all e-mail between the Firm and Client or Client's professionals or agents.

**File Retention.** All records and files will be retained and disposed of in compliance with the Firm's policy in effect from time to time. Subject to future changes, it is the Firm's current policy generally not to retain records relating to a matter for more than five years. Upon Client's prior written request, the Firm will return client records that are Client's property to Client prior to their destruction. Although we will return your records (*i.e.*, your client file) to you at any time

Celsius Network Limited
July 1, 2022
Page No. 4

upon your written request, you agree that your client file will not include our Firm's internal files including administrative materials, internal communications, and drafts.  It is not administratively feasible for the Firm to advise Client of the closing of a matter or the disposal of records.  The Firm recommends, therefore, that Client maintain Client's own files for reference or submit a written request for Client's client files promptly upon conclusion of a matter.  Notwithstanding anything to the contrary herein, Client acknowledges and agrees that any applicable privilege of Client (including any attorney-client and work product privilege or any duty of confidentiality) (collectively, the "Privileges") belongs to Client alone and not to any successor entity (including without limitation the Client after a change in control or other similar restructuring or non-restructuring transaction (including without limitation a reorganized Client after the effective date of a plan of reorganization), whether through merger, asset or equity sale, business combination, or otherwise, irrespective of whether such transaction occurs in a Restructuring Case or on an out-of-court basis (in each case, a "Transaction")).  Client hereby waives any right, title, and interest of such successor entity to all information, data, documents, or communications in any format covered by the Privileges that is in the possession of the Firm ("Firm Materials"), to the extent that such successor entity had any right, title, and interest to such Firm Materials.  For the avoidance of doubt, Client agrees and acknowledges that after a Transaction, such successor entity shall have no right to claim or waive the Privileges or request the return of any such Firm Materials; instead, such Firm Materials shall remain in the Firm's sole possession and control for its exclusive use, and the Firm will (a) not waive any Privileges or disclose the Firm Materials, (b) take all reasonable steps to ensure that the Privileges survive and remain in full force and effect, and (c) assert the Privileges to prevent disclosure of any Firm Materials.

**Data Protection.**  You further agree that, if you provide us with personal data, you have complied with applicable data protection legislation and that we may process such personal data in accordance with our Data Transfer and Privacy Policy at www.kirkland.com.  We process your personal data in order to (i) carry out work for you; (ii) share the data with third parties such as expert witnesses and other professional advisers if our work requires; (iii) comply with applicable laws and regulations and (iv) provide you with information relating to our Firm and its services.

**Conflicts of Interest.**  As is customary for a law firm of the Firm's size, there are numerous business entities, with which Client currently has relationships, that the Firm has represented or currently represents in matters unrelated to Client.

Further, in undertaking the representation of Client, the Firm wants to be fair not only to Client's interests but also to those of the Firm's other clients.  Because Client is engaged in activities (and may in the future engage in additional activities) in which its interests may diverge from those of the Firm's other clients, the possibility exists that one of the Firm's current or future clients may take positions adverse to Client (including litigation or other dispute resolution mechanisms) in a matter in which such other client may have retained the Firm or one of Client's adversaries may retain the Firm in a matter adverse to another entity or person.

In the event a present conflict of interest exists between Client and the Firm's other clients or in the event one arises in the future, Client agrees to waive any such conflict of interest or other objection that would preclude the Firm's representation of another client (a) in other current or

Celsius Network Limited
July 1, 2022
Page No. 5

future matters substantially unrelated to the Engagement or (b) other than during a Restructuring Case (as defined below), in other matters related to Client (such representation an "Allowed Adverse Representation"). By way of example, such Allowed Adverse Representations might take the form of, among other contexts: litigation (including arbitration, mediation and other forms of dispute resolution); transactional work (including consensual and non-consensual merger, acquisition, and takeover situations, financings, and commercial agreements); counseling (including advising direct adversaries and competitors); and restructuring (including bankruptcy, insolvency, financial distress, recapitalization, equity and debt workouts, and other transactions or adversarial adjudicative proceedings related to any of the foregoing and similar matters).

Client also agrees that it will not, for itself or any other entity or person, assert that either (i) the Firm's representation of Client or any of Client's affiliates in any past, present, or future matter or (ii) the Firm's actual or possible possession of confidential information belonging to Client or any of Client's affiliates is a basis to disqualify the Firm from representing another entity or person in any Allowed Adverse Representation. Client further agrees that any Allowed Adverse Representation does not breach any duty that the Firm owes to Client or any of Client's affiliates. Client also agrees that the Firm's representation in the Engagement is solely of Client and that no member or other entity or person related to it (such as a shareholder, parent, subsidiary, affiliate, director, officer, partner, employee, or joint venturer) has the status of a client for conflict of interest purposes.

In addition, if a waiver of a conflict of interest necessary to allow the Firm to represent another client in a matter that is not substantially related to the Engagement is not effective for any reason, Client agrees that the Firm may withdraw from the Engagement. Should that occur, Client will not, for itself or any other entity or person, seek to preclude such termination of services or assert that either (a) the Firm's representation of Client or any of Client's affiliates in any past, present, or future matter or (b) the Firm's actual or possible possession of confidential information belonging to Client or any of Client's affiliates is a basis to disqualify the Firm from representing such other client or acting on such adverse matter.

It is important that you review this letter carefully and consider all of the advantages and disadvantages of waiving certain conflicts of interests that would otherwise bar the Firm from representing parties with interests adverse to you during the time in which the Firm is representing you. You also understand that because this waiver includes future issues and future clients that are unknown and unknowable at this time, it is impossible to provide you with any more details about those prospective clients and matters. Thus, in choosing to execute this waiver, you have recognized the inherent uncertainty about the array of potential matters and clients the Firm might take on in matters that are adverse to you but have nonetheless decided it is in your interest to waive conflicts of interest regarding the Allowed Adverse Representations and waive rights to prohibit the Firm's potential withdrawal should a conflict waiver prove ineffectual.

The Firm informs Client that certain entities owned by current or former Firm attorneys and senior staff ("attorney investment entities") have investments in funds or companies that may, directly or indirectly, be affiliated with Client, hold investments in Client's debt or equity securities, may be adverse to Client, or conduct commercial transactions with Client (each, a

Celsius Network Limited
July 1, 2022
Page No. 6

"Passive Holding").  The attorney investment entities are passive and have no management or other control rights in such funds or companies.  The Firm notes that other persons may in the future assert that a Passive Holding creates, in certain circumstances, a conflict between the Firm's exercise of its independent professional judgment in rendering advice to Client and the financial interest of Firm attorneys participating in the attorney investment entities, and such other persons might seek to limit Client's ability to use the Firm to advise Client on a particular matter.  While the Firm cannot control what a person might assert or seek, the Firm believes that the Firm's judgment will not be compromised by virtue of any Passive Holding.  Please let us know if Client has any questions or concerns regarding the Passive Holdings.  By executing this letter, Client acknowledges the Firm's disclosure of the foregoing.

**Restructuring Cases**.  If it becomes necessary for Client to commence a restructuring case under chapter 11 of the U.S. Bankruptcy Code (a "Restructuring Case"), the Firm's ongoing employment by Client will be subject to the approval of the court with jurisdiction over the petition.  If necessary, the Firm will take steps necessary to prepare the disclosure materials required in connection with the Firm's retention as lead restructuring counsel.  In the near term, the Firm will begin conflicts checks on potentially interested parties as provided by Client.

If necessary, the Firm will prepare a preliminary draft of a schedule describing the Firm's relationships with certain interested parties (the "Disclosure Schedule").  The Firm will give Client a draft of the Disclosure Schedule once it is available.  Although the Firm believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in Client's application to the court to retain the Firm.

If in the Firm's determination a conflict of interest arises in Client's Restructuring Case requiring separate conflicts counsel, then Client will be required to use separate conflicts counsel in those matters.

**No Guarantee of Success.**  It is impossible to provide any promise or guarantee about the outcome of Client's matters.  Nothing in this Agreement or any statement by Firm staff or attorneys constitutes a promise or guarantee.  Any comments about the outcome of Client's matter are simply expressions of judgment and are not binding on the Firm.

**Consent to Use of Information.**  In connection with future materials that, for marketing purposes, describe facets of the Firm's law practice and recite examples of matters the Firm handles on behalf of clients, Client agrees that, if those materials avoid disclosing Client's confidences and secrets as defined by applicable ethical rules, they may identify Client as a client, may contain factual synopses of Client's matters, and may indicate generally the results achieved.

**Reimbursement of Fees and Expenses.**  Client agrees to promptly reimburse the Firm for all internal or external fees and expenses, including the amount of the Firm's attorney and paralegal time at normal billing rates, as incurred by the Firm in connection with participating in, preparing for, or responding to any action, claim, objection, suit, or proceeding brought by or against any third-party that relates to the legal services provided by the Firm under this Agreement.  Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such

Celsius Network Limited
July 1, 2022
Page No. 7

fees and expenses incurred by the Firm: in responding to document subpoenas, and preparing for and testifying at depositions and trials; and with respect to the filing, preparation, prosecution or defense of any applications by the Firm for approval of fees and expenses in a judicial, arbitral, or similar proceeding. Further, Client understands, acknowledges, and agrees that in connection with a Restructuring Case, if Client has not objected to the payment of a Firm invoice or to a Firm fee and expense application, has in fact paid such invoice, or has approved such fee and expense application, then Client waives its right (and the right of any successor entity as a result of a Transaction or otherwise) to subsequently object to the payment of fees and expenses covered by such invoice or fee application.

**LLP.**  Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware.  Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Governing Law**.  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Illinois, without giving effect to the conflicts of law principles thereof.

**Miscellaneous.**  This Agreement sets forth the Parties' entire agreement for rendering professional services.  It can be amended or modified only in writing and not orally or by course of conduct.  Each Party signing below is jointly and severally responsible for all obligations due to the Firm and represents that each has full authority to execute this Agreement so that it is binding.  This Agreement may be signed in one or more counterparts and binds each Party countersigning below, whether or not any other proposed signatory ever executes it.  If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.  Any agreement or waiver contained herein by Client extends to any assignee or successor in interest to Client, including without limitation the reorganized Client upon and after the effective date of a plan of reorganization in a Restructuring Case.

This Agreement is the product of arm's-length negotiations between sophisticated parties, and Client acknowledges that it is experienced with respect to the retention of legal counsel. Therefore, the Parties acknowledge and agree that any otherwise applicable rule of contract construction or interpretation which provides that ambiguities shall be construed against the drafter (and all similar rules of contract construction or interpretation) shall not apply to this Agreement. The Parties further acknowledge that the Firm is not advising Client with respect to this Agreement because the Firm would have a conflict of interest in doing so, and that Client has consulted (or had the opportunity to consult) with legal counsel of its own choosing.  Client further acknowledges that Client has entered into this Agreement and agreed to all of its terms and conditions voluntarily and fully-informed, based on adequate information and Client's own

Celsius Network Limited
July 1, 2022
Page No. 8

independent judgment.  The Parties further acknowledge that they intend for this Agreement to be effective and fully enforceable upon its execution and to be relied upon by the Parties.

* * *

Celsius Network Limited
July 1, 2022
Page No. 9

Please confirm your agreement with the arrangements described in this letter by signing the enclosed copy of this letter in the space provided below and returning it to us.  Please understand that, if we do not receive a signed copy of this letter within twenty-one days, we will withdraw from representing you in this Engagement.

Very truly yours,

KIRKLAND & ELLIS LLP

By: _____
    Printed Name:  Patrick J. Nash, Jr.
    Title:  Partner

Agreed and accepted this day of month, 2022

CELSIUS NETWORK LIMITED

By: _____
Name: _____
Title: _____

Celsius Network Limited
July 1, 2022
Page No. 10

## **ADDENDUM: List of Client Subsidiaries**

Celsius (AUS) Pty Ltd.

Celsius EU UAB

Celsius KeyFi LLC

Celsius Lending LLC

Celsius Management Corp

Celsius Mining IL Ltd

Celsius Mining LLC

Celsius Network (Gibraltar Limited)

Celsius Network Europe d.o.o. Beograd

Celsius Network IL Ltd.

Celsius Network IL Ltd. – Bulgaria Branch

Celsius Network Inc.

Celsius Network LLC

Celsius Networks Lending LLC

Celsius Operations LLC

Celsius Services CY Ltd

Celsius US Holding LLC

Celsius US LLC

GK8 Ltd

GK8 UK Limited

GK8 USA LLC

ZEST Media Manager LLC

Celsius Network Limited
July 1, 2022
Page No. 1

## KIRKLAND & ELLIS LLP

## CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES

The following outlines Kirkland & Ellis LLP's ("K&E LLP") policies and standard charges for various services performed by K&E LLP and/or by other third parties on behalf of the client which are often ancillary to our legal services. Services provided by in-house K&E LLP personnel are for the convenience of our clients. Given that these services are often ancillary to our legal services, in certain instances it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor. If services are provided beyond those outlined below, pricing will be based on K&E LLP's approximate cost and/or comparable market pricing.

- **Duplicating, Reprographics and Printing**: The following list details K&E LLP's charges for duplicating, reprographics and printing services:

  - Black and White Copy or Print (all sizes of paper):
    - $0.16 per impression for all U.S. offices
    - €0.10 per impression in Munich
    - £0.15 per impression in London
    - HK$1.50 per impression in Hong Kong
    - RMB1.00 per impression in Beijing and Shanghai
  - Color Copy or Print (all sizes of paper):
    - $0.55 per impression
  - Scanned Images:
    - $0.16 per page for black and white or color scans
  - Other Services:
    - CD/DVD Duplicating or Mastering - $7/$10 per CD/DVD
    - Binding - $0.70 per binding
    - Large or specialized binders - $13/$27
    - Tabs - $0.13 per item
    - OCR/File Conversion - $0.03 per page
    - Large Format Printing - $1.00 per sq. ft.

- **Secretarial and Word Processing**: Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges**: Clients will be charged for overtime costs for secretarial and document services work if either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates out-of-hours overtime and such work could not have been done during normal working hours. If these conditions are satisfied, costs for related overtime meals and transportation also will be charged.

Celsius Network Limited
July 1, 2022
Page No. 2

- **Travel Expenses**:  We charge clients our out-of-pocket costs for travel expenses including associated travel agency fees.  We charge coach fares (business class for international flights) unless the client has approved business-class, first-class or an upgrade.  K&E LLP personnel are instructed to incur only reasonable airfare, hotel and meal expenses.  K&E LLP negotiates, uses, and passes along volume discount hotel and air rates whenever practicable.  However, certain retrospective rebates may not be passed along.

- **Catering Charges:**  Clients will be charged for any in-house catering service provided in connection with client matters.

- **Communication Expenses**:  We do not charge clients for telephone calls or faxes made from K&E LLP's offices with the exception of third-party conference calls and videoconferences.

  Charges incurred for conference calls, videoconferences, cellular telephones, and calls made from other third-party locations will be charged to the client at the actual cost incurred.  Further, other telecommunication expenses incurred at third-party locations (e.g., phone lines at trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage**:  We charge clients for the actual cost of overnight and special delivery (e.g., Express Mail, FedEx, and DHL), and U.S. postage for materials mailed on the client's behalf.  K&E LLP negotiates, uses, and passes along volume discount rates whenever practicable.

- **Messengers**:  We charge clients for the actual cost of a third party vendor messenger.

- **Library Research Services:**  Library Research staff provides research and document retrieval services at the request of attorneys, and clients are charged per hour for these services.  Any expenses incurred in connection with the request, such as outside retrieval service or online research charges, are passed on to the client at cost, including any applicable discounts.

- **Online Research Charges**:  K&E LLP charges for costs incurred in using third-party online research services in connection with a client matter.  K&E LLP negotiates and uses discounts or special rates for online research services whenever possible and practicable and passes through the full benefit of any savings to the client based on actual usage.

- **Inter-Library Loan Services:**  Our standard client charge for inter-library loan services when a K&E LLP library employee borrows a book from an outside source is $25 per title.  There is no client charge for borrowing books from K&E LLP

2

Celsius Network Limited
July 1, 2022
Page No. 3

libraries in other cities or from outside collections when the title is part of the K&E LLP collection but unavailable.

- **Off-Site Legal Files Storage**:  Clients are not charged for off-site storage of files unless the storage charge is approved in advance.

- **Electronic Data Storage**:  K&E LLP will not charge clients for costs to store electronic data and files on K&E LLP's systems if the data stored does not exceed 100 gigabytes (GB).  If the data stored for a specific client exceeds 100GB, K&E LLP will charge clients $6.00 per month/per GB for all network data stored until the data is either returned to the client or properly disposed of.  For e-discovery data on the Relativity platform, K&E LLP will also charge clients $6.00 per month/per GB until the data is either returned to the client or properly disposed of.

- **Calendar Court Services**:  Our standard charge is $25 for a court filing and other court services or transactions.

- **Supplies**:  There is no client charge for standard office supplies.  Clients are charged for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then at K&E LLP's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers**:  If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be charged a standard hourly rate for these billers unless other specific billing arrangements are agreed between K&E LLP and client.

- **Expert Witnesses, Experts of Other Types, and Other Third Party Consultants**:  If there is a need to utilize an expert witness, expert of other type, or other third party consultant such as accountants, investment bankers, academicians, other attorneys, etc. on a client engagement, clients will be requested to retain or pay these individuals directly unless specific billing arrangements are agreed between K&E LLP and client.

- **Third Party Expenditures**:  Third party expenditures (e.g., corporate document and lien searches, lease of office space at Trial location, IT equipment rental, SEC and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost.  If the invoice exceeds $50,000, it is K&E LLP's policy that wherever possible such charges will be directly billed to the client.  In those circumstances where this is not possible, K&E LLP will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.

**<u>EXHIBIT B</u>**

**Nash Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF PATRICK J. NASH, JR.,**
**IN SUPPORT OF THE DEBTORS' APPLICATION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND**
**KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR**
**THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

I, Patrick J. Nash, Jr., being duly sworn, state the following under penalty of perjury:

1.      I am the president of Patrick J. Nash, Jr. P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 300 North LaSalle, Chicago, Illinois 60654, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, collectively, "Kirkland"). I am one of the lead attorneys from Kirkland working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of Illinois and I have been admitted to practice in Illinois. There are no disciplinary proceedings pending against me.

2.      I submit this declaration (the "Declaration") in support of the Debtors' *Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Effective as of July 13, 2022* (the "Application").[2]  Except as otherwise noted, I have personal

knowledge of the matters set forth herein.

### Kirkland's Qualifications

4.      The Debtors seek to retain Kirkland because of Kirkland's recognized expertise and

extensive experience and knowledge in the field of debtors' protections, creditors' rights, and

business reorganizations under chapter 11 of the Bankruptcy Code.

5.      Kirkland has been actively involved in major chapter 11 cases and has represented

debtors in many cases, including, among others: *In re Lakeland Tours, LLC*, No. 20-11647 (JLG)

(Bankr. S.D.N.Y. Sept. 10, 2020); *In re Jason Industries, Inc.*, No. 20-22766 (RDD)

(Bankr. S.D.N.Y. Aug. 27, 2020); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD)

(Bankr. S.D.N.Y. May 26, 2020); *In re Deluxe Entm't Servs. Grp. Inc.*, No. 19-23774 (RDD)

(Bankr. S.D.N.Y. Oct. 25, 2019); *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW)

(Bankr. S.D.N.Y. July 2, 2019); *In re Sungard Availability Servs. Capital, Inc.* No. 19- 22915

(RDD) (Bankr. S.D.N.Y. May 2, 2019); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD)

(Bankr. S.D.N.Y. Apr. 22, 2019); *In re FULLBEAUTY Brands Holdings Corp.*, No. 19-22185

(RDD) (Bankr. S.D.N.Y. Feb. 7, 2019).[3]

6.      In preparing for its representation of the Debtors in these chapter 11 cases, Kirkland

has become familiar with the Debtors' business and many of the potential legal issues that may

arise in the context of these chapter 11 cases.  I believe that Kirkland is both well-qualified and

uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

[3]    Because of the voluminous nature of the orders cited in this Declaration, they are not attached to this Declaration. Copies of these orders are available upon request to Kirkland.

## **Services to Be Provided**

7.      Subject to further order of the Court and that certain engagement letter dated

July 1, 2022 (the "Engagement Letter"), a copy of which is attached as **Exhibit 1** to the Order, the

Debtors retained Kirkland to render, without limitation, the following legal services:

a.      advising the Debtors with respect to their powers and duties as debtor in possession in the continued management and operation of their businesses and properties;

b.      advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c.      attending meetings and negotiating with representatives of creditors and other parties in interest;

d.      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.      preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.      representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.      advising the Debtors in connection with any potential sale of assets;

h.      appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.      advising the Debtors regarding tax matters;

j.      taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.      performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors' assets; and (iii) advising the Debtors on corporate and litigation matters.

**Professional Compensation**

8.      Kirkland intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Kirkland will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Kirkland uses in other debtor representations, and are comparable to the hourly rates and corresponding rate structure that Kirkland uses for complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

9.      Kirkland operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

10.      Kirkland's current hourly rates for matters related to these chapter 11 cases range as follows:[4]

---

[4]   For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate.  After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.  While the rate ranges provided for in this Application may change if an individual leaves or joins Kirkland, and if any such individual's billing rate falls outside the ranges disclosed above, Kirkland does not intend to update the ranges for such circumstances.

4

| Billing Category[5] | U.S. Range |
|---|---|
| Partners | $1,135-$1,995 |
| Of Counsel | $805-$1,845 |
| Associates | $650-$1,245 |
| Paraprofessionals | $265-$495 |

11.    Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[6]

12.    It is Kirkland's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also Kirkland's policy to charge its clients only the amount actually incurred by Kirkland in connection with such items.  Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

13.    To ensure compliance with all applicable deadlines in these chapter 11 cases, Kirkland utilizes the services of overtime secretaries.  Kirkland charges fees for these services

---

[5]    Although Kirkland does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Kirkland will not charge a markup to the Debtors with respect to fees billed by such attorneys.  Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Kirkland will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

[6]    For example, like many of its peer law firms, Kirkland typically increases the hourly billing rate of attorneys and paraprofessionals twice a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013).  As set forth in the Order, Kirkland will provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file such notice with the Court.

pursuant to the Engagement Letter between Kirkland and the Debtors, which permits Kirkland to

bill the Debtors for overtime secretarial charges that arise out of business necessity.  In addition,

Kirkland professionals also may charge their overtime meals and overtime transportation to the

Debtors consistent with the *Amended Guidelines for Fees and Disbursements for Professionals in*

*Southern District of New York* and the Local Rules.

14.     Kirkland currently charges the Debtors $0.16 per page for standard duplication in

its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Rules,

Kirkland will charge no more than $0.10 per page for standard duplication services in these

chapter 11 cases.  Kirkland does not charge its clients for incoming facsimile transmissions.

Kirkland has negotiated a discounted rate for Westlaw computer-assisted legal research.

Computer-assisted legal research is used whenever the researcher determines that using Westlaw

is more cost effective than using traditional (non-computer assisted legal research) techniques.

**Compensation Received by Kirkland from the Debtors**

15.     Per the terms of the Engagement Letter, on July 1, 2022 the Debtors paid

$1.0 million to Kirkland, which, as stated in the Engagement Letter, constituted an "advance

payment retainer" as defined in Rule 1.15(c) of the Illinois Rules of Professional Conduct and

*Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007).  Subsequently, the

Debtors paid to Kirkland additional advance payment retainer totaling $2.5 million in the

aggregate.  As stated in the Engagement Letter, any advance payment retainer is earned by

Kirkland upon receipt, any advance payment retainer becomes the property of Kirkland upon

receipt, the Debtors no longer have a property interest in any advance payment retainer upon

Kirkland's receipt, any advance payment retainer will be placed in Kirkland's general account and

will not be held in a client trust account, and the Debtors will not earn any interest on any advance

payment retainer.[7]    A chart identifying the statements setting forth the professional services

provided by Kirkland to the Debtors and the expenses incurred by Kirkland in connection

therewith, as well as the advance payment retainer transferred by the Debtors to Kirkland, prior to

the Petition Date is set forth below.

16.    During the 90-day period before the Petition Date, the Debtors paid advance

payment retainer in the following amounts to Kirkland:

| Type of Transaction | Date | Amount of Fees and Expenses Listed on Statement | Amount of Advance Payment Retainer Requested | Amount of Advance Payment Retainer Received | Resulting Advance Payment Retainer Following |
|---|---|---|---|---|---|
| Initial Request for Advance Payment Retainer | 7/1/2022 | | $1,000,000 | | $0 |
| Receipt of Initial Advance Payment Retainer | 7/1/2022 | | | $1,000,000 | $1,000,000 |
| Additional Advance Payment Retainer | 7/7/2022 | | $1,500,000 | | $1,000,000 |
| Receipt of Additional Advance Payment Retainer | 7/8/2022 | | | $1,500,000 | $2,500,000 |
| Additional Advance Payment Retainer | 7/11/2022 | | $1,000,000 | | $2,500,000 |
| Receipt of Additional Advance Payment Retainer | 7/12/2022 | | | $1,000,000 | $3,500,000 |

17.    As of the Petition Date, the Debtors did not owe Kirkland any amounts for legal

services rendered before the Petition Date.    Although certain expenses and fees may have been

incurred, but not yet applied to Kirkland's advance payment retainer, Kirkland's total advance

payment retainer always exceeded any amounts listed or to be listed on statements describing

---

[7]    The Engagement Letter provides that Kirkland may continue to hold any remaining prepetition advance payment retainer during the pendency of a chapter 11 case rather than applying such advance payment retainer to postpetition fees and expenses.  Kirkland evaluates whether to retain any remaining prepetition advance payment retainer on a case-by-case basis.  In this particular case, Kirkland has elected not to hold any remaining prepetition advance payment retainer but, instead, will apply any remaining advance payment retainer to postpetition fees and expenses as such fees and expenses are allowed by the Court.

services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

18.    Pursuant to Bankruptcy Rule 2016(b), Kirkland has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Kirkland or (b) any compensation another person or party has received or may receive.

### Statement Regarding U.S. Trustee Guidelines

19.    Kirkland shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Kirkland also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective As of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and the interim and final fee applications to be filed by Kirkland in these chapter 11 cases.

### Attorney Statement Pursuant to Revised UST Guidelines

20.    The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

a.    **Question**: Did Kirkland agree to any variations from, or alternatives to, Kirkland's standard billing arrangements for this engagement?

**Answer**: No. Kirkland and the Debtors have not agreed to any variations from, or alternatives to, Kirkland's standard billing arrangements for this engagement.  The rate structure provided by Kirkland is appropriate and is not

8

significantly different from (a) the rates that Kirkland charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals.

b. **Question**: Do any of the Kirkland professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

**Answer**: No. The hourly rates used by Kirkland in representing the Debtors are consistent with the rates that Kirkland charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

c. **Question**: If Kirkland has represented the Debtors in the 12 months prepetition, disclose Kirkland's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If Kirkland's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**: Kirkland's current hourly rates for services rendered on behalf of the Debtors range as follows:[8]

| Billing Category | U.S. Range |
|:---:|:---:|
| Partners | $1,135-$1,995 |
| Of Counsel | $805-$1,845 |
| Associates | $650-$1,245 |
| Paraprofessionals | $265-$495 |

Kirkland represented the Debtors during the two-week period before the Petition Date, using the hourly rates listed above.

d. **Question**: Have the Debtors approved Kirkland's budget and staffing plan, and, if so, for what budget period?

**Answer**: Yes, for the period from July 13, 2022 through October 31, 2022.

**Kirkland's Disinterestedness**

21.    In connection with its proposed retention by the Debtors in these chapter 11 cases,

Kirkland undertook to determine whether it had any conflicts or other relationships that might

---

[8]    While the rate ranges provided for in this Application may change if an individual leaves or joins Kirkland, and if any such individual's billing rate falls outside the ranges disclosed above, Kirkland does not intend to update the ranges for such circumstances.

cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, Kirkland obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest") and such parties are listed on **Schedule 1** hereto.  Kirkland has searched its electronic database for its connections to the entities listed on **Schedule 1** hereto.  In addition, after Kirkland identified all client connections with the parties in interest over a specified time period, Kirkland circulated a survey email to all Kirkland attorneys who billed 10 or more hours to such clients during the prior six years.  Further, beyond the individual emails, Kirkland sent a daily report of new matters firm wide.  All Kirkland attorneys are responsible for reviewing the daily report of new matters and raising any potential concerns with respect to new representations.  Kirkland did not receive any answers in the affirmative to these emails.  Additionally, to the extent that I have been able to ascertain that Kirkland has been retained within the last three years to represent any of the Potential Parties in Interest (or their affiliates, as the case may be) in matters unrelated to these cases, such facts are disclosed on **Schedule 2** attached hereto.

22.     Kirkland and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases.  Kirkland has searched its electronic database for its connections to the entities listed on **Schedule 1** attached hereto.  The information listed on **Schedule 1** may have changed without our knowledge and may change during the pendency of these chapter 11 cases.  Accordingly, Kirkland will update this Declaration as

10

necessary and when Kirkland becomes aware of additional material information.  The following

is a list of the categories that Kirkland has searched:[9]

| Schedule | Category |
|---|---|
| 1(a) | Current and Recent Former Entities Affiliated with the Debtors |
| 1(b) | Directors/Officers |
| 1(c) | Equity Holders |
| 1(d) | Bankruptcy Professionals |
| 1(e) | Institutional Customers |
| 1(f) | Insurance |
| 1(g) | Landlords |
| 1(h) | Legal Matters and Litigants |
| 1(i) | Non-Bankruptcy Advisors and Ordinary Course Professionals |
| 1(j) | Retail Customers |
| 1(k) | Top 50 Unsecured Creditors |
| 1(l) | Taxing Authority/Governmental/Regulatory Agencies |
| 1(m) | Utilities |
| 1(n) | Vendors |
| 1(o) | U.S. Trustee Personnel, Judges, and Court Contacts for the Southern District of New York |

23.    To the best of my knowledge, (a) Kirkland is a "disinterested person" within the

meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the

Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and

(b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except

as may be disclosed in this Declaration.

24.    Listed on **Schedule 2** to this Declaration are the results of Kirkland's conflicts

searches of the above-listed entities.[10]  For the avoidance of doubt, Kirkland will not commence a

---

[9]    Kirkland's inclusion of parties in the following Schedules is solely to illustrate Kirkland's conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

[10]    As referenced in **Schedule 2**, the term "current client" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 12 months preceding the Petition Date.  As referenced in **Schedule 2**, the term "former client" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted between 12 and 36 months preceding the Petition Date.  As referenced in **Schedule 2**, the term "closed client" means an entity listed as a client in Kirkland's conflicts search system to whom time was

cause of action in these chapter 11 cases against the entities listed on **Schedule 2** that are current

clients of Kirkland (including entities listed below under the "Specific Disclosures" section of this

Declaration) unless Kirkland has an applicable waiver on file or first receives a waiver from such

entity allowing Kirkland to commence such an action.  To the extent that a waiver does not exist

or is not obtained from such entity and it is necessary for the Debtors to commence an action

against that entity, the Debtors will be represented in such particular matter by conflicts counsel.

25.    Of the entities listed on **Schedule 2**, only two represented more than one percent of

Kirkland's fee receipts for the twelve-month period ending on June 30, 2022:

- Blackstone, Inc. is the indirect parent of The Ritz Carlton, a vendor of the Debtors, and represented more than one percent of Kirkland's fee receipts for the twelve-month period ending on June 30, 2022.

- Thoma Bravo LP, is the indirect parent of SolarWinds Corp., a vendor of the Debtors, and represented more than one percent of Kirkland's fee receipts for the twelve-month period ending on June 30, 2022.[11]

26.    Kirkland's conflicts search of the entities listed on **Schedules 1(a) – 1(o)** (that

Kirkland was able to locate using its reasonable efforts) reveals, to the best of my knowledge, that

those Kirkland attorneys and paraprofessionals who previously worked at other law firms that

represented such entities in these chapter 11 cases have not worked on matters relating to the

Debtors' restructuring efforts while at Kirkland.

27.    Based on the conflicts search conducted to date and described herein, to the best of

my knowledge, neither I, Kirkland, nor any partner or associate thereof, insofar as I have been able

---

posted in the 36 months preceding the Petition Date, but for which the client representation has been closed. Whether an actual client relationship exists can only be determined by reference to the documents governing Kirkland's representation rather than its potential listing in Kirkland's conflicts search system.  The list generated from Kirkland's conflicts search system is over-inclusive.  As a general matter, Kirkland discloses connections with "former clients" or "closed clients" for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the Petition Date.

[11]    Specific percentages will be disclosed to the U.S. Trustee upon request.

to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), any person employed by the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, except as disclosed or otherwise described herein.

28.     Kirkland will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Kirkland will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

29.     Generally, it is Kirkland's policy to disclose entities in the capacity that they first appear in a conflicts search.  For example, if an entity already has been disclosed in this Declaration in one capacity (*e.g.*, a customer), and the entity appears in a subsequent conflicts search in a different capacity (*e.g.*, a vendor), Kirkland does not disclose the same entity again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

30.     From time to time, certain former partners of Kirkland are entitled to compensation for a limited period of time following their departure from the firm.

31.     From time to time, Kirkland has referred work to other professionals to be retained in these chapter 11 cases.  Likewise, certain such professionals have referred work to Kirkland.

32.     Certain insurance companies pay the legal bills of Kirkland clients.  Some of these insurance companies may be involved in these chapter 11 cases.  None of these insurance

companies, however, are Kirkland clients as a result of the fact that they pay legal fees on behalf of Kirkland clients.

## **Specific Disclosures**

33.     As specifically set forth below and in the attached exhibits, Kirkland represents certain of the Debtors' creditors, equity security holders, or other entities that may be parties in interest in ongoing matters unrelated to the Debtors and these chapter 11 cases.  None of the representations described herein are materially adverse to the interests of the Debtors' estates. Moreover, pursuant to section 327(c) of the Bankruptcy Code, Kirkland is not disqualified from acting as the Debtors' counsel merely because it represents certain of the Debtors' creditors, equity security holders, or other entities that may be parties in interest in matters unrelated to these chapter 11 cases.

**A.     Connections to Holders of Equity Interests in the Debtors.**

34.     As disclosed on **Schedule 2** attached hereto, Kirkland currently represents, and in the past has represented, Caisse de dépôt et placement du Québec and various affiliates (collectively, "Caisse") on a variety of matters.  Caisse owns approximately 4.79% of the equity in Celsius Network Limited.  Kirkland's representation of Caisse accounted for less than one percent of Kirkland's fee receipts for the twelve month period preceding the Petition Date.  All current and prior Kirkland representations of Caisse have been in matters unrelated to the Debtors and these chapter 11 cases.  Kirkland has not represented, and will not represent, Caisse in connection with any matter in these chapter 11 cases during the pendency of these chapter 11 cases. I do not believe that Kirkland's current or prior representations of Caisse precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

14

**B.     Connections to Officers and Directors.**

35.     As disclosed below and on **Schedule 2**, Kirkland currently represents, and in the past has represented, certain affiliates, subsidiaries and entities associated with the Debtors' current and recent former officers and directors.  I do not believe that Kirkland's current or prior representation of the affiliates, subsidiaries, and entities associated with certain officers and directors precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

36.     Alan Jeffery Carr, a disinterested director of Celsius Network Limited, has served, or may serve from time to time, in various management and director capacities of certain Kirkland clients or affiliates thereof.  I do not believe that Kirkland's current or prior representation of clients for which Mr. Carr served or serves in a management and/or director capacities precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

**C.     Connections to Other Entities.**

37.     As disclosed on **Schedule 2** attached hereto, Kirkland currently represents, and in the past has represented, BC Partners Advisors L.P. and various affiliates (collectively, "BCP") on a variety of matters.  Debtor Celsius Mining LLC is an adverse party to BCP in an active matter. Kirkland's representation of BCP accounted for less than one percent of Kirkland's fee receipts for the twelve month period preceding the Petition Date.  All current and prior Kirkland representations of BCP have been in matters unrelated to the Debtors and these chapter 11 cases. Kirkland has not represented, and will not represent, BCP in connection with any matter in these chapter 11 cases during the pendency of these chapter 11 cases.  I do not believe that Kirkland's current or prior representations of BCP precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

38.      As disclosed on **Schedule 2** attached hereto, Kirkland currently represents Energy & Power Transition Partners, LLC ("Energy & Power") on a variety of matters.  Debtor Celsius Network Limited is an investor in an active matter regarding Energy & Power.  Kirkland's representation of Energy & Power accounted for less than one percent of Kirkland's fee receipts for the twelve month period preceding the Petition Date.  Kirkland's representation of Energy & Power is unrelated to the Debtors and these chapter 11 cases.  Kirkland has not, and will not, represent Energy & Power in matters related to the Debtors or their chapter 11 cases during the pendency of these chapter 11 cases.  I do not believe that Kirkland's current or prior representations of Energy & Power preclude it from meeting the disinterestedness standard under the Bankruptcy Code.

39.      As disclosed on **Schedule 2** attached hereto, Kirkland currently represents Rhodium Enterprises, Inc. ("Rhodium Enterprises") on an active matter.  Rhodium Enterprises is an investor in an active matter regarding Celsius Network Limited.  Kirkland's representation of Rhodium Enterprises accounted for less than one percent of Kirkland's fee receipts for the twelve month period preceding the Petition Date.  Kirkland's representation of Rhodium Enterprises is unrelated to the Debtors and these chapter 11 cases.  Kirkland has not, and will not, represent Rhodium Enterprises in matters related to the Debtors or their chapter 11 cases during the pendency of these chapter 11 cases.  I do not believe that Kirkland's current or prior representations of Rhodium Enterprises preclude it from meeting the disinterestedness standard under the Bankruptcy Code.

40.      As disclosed on **Schedule 2** attached hereto, Kirkland has represented Kroll, LLC ("Kroll") and certain of its direct or indirect affiliates on a variety of matters.  Kroll Advisory Services Ltd. is a vendor of the Debtors.  Kirkland's representation of Kroll accounted for less

16

than one percent of Kirkland's fee receipts for the twelve month period preceding the Petition

Date. Kirkland's representations of Kroll are unrelated to the Debtors and these chapter 11 cases.

Kirkland has not, and will not, represent Kroll in matters related to the Debtors or their chapter 11

cases during the pendency of these chapter 11 cases. I do not believe that Kirkland's current or

prior representations of Kroll preclude it from meeting the disinterestedness standard under the

Bankruptcy Code.

**D.     Customers.**

41.     The large majority of the Debtors' creditors are individual customers, including

certain current Kirkland attorneys. These attorneys have not, and will not, perform work in

connection with Kirkland's representation of the Debtors and will be screened from Kirkland's

representation of the Debtors. Kirkland's formal ethical screen, as discussed further herein,

provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the

customer attorneys and protecting confidential information.

42.     Due to the prevalence of identity theft, phishing scams, and other forms of

harassment or stalking, and pursuant to the *Order (I) Authorizing the Debtors to File a*

*Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor,*

*(II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured*

*Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information,*

*(IV) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter*

*11 Cases, and (V) Granting Related Relief* entered on July 19, 2022 [Docket No. 55], it is

imperative that certain personally identifiable information of these customers remain confidential

and not be publicly disclosed on **Schedule 2**. For the avoidance of doubt, Kirkland will not

represent any of the customers in connection with any matter in these chapter 11 cases.

17

**E.      Other Chapter 11 Professionals.**

43.      As disclosed on **Schedule 2**, Kirkland currently represents, and in the past has represented, certain affiliates, subsidiaries, and entities associated with various professionals that the Debtors seeks to retain in connection with these chapter 11 cases.  Kirkland's current and prior representations of these professionals have been in matters unrelated to the Debtors or these chapter 11 cases.  Kirkland has not represented, and will not represent, any such professionals in connection with any matter in these chapter 11 cases during the pendency of these chapter 11 cases.  I do not believe that Kirkland's current or prior representation of these professionals precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

44.      The Debtors' proposed restructuring advisor is Alvarez & Marsal North America, LLC ("A&M Advisory").  As disclosed on **Schedule 2**, Kirkland represents Alvarez & Marsal, Inc. ("A&M Inc."), Alvarez & Marsal Capital, LLC ("A&M Capital"), AMCP Security Holdings L.P. / Centerra Group, LLC, Alvarez & Marsal Tax and UK LLP, and affiliated entities in matters unrelated to the Debtors and these chapter 11 cases.  In addition, subject to the parameters discussed in the Kirkland Attorney and Employee Investments section of this Declaration, Kirkland person(s) have invested in one or more funds affiliated with A&M Capital.  I do not believe that Kirkland's representation of these parties precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

45.      Contemporaneously herewith, the Debtors have filed the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Centerview Partners LLC as Financial Advisor and Investment Banker for the Debtors and Debtors in Possession Effective as of July 13, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2*, seeking retention of Centerview Partners LLC ("Centerview") as their financial advisor during the

18

pendency of these chapter 11 cases.  As disclosed in **Schedule 2** attached hereto, Kirkland has represented Centerview and certain of its direct or indirect affiliates in matters unrelated to the Debtors and these chapter 11 cases.  Kirkland has not, and will not, represent Centerview in matters related to the Debtors or their chapter 11 cases during the pendency of these chapter 11 cases. I do not believe that Kirkland's current or prior representation of Centerview precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

46.     Contemporaneously herewith, the Debtors have filed an application seeking retention of Latham & Watkins LLP ("Latham") as special counsel.  As disclosed on **Schedule 2**, Kirkland currently represents, and in the past has represented, Robert J. Frances, a partner at Latham.   Kirkland's current and prior representations of Mr. Frances have been in matters unrelated to the Debtors or these chapter 11 cases.  Kirkland has not represented, and will not represent, Latham or Mr. Frances in connection with any matter in these chapter 11 cases during the pendency of these chapter 11 cases.  I do not believe that Kirkland's current or prior representation of Mr. Frances precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

47.     On July 19, 2022, the Court approved Stretto, Inc.  ("Stretto") as the Debtors' notice and claims agent.[12]  As disclosed on **Schedule 2**, Kirkland has in the past represented Stretto on a variety of matters.  Kirkland's prior representations of Stretto have been in matters unrelated to the Debtors or these chapter 11 cases.  Kirkland has not represented, and will not represent, Stretto in connection with any matter in these chapter 11 cases during the pendency of these chapter 11

---

[12]   *See Order (I) Authorizing and Approving the Appointment of Stretto, Inc. as Claims and Noticing Agent for the Debtors and (II) Granting Related Relief* [Docket No. 54].

cases.  I do not believe that Kirkland's current or prior representation of Stretto precludes Kirkland

from meeting the disinterestedness standard under the Bankruptcy Code

48.     Gregory F. Pesce, a former partner of Kirkland, Trudy Smith, and certain other

former Kirkland attorneys are currently employed by White & Case LLP ("White & Case"),

proposed counsel to the Committee.  These former Kirkland attorneys did not work on the Debtors'

chapter 11 cases while at Kirkland.  I do not believe that White & Case's representation of the

Committee precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy

Code.

**F.      Kirkland Attorney and Employee Investments.**

49.     From time to time, Kirkland partners, of counsel, associates, and employees

personally invest in mutual funds, retirement funds, private equity funds, venture capital funds,

hedge funds, and other types of investment funds (the "Investment Funds"), through which such

individuals indirectly acquire an interest in debt or equity securities of many companies, one of

which may be one of the Debtors, their creditors, or other parties in interest in these chapter 11

cases, often without Kirkland's knowledge.  Each Kirkland person generally owns substantially

less than one percent of such Investment Fund, does not manage or otherwise control such

Investment Fund, and has no influence over the Investment Fund's decision to buy, sell, or vote

any particular security.  The Investment Fund is generally operated as a blind pool, meaning that

when the Kirkland persons make an investment in the Investment Fund, he, she, or they do not

know what securities the blind pool Investment Fund will purchase or sell, and have no control

over such purchases or sales.

50.     From time to time one or more Kirkland partners and of counsel voluntarily choose

to form an entity (a "Passive-Intermediary Entity") to invest in one or more Investment Funds.

Such Passive-Intermediary Entity is composed only of persons who were Kirkland partners and of counsel at the time of the Passive-Intermediary Entity's formation (although some may later become former Kirkland partners and of counsel). Participation in such a Passive-Intermediary Entity is wholly voluntary and only a portion of Kirkland's partners and of counsel choose to participate. The Passive-Intermediary Entity generally owns substantially less than one percent of any such Investment Fund, does not manage or otherwise control such Investment Fund, and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security. Each Investment Fund in which a Passive-Intermediary Entity invests is operated as a blind pool, so that the Passive-Intermediary Entity does not know what securities the blind pool Investment Funds will purchase or sell, and has no control over such purchases or sales. And, indeed, the Passive-Intermediary Entity often arranges for statements and communications from certain Investment Funds to be sent solely to a blind administrator who edits out all information regarding the identity of the Investment Fund's underlying investments, so that the Passive-Intermediary Entity does not learn (even after the fact) the identity of the securities purchased, sold, or held by the Investment Fund. To the extent the Passive-Intermediary Entity is or becomes aware of the identity of the securities purchased, sold, or held by the Investment Funds ("Known Holdings"), such Known Holdings are submitted to Kirkland's conflict checking system.

51.     From time to time, Kirkland partners, of counsel, associates, and employees personally directly acquire a debt or equity security of a company which may be (or become) one of the Debtors, their creditors, or other parties in interest in these chapter 11 cases. Kirkland has a long-standing policy prohibiting attorneys and employees from using confidential information that may come to their attention in the course of their work, so that all Kirkland attorneys and

21

employees are barred from trading in securities with respect to which they possess confidential information.

**G.     Former Clerks**

52.     The following Kirkland employees had clerkships in the Southern District of New York during the last three years unless otherwise noted (together, the "Former Clerks").  I do not believe that the Former Clerks' work for the Court precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

53.     Matt Tharp is a Kirkland associate who clerked for the Honorable Gabriel W. Gorenstein in the United States District Court for the Southern District of New York from 2019 to 2020.  Mr. Tharp began working at Kirkland on September 14, 2020, and no connection with the Debtors' chapter 11 cases while working for the Court.

54.     Simon Briefel, a Kirkland associate, was a law clerk for the Honorable Martin Glenn of the United States Bankruptcy Court for the Southern District of New York from September 2017 to August 2018.  Mr. Briefel began working at Kirkland in September 2018 and has made an appearance in this case, but had no connection with the Debtors' chapter 11 cases while working for the Court.

**H.     Other Disclosures.**

55.     Certain interrelationships exist among the Debtors.  Nevertheless, the Debtors have advised Kirkland that the Debtors' relationships to each other do not pose any conflict of interest because of the general unity of interest among the Debtors.  Insofar as I have been able to ascertain, I know of no conflict of interest that would preclude Kirkland's joint representation of the Debtors in these chapter 11 cases.

56.     As disclosed on **Schedule 2** attached hereto, Kirkland currently represents Voyager Digital Ltd. and various of its subsidiaries and affiliates (collectively, "Voyager") in its bankruptcy cases.  Voyager is a current creditor of the Debtors.  Kirkland has not represented, and will not represent, the Debtors adverse to Voyager during the pendency of Voyager's bankruptcy cases.  Similarly, Kirkland has not represented, and will not represent, Voyager adverse to the Debtors during the pendency of these chapter 11 cases.  I do not believe that Kirkland's current representation of Voyager precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

57.     Susan D. Golden, a Kirkland partner, was employed by the U.S. Trustee for the Southern District of New York from October 2007 to December 2017.  I do not believe that Ms. Golden's prior employment precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

58.     Leila Rachlin, one of Kirkland's managers of legal education and development is the wife of Greg M. Zipes, a trial attorney employed by the U.S. Trustee for the Southern District of New York.  I do not believe that this connection precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

59.     Jamie Botter, a Kirkland non-attorney employee, is the daughter of David H. Botter, a partner of Akin Gump Strauss Hauer & Feld LLP, special counsel to Debtors.  I do not believe that this connection precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

60.     Jonathan S. Henes, a former partner of Kirkland, is the CEO and principal of C Street Advisory Group, LLC.  C Street is providing services to the Debtors in the ordinary course as a communications advisor.  Mr. Henes did not work on the Debtors' cases while at Kirkland.  I

23

do not believe that this connection precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

61.    Reginald Brown, a Kirkland partner, is a board member of Blackstone Inc., the indirect parent company of the Ritz Carlton, a vendor of the Debtors. Mr. Brown has not billed time to these chapter 11 cases. Kirkland has instituted formal measures to screen Mr. Brown from all aspects of Kirkland's representation of the Debtors. I do not believe that this connection precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

62.    Carson Liles, a 2022 Kirkland summer associate, interned with the Honorable Cecilia G. Morris, Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, from May 2020 to August 2020. Mr. Liles had no connection with these chapter 11 cases while interning for Judge Morris. I do not believe that this connection precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

63.    Furthermore, prior to joining Kirkland, certain Kirkland attorneys represented clients adverse to Kirkland's current and former restructuring clients. Certain of these attorneys (the "Screened Kirkland Attorneys") will not perform work in connection with Kirkland's representation of the Debtors and will not have access to confidential information related to the representation. Kirkland's formal ethical screen provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the Screened Kirkland Attorneys and protecting confidential information.

64.    Under Kirkland's screening procedures, Kirkland's conflicts department distributes a memorandum to all Kirkland attorneys and legal assistants directing them as follows: (a) not to discuss any aspects of Kirkland's representation of the Debtors with the Screened Kirkland Attorneys; (b) to conduct meetings, phone conferences, and other communications regarding

24

Kirkland's representation of the Debtors in a manner that avoids contact with the Screened Kirkland Attorneys; (c) to take all measures necessary or appropriate to prevent access by the Screened Kirkland Attorneys to the files or other information related to Kirkland's representation of the Debtors; and (d) to avoid contact between the Screened Kirkland Attorneys and all Kirkland personnel working on the representation of the Debtors unless there is a clear understanding that there will be no discussion of any aspects of Kirkland's representation of the Debtors. Furthermore, Kirkland already has implemented procedures to block the Screened Kirkland Attorneys from accessing files and documents related to the Debtors that are stored in Kirkland's electronic document managing system.

<h3 align="center">Affirmative Statement of Disinterestedness</h3>

65.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed herein.

*[Remainder of Page Intentionally Left Blank]*

25

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated:  August 4, 2022                             Respectfully submitted,

                                                    /s/ Patrick J. Nash, Jr.
                                                    Patrick J. Nash, Jr.
                                                    as President of Patrick J. Nash, Jr., P.C., as
                                                    Partner of Kirkland & Ellis LLP; and as Partner
                                                    of Kirkland & Ellis International LLP

## Schedule 1

The following lists contain the names of reviewed entities as described more fully in the *Declaration of Patrick J. Nash, Jr. P.C. in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* (the "Nash Declaration").[1]  Where the names of the entities reviewed are incomplete or ambiguous, the scope of the search was intentionally broad and inclusive, and Kirkland & Ellis LLP and Kirkland & Ellis International LLP reviewed each entity in its records, as more fully described in the Nash Declaration, matching the incomplete or ambiguous name.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Nash Declaration.

# SCHEDULE 1

### List of Schedules

| Schedule | Category |
|---|---|
| 1(a) | Current and Recent Former Entities Affiliated with the Debtors |
| 1(b) | Directors/Officers |
| 1(c) | Equity Holders |
| 1(d) | Bankruptcy Professionals |
| 1(e) | Institutional Customers |
| 1(f) | Insurance |
| 1(g) | Landlords |
| 1(h) | Legal Matters and Litigants |
| 1(i) | Non-Bankruptcy Advisors and Ordinary Course Professionals |
| 1(j) | Retail Customers |
| 1(k) | Top 50 Unsecured Creditors |
| 1(l) | Taxing Authority/Governmental/Regulatory Agencies |
| 1(m) | Utilities |
| 1(n) | Vendors |
| 1(o) | U.S. Trustee Personnel, Judges, and Court contacts for the Southern District of New York |

# SCHEDULE 1(a)

## <u>Current and Recent Former Entities Affiliated with the Debtors</u>

Celsius (AUS) Pty Ltd. (Australia)
Celsius EU UAB (Lithuania)
Celsius KeyFi LLC
Celsius Lending LLC
Celsius Management Corp.
Celsius Mining IL Ltd.
Celsius Mining LLC
Celsius Network Europe d.o.o. Beograd (Serbia)
Celsius Network (Gibraltar) Ltd.
Celsius Network IL Ltd. – Bulgaria Branch
Celsius Network IL Ltd. (Israel)
Celsius Network Inc.
Celsius Network LLC
Celsius Network Ltd. (UK)
Celsius Networks Lending LLC
Celsius Operations LLC
Celsius Services CY Ltd. (Cyprus)
Celsius US Holding LLC
Celsius US LLC (Formerly Celsius Money)
GK8 Ltd (Israel)
GK8 UK Ltd.
GK8 USA LLC
KN Media Manager LLC

# SCHEDULE 1(b)

## Directors/Officers

Ayalor, Amir
Barse, David
Bentov, Tal
Blonstein, Oren
Bodnar, Guillermo
Bolger, Rod
Carr, Alan Jeffrey
Cohen-Pavin, Roni
Denizkurdu, Aslihan
Deutsch, Ron
Dubel, John Stephen
Goldstein, Nuke
Kleiderman, Shiran
Leon, S. Daniel
Mashinsky, Alex
Nadkarni, Tushar
Nathan, Gilbert
Ramos, Trunshedda W.
Sunada-Wong, Rodney
Tosi, Laurence Anthony

# SCHEDULE 1(c)

## Equity Holders

Advanced Technology Fund XXI LLC
Altshuler Shaham Trusts Ltd.
Andersen Invest Luxembourg SA SPF
Artus Capital GmbH & Co. KGaA
██████████

██████

BNK to the Future
██████

BullPerks (BVI) Corp.
██████████

Caisse de dépôt et placement du Québec
████████████

CDP Investissements Inc.
██████████

Craig Barrett Andersen Invest Luxembourg SA SPF
European Media Finance Ltd.
Fabric Ventures Group SARL
██████████

Gumi Cryptos Capital LLC
Heliad Equity Partners GmbH & Co. KGaA
██████████

Intership Ltd.
██████████

JR Investment Trust



Tether International Ltd.
tokentus Investment AG
██████████

WestCap Celsius Co-Invest 2021 LLC
WestCap Group
WestCap SOF Celsius 2021 Aggregator LP

WestCap SOF II IEQ 2021 Co-Invest LP

# SCHEDULE 1(d)

## **Bankruptcy Professionals**

Akin Gump Strauss Hauer & Feld LLP
Alvarez & Marsal Holdings LLC
Centerview Partners LLC
Deloitte & Touche LLP
Ernst & Young
Latham & Watkins LLP
Stretto
White & Case LLP

# SCHEDULE 1(e)

## Institutional Customers

168 Trading Ltd.
Akuna Digital Assets LLC
Alameda Research Ltd.
Amber - Maple
Amber Technologies Ltd.
Anchorage Hold LLC
Anchorage Lending CA LLC
Antalpha Technologies Ltd.
AP Capital Absolute Return Fund
AP Capital Investment Ltd.
Auros Tech Ltd.
B2C2 Ltd.
Babel Holding Ltd.
B-Brick Inc.
BCB Prime Services Ltd.
BCRS2 LLC
Belleway Ltd.
BK Coin Capital LP
Blockchain Access UK Ltd.
Blue Fire Capital Europe Cooperatief UA
CEX IO Ltd.
CMS Holdings LLC
Coinbase Credit
Core Scientific Inc.
Cumberland DRW LLC
Dexterity Capital LLC
Digital Asset Funds Management Pty. Ltd.
Digital Treasures Management Pte. Ltd.
Diversified Alpha SP
Druk Holding & Investments Ltd.
Dunamis Trading (Bahamas) Ltd.
Dunamis Trading III Ltd
DV Chain LLC
Enigma Securities Ltd.
Equities First Holdings LLC
FalconX Ltd.
Fasanara Investments Master Fund
Flow Traders BV
Folkvang SRL
Fractal
Future Technology Investment Ltd.
Galaxy

Galaxy Digital LP
Gemini Trust Co. LLC
Genesis Global Capital LLC
Grapefruit Trading LLC
GSR Markets Ltd.
Harrison Opportunity III Inc.
HAS Futures LLC
Hehmeyer LLC
Hehmeyer Trading AG
██████████████
Hodlnaut Pte. Ltd.
HRTJ Ltd.
Intership Ltd.
Iterative OTC LLC
JKL Digital Capital Ltd.
JSCT Hong Kong Ltd.
JST Systems LLC
Jump Trading LLC
Keyrock SA
Komaransky, Mike
Kronos Holdings Ltd.
LedgerPrime Digital Asset Opportunities
    Master Fund LP
Liquibit USD Market Neutral Arbitrage
    Fund
Liquidity Technologies Ltd.
LUOJI2017 Ltd.
Marquette Digital
Matrix Port Technologies Ltd.
Memetic Capital LP
Menai Markets Ltd.
Mountain Cloud Global Ltd.
Nascent GP Inc.
Nascent LP
New World Holdings SA
Nickel Digital Asset Fund SPC Digital Asset
    Arbitrage SPC Institutional
Nickel Digital Asset Master Fund SPC -
    Digital Factors Fund SP
Niederhoffer, Roy
NYDIG Funding LLC
Oiltrading.com Pte. Ltd.

Onchain Custodian Pte. Ltd.
Optimal Alpha Master Fund Ltd.
OSL SG Pte. Ltd.
Outremont Alpha Master Fund LP
Parallel Capital Management Ltd.
Pharos Fund BTC SP
Pharos Fund Eth SP
Pharos Fund SP
Pharos Fund SPC
Pharos USD Fund SP
Plutus21 Crypto Fund I LP
Point95 Global
Power Block Coin LLC
Prime Trust
Profluent Trading Inc.
Profluent Trading UK Ltd.
QCP Capital Pte Ltd.
Radkl LLC
Red River Digital Trading LLC
Reliz Ltd.
S&P Solutions Inc.
Scrypt Asset Management AG
SEBA Bank AG
Siafu Capital
Simplex
Symbolic Capital Partners Ltd.
Tagomi Trading LLC
TDX SG Pte. Ltd.
Tether International Ltd.
Three Arrows Capital Ltd.
Tower BC Ltd.
Tower Research Capital
Transfero Brasil Pagamentos SA
Trigon Trading Pty. Ltd.
TrueFi
Trustoken Inc.
Ultimate Coin
Vexil Capital Ltd.
Waterloo Maple Inc.
Weave Markets LP
Wincent Investment Fund PCC Ltd.
Wintermute - Maple
Wintermute Trading Ltd.
Wyre Payments Inc.
ZeroCap Ltd.

# SCHEDULE 1(f)

## <u>Insurance</u>

AmTrust Underwriters Inc.
ANV Insurance
Associated Industries Insurance Co. Inc.
Atlantic Insurance
Ayalon Insurance Co.
Crum & Forster Specialty Insurance Co.
Falvey Insurance Group
Hudson Insurance Group
Indian Harbor Insurance Co.
Lloyd's of London
Markel Insurance
Marsh
Migdal Insurance Co.
Relm Insurance Ltd.
Republic Vanguard Insurance Co.
Sentinel Insurance Co.
StarStone Insurance
United States Fire Insurance Co.
Zurich Insurance Group AG

# SCHEDULE 1(g)

## **Landlords**

Algo Adtech Ltd.
Desks & More
Industrious LLC
New Spanish Ridge LLC
Regus
SJP Properties

# SCHEDULE 1(h)

## Legal Matters & Litigants

BitBoy Crypto
Bofur Capital
MS SD IRA LLC
Pharos Fund
Symbolic Capital Partners Ltd.
Vexil Capital Ltd.

# SCHEDULE 1(i)

## **Non-Bankruptcy Advisors and Ordinary Course Professionals**

A. Georgiou & Co. LLC
Advokatu Kontora Sorainen IR Partneriai
Buckley LLP
CMS Cameron McKenna Nabarro Olswang LLP
Cryptos Capital
Finnegan Henderson Farabow Garrett & Dunner LLP
Holley Nethercote Pty. Ltd.
Jackson Lewis PC
Matsumura, Miko
McCarthy Tetrault LLP
Taylor Wessing LLP
Uría Menéndez Abogados SLP
Wilson Sonsini Goodrich & Rosati PC

# SCHEDULE 1(j)

## Retail Customers

Abeliuk, Eduardo
Abuvala, Ravi Ryan
Adams, Darryl Thomas
Al Khoori, Mohamed Yousif Ahmed H.
Alexander, Alena
Ali, Khaleef
Ali, Yanush
AltCoinTrader Pty Ltd.
██████████
Andari Co. Ltd.
Ankeney, John Charles
Ashizaki, Yuki
████████████
Baer, Matthew David
████████████
Baslaib, Mohamed Ali Mohamed Naser
Bauman, Simon
Bennett, Danyal
Berg, Henry Guyer
Berrada, Amin
BJ Investment Holdings LLC
BNK to the Future
Boroff, Dustin Charles
Boskovski, Nikola
████████████
Bressler, David Jason
Brian T. Slater Revocable Living Trust
Bright, Nicolas John
Broad Reach Consulting LLC
██████████
Bru Textiles NV
Burkgren, Eric Alan
CAEN Group LLC, The
Campos, John Jr.
Carolyn Vincent Superannuation Fund
Carter, Luke Armstrong
Champigny, Edward William
████████████
Chiu, James Lee
Chiu, Yee Lai
Choi, Linda Yi
Choi, Luke Kyung Goo

Christiansen, Robert Nathan
Chu, Cindy
Chulamorkodt, Natakom
Chung, Ting Kong Terence
Cipolloni, Mark J.
████████████
Cohen Pavon, Roni
Coinmerce BV
██████████
Conklin, Jennifer Walter
Covario AG
Crypto10 SP
████████████
Damp, Steven Charles
████████████
Davis, Otis
Deferred 1031 Exchange LLC
████████████
Delargy, Colin C.
██████████
DGL Investments LLC
Dhiraj, Mandeep
DiFiore ASA Irrevocable GST Trust
Dixon, James
██████████
Donofrio, John
████████████
Druk Project Fund
Duprex, Jeffrey Paul
Ecko, Marc
Eller, Phillip Brian
Ellington, Brian
Elshafei, Ashraf
Eng Chuan, Liew
Eriks, Dennis
████████████
████████████
Fertik, Michael Benjamin Selkowe
████████████
Fletcher, Brett
Floatzen Doo
Garner, Phillip Wayne Jr.

██████████
Gatt, Raymond
Gilmer, George Hudson
Goh, Jian Kai
Gray, Jill Marie
Guljaǰ, Janoǰ
H Trussell Investments Pty. Ltd.
Halikias, Thomas T.
Hamilton, Nathan
Harrell, Ashley Anne
Hartley, James
██████████
Herring, Stephen Ashley
██████████
Ho, Quoc Tri
██████████
Holt, Jonathon James
HOME 007 LLC
██████████
Hughes, Stephen
Humphreys, Steven C.
Hunt, Bryan J.
ICB Solutions
InfoObjects Inc.
Invictus Capital Financial Technologies SPC
██████████
Jahizi, Oliver
Jensen, Joseph
Jonas, Leah Nicole
Joseph, Sebastian
Juiris, Peter Casimir
Kalynovskyi, Dmytro
Kap, Ethan Garet
Keiser, Marc Vito
Kelly, James Patrick
Kevin Batteh Trust, The
Kim, Sungyoun
King, Christopher Scott
Koala 1 LLC
██████████
Koyama, Osamu
Ku, Yuehsu
Labenek, Andrew
Lamplough, Howard

Langslet, Robert
Lehrfeld, Joseph S.
Lewis Davies, Ryan Wynn
Lewis, Howard
Liao, Guoping
Lim, Jane
Liu, Nanxi Nanqian
Luo, Edward
██████████
Mahoney, Justin Michael
Manea, Mircea
Manzke, Holger
Marchioni, John P.
██████████
Mastropieri, Bengi
Matsumura, Fumihiko
██████████
Mattina, Christopher W.
McCarty, John Edward
██████████
McGarry, Brian Thomas
McIntyre, Deverick
McKeon, Brian Joseph
██████████
McNeil, James W.
Meehan, Kristine M.
Mellein, John Gabriel
Mercola, Joseph Michael
Messall, Patrick
MHT Super Pty. Ltd.
Miller, Samuel Garfield, Jr.
Mohan, Arun
Moon, Wang Sik
Moser, Christopher M.
██████████
MSL Family Trust, The
██████████
Musumeci, Antonio
Narayanan, Swathi Lakshmi Tirupattur
Neiman, Gary
Neste, Bradley
Nguyen, Phuc
██████████
Pae, Mitchell Chon

Pagnanelli, Victor Carl
Palm, Travis John
█████████████████
Paris Castle IV LLC
████████
Patel, Shilla Natvarbhai
Patil, Abhitabh Aneel
██████████████████
████████████████████
Pham, Khai Trinh
Phonamenon Management Group LLC
Pierce, James
Pierson, Justin T.
████████
Plutus21 Blockchain Opportunities II SP
Plutus21 Blockchain Yield I SP
Pomeranz, Alex Aaron
███████████████
Pundisto, Lalana
Pusnei, Alexandru
███████████████████
Reitz, Spencer Mcdowell
RHMP Properties Inc.
Ritter, David
Ritter, Linda J.
Ritter, Paul
Robert, Joseph Murdoch
Robinson, Andrew Douglas
Salera, Manuel
Schroeder, Jesse
Sese LLC
Shar, Stephen Phillip
Sidibe, Aissata
████████████████
Slater, Glen Brian
Sleeping1 LLC
Smith, David Silva
Smith, Nelson Courtney
Sondhi, Tarun
Souders, Jack Trayes
Stapleton, Paul
Steinborn, Steven Harold
Stevens, Daron Robert

████████████████
Stringer, Douglas Ross
Strobilus LLC
Sun, Siqi
Sutton, Sebastian
Swyftx Pty. Ltd.
Sypniewski, Christian
████████████
Tap Root LP
Thayer, Craig William
Thomas DiFiore Childrens GST Investment
    Irrevocable Trust
Tincher, Steven Jess
Tobias, Scott Jeffrey
█████████████
Trebtow, Jens
Tremann, Christopher Ernest
Tuganov, Ignat
█████████████
Tyler, Craig Edward
Ubuntu Love Pty. Ltd.
Valkenberg, Renaud
█████████████
Vendrow, Vlad
██████████████████████
Vivas, Rafael
Wagner, Thomas Nichols
Walcott, Robert
Walkey, Thomas
Wang, Yidi
█████████████
Wierman, Duncan Craig
█████████████
Williams, Charles W.
Williams, Robert, II
Williamson, Hiram
Wiseman, Timothy
Wolf, Cody Lee
████████████████████
Woodward, Laurie
██████████████
Wu, Xinhan
Yao, Mark

███████████████

Yeung, Tak H.

███████████

Young, John Martin
Yu, Byung Deok
Zhang, Xi
Zhong, Jimmy
Ziglu Ltd.
Zipmex Asia Pte. Ltd.
Zwick, Matthew James

## SCHEDULE 1(k)

### Top 50 Unsecured Creditors



Alameda Research Ltd.
AltCoinTrader Pty. Ltd.
B2C2 Ltd.

CAEN Group LLC, The

Covario AG
Crypto10 SP - Segregated Portfolio of
    Invictus Capital Financial Technologies
    SPC

Deferred 1031 Exchange LLC

ICB Solutions
Invictus Capital Financial Technologies SPC

Pharos Fund SP
Pharos USD Fund SP

Strobilus LLC

Ziglu Ltd

# SCHEDULE 1(l)

### Taxing Authority/Governmental/Regulatory Agencies

Alabama, State of, Securities Commission
Kentucky, Commonwealth of, Department of Financial Institutions
New Jersey, State of, Bureau of Securities
Texas, State of, Securities Board
United States, Government of the, Department of Justice
United States, Government of the, Securities & Exchange Commission
Washington, State of, Division of Securities

**SCHEDULE 1(m)**

<u>**Utilities**</u>

AT&T Inc.
Comcast Corp.
Cox Business Services LLC
EE Ltd.
Giffgaff Ltd.
Google Fiber Inc.
Hypercore Networks Inc.
Lightpath Fiber Enterprise Business Unit of Altice USA Inc.
Lumen Technologies Inc.
RingCentral Inc.
Spectrum Enterprises Inc.
Verizon Wireless Telecom Inc.

# SCHEDULE 1(n)

## Vendors

1-800 Flowers.com Inc.
1-800-GOT-JUNK? LLC
192 Business Experian
192 Business Ltd.
221B Partners
3 Verulam Buildings Barristers
4imprint Group plc
9Beach Latin American Restaurant LLC
A. Georgiou & Co. LLC
A1 Express Ltd.
A23 Boutique Hotel
A24 Ltd.
A2E
Abacus
Abacus Labs Inc.
ABF Freight System Inc.
Accretive Capital LLC
Acrion Group Inc.
Ada Support Inc.
Adobe Inc.
ADTRAV Corp.
Agile Freaks SRL-D
AgileEngine LLC
AGS Exposition Services Inc.
Ahrefs Pte. Ltd.
Ainsworth Inc.
Air Essentials Inc.
Air France-KLM SA
Air Serbia
Airspeed18 Ltd.
Akerman LLP
Akin Gump Strauss Hauer & Feld LLP
Alaric Flower Design
Alaska Air Group Inc.
Alba Invest Doo
ALCHEMIQ Catering
Alex Fasulo LLC
Algo Adtech Ltd.
AlgoExpert
Alitalia Compagnia Aerea Italiana SpA
AlixPartners LLP
Allianz Global Assistance SAS

Aloft Hotel Management Inc.
ALPHA Events Ltd.
AlphaGraphics Inc.
Amazon.com Inc.
American Airlines Group Inc.
American Family Connect Property &
    Casualty Insurance Co.
American Lock & Key Inc.
Amon Card Ltd.
Amon OU
Amplicy Ltd.
Amsalem Tours & Travel Ltd.
Andersen LLP
Any.Do Ltd.
Appbot
Apple Search Ads
Apple Search Advertisements
Apple Store
AppsFlyer Inc.
Aqua Kyoto Ltd.
Arlo SoHo Hotel
Arocon Consulting LLC
ArtDesigna
Ashby & Geddes
Aston Limo Service
AT&T Inc.
Athlonutrition S.S
Atlassian Corp. plc
Atom Exterminators Ltd.
August LLC
Auth0 Inc.
AutomationEdge Technologies Inc.
Avaya Inc.
AVL Services LLC
Azmi & Associates
B&C Camera
B&H Foto & Electronic Corp.
BambooHR LLC
Bamboozle Café
BCAS Malta Ltd.
BCL Search Inc.
Bellwood Global Transportation

Benjamin, The
Best Buy Co. Inc.
Best Name Badges
Big Cartel LLC
Bill.com Holdings Inc.
BIND Infosec Ltd.
Bionic Electronics HT Ltd.
BirchamsArt
BitBoy Crypto
Bitfinex
Bitfly Ltd.
Bitfo Inc.
BitGo Inc.
Bitmain Technologies Ltd.
Bittrex Global GmbH
Bitwave
Blacklane GmbH
Blackpeak Inc.
Blake & Co.
Block Solutions Sdn Bhd
Blockchair Ltd.
Blockdaemon Ltd.
BlockWorks Group LLC
Bloomberg Finance LP
Bloomberg Industry Group
Blue Edge Bulgaria EOOD
Blue Moon Consultants International Ltd.
Blue Rock Search LLC
BlueVoyant Israel Ltd.
Board Game Designs
Bob Group Ltd.
Bolt Food
Bookyourcovidtest.com
Boston Coach Corp.
Brave Software International
Brazen Head Irish Pub
Brendan Gunn Consulting Group
British Airways plc
Brooklyn's Down South
BrowserStack Inc.
BTC 2022 Conference
BTC Media LLC
Budget Rent A Car Ltd.
Bulwerks LLC
Bulwerks Security
███████████████

Buzzsprout
C Street Advisory Group
Cablevision Lightpath LLC
Calendly LLC
California, State of, Department of Financial
    Protection and Innovation
CAN Mouzouras Electrical Contractors
Canva Inc.
Caola Co. Inc.
Capitol Hill Hotel
Caplinked Inc.
Carey Executive Transport
Carithers Flowers
Carmo Cos.
Carta Inc.
Caspian Holdings Ltd.
CAYO Rafał Molak
CDPQ US Inc.
CDW Corp.
Chain of Events SAS
Chainalysis Inc.
Chamber of Digital Commerce, The
Chick-fil-A Inc.
Chief
███████████████
Cision US Inc.
CitizenM Operations Holding BV
Cleverbridge AG
Click and Play - Conteudos Digitais Lda
ClubCorp Holdings Inc.
CMS CMNO LLP
CoderPad Inc.
Coffee Distributing Corp.
Cogency Global Inc.
CoinDesk Inc.
Coinfirm Ltd.
Coinlend GmbH
CoinMarketCap OpCo LLC
CoinRoutes Inc.
College Investor LLC, The
Comcast Corp.
Compliance Risk Concepts LLC
Concorde Hotel Ltd., The
Consensus Sales Inc.
ConsenSys AG
Constantinou, Elpida

Consumer Technology Association
Contentful Inc.
Cooper Global Ltd.
Coppell FC
Core Club, The
Core Scientific Inc.
Corsair Gaming Inc.
Costco Wholesale Corp.
Coursera Inc.
Cox Business Services LLC
Creative Video Productions Ltd.
Creditor Group Corp.
Creel, Garcia-Cuellar, Aiza y Enriquez SC
Crelin Peck Consulting LLC
CRP Security Systems Ltd.
Crypto Fiend
Crypto Love
CryptoDailyYT Ltd.
CryptoRecruit Pty. Ltd.
CryptoWendyO
CSC
CT Corp.
C-Tech Constandinos Telecommunication
    Ltd. Co.
█████████████████████
Curb Mobility LLC
CVS Pharmacy Inc.
Cyesec Ltd.
CYTA Ltd.
D'Albert, Matthew
Dalvey & Co.
Dan Hotels Ltd.
Daniel J. Edelman Inc.
Data Dash Inc.
Data4U Ltd.
Datapoint Surveying & Mapping
David Meltzer Enterprises
David Rabbi Law Firm
DBeaver
Dealex Moving LLC
Dearson Levi & Pantz PLLC
Decentral Media Inc.
DeepL SE
Del Friscos Grille
Delaware, State of Division of Corporations
Dell

Deloitte Tax LLP
Delta Air Lines Inc.
Demetriou, Adonis
Derriere's Gentleman's Club
Desk doo
Dezenhall Resources Ltd.
DHL
Digital Asset News LLC
Diplomat Resort, The
DNSFilter Inc.
Do Not Sit On The Furniture
Docker Inc.
DoiT International
DoiT International UK & I Ltd.
DoorDash Inc.
Dow Jones & Co. Inc.
Dragos DLT Consulting Ltd.
DRB Hosting Ltd. (Deribit)
Dream Hotels
Dribbble Holdings Ltd.
DSV AS
Dune Analytics AS
Dynasty Partners Ltd.
E.R. Bradleys Saloon
Eagle County Regional Airport
Ecrime Management Strategies Inc.
Edgewater Advisory LLC
EE Ltd.
Egon Zehnder International Inc.
El Al Israel Airlines Ltd.
Elements Massage Ltd.
Elite Marketing Group LLC
Elmwood Design Ltd.
Emanuel Clodeanu Consultancy SRL
Embassy Suites Hotels
Emirates Group, The
Enginuity on Call
EnjoyMaloy Trade Party
Enlightium Ltd.
ENSafrica
Enterprise Digital Resources Ltd.
Enterprise Rent-A-Car Co. Inc.
Epitome Capital Management Pty. Ltd.
█████████████████
Estate of Edward W. Price, Jr.
Etsy Inc.

Eversheds Sutherland
EXDO Events Center
Expedia Group Inc.
Expo Group Inc, The
Exquisite Sounds Entertainment
EY
ezCater Inc.
Facebook
Fairmont Austin Lodging
FalbaSoft Cezary Falba
Falkensteiner Hotels & Residences
Fatal Ltd.
FatCat Coders
Fattal Hotels Ltd.
FedEx Corp.
Female Quotient LLC, The
Fibermode Ltd.
Filmsupply LLC
Financial Times Group Ltd.
FiNext Conference
FingerprintJS Inc.
Finnegan Henderson Farabow Garrett
    Dunner LLP
First Class Vending Inc.
Fixer.io
Flixel Inc.
Flonights Ltd.
Flowroute LLC
FluXPO Media
Flyday Consultancy
Forkast Ltd.
Forter Inc.
Frame.io Inc.
Freeman
Fromday-One BV
Frontend Masters
FSCom Ltd.
Fusion Bowls
G&TP Sweden AB
Gandi SAS
Gartner Inc.
GEA Ltd.
Gecko Labs Pte. Ltd.
Gecko Technology Partners Ltd.
GEM
Gett Inc.

Giftagram USA Inc.
Gila Dishy Life Coach LLC
Gilbert + Tobin
GitBook SAS
GitHub Inc.
GitKraken
GK8 Ltd.
Glovo
GoDaddy.com
Gogo Air International SARL
Goin' Postal
Google Ads
Google Cloud
Google Fi
Google Fiber
Google LLC
Google Play
Google Workspace
GoToAssist
Grammarly Inc.
GreyScaleGorilla
Grit Daily News
GrubHub Inc.
GuardianArc International LLC
H2Prod
Halborn Inc.
Hampton Inn
HanaHaus
Handel Group LLC
Harris-Harris Group LLC, The
Haruko Ltd.
Hattricks Tavern
Headway Workforce Solutions Inc.
Healthy Horizons Ltd.
Heathrow Express Operating Co. Ltd.
Hedgeguard
HeleCloud Ltd.
HelpSystems LLC
Henriksen-Butler Nevada LLC
Hertz Corp., The
Herzog Fox & Neeman
Highlight Films Ltd.
Hilton Worldwide Holdings Inc.
HireRight LLC
HMRC Shipley
Holland & Knight LLP

Home Depot Inc., The
Hootsuite Inc.
Horasis
Hotel Da Baixa Prata Lda.
Hotel Majestic
Hotel Midtown Atlanta
Hotels.com
Hudson Standard, The
Hyatt Hotels Corp.
Hysolate Ltd.
I.A.M.L Ltd.
Ideal Communications Inc.
Idemia Group SAS
Illumiti Corp.
Incorporating Services Ltd.
Indian Eagle
Information, The
Infura Inc.
InGenie Ltd.
Innovatica LLC
Inside.com Inc.
Insider Inc.
Insperity Inc.
Instacart
Integrated Security & Communications Inc.
Intelligo Group USA Corp.
Intercontinental Hotel Group plc
Intercontinental Miami
Intertrust NV
Intuit Inc.
InvestAnswers
ip-api
IPQualityScore
IST NY Inc.
Iterable Inc.
Ivan on Tech Academy
Jackson Lewis LLP
Jaffa Hotel, The
JAMS Inc.
Jarvis Ltd.
JB Hunt Transport Services Inc.
JetBlue Airways Corp.
JetBrains sro
Joberty Technologies
John Lewis & Partners
JSC Royal Flight Airlines

Juliet International Ltd.
Jumpcut 3D
Juniper Office
Junk Masterz LLC, The
Junkluggers LLC, The
JV Associates Inc.
K.F.6 Partners Ltd.
Kairon Labs BV
KALC LLC
Kanoo Pays
Keeper Security
Kenetic Trading Ltd.
Kerry Hotel HongKong
KeyFi Inc.
Kforce Inc.
Kif, Evgeni
Killian Firm PC, The
Kimpton Surfcomber Hotel
KINTSUGI, Unipessoal Lda.
Knobs BAC
Kohl's
Korn Ferry
Koutra Athos Sotiris
Krispy Kreme
Kroll Advisory Ltd.
L&L Moving Storage & Trucking LLC
La Maison Favart
██████████
Las Vegas Window Tinting
Latham
LaunchDarkly
Lawn Care
LawnStarter
Leaa
Left House, The
Lima, Esther
Line Group
LinkedIn Corp.
LinkedIn Ireland Unlimited Co.
Lithify Ltd.
Locate852
Loews Hotels
Logitech
Logshero Ltd.
Logz.io
LS Future Technology AB

Lucidchart

Lucille's Smokehouse Bar-B-Que

Lufthansa Deutsche

Lumen

Lunar Squares

LVC USA Inc.

Lyft

Madison Liquidators

MadRev LLC

Makarim & Taira S.

Maltego Technologies

Mambu Tech BV

Mammoth Growth LLC

Mandarin Oriental Hotel

Manhattan Bagel

Manzo's Suites

Maren Altman FZCO

Marios Locksmith Ltd.

Marriott Hotels & Resorts

Marsh USA

Maxon Corp.

Mayami Mexicantina

Mazars LLP

Mazars Ltd.

McCarthy Tetrault LLP

McLagan Partners Inc.

MCM 965

mDesign Holdings Ltd.

MediaOne Partners

Melio

Memorisely

Metropol Palace

MF Partners Ltd.

MFA Network

MGM Grand Hotel LLC

Miami Beach Convention Center

Michael Page International Inc.

Michaels Cos. Inc., The

Microsoft Azure Inc.

Microsoft Corp.

Million Roses, The

MINDS

Minuteman Press International Inc.

Mixed Analytics

Mixpanel Inc.

Momentum Media Group

Monarch Blockchain Corp.

Monday.com Ltd.

MOO Print Ltd.

Moralis Academy

Morris Manning & Martin LLP

Moschoulla Patatsou Christofi

Motion Array

Motion Design School Co.

Move 4 Less LLC

MTA SpA

Music 2 the Max

MVP Workshop

Myers-Briggs & Co. Inc.

MythX

Namecheap Inc.

National Office Interiors & Liquidators

National Railroad Passenger Corp.

Nationwide Multistate Licensing System & Registry

Navex Global Inc.

NBC Universal

Necter

Nevada Sign

New Spanish Ridge LLC

New York Times Co., The

Next Web Events BV, The

NextGenProtection

NICE Systems UK Ltd.

Nico Signs Ltd.

NordLayer

Nordlogic Software SRL

Nordstrom Inc.

Nossaman LLP

Notability Partners

Notarize

Nothing Bundt Cakes

Nuri

NuSources

Nyman Libson Paul LLP

OAKds Inc.

Ocean View Marketing Inc.

Office Depot

Office Movers Las Vegas

Office Star B2B Ltd.

OfficeSpace Software Inc.

OfficeVibe

OKEx
Onchain Custodian Pte. Ltd.
Onfido
Onfido Inc.
Onfido Ltd.
Optimizely Inc.
Oracle Corp. UK Ltd.
Otter.ai
OVF Customer.io LLC
PABXL
Pack & Send
Paddle
Pagliara Entertainment Enterprises LLC
Palantir Security Ltd.
Panasonic Avionics Corp.
Panera Bread
Panorays Ltd.
Papaya Global HK Ltd.
Park MGM Las Vegas
Park Plaza Hotels
Parklane Resort & Spa
Party City
Paxful Inc.
Payplus by Iris
Payplus Ltd.
Peas Recruitment Ltd.
Peninsula Business Services Ltd.
Phase II Block A South Waterfront Fee LLC
Photo Booth Vending
Plaid Inc.
Pluralsight Inc.
Polihouse Boutique Hotel
Polyrize Security Ltd.
Portswigger Ltd.
Postman Inc.
Postmates Inc.
Practising Law Institute Inc.
Premaratne, Inesha
Premier Due Diligence LLC
Premium Beat
Prescient
PRG U.S. Inc.
Print Hoboken LLC
Printful Inc.
Priority Power
Pro Blockchain Media LLP

Proof of Talent LLC
Protect Operations Ltd.
PSE Consulting Engineers Inc.
PSJ Kanaris Enterprises Ltd.
PTI Office Furniture
PubliBranco
Pure Marketing Group Corp.
Puressence Ltd.
Quality Inn & Suites Hotel
Quantstamp Inc.
Quoine Pte. Ltd.
RA Venues at Churchill War Rooms
Rails Tech Inc.
Real Vision Group
Rebecca Sweetman Consulting Ltd.
Reddit Inc.
Redk CRM Solutions Ltd.
Reflectiz Ltd.
Regus Management Group LLC
reMarkable AS
Residence Inn
Resources Global Professionals
Restream.io
Retool Inc.
Rever Networks Inc.
RFO Conferences Organizing LLC
RingCentral Inc.
Ritz-Carlton, The
Rosewood Hotel & Resorts LLC
Rothschild TLV
Royal Mail plc
Royalton Hotel
Sabana Labs SL
Saffron Indian Cuisine
Saint Bitts LLC
Sam's Club
Sam's Limousine & Transportation Inc.
SAP America Inc.
Schoen Legal Search
ScraperAPI
Seamless
SecureDocs Inc.
Securitas Security Services USA Inc.
Segment Inc.
Selfridges
SendSafely

Sentry
Sevio FZC
SewWhatAndWear
Sheraton Hotels
Shutters on the Beach
Shutterstock
Silhouette Building, The
Similarweb Inc.
SJP Properties General Construction
Sketch BV
Skew Ltd.
Slack Technologies LLC
SlideTeam
Small Pocket Video
Smart City Networks LP
Smartcontract Inc.
SMSF Association
Snowflake Inc.
So & Sato Law Office
Soho Beach House
SolarWinds
███████████████
SonarSource
South City Kitchen
Southwest Airlines
Sovos Compliance
SP V1CE Ltd.
Spears Electric
Spectrum
Sponsor United
Sports1ternship LLC
SpotHero
Standard Restaurant Equipment Co.
Staples
Starbucks
Statusgator
Stephanos Greek & Mediterranean Grill
Stuart Tracte Photography
Studio ViDA
Sublime HQ Pty. Ltd.
SuperSonic Movers LLC
Surety Solutions
Swag.com
Swept Cleaning Service of Austin
Swiss International Air Lines Ltd.
SXSW LLC

Synapse Florida
Syndic Travel
TAAPI.IO sro
Tableau Software LLC
Talking Cocktails
Tampa Printer
Target Corp.
TaskRabbit
TaxBit Inc.
Taylor Wessing LLP
TCL Publishing Ltd.
Teamz Inc.
Tembo Embroidery & Custom Merchandise
Ten Manchester Street Hotel
Tenderly doo
Terra Panonica
TET Events LLC
Thimble Insurance
Thomson Reuters
Thunderclap LLC
Titan Office Furniture Ltd.
T-Mobile US Inc.
TokenTalk Ltd.
Toll Free Forwarding
Toolfarm
Towers Watson Ltd.
Trade Group Inc., The
TradingView Inc.
TransUnion
Trash Cans Warehouse
TRD Comm
Trello Inc.
Trovata Inc.
Trustpilot Inc.
TubeBuddy
Turkish Airlines
Twenty84 Solutions
Twilio Inc.
Twitter Inc.
Uber
Uber Eats
Udemy Inc.
Uline Inc.
Unbound Tech Ltd.
Unifire Extinguishers Ltd.
United Airlines

University Arms Hotel
Unstoppable Domains Inc.
UPS
Upstager Consulting Inc.
UrbanStems Inc.
USA Strong Inc.
UsabilityHub Pty. Ltd.
UsaStrong.io
USPS
V3 Digital Ltd.
Valere Capital
Vanguard Cleaning Systems of Las Vegas
Varonis Systems Inc.
VCU Blockchain
Vercel Inc.
Verified First LLC
VerifyInvestors.com
Verizon Wireless
Vert & Blanc Enterprises Ltd.
Viasat Inc.
Virtru Corp.
Virtual Business Source Ltd.
Virtually Here For You Ltd.
Vivid Edge Media Group
Volta Systems Group
VoskCoin LLC
VSECNOW Ltd.
Walgreens Boots Alliance Inc.
Wall Street Journal
Walmart Inc.
Warwick Hotel Ltd.
Wayfair Inc.
WCEF LLC
West Coast Pure Water LLC
WestCap Management LLC
Whirling Dervish Productions
Wilde Aparthotels
Wings Hotel, The
Wintermute Trading Ltd.
Wolf Theiss
Wolt
Wolters Kluwer NV
Workland
Workspace Management Ltd.
World Economic Forum
WP Engine Inc.

Wyndham Hotels & Resorts Inc.
Wynn Las Vegas
Yellowgrid
yellowHead Ltd.
Yohann
YouTube Premium
Zapier.com
Zegans Law Group Pllc, The
Zendesk Inc.
Zeplin Inc.
Zoho Corp.
Zoom Video Communications Inc.
Zubtitle LLC
Zuraz97 Ltd.

# SCHEDULE 1(o)

## U.S. Trustee Personnel, Judges, and Court Contacts for the Southern District of New York

Abriano, Victor
Arbeit, Susan
Beckerman, Lisa G.
Bruh, Mark
Chapman, Shelley C.
Cornell, Shara
Drain, Robert D.
Gannone, James
Garrity, James L., Jr.
Glenn, Martin
Harrington, William K.
Higgins, Benjamin J.
Higgins, David S.
Jones, David S.
Joseph, Nadkarni
Lane, Sean H.
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morris, Cecelia G.
Morrissey, Richard C.
Ogunleye, Alaba
Riffkin, Linda A.
Rodriguez, Ilusion
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Tiantian, Tara
Velez-Rivera, Andy
Vescovacci, Madeleine
Wells, Annie
Wiles, Michael E.
Zipes, Greg M.

## SCHEDULE 2

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| A24 Ltd. | A24 Films LLC and A24 Distribution LLC | Closed |
| Abacus<br>Abacus Labs Inc. | Abacus Data Systems, Inc. | Current |
| | Abacus Labs, Inc. | Current |
| | Certify Inc. | Current |
| | Emburse LLC | Current |
| | K1 Investment Management LLC | Current |
| | K4 Private Investors, L.P. | Current |
| Abacus<br>Abacus Labs Inc. | Abacus Data Systems, Inc. | Current |
| | Abacus Labs, Inc. | Current |
| | Certify Inc. | Current |
| | Emburse LLC | Current |
| | K1 Investment Management, LLC | Current |
| | Thomas H. Lee Partners LP | Current |
| AlixPartners LLP<br><br>Caisse de dépôt et placement du Québec<br><br>CDP Investissements Inc. | Caisse de dépôt et placement du Québec | Current |
| | Ivanhoé Cambridge Inc. | Current |
| AlixPartners LLP | Rainier Management Limited | Closed |
| AlixPartners LLP | Public Sector Pension Investment Board | Current |
| Allianz Global Assistance SAS | Allianz Capital Partners GmbH | Closed |
| | Pacific Investment Management Company, LLC | Current |
| Alvarez & Marsal Holdings LLC | A&M Capital Advisors Europe, LLP | Current |
| | A&M Capital Advisors GP, LLC | Current |
| | A&M Capital Advisors LLC | Current |
| | A&M Capital Advisors, LP | Current |
| | A&M Capital Europe, SCSp | Current |
| | A&M Capital Europe-GP Associates, LP | Current |
| | A&M Capital Opportunities Fund, LP | Current |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | A&M Capital Opportunities-GP Associates, LP | Current |
| | A&M Capital Partners, LLC | Current |
| | A&M Capital-GP Associates, LP | Current |
| | A&M Capital-GP Holdings, LP | Current |
| | Alvarez & Marsal AMCO Partners Fund, LP | Current |
| | Alvarez & Marsal Capital LLC | Current |
| | Alvarez & Marsal Capital, LP | Current |
| | Alvarez & Marsal Europe LLP | Current |
| | Alvarez & Marsal Holdings LLC | Current |
| | Alvarez & Marsal Inc. | Current |
| | Alvarez & Marsal Partners Buyout Fund, LP | Current |
| | Alvarez & Marsal Partners Europe Buyout Fund, LP | Current |
| | Alvarez & Marsal Partners Europe Fund, LP | Current |
| | Alvarez & Marsal Partners Fund, LP | Current |
| | Alvarez & Marsal Partners Opportunities Fund, LP | Current |
| | Edward Simon Middleton | Current |
| | Wing Sze Tiffany Wong | Current |
| Amazon.com Inc. | Zoox Labs, Inc. | Current |
| AmTrust Underwriters Inc. | Duff & Phelps GmbH | Closed |
| Kroll Advisory Ltd. | Duff & Phelps LLC | Current |
| Republic Vanguard Insurance Co. | Kroll Associates, Inc. | Current |
| Stretto | Kroll International (UK) Ltd | Current |
| | Kroll LLC | Current |
| | Kroll Restructuring Administration LLC | Current |
| | Stone Point Capital LLC | Current |
| | Stretto | Closed |
| Apple Search Ads | Apple Energy LLC | Current |
| Apple Search Advertisements | Apple Inc. | Current |
| Apple Store | Kazuha Noyes | Current |
| AT&T Inc. | American Telephone Company, LLC | Closed |
| | AT&T Corp. | Closed |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | AT&T Inc. | Closed |
| | AT&T Services, Inc. | Current |
| | Be Sunshine, LLC | Current |
| | DIRECTV, LLC | Current |
| Atlassian Corp. plc | Atlassian Corporation Plc | Closed |
| Trello Inc. | Atlassian, Inc. | Closed |
| Avaya Inc. | Avaya Inc. | Current |
| Babel Holding Ltd. | Babel Holding Ltd. | Current |
| Best Buy Co. Inc. | Best Buy Co. Inc. | Closed |
| Blue Edge Bulgaria EOOD | SAP Corp. | Closed |
| SAP America Inc. | SAP SE | Closed |
| BTC 2022 Conference | BTC International Holdings Inc. | Current |
| BTC Media LLC | BTC Real Estate Investments, LLC | Closed |
| | BTC Ventures Inc. | Current |
| Buckley LLP | Buckley LLP | Current |
| Budget Rent A Car Ltd. | Avis Budget Group, Inc. | Current |
| C Street Advisory Group | C Street Advisory Group LLC | Current |
| | C Street Advisory Group Management LLC | Current |
| Cablevision Lightpath LLC | Altice USA Inc. | Closed |
| Lightpath Fiber Enterprise Business Unit of Altice USA Inc. | CSC Holdings Company | Closed |
| California, State of, Department of Financial Protection and Innovation | California State Association of Counties | Current |
| Carta Inc. | Social Capital Holdings Inc. | Current |
| | Social+Capital Partnership GP II LP, The | Current |
| | Social+Capital Partnership GP III LP, The | Current |
| | Social+Capital Partnership Opps GP LP, The | Current |
| | Social+Capital, LLC | Current |
| CDW Corp. | CDW Corporation | Current |
| | CDW LLC | Current |
| Centerview Partners LLC | Centerview Capital I Acquisition Corp. | Current |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | Centerview Capital II Acquisition Corp. | Current |
| | Centerview Partners | Current |
| | Conyers Park III Acquisition | Current |
| | David M. Hooper | Current |
| Cision US Inc. | Cision, Inc. | Current |
| | Platinum Equity, LLC | Current |
| ClubCorp Holdings Inc. | AEPF III 34 S.à r.l. | Closed |
| Flowroute LLC | Apollo Capital Management, L.P. | Current |
| Michaels Cos. Inc., The | Apollo Global Management Inc. | Current |
| | Apollo Global Real Estate Management LP | Current |
| | Apollo Infrastructure Opportunities Fund II LP | Closed |
| | Apollo Management International LLP | Current |
| | Apollo Principal Holdings IX LP | Current |
| | Intrado Corporation | Current |
| | Marc Rowan | Current |
| | The Michaels Companies, Inc. | Closed |
| Coinbase Credit | Coinbase Global Inc. | Closed |
| Tagomi Trading LLC | Coinbase, Inc. | Former |
| | Emilie Choi | Current |
| CoinMarketCap OpCo LLC | Brandon Chez | Current |
| | Coin Market Cap | Closed |
| | Coin Market Cap LLC | Current |
| | CoinMarketCap Opco LLC | Closed |
| Comcast Corp. | Charter/Comcast JV | Closed |
| NBC Universal | Comcast Cable Communications Management LLC | Current |
| Cox Business Services LLC | NextGear Capital, Inc. | Current |
| Daniel J. Edelman Inc. | Daniel J. Edelman Holdings, Inc. | Current |
| Deloitte & Touche LLP | Deloitte Consulting LLP | Current |
| Deloitte Tax LLP | Deloitte LLP | Current |
| | Deloitte Tax LLP | Current |
| | Deloitte USA LLP | Current |
| Delta Air Lines Inc. | Delta Air Lines, Inc. | Current |
| DoiT International | CB Nike Intermediateco Ltd. | Current |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| DoiT International UK & I Ltd. | M.L.S. Computer Services Ltd. | Current |
| Dynasty Partners Ltd. | Dynasty Equity Partners Management LLC | Current |
| Emirates Group, The | Investment Corporation of Dubai | Closed |
| Ernst & Young<br>EY | Ernst & Young Canada | Closed |
| Facebook | Facebook Technologies, LLC<br>Meta Platforms, Inc. | Closed<br>Current |
| Financial Times Group Ltd. | Nikkei Inc. | Closed |
| Galaxy<br>Galaxy Digital LP | Galaxy Digital Holdings Ltd. | Closed |
| Gogo Air International SARL | Gogo LLC | Closed |
| Google Ads<br>Google Cloud<br>Google Fi<br>Google Fiber<br>Google Fiber Inc.<br>Google LLC<br>Google Play | Fitbit Inc.<br>Intersection Holdings, LLC<br>Sidewalk Infrastructure Partners<br>Waymo LLC | Closed<br>Closed<br>Closed<br>Current |
| GoToAssist | Elliott Management Corporation | Closed |
| GoToAssist | Francisco Partners II, LP<br>Francisco Partners IV, L.P.<br>Francisco Partners IV-A, L.P.<br>Francisco Partners Management, L.P. | Current<br>Current<br>Current<br>Current |
| GrubHub Inc. | Grubhub Holdings Inc.<br>Grubhub, Inc. | Closed<br>Current |
| Hertz Corp., The | The Hertz Corporation | Current |
| Hootsuite Inc. | Hootsuite<br>Hootsuite Inc. | Closed<br>Closed |
| Idemia Group SAS | Advent International Corp.<br>IDEMIA | Current<br>Current |
| Indian Harbor Insurance Co. | AXA Real Estate Investment Managers UK Ltd.<br>AXA REIM SGP<br>Maestro Health<br>XL Global Services, Inc. | Current<br><br>Current<br>Current<br>Closed |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| Intership Ltd. | Alchemy Capital Partners | Current |
| Intuit Inc. | Credit Karma Inc. | Current |
| JSCT Hong Kong Ltd. | JSPE Ltd. | Current |
| Kroll Advisory Ltd. | Duff & Phelps GmbH | Closed |
| | Duff & Phelps LLC | Current |
| | Further Global Capital Management, L.P. | Current |
| | Kroll Associates, Inc. | Current |
| | Kroll International (UK) Ltd | Current |
| | Kroll LLC | Current |
| | Kroll Restructuring Administration LLC | Current |
| Latham Latham & Watkins LLP | Robert J. Frances | Former |
| Lloyd's of London | Lloyd's America, Inc. | Closed |
| Loews Hotels | Consolidated Container Company | Closed |
| | Continental Casualty Company | Current |
| Lumen Lumen Technologies Inc. | Lumen Technologies, Inc. | Current |
| Markel Insurance | Markel Corporation | Closed |
| | Markel Ventures, Inc. | Closed |
| Marsh Marsh USA | Oliver Wyman Inc. | Current |
| Maxon Corp. | Honeywell Advanced Composites Inc. | Closed |
| | Honeywell ASASCO 2 LLC | Closed |
| | Honeywell ASASCO LLC | Closed |
| | Honeywell Holdings International Inc. | Closed |
| | Honeywell International Inc. | Current |
| McLagan Partners Inc. | Aon Affinity Administradora de Beneficios Ltda. | Current |
| | Aon Corporation | Current |
| | Aon Financial Services Group, Inc. | Current |
| | Aon Holdings Corretores de Seguros Ltda. | Current |
| | Aon IP Advantage Fund LP | Current |
| | Aon Risk Services Central, Inc. | Current |

6

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | Aon Risk Services Cos. Inc. | Current |
| | Aon Risk Services Northeast Inc. | Current |
| | Aon Risk Services Southwest, Inc. | Current |
| | Aon Risk Solutions | Current |
| | Keith R. Moore | Current |
| Navex Global Inc. | BC Partners | Current |
| | BC Partners Credit | Closed |
| | NAVEX Acquisition, LLC | Closed |
| | NAVEX Global | Current |
| | NAVEX Global Holding Company | Closed |
| | NAVEX Global, Inc. | Closed |
| | NAVEX MidCo, LLC | Closed |
| | NAVEX TopCo, Inc. | Closed |
| NICE Systems UK Ltd. | NICE Ltd. | Current |
| Optimizely Inc. | Endeavor Acquisition UK | Closed |
| | EPiServer AB | Closed |
| | Episerver Benlux B.V. | Closed |
| | Episerver Denmark Aps | Closed |
| | Episerver Finland OY | Closed |
| | Episerver GmbH | Closed |
| | Episerver Group AB | Closed |
| | Episerver Inc. | Closed |
| | Episerver Pty Ltd. | Closed |
| | Episerver Research and Development Company Limited | Closed |
| | Insight Venture Management, LLC | Closed |
| | IVP CIF II (PS Splitter) LP | Current |
| | Optimizely, Inc. | Closed |
| Payplus by Iris | ICG Europe Fund VIII Master SCA SICAV-RAIF | Current |
| Payplus Ltd. | Intermediate Capital Group Inc. | Current |
| Payplus by Iris | Hg Genesis 9 | Current |
| Payplus Ltd. | Hg Mercury 3 Aggregator LP | Current |
| Sovos Compliance | Hg Pooled Management Ltd. | Current |
| | HgCapital 7 | Closed |
| | HGCapital LLP | Current |
| | HgCapital Mercury 2 LP | Current |
| | Sovos Compliance, LLC | Current |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| Pluralsight Inc. | Christian B. Sowul | Current |
| | David A. Breach | Current |
| | Five Points Venture Fund LLC | Closed |
| | Greg Myers | Current |
| | James Morrill Ford | Former |
| | James P. Hickey | Current |
| | Jeffrey Wilson | Former |
| | Joshua Niedner | Former |
| | Justin Cho | Former |
| | Lake Holdings, LP | Current |
| | Martin Taylor | Former |
| | Michael Fosnaugh | Current |
| | Monti Saroya | Former |
| | Nadeem Syed | Current |
| | Nicholas J. Prickel | Former |
| | Nicolas Stahl | Current |
| | Pluralsight Holdings LLC | Current |
| | Pluralsight Inc. | Current |
| | Robert B. Rogers | Former |
| | Rod M. Aliabadi | Former |
| | Sam C. Payton | Current |
| | Smith, Robert F. | Current |
| | Stephen Seelbach | Former |
| | VEPF VI AIV I, Corp. | Current |
| | VEPF VI FAF LP | Current |
| | Vincent L. Burkett | Former |
| | Vista Consulting Group, Inc. | Current |
| | Vista Equity Partners | Current |
| | Vista Equity Partners Fund IV, L.P. | Closed |
| | Vista Equity Partners Fund VI LP | Current |
| | Vista Equity Partners Fund VI-A LP | Current |
| | Vista Equity Partners Fund VII LP | Closed |
| | Vista Equity Partners Management LLC | Current |
| | Vista Equity Partners VII, L.P. | Closed |
| Postmates Inc. | Uber Technologies, Inc. | Closed |
| Quoine Pte. Ltd. | FTX Trading Limited | Current |
| Reddit Inc. | Advance Publications Inc. | Closed |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| Regus<br>Regus Management Group LLC | IWG plc | Current |
| | RGN-Group Holdings, LLC | Current |
| | RGN-Group Holdings, LLC and certain of its affiliates | Closed |
| Ritz-Carlton, The | BCP (Singapore) VI Cayman Acquisition Co. Ltd. | Closed |
| | BCP VIII, L.P. | Closed |
| | Bilal Khan | Current |
| | Blackstone Advisors India Pvt. Ltd. | Current |
| | Blackstone Alternative Asset Management LP | Closed |
| | Blackstone Alternative Credit Advisors LP | Current |
| | Blackstone Alternative Solutions LLC | Closed |
| | Blackstone Asia | Current |
| | Blackstone Core Equity Partners (Cayman) L.P. | Closed |
| | Blackstone CQP Holdco LP | Closed |
| | Blackstone Energy Partners | Closed |
| | Blackstone Family Real Estate Partnership (Offshore) VIISMD L.P. | Current |
| | Blackstone Family Real Estate Partnership Europe IV-SMD L.P. | Current |
| | Blackstone Group Inc., The | Current |
| | Blackstone Group International Partners LLP, The | Closed |
| | Blackstone Growth LP | Current |
| | Blackstone Inc. | Current |
| | Blackstone Infrastructure Partners LP | Current |
| | Blackstone ISG-I Advisors LLC | Closed |
| | Blackstone ISG-II Advisors LLC | Closed |
| | Blackstone Life Sciences Advisors LLC | Former |
| | Blackstone Management Partners LLC | Current |
| | Blackstone Mortgage Trust Inc. | Closed |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | Blackstone Property Partners Europe Holdings SARL | Current |
| | Blackstone Property Partners LP | Closed |
| | Blackstone Real Estate | Closed |
| | Blackstone Real Estate Advisors | Closed |
| | Blackstone Real Estate Advisors LP | Current |
| | Blackstone Real Estate Holdings (Offshore) VII-NQ L.P. | Current |
| | Blackstone Real Estate Holdings (Offshore) Vll-NQ - ESC L.P. | Current |
| | Blackstone Real Estate Holdings Europe IV-NQ ESC L.P. | Current |
| | Blackstone Real Estate Investment Trust | Current |
| | Blackstone Real Estate Partners | Current |
| | Blackstone Real Estate Partners (Offshore) Vll.F-NQ L.P. | Current |
| | Blackstone Real Estate Partners (Offshore) Vll.TE.1-8-NQ L.P. | Current |
| | Blackstone Real Estate Partners (Offshore) Vll-NQ L.P. | Current |
| | Blackstone Real Estate Partners Europe IV-NQ L.P. | Current |
| | Blackstone Real Estate Partners Limited | Closed |
| | Blackstone Real Estate Special Situations Advisors LLC | Closed |
| | Blackstone Singapore Pte Ltd. | Current |
| | Blackstone Strategic Capital Holdings LP | Current |
| | Blackstone Strategic Opportunity Fund | Current |
| | Blackstone Strategic Partners | Former |
| | Blackstone Tactical Opportunities Advisors LLC | Current |
| | Blackstone Tactical Opportunities Fund LP | Current |
| | BX CQP Target Holdco LLC | Current |
| | Clarus Ventures LLC | Former |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | David I. Foley | Current |
| | GSO Capital Partners | Closed |
| | GSO Capital Partners International LLP | Closed |
| | GSO Capital Partners LP | Closed |
| | John-Paul Munfa | Former |
| | Kush Patel | Current |
| | Prakash A. Melwani | Current |
| | Strategic Partners Fund Solutions | Current |
| | The Blackstone Group International Partners LLP | Current |
| | Vikram Suresh | Former |
| Rosewood Hotel & Resorts LLC | New World Development Company Ltd. | Closed |
| Royal Mail plc | AT Group US, LLC | Closed |
| Royalton Hotel | MCR Investors LLC | Current |
| Sam's Club | Walmart Inc. | Current |
| Walmart Inc. | Wal-Mart Stores Texas, LLC | Closed |
| Shutters on the Beach | By the Blue Sea, LLC | Current |
| | Edward Slatkin | Current |
| | Thomas Slatkin | Closed |
| Smart City Networks LP | Court Square Advisor, LLC | Current |
| | Court Square Capital Management LP | Current |
| | Court Square Capital Managers III, L.P. | Current |
| | Court Square Capital Partners IV LP | Closed |
| SolarWinds | Andrew M. Almeida | Current |
| | Jennifer J. Alper | Current |
| | Kenneth J. Virnig II | Current |
| | Orlando Bravo | Current |
| | Paul Holden Spaht, Jr. | Current |
| | Project Aurora Parent, Inc. | Closed |
| | Robert Sayle | Current |
| | Scott Crabill | Current |
| | Seth J. Boro | Current |
| | SolarWinds Corporation, Board of Directors | Current |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | SolarWinds Inc. | Closed |
| | SolarWinds Intermediate Holdings I, Inc. | Closed |
| | SolarWinds Intermediate Holdings II, Inc. | Closed |
| | Thoma Bravo Advantage | Current |
| | Thoma Bravo Foundation | Closed |
| | Thoma Bravo Fund XII LP | Current |
| | Thoma Bravo Fund XIII LP | Closed |
| | Thoma Bravo Fund XV LP | Current |
| | Thoma Bravo Growth Fund LP | Current |
| | Thoma Bravo LLC | Current |
| | Thoma Bravo LP | Current |
| SolarWinds | David Habiger | Closed |
| | Egon Durban | Current |
| | Mary Hannaford Conrad | Current |
| | Project Aurora Parent, Inc. | Closed |
| | Silver Lake Partners L.P. | Current |
| | SolarWinds Corporation, Board of Directors | Current |
| | SolarWinds Inc. | Closed |
| | SolarWinds Intermediate Holdings I, Inc. | Closed |
| | SolarWinds Intermediate Holdings II, Inc. | Closed |
| | Sumeru Equity Partners L.P. | Current |
| Spectrum<br>Spectrum Enterprises Inc. | Charter Communications, Inc. | Current |
| | Charter/Comcast JV | Closed |
| | Spectrum Management Holding Company LLC | Current |
| Staples | Beijing Staples Commerce & Trade Co. Ltd. (China) | Current |
| | Essendant, Inc. | Current |
| | Hong Kong Staples Brands Ltd. | Current |
| | Jiangsu Staples Office Products Co. Ltd. (China) | Current |
| | Peter T. Morrow | Current |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | Shenzhen Staples Commerce & Trade Co. Ltd. (China) | Current |
| | Staples (China) Investment Co. Ltd (Shanghai) | Current |
| | Staples (Shanghai) Company Limited (China) | Current |
| | Staples Argentina SA (Argentina) | Current |
| | Staples Asia Investments Ltd. (Cayman) | Current |
| | Staples Brands Consulting (Shenzhen) Co. Ltd. | Current |
| | Staples Brands Inc. | Current |
| | Staples Brands International Ltd. | Current |
| | Staples Brands Sales, LLC | Current |
| | Staples Brasil Comercio de Materials para Escritorio Ltda. (Brazil) | Current |
| | Staples Canada Holdings III, Inc. | Current |
| | Staples Canada Holdings, LLC | Current |
| | Staples Canada ULC | Current |
| | Staples Connecticut LLC (DE) | Current |
| | Staples Contract & Commercial, Inc. | Current |
| | Staples Cyprus Holdings L.P. | Current |
| | Staples Cyprus Holdings, Ltd. | Current |
| | Staples Cyprus Intermediary Holdings, Ltd. | Current |
| | Staples Dutch Management BV | Current |
| | Staples E-Commerce (Shanghai) Co. Limited (China) | Current |
| | Staples E-Commerce (Tianjin) Co., Ltd. (China) | Current |
| | Staples Europe Holdings GP | Current |
| | Staples Global Holdings, Ltd. | Current |
| | Staples Global Markets, Inc. | Current |
| | Staples GP, LLC | Current |
| | Staples Hong Kong Investments Limited (Hong Kong) | Current |
| | Staples Inc. | Closed |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | Staples of Maryland LLC (DE) | Current |
| | Staples Procurement & Management Services PLC | Current |
| | Staples Project 2017, LLC | Current |
| | Staples Promotional Products Canada Ltd. | Current |
| | Staples Shared Service Center (Europe) II BVBA | Current |
| | Staples Shared Service Center, LLC | Current |
| | Staples Solutions B.V. | Current |
| | Staples Taiwan Branch | Current |
| | Staples Taiwan Corporation Limited (Cayman) | Current |
| | Staples the Office Superstore LLC | Current |
| | Staples Value, LLC (VA) | Current |
| | Staples Ventures, LLC | Current |
| | Staples, Inc. | Current |
| | Stefan Kaluzny | Current |
| | Sycamore Partners A LP | Current |
| | Sycamore Partners II, LP | Current |
| | Sycamore Partners III LP | Current |
| | Sycamore Partners Management LP | Current |
| | The Staples Group, Inc. | Current |
| Starbucks | Board of Directors of Starbucks Corporation | Closed |
| Thomson Reuters | Thomson Reuters Corporation | Current |
| Towers Watson Ltd. | Willis Towers Watson plc | Current |
| TransUnion | TransUnion LLC | Current |
| Trustpilot Inc. | Trustpilot A/S | Closed |
| Twilio Inc. | Twilio Inc. | Current |
| Uline Inc. | Brian Uihlein | Current |
| | Karen Uihlein | Current |
| | Freddie Goldenberg | Former |
| | Richard E. Uihlein | Current |
| | Lisa Uihlein | Former |
| | Uline, Inc. | Former |
| United Airlines | United AirLines, Inc. | Current |

14

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| United States, Government of the, Department of Justice | Konstantina Diamantopoulos | Former |
| United States, Government of the, Securities & Exchange Commission | Orly Godfrey | Former |
| | Robert J. Quigley | Former |
| Verizon Wireless<br>Verizon Wireless Telecom Inc. | Verizon Communications Inc. | Current |
| Voyager Digital Holdings Inc.<br>Voyager Digital LLC | Voyager Digital Ltd. | Current |
| Wayfair Inc. | Remy Mars Feldman | Current |
| | Wayfair Inc. | Closed |
| | Wayfair LLC | Current |
| Wyndham Hotels & Resorts Inc. | Wyndham Bonnet Creek Hotel, LLC | Current |
| | Wyndham Hotel Asia Pacific Co. Limited | Current |
| | Wyndham Hotel Group (France) SARL | Current |
| | Wyndham Hotel Group (UK) East Limited | Current |
| | Wyndham Hotel Group (UK) Limited | Current |
| | Wyndham Hotel Group Canada, ULC | Current |
| | Wyndham Hotel Group Caribbean Corporation | Current |
| | Wyndham Hotel Group Costa Rica Limitada | Current |
| | Wyndham Hotel Group Europe Limited | Current |
| | Wyndham Hotel Group International (East), Inc. | Current |
| | Wyndham Hotel Group, LLC | Current |
| | Wyndham Hotel Hong Kong Co. Limited | Current |
| | Wyndham Hotel Management (Beijing) Co., Ltd. | Current |

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| | Wyndham Hotel Management de Mexico S de RL de CV | Current |
| | Wyndham Hotel Management, Inc. | Current |
| | Wyndham Hotels & Resorts Inc. | Current |
| | Wyndham Hotels and Resorts Canada, Inc. | Current |
| | Wyndham Hotels and Resorts LLC | Current |
| Wynn Las Vegas | Wynn Las Vegas LLC | Current |
| | Wynn Macau, Limited | Current |
| | Wynn Resorts Ltd. | Current |

**<u>EXHIBIT C</u>**

**Ferraro Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**DECLARATION OF**
**CHRIS FERRARO IN SUPPORT OF THE DEBTORS'**
**APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE**
**DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

I, Chris Ferraro, Chief Financial Officer of Celsius Network LLC, being duly sworn, state the following under penalty of perjury:

1.     I am the Chief Financial Officer of Celsius Network LLC located at 121 River Street, PH05, Hoboken, New Jersey 07030.

2.     I submit this declaration (this "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* (the "Application").[2]  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

**The Debtors' Selection of Counsel**

3.      The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.      To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings.  Using this review process, the Debtors considered the familiarity, if any, such counsel would have with the Debtors and their business.

5.      Ultimately, the Debtors retained Kirkland because of its extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code.[3]  More specifically, Kirkland is familiar with the Debtors' business operations and many of the potential legal issues that may arise in the context of these chapter 11 cases.  I believe that Kirkland is both well qualified and uniquely able to represent the Debtor in these chapter 11 cases in an efficient and timely manner.

**Rate Structure**

6.      In my capacity as Chief Financial Officer, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business.  Kirkland has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Kirkland charges for non-bankruptcy representations.  As discussed below, I am also responsible for reviewing the statements regularly submitted by Kirkland, and can confirm that the rates Kirkland charged the

---

[3]     The Debtors had engaged different restructuring counsel on or around June 19, 2022, and subsequently replaced that counsel with Kirkland.

Debtors in the prepetition period are the same as the rates Kirkland will charge the Debtors in the postpetition period.

## **Cost Supervision**

7.      The Debtors have approved the prospective budget and staffing plan for the period from July 13, 2022 to October 31, 2022, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Kirkland.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases.  The Debtors will continue to review the statements that Kirkland regularly submits, and, together with Kirkland, amend the budget and staffing plans periodically, as the case develops.

8.      As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

*[Remainder of Page Intentionally Left Blank]*

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  August 4, 2022                    Respectfully submitted,

                                          _/s/ Chris Ferraro_____
                                          Name: Chris Ferraro
                                          Title:   Chief Financial Officer