Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING OF REVISED PROPOSED**
**ORDER (I) AUTHORIZING AND APPROVING PROCEDURES**
**TO REJECT, ASSUME, OR ASSUME AND ASSIGN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 25, 2022, the above-captioned debtors and debtors

in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order*

*(I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory*

*Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 185]

(the "Motion").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: August 15, 2022

/s/  Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) AUTHORIZING AND APPROVING
## PROCEDURES TO REJECT OR ASSUME EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving procedures for rejecting or assuming executory contracts and unexpired leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to  28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The following procedures (the "Rejection Procedures") are approved in connection with rejecting executory contracts and unexpired leases of the Debtors (the "Contracts"); *provided* that the Rejection Procedures shall not apply to any Contract between the Debtors and holders of accounts on the Celsius platform (the "Account Holders"):

   a.  ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit A** (the "Rejection Notice") to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts, provided that the names (as applicable) and addresses of individuals shall be redacted and sealed pursuant to the *Debtors Ex Parte Motion Seeking Entry of an Order (I) Authorizing the Debtors to File under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Potential Sale of Certain Assets and (II) Granting Related Relief* [Docket No. 380] (the "Sealing Motion"); (iv) the proposed effective date of the rejection for each such Contract, which, for non-residential real property leases, shall be the later of (A) the proposed effective date of the rejection for each such Contract, or (B) if applicable, the date upon which the Debtors in writing (email is sufficient) surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable (the "Rejection Date"); (v) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable, if any; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100.

2

b. ***Service of Rejection Notice***.  The Debtors shall cause the Rejection Notice to be served:  (i) by overnight delivery service upon the Contract counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Contract counterparty's counsel, if known); and (ii) by first class mail, email, or fax upon (a) the Master Service List and (b) the 2002 List (each as defined in the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63] (the "Case Management Order")).

c. ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and ***actually received*** by the following parties no later than twenty-one days after the date the Debtors serve the applicable Rejection Notice:  (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn:   Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (iii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"), White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn:  David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn:  Aaron E. Colodny; and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Objection Service Parties").

d. ***No Objection***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree; *provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and

---

[3]    An objection to the rejection of a particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

security codes, if any, are not available but the landlord may rekey the leased premises.

e.   ***Unresolved Objections***.   If an objection to the rejection of any Contracts listed in the applicable Rejection Notice is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.   If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.   In the case of a rejection of a lease of non-residential real property, such rejection shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises.

f.   ***No Application of Security Deposits***.   If the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors, the Committee, and the counterparty or counterparties to such Contract(s), with notice to the U.S. Trustee, otherwise agree.

g.   ***Abandoned Property***.   The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided* that the Debtors shall receive prior written consent from counsel to the Committee and shall provide notice to the U.S. Trustee (email sufficient) prior to removing or abandoning any such personal property.   The Debtors shall generally describe the abandoned personal property in the Rejection Notice.   Absent a timely objection, and provided that the Debtors have received the prior written consent from counsel to the Committee and have provided notice to the U.S. Trustee (email sufficient), the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.[4]   After such Rejection Date, Contract counterparties to leases may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property without liability to the Debtors or

---

[4]   If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h. ***Rejection Damages***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty days after the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i. ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to any Rejection Notice at any time prior to the Rejection Date.

3.     The following procedures (the "<u>Assumption Procedures</u>") are approved in connection with assuming and assuming and assigning Contracts; *provided* that the Assumption Procedures shall not apply to any Contract between the Debtors and Account Holders:

a. ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **<u>Exhibit B</u>** (the "<u>Assumption Notice</u>") to assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:   (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts, provided that the names (as applicable) and addresses of individuals shall be redacted and sealed pursuant to the Sealing Motion; (iii) the identity of the proposed assignee of such Contracts (the "<u>Assignee</u>"), if applicable; (iv) the effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"); (v) the proposed cure amount, if any for each such Contract; (vi) a description of any material amendments to the Contract made outside of the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).   The Assumption Notice may list multiple Contracts; *provided that* the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100.

b. ***Service of Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served:  (i) by overnight delivery service upon the Contract counterparties affected by the Assumption Notice and each Assignee, if applicable, at the notice address provided in the applicable Contract (and upon such Contract counterparty's counsel, if known); and (ii) by first class mail, email, or fax upon (a) the Master Service List and (b) the 2002 List (each as defined in the Case Management Order).  To the extent the Debtors seek to assume and assign

5

a lease of non-residential real property, the Debtors shall cause evidence of adequate assurance of future performance to be filed with the Court and served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).[5]

c. ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[6] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than twenty-one days after the date the Debtors serve the applicable Assumption Notice.

d. ***No Objection***.  If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree and the proposed cure amount shall be binding on all counterparties to such Contract(s) and no amount in excess thereof shall be paid for cure purposes.

e. ***Unresolved Objections***.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

f. ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to any Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.    With regard to Contracts to be assigned, pursuant to section 363(f) of the

Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and

---

[5]    The Debtors shall serve a counterparty to a Contract other than a lease of non-residential real property to be assumed or assumed and assigned under the Assumption Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' proposed counsel.

[6]    An objection to the assumption or assumption and assignment of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other Contract listed on such Assumption Notice.

any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.       Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees any applicable Contract, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contract except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.  For the avoidance of doubt, the occurrence of a closing with respect to the assumption and assignment of any Contract shall mean that date on which such assumption and assignment is effective.

6.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or ipso facto clauses is fully reserved.

7.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

8.      The Debtors are hereby authorized, in consultation with the Committee and with notice to the U.S. Trustee (email sufficient) and pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

9.      Approval of the Rejection Procedures and the Assumption Procedures and entry of this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     The fourteen-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission by the Debtors or the

Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

14.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

15.    Notwithstanding anything to the contrary in the Motion or this Order, the Debtors are not authorized to pay any cure costs to any counterparty to any executory contract or unexpired lease in cryptocurrency.

16.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

9

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF REJECTION OF [A]**
**CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]**

**PLEASE TAKE NOTICE** that on [_____], 2022, the United States Bankruptcy

Court for the Southern District of New York (the "Court") entered an order on the motion

(the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for

the rejection, assumption, or assumption and assignment of executory contracts and unexpired

leases and granting related relief [Docket No. _____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this

written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined,

in the exercise of their business judgment, that each Contract set forth on **Exhibit 1** attached hereto

is hereby rejected effective as of the date (the "Rejection Date") set forth in **Exhibit 1**, or such

other date as the Debtors and the counterparty or counterparties to any such Contract agree;

*provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

occur until the later of (i) the Rejection Date set forth in this Rejection Notice and (ii) the date the

Debtors relinquish control of the premises by notifying the affected landlord in writing of the

Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any,

to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes,

and security codes, if any, are not available but the landlord may rekey the leased premises.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed

rejection of any of the Contracts must file and serve a written objection so that such objection is

filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the

following parties no later than twenty-one days after the date that the Debtors served this Notice:

(a) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030;

Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington

Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel,

Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick Nash, Jr.,

P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (c) the United States Trustee for the

Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York,

New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) proposed counsel

to the Official Committee of Unsecured Creditors (the "Committee"), White & Case LLP, 111

South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave,

New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los

Angeles, California 90071, Attn: Aaron E. Colodny; and (e) to the extent not listed herein, those

parties requesting notice pursuant to Bankruptcy Rule 2002.  Only those responses that are timely

filed, served, and received will be considered at any hearing.

2

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the Rejection Date set forth in **Exhibit 1**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in **Exhibit 1** or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not setoff or recoup or otherwise use such monies without further order of the Court, unless the Debtors, the Committee, and the counterparty or counterparties to such Contracts, with notice to the U.S. Trustee, otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Exhibit 1** shall be deemed abandoned as of the Rejection Date; *provided* that the Debtors shall receive prior written consent from counsel to the Committee and shall provide notice to the U.S. Trustee (email sufficient) prior to abandoning any such personal property.

---

[3]    An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) thirty days after the Rejection Date.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

New York, New York
Dated: [_____], 2022

/s/ DRAFT
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

# <u>EXHIBIT 1</u>

## Rejected Contracts

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**EXHIBIT B**

**Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF ASSUMPTION [AND ASSIGNMENT] OF [A]**
**CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]**

**PLEASE TAKE NOTICE** that on [＿＿＿＿＿＿], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. ＿＿＿] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 1** attached hereto is hereby assumed or assumed and assigned effective as of the date (the "Assumption Date") set forth in **Exhibit 1**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtors or their assignee(s), as applicable, each has the financial wherewithal to meet all future obligations under each Contract and has the ability to comply with the requirements of adequate assurance of future performance under each Contract. To the extent **Exhibit 1** includes any lease of non-residential real property, the Debtors have filed with the Court and served on the counterparties to any such lease evidence of adequate assurance of future performance contemporaneously herewith the filing and service of this Assumption Notice.[3]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than twenty-one days after the date that the Debtors served this Notice:  (a) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030; Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (c) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) proposed counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; and

---

[3] The Debtors shall serve the counterparty to the Contract other than a lease of non-residential real property to be assumed or assumed and assigned with evidence of adequate assurance upon such counterparty's written request to the Debtors' proposed counsel.

(e) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. Only those responses that are timely filed, served, and received will be considered at any hearing.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the assumption of each Contract shall become effective on the Assumption Date set forth in **Exhibit 1**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[4]

PLEASE TAKE FURTHER NOTICE that, the proposed cure amount under each Contract is set forth in **Exhibit 1**. Unless the Debtors and the applicable counterparty or counterparties agree to a different cure amount or a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

PLEASE TAKE FURTHER NOTICE that, if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth in **Exhibit 1** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

---

[4]  An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice. Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

New York, New York
Dated: [_____], 2022

/s/ DRAFT
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                    ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## EXHIBIT 1

**Assumed Contracts**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) AUTHORIZING AND APPROVING
## PROCEDURES TO REJECT OR ASSUME EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and

approving procedures for rejecting or assuming executory contracts and unexpired leases, and

(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the Southern District of New York, entered February 1, 2012; and this Court having the

power to enter a final order consistent with Article III of the United States Constitution; and this

Court having found that venue of these cases in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The following procedures (the "Rejection Procedures") are approved in connection with rejecting Contracts:executory contracts and unexpired leases of the Debtors (the "Contracts"); *provided* that the Rejection Procedures shall not apply to any Contract between the Debtors and holders of accounts on the Celsius platform (the "Account Holders"):

   a.   ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached to the Orderhereto as **Exhibit 1A** (the "Rejection Notice") to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts, provided that the names (as applicable) and addresses of individuals shall be redacted and sealed pursuant to the *Debtors* Ex Parte *Motion Seeking Entry of an Order (I) Authorizing the Debtors to File under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Potential Sale of Certain Assets and (II) Granting Related Relief* [Docket No. 380] (the "Sealing Motion");  (iv) the proposed effective date of the rejection for each such Contract, which, for non-residential real property leases, shall be the later of (A) the proposed effective date of the rejection for each such Contract, or (B) if applicable, the date upon which the Debtors in writing (email is sufficient) surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable (the "Rejection Date"); (v) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable, if any; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to

2

Contracts listed on the Rejection Notice shall be limited to no more than 100.

b. ***Service of Rejection Notice***.  The Debtors ~~will~~shall cause the Rejection Notice to be served:  (i) by overnight delivery service upon the Contract counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Contract counterparty's counsel, if known); and (ii) by first class mail, email, or fax upon (a) the Master Service List and (b) the 2002 List (each as defined in the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63] (the "Case Management Order")).

c. ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and ***actually received*** by the following parties no later than twenty-one days after the date the Debtors serve the ~~relevant~~applicable Rejection Notice ~~(the "Rejection Objection Deadline")~~:  (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn:  Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (iii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) ~~counsel to any statutory committee appointed in these chapter 11 cases~~proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"), White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn:  Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Objection Service Parties").

d. ***No Objection***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree; *provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the

---

[3]   An objection to the rejection of a particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises.

e. ***Unresolved Objections***. If an objection to the rejection of any Contracts listed in the applicable Rejection Notice is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree. In the case of a rejection of a lease of non-residential real property, such rejection shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises.

f. ***No Application of Security Deposits***. If the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors, the Committee, and the counterparty or counterparties to such Contract(s), with notice to the U.S. Trustee, otherwise agree.

g. ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided* that the Debtors shall receive prior written consent from counsel to the Committee and shall provide notice to the U.S. Trustee (email sufficient) prior to removing or abandoning any such personal property. The Debtors shall generally describe the abandoned personal property in the Rejection Notice. Absent a timely objection, and provided that the Debtors have received the prior written consent from counsel to the Committee and have provided notice to the U.S. Trustee (email sufficient), the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.[4] After such Rejection

---

[4] If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the

<u>Date,</u> Contract counterparties to leases may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h. ***Rejection Damages***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty days after the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i. ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to any Rejection Notice at any time prior to the Rejection Date.

3.      The following procedures (the "<u>Assumption Procedures</u>") are approved in connection with assuming and assuming and assigning Contracts<u>; *provided* that the Assumption Procedures shall not apply to any Contract between the Debtors and Account Holders</u>:

a. ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached ~~to the Order~~<u>hereto</u> as **Exhibit 2B** (the "<u>Assumption Notice</u>") to assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:  (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts<u>, provided that the names (as applicable) and addresses of individuals shall be redacted and sealed pursuant to the Sealing Motion</u>; (iii) the identity of the proposed assignee of such Contracts (the "<u>Assignee</u>"), if applicable; (iv) the effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"); (v) the proposed cure amount, if any for each such Contract; (vi) a description of any material amendments to the Contract made outside of the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided that* the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100.

b. ***Service of Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served:  (i) by

_____

Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

overnight delivery service upon the Contract counterparties affected by the Assumption Notice and each Assignee, if applicable, at the notice address provided in the applicable Contract (and upon such Contract counterparty's counsel, if known); and (ii) by first class mail, email, or fax upon (a) the Master Service List and (b) the 2002 List (each as defined in the Case Management Order).  To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors ~~will~~shall cause evidence of adequate assurance of future performance to be filed with the Court and served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).[5]

c. ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[6] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than twenty-one days after the date the Debtors serve the applicable Assumption Notice ~~(the "Assumption Objection Deadline")~~.

d. ***No Objection***.  If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree and the proposed cure amount shall be binding on all counterparties to such Contract(s) and no amount in excess thereof shall be paid for cure purposes.

e. ***Unresolved Objections***.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

f. ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to any Assumption Notice at any time prior to

---

[5]   The Debtors shall serve a counterparty to a Contract other than a lease of non-residential real property to be assumed or assumed and assigned under the ~~Contract~~Assumption Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' proposed counsel.

[6]   An objection to the assumption or assumption and assignment of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other Contract listed on such Assumption Notice.

the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.     With regard to Contracts to be assigned, pursuant to section 363(f) of the Bankruptcy Code, the assignment of any Contract shall: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.     Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees any applicable Contract, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contract except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such

7

assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract. For the avoidance of doubt, the occurrence of a closing with respect to the assumption and assignment of any Contract shall mean that date on which such assumption and assignment is effective.

6. The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or ipso facto clauses is fully reserved.

7. The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

8. The Debtors are hereby authorized, in consultation with the Committee and with notice to the U.S. Trustee (email sufficient) and pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

9. Approval of the ~~Contract~~Rejection Procedures and the Assumption Procedures and entry of this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The ~~14-day~~fourteen-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

12. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In

8

addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

13.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission ~~as~~by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

14.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or

9

transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

15.     Notwithstanding anything to the contrary in the Motion or this Order, the Debtors are not authorized to pay any cure costs to any counterparty to any executory contract or unexpired lease in cryptocurrency.

16.     14. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

17.     15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19.     17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                                
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT BA**

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### NOTICE OF REJECTION OF [A]
### CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]

**PLEASE TAKE NOTICE** that on [_____], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. ____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Exhibit 21**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree; *provided* that the Rejection Date for a rejection of a lease of non-residential real

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

property shall not occur until the later of (i) the Rejection Date set forth in this Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ~~seven~~twenty-one days after the date that the Debtors served this Notice:  (a) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030; Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (c) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) ~~counsel to any statutory committee appointed in these chapter 11 cases~~proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"), White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; and (e) to the extent not listed herein, those parties

requesting notice pursuant to Bankruptcy Rule 2002.  Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the Rejection Date set forth in **Exhibit 1**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in **Exhibit 1** or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not ~~set off~~setoff or recoup or otherwise use such monies without further order of the Court, unless the Debtors, the Committee, and the counterparty or counterparties to such Contracts, with notice to the U.S. Trustee, otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Exhibit 1** shall be deemed abandoned as of the Rejection Date; *provided* that the Debtors shall receive prior written consent from counsel to

---

[3]   An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

the Committee and shall provide notice to the U.S. Trustee (email sufficient) prior to abandoning
any such personal property.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim
with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the
claims bar date established in these chapter 11 cases, if any, and (b) thirty days after the
Rejection Date. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE
APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE,
FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM
AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON
ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON
ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN
THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

New York, New York
Dated: [_____], 2022

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com
*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**EXHIBIT 1**

**Rejected Contracts**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

# **EXHIBIT ~~C~~B**

**Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF ASSUMPTION [AND ASSIGNMENT] OF [A] CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]

**PLEASE TAKE NOTICE** that on [_____], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. _____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 1** attached hereto is hereby assumed or assumed and assigned effective as of the date (the "Assumption Date") set forth in **Exhibit 1**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the [Debtors /or their Aassignee(]s), as applicable, each has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract, thereby demonstrating that the [Debtor / Assignee]each Contract and has the ability to comply with the requirements of adequate assurance of future performance under each Contract. To the extent **Exhibit 1** includes any lease of non-residential real property, the Debtors have filed with the Court and served on the counterparties to any such lease evidence of adequate assurance of future performance contemporaneously herewith the filing and service of this Assumption Notice.[3]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than seventwenty-one days after the date that the Debtors served this Notice:  (a) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030; Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger; (c) the U.S.United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) counsel to any statutory committee appointed in these chapter 11 casesproposed counsel to the Official Committee of Unsecured

---

[3]   The Debtors shall serve the counterparty to the Contract other than a lease of non-residential real property to be assumed or assumed and assigned with evidence of adequate assurance upon such counterparty's written request to the Debtors' proposed counsel.

Creditors, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; and (e) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption of each Contract shall become effective on the Assumption Date set forth in **Exhibit 1**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[4]

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under ~~the~~each Contract is set forth in **Exhibit 1**.  ~~If~~Unless the Debtors and the applicable counterparty or counterparties agree to a different cure amount or a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth in

---

[4]  An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

**Exhibit 1** or such other date as the Debtors and the counterparty or counterparties to such
Contract agree.

New York, New York
Dated: [_____], 2022

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## **EXHIBIT 1**

### **Assumed Contracts**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1]   The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.