Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING OF REVISED PROPOSED**
**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER**
**COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE**
**EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 14, 2022, the above-captioned debtors and debtors

in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of Interim and*

*Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other*

*Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and*

*(II) Granting Related Relief* [Docket No. 19] (the "Motion").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: August 16, 2022

_/s/ Joshua A. Sussberg_
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:             jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:             patrick.nash@kirkland.com
                   ross.kwasteniet@kirkland.com

_Proposed Counsel to the Debtors and_
_Debtors in Possession_

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing, but not directing, the Debtors to (a) pay certain prepetition wages, salaries, other compensation, and reimbursable expenses and (b) continue employee benefits programs, in each case in the ordinary course of business, including payment of certain undisputed prepetition obligations related thereto; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to continue and/or modify, change, or discontinue the Compensation and Benefits and to honor and pay, in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices, any obligations on account of the Compensation and Benefits, irrespective of whether such obligations arose prepetition or postpetition; *provided*, that the Debtors are not authorized absent further order from the Court to pay or honor (a) any Compensation and Benefits obligations that exceed the priority cap set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, (b) any postpetition severance benefits (whether or not such benefits are Non-Insider Severance Benefits), (c) the Ad Hoc Bonus program, and (d) the Equity Incentive Program; *provided, further*, that, if the Debtors determine, in a reasonable exercise of their business judgment, in consultation with counsel to the official committee of unsecured creditors (the "Committee") and with notice to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), that in the absence of making payments on account of the Unpaid Independent Contractor obligations, the Debtors would suffer

2

a loss of value in excess of such payment amount and the Debtors determine, in a reasonable

exercise of their business judgment, in consultation with counsel to the Committee and with notice

to the U.S. Trustee, that there is a risk of immediate loss of value if they do not make such payment,

then the Debtors are authorized, but not directed, to make such payments on account of the Unpaid

Independent Contractor obligations, and the Committee's rights with respect to such payments

(including to challenge the propriety of such payments) are reserved.

3.    Nothing herein grants authority to the Debtors to pay any prepetition severance

benefits (whether or not such benefits are Non-Insider Severance Benefits).  The Debtors will seek

authority to pay prepetition Non-Insider Severance Benefits on a final basis at the hearing held on

September 1, 2022, at 10:00 a.m., prevailing Eastern Time.

4.    The Debtors shall provide five (5) business days' notice (email shall suffice) to the

Committee and the U.S. Trustee of any material modification to the Employee Compensation and

Benefits or any new material Employee Compensation and Benefit plan, and such notice shall

describe (a) the proposed changes or new plan, (b) the reasons for such changes or plan, and (c)

the estimated costs for such changes or of the new plan such notice shall include (i) the amount of

the payment, (ii) the basis for such payment, and (iii) who is receiving such payment.

5.    The Debtors are authorized, but not directed, to issue postpetition checks, or to

effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts

owed in connection with the relief granted herein.

6.    The Debtors shall not make any non-ordinary course bonus, incentive, or severance

payments to their Employees or any Insiders (as such term is defined in section 101(31) of the

Bankruptcy Code) without further order of this Court.  Notwithstanding anything to the contrary

herein, no bonus, incentive, or severance payments shall be made by or on behalf of any Debtor to any Insider without further order of this Court. Nothing in the Motion or this Final Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Final Order is or is not an "Insider" as that term is defined in section 101(31) of the Bankruptcy Code. Nothing in the Motion or this Final Order should be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any requests that are governed by section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval for such relief pursuant to section 503(c) of the Bankruptcy Code at a later time or the rights of any other party (including the Committee) with respect to such request.

7.      Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with any claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program provided through Insperity and pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program. The Debtors shall provide counsel to the Committee and the U.S. Trustee with monthly summaries of such claims on the fifth day of each month.

8.      Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Program; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Program; (c) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Workers'

Compensation Program; or (d) creates a direct right of action against any insurers or third-party administrators where such right of action does not already exist under non-bankruptcy law.

9.      The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Payroll Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices, and are otherwise authorized, but not directed, to satisfy any Payroll Deductions or Payroll Taxes that arise as a result of a taxing authority's claim for a prepetition tax period.

10.     The Debtors are authorized, but not directed, to pay in the ordinary course of business any costs and expenses incidental to payment of the Compensation and Benefits obligations, including the Unpaid Payroll Processing Fees, all administrative and processing costs, and necessary payments to outside professionals; *provided* that (i) payments to anyone other than Insperity in excess of $16,000, and (ii) payments to Insperity in excess of $400,000 shall not be made without three days' notice (email shall suffice) to the counsel to the Committee and the U.S. Trustee, and such notice shall include the amount, basis for such payment, and who is receiving such payment.

11.     Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

12.     Nothing herein shall be deemed to authorize the Debtors to cash out unpaid Paid Leave Benefits except upon termination of an Employee, if applicable nonbankruptcy law requires such payment.

13.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized

to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

14.    Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.  The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts owed to their Employees.

15.     Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the Hearing, nothing in the Motion, this Final Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notices.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

19.     The Debtors are authorized but not directed, to renew the Insperity CSA or enter into replacements for the Insperity CSA on the same or better terms than existed as of the Petition Date and take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.  The Debtors will provide notice (email shall suffice) to the U.S. Trustee, the Committee, and any other statutory committee appointed in these chapter 11 cases of any renewals, changes to, or replacements for the Insperity CSA.

20.     Insperity is authorized to make all such payments under the Insperity CSA as directed by the Debtors or otherwise required under such agreements.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline**

\

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (——MG) |
| | ) | |
| Debtors. | ) | (Jointly Administerationed Requested) |
| | ) | |

---

**FINAL ORDER (I) AUTHORIZING THE DEBTORS**
**TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER**
**COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE**
**EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

---

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing, but not directing, the Debtors to (a) pay certain prepetition wages, salaries, other compensation, and reimbursable expenses and (b) continue employee benefits programs, in each case in the ordinary course of business, including payment of certain undisputed prepetition obligations related thereto; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on a final basis as set forth herein.

2.     The Debtors are authorized, but not directed, to continue and/or modify, change, or discontinue the Compensation and Benefits and to honor and pay, in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices, any obligations on account of the Compensation and Benefits, irrespective of whether such obligations arose prepetition or postpetition; *provided*, ~~*further*, that~~that the Debtors are not authorized absent further order from the Court to pay or honor (a) any Compensation and Benefits obligations that exceed the priority cap set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, (b) any postpetition severance benefits (whether or not such benefits are Non-Insider Severance Benefits), (c) the Ad Hoc Bonus program, and (d) the Equity Incentive Program; *provided, further*, that, if the Debtors determine, in a reasonable exercise of their business judgment, in consultation with counsel to the official committee of unsecured creditors (the "Committee") and

with notice to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), that in the absence of making payments on account of the Unpaid Independent Contractor obligations, the Debtors would suffer a loss of value in excess of such payment amount and the Debtors determine, in a reasonable exercise of their business judgment, in consultation with counsel to the Committee and with notice to the U.S. Trustee, that there is a risk of immediate loss of value if they do not make such payment. , then the Debtors are authorized, but not directed, to make such payments on account of the Unpaid Independent Contractor obligations, and the Committee's rights with respect to such payments (including to challenge the propriety of such payments) are reserved.

3.    Nothing herein grants authority to the Debtors to pay any prepetition severance benefits (whether or not such benefits are Non-Insider Severance Benefits).  The Debtors will seek authority to pay prepetition Non-Insider Severance Benefits on a final basis at the hearing held on September 1, 2022, at 10:00 a.m., prevailing Eastern Time.

4.    The Debtors shall provide five (5) business days' notice (email shall suffice) to the Committee and the U.S. Trustee of any material modification to the Employee Compensation and Benefits or any new material Employee Compensation and Benefit plan, and such notice shall describe (a) the proposed changes or new plan, (b) the reasons for such changes or plan, and (c) the estimated costs for such changes or of the new plan such notice shall include (i) the amount of the payment, (ii) the basis for such payment, and (iii) who is receiving such payment.

5.    3. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

3

6.    4. The Debtors shall not make any non-ordinary course bonus, incentive, or severance payments to their Employees or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court. For the avoidance of doubtNotwithstanding anything to the contrary herein, no bonus, incentive, or severance payments shall be made by or on behalf of any Debtor to any Insider without further order of this Court. Nothing in the Motion or this Final Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Final Order is or is not an "iInsider" as that term is defined in section 101(31) of the Bankruptcy Code. Nothing in the Motion or this Final Order should be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any requests that are governed by section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval for such relief pursuant to section 503(c) of the Bankruptcy Code at a later time or the rights of any other party (including the Committee) with respect to such request.

7.    5. Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with any claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program provided through Insperity and pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program. The Debtors shall provide counsel to the Committee and the U.S. Trustee with monthly summaries of such claims on the fifth day of each month.

4

8.   6. Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Program; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Program; (c) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Workers' Compensation Program; or (d) creates a direct right of action against any insurers or third-party administrators where such right of action does not already exist under non-bankruptcy law.

9.   7. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Payroll Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices, and are otherwise authorized, but not directed, to satisfy any Payroll Deductions or Payroll Taxes that arise as a result of a taxing authority's claim for a prepetition tax period.

10.   8. The Debtors are authorized, but not directed, to pay in the ordinary course of business any costs and expenses incidental to payment of the Compensation and Benefits obligations, including the Unpaid Payroll Processing Fees, all administrative and processing costs, and necessary payments to outside professionals; *provided* that (i) payments to anyone other than Insperity in excess of $16,000, and (ii) payments to Insperity in excess of $400,000 shall not be made without three days' notice (email shall suffice) to the counsel to the Committee and the U.S. Trustee, and such notice shall include the amount, basis for such payment, and who is receiving such payment.

11.   9. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

12.    10. Nothing herein shall be deemed to authorize the Debtors to cash out unpaid Paid Leave Benefits except upon termination of an Employee, if applicable nonbankruptcy law requires such payment.

13.    11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

14.    12. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not

6

intended and should not be construed as an admission ~~as~~by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.  The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts owed to their Employees.

15.     Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the Hearing, nothing in the Motion, this Final Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

16.     ~~13.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notices.

17.     ~~14.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

18.     ~~15.~~ The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

19.     ~~16.~~ The Debtors are authorized but not directed, to renew the Insperity CSA or enter into replacements for the Insperity CSA on the same or better terms than existed as of the Petition Date and take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.  The Debtors will provide notice ~~to United States~~(email shall

suffice) to the U.S. Trustee ~~for~~, the ~~Southern District of New York and any~~Committee, and any other statutory committee appointed in these chapter 11 cases of any renewals, changes to, or replacements for~~,~~ the Insperity CSA.

20.    ~~17.~~ Insperity is authorized to make all such payments under the Insperity CSA as directed by the Debtors or otherwise required under such agreements.

21.    ~~18.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

THE HONORABLE ~~[—]~~MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE