| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS LLP** |
| 601 Lexington Avenue | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, New York 10022 | 300 North LaSalle Street |
| Telephone:   (212) 446-4800 | Chicago, Illinois 60654 |
| Facsimile:   (212) 446-4900 | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF REVISED PROPOSED
ORDER (I) PERMITTING SALE OF THE DEBTORS' MINED
BITCOIN IN THE ORDINARY COURSE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 25, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 187] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order (I) Permitting Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| New York, New York<br>Dated: August 16, 2022 | /s/ Joshua A. Sussberg<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                    ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) PERMITTING SALE OF THE DEBTORS' MINED BITCOIN
IN THE ORDINARY COURSE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) permitting the Debtors to continue to monetize their mined Bitcoin consistent with past practice and in the ordinary course of the Debtors' business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. Pursuant to sections 363(c)(1) and 364(c)(1) of the Bankruptcy Code, Celsius Mining LLC ("Mining") is authorized, but not directed, to monetize the Bitcoin generated from its mining activity on a postpetition basis (the "Mined Bitcoin") through the sale of such Mined Bitcoin for cash in U.S. dollars ("USD") at arms'-length to unaffiliated third parties. Such sales may be preceded by the transfer of the Mined Bitcoin to Celsius Network Limited ("CNL" and, each such transfer, an "Authorized Intercompany Transfer") for the sole purpose of selling such Mined Bitcoin for cash in USD. In the event an Authorized Intercompany Transfer occurs: (a) such transfer shall be for the sole purpose of selling Mined Bitcoin for cash in USD, (b) CNL shall complete such sale within two business days of the receipt of such Mined Bitcoin, and (c) such sale may be accomplished without further notice and hearing. In the event an Authorized Intercompany Transfer occurs, until such time that all proceeds of the sale of the corresponding Mined Bitcoin are transferred to Mining's "operations" account ending in 4445, as described in Exhibit 2 of the First Interim Cash Management Order (as defined below), (the "Mining Account"), Mining shall have a superpriority administrative expense claim against CNL under section 364(c)(1) of the Bankruptcy Code for such corresponding Mined Bitcoin. For the avoidance of doubt, the Debtors shall not be authorized to use any Mined Bitcoin or proceeds

2

thereof to satisfy any prepetition loans or claims including, without limitation, the CNL intercompany revolver facility mentioned in the Motion and the Mashinsky Declaration. Motion ¶ 10; Mashinsky Declaration ¶ 66.

3.     As soon as reasonably practicable, but in no event longer than thirty (30) days following the date of this Order, Mining shall establish, following consultation with the Committee (and with notice to the U.S. Trustee), one or more cryptocurrency exchange accounts with recognized exchanges to enable the direct sale of Mined Bitcoin without the need for CNL to act as intermediary as set forth above, and Mining shall thereafter sell Mined Bitcoin in its own name through such accounts on the terms set forth in this Order.  In the event that establishing such exchange account cannot be completed within such thirty (30) day period, the parties will confer and report to the Court at the end of such thirty (30) day period; and in such event, all parties shall preserve their rights with regard to continuation of this Order.

4.     Notwithstanding anything to the contrary in the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 56] (the "First Interim Cash Management Order") and any other order of the Court relating to the subject matter thereof, the USD cash proceeds of the sale of Mined Bitcoin shall be deposited into the Mining Account and shall not otherwise flow through the Debtors' cash management system absent further order of the Court; *provided that* if, in connection with an Authorized Intercompany Transfer, any proceeds of Mined Bitcoin are received in a CNL deposit account, such proceeds shall be deemed to be held solely for the benefit of Mining, and shall be held in trust for Mining,

3

and CNL shall immediately (and no later than one business day of receipt of such proceeds) transfer any such proceeds to the Mining Account. For the avoidance of doubt, such cash proceeds may be used to satisfy the postpetition expenses incurred by Mining in the ordinary course of business or such other liabilities incurred by Mining otherwise authorized by the Court. Transfers other than the foregoing shall be governed by the First Interim Cash Management Order, any subsequent interim cash management order, and the final cash management order authorized by this Court.

5. The Debtors shall provide to counsel to the Official Committee of Unsecured Creditors (the "Committee"), within five business days hereof, a full accounting (email shall suffice), as reasonably agreed upon between the Debtors and the Committee, as of the Petition Date and as of the date of such report, of the cryptocurrency and other digital assets in each Debtor's possession, including where such is held and the source of such cryptocurrency (*e.g.*, mining operations versus account holders).

6. If the Mined Bitcoin is sold in accordance with this Order, the Debtors shall provide the Committee with a full weekly accounting of such sales (email shall suffice), on a Debtor by Debtor basis, including (a) the means by which such was sold, (b) the price and timing of any such sale, and (c) where the sale proceeds are being held.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the

Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

8. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                      THE HONORABLE MARTIN GLENN
                                      CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER (I) PERMITTING SALE OF THE DEBTORS' MINED BITCOIN
IN THE ORDINARY COURSE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) permitting the Debtors to continue to monetize their mined Bitcoin consistent with past practice and in the ordinary course of the Debtors' business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. ~~Pursuant to section 363(c)(1) of the Bankruptcy Code, the Debtors are authorized, but not directed, to monetize the Bitcoin and any other cryptocurrencies generated from their mining activity on a postpetition basis consistent with prepetition practices and in the ordinary course of business without further notice and hearing. For the avoidance of doubt, such monetization may include the sale, pledging, hypothecation, assignment, investment, use, transfer, or other disposal of such assets.~~

2. Pursuant to sections 363(c)(1) and 364(c)(1) of the Bankruptcy Code, Celsius Mining LLC ("Mining") is authorized, but not directed, to monetize the Bitcoin generated from its mining activity on a postpetition basis (the "Mined Bitcoin") through the sale of such Mined Bitcoin for cash in U.S. dollars ("USD") at arms'-length to unaffiliated third parties. Such sales may be preceded by the transfer of the Mined Bitcoin to Celsius Network Limited ("CNL" and, each such transfer, an "Authorized Intercompany Transfer") for the sole purpose of selling such Mined Bitcoin for cash in USD. In the event an Authorized Intercompany Transfer occurs: (a) such transfer shall be for the sole purpose of selling Mined Bitcoin for cash in USD, (b) CNL shall complete such sale within two business days of the receipt of such Mined Bitcoin, and (c) such sale may be accomplished without further notice and

2

hearing. In the event an Authorized Intercompany Transfer occurs, until such time that all proceeds of the sale of the corresponding Mined Bitcoin are transferred to Mining's "operations" account ending in 4445, as described in Exhibit 2 of the First Interim Cash Management Order (as defined below), (the "Mining Account"), Mining shall have a superpriority administrative expense claim against CNL under section 364(c)(1) of the Bankruptcy Code for such corresponding Mined Bitcoin. For the avoidance of doubt, the Debtors shall not be authorized to use any Mined Bitcoin or proceeds thereof to satisfy any prepetition loans or claims including, without limitation, the CNL intercompany revolver facility mentioned in the Motion and the Mashinsky Declaration. Motion ¶ 10; Mashinsky Declaration ¶ 66.

3. As soon as reasonably practicable, but in no event longer than thirty (30) days following the date of this Order, Mining shall establish, following consultation with the Committee (and with notice to the U.S. Trustee), one or more cryptocurrency exchange accounts with recognized exchanges to enable the direct sale of Mined Bitcoin without the need for CNL to act as intermediary as set forth above, and Mining shall thereafter sell Mined Bitcoin in its own name through such accounts on the terms set forth in this Order. In the event that establishing such exchange account cannot be completed within such thirty (30) day period, the parties will confer and report to the Court at the end of such thirty (30) day period; and in such event, all parties shall preserve their rights with regard to continuation of this Order.

4. ~~3.~~ Notwithstanding anything to the contrary ~~herein, upon the Debtors' monetization to cash of any of the Bitcoin and any other cryptocurrencies generated from their mining activity, such cash proceeds are subject to the applicable provisions of~~ in the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to ~~p~~Postpetition Intercompany Balances, and (III) Granting Related Relief*

3

[Docket No. 56] (the "First Interim Cash Management Order") and any other order of the Court relating to the subject matter thereof, the USD cash proceeds of the sale of Mined Bitcoin shall be deposited into the Mining Account and shall not otherwise flow through the Debtors' cash management system absent further order of the Court; *provided that* if, in connection with an Authorized Intercompany Transfer, any proceeds of Mined Bitcoin are received in a CNL deposit account, such proceeds shall be deemed to be held solely for the benefit of Mining, and shall be held in trust for Mining, and CNL shall immediately (and no later than one business day of receipt of such proceeds) transfer any such proceeds to the Mining Account. For the avoidance of doubt, such cash proceeds may be used to satisfy the postpetition expenses incurred by Mining in the ordinary course of business or such other liabilities incurred by Mining otherwise authorized by the Court. Transfers other than the foregoing shall be governed by the First Interim Cash Management Order, any subsequent interim cash management order, and the final cash management order authorized by this Court.

5. The Debtors shall provide to counsel to the Official Committee of Unsecured Creditors (the "Committee"), within five business days hereof, a full accounting (email shall suffice), as reasonably agreed upon between the Debtors and the Committee, as of the Petition Date and as of the date of such report, of the cryptocurrency and other digital assets in each Debtor's possession, including where such is held and the source of such cryptocurrency (*e.g.*, mining operations versus account holders).

6. If the Mined Bitcoin is sold in accordance with this Order, the Debtors shall provide the Committee with a full weekly accounting of such sales (email shall suffice), on a Debtor by Debtor basis, including (a) the means by which such was sold, (b) the price and timing of any such sale, and (c) where the sale proceeds are being held.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the

4

Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission ~~as~~ by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

8.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9.    ~~5.~~ The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

10.   ~~6.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.   ~~7.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5

12. ~~8.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                            THE HONORABLE MARTIN GLENN
                                            CHIEF UNITED STATES BANKRUPTCY JUDGE