WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
In re:                                                  :        Chapter 11
                                                        :
CELSIUS NETWORK LLC, *et al.*,[1]                       :        Case No. 22-10964 (MG)
                                                        :
                              Debtors.                  :        (Jointly Administered)
------------------------------------------------------X

TO:    THE HONORABLE MARTIN GLENN,
       UNITED STATES BANKRUPTCY JUDGE:

## LIMITED OBJECTION TO CASH MANAGEMENT

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), through his counsel, files this Limited Objection (the "Objection") regarding cash management and the application of Section 345 of the Bankruptcy Code. The United States Trustee respectfully represents as follows:

**A. Section 345 Seeks to Protect Assets of the Bankruptcy Estate.**

1.  Section § 345(b) of the Code provides as follows:

    (b) Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested--

    (1) a bond--

        (A) in favor of the United States;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

>> (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security.
>>
>> (C) conditioned on--
>>
>>> (i) a proper accounting for all money so deposited or invested and for any return on such money;
>>>
>>> (ii) prompt repayment of such money and return; and
>>>
>>> (iii) faithful performance of duties as a depository; or
>>
>> (2) the deposit of securities of the kind specified in section 9303 of title 31; unless the court for cause orders otherwise.

11 U.S.C. § 345(b). Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security.

  2. "The legislative purpose behind the enactment of section 345(b) was to ensure 'that the funds of a bankrupt that are obligated to creditors are invested prudently and safely with the eventual goal of being able to satisfy all claims against the bankrupt estate,' while also giving bankruptcy courts the flexibility to modify such requirement for 'just cause' where strict compliance might 'work to needlessly handcuff larger, more sophisticated debtors.'" *In re Ditech Holding Corp.*, 605 B.R. 10, 22 (Bankr. S.D.N.Y. 2019) (citing H.R. Rep. 103-835, 103rd Cong., 2d Sess. 210 (Oct. 4, 1994)); *see also* 3 Collier on Bankruptcy ¶ 345.03 (16th 2022) ("Section 345(a) provides for the deposit or investment of the money of the bankruptcy estate in a manner that will yield the greatest reasonable return while considering the safety of such deposit or investment.").

3.      The most common way that debtors comply with Section 345(b) is to have their accounts at banks (a) insured by the Federal Deposit Insurance Corporation (FDIC), which protects funds up to $250,000, and (b) which have signed Uniform Depository Agreement ("UDA") with the United States Trustee's office, which requires the signatory bank to post a bond to protect all of the debtor's funds at a bank insured by the FDIC, regardless of amount. With the enactment of the Bankruptcy Code in 1978 and the creation of the United States Trustee Program, many of the Bankruptcy Court's duties to oversee the investment of estate funds devolved to the United States Trustee. *See In re Columbia Gas Systems Inc*., 33 F.3d 294, 297-98 (3d Cir. 1994). For example, Section 345(b)(1)(B) provides that the United States Trustee must approve of corporate sureties used under that section. *Id*. at 297. Accordingly, to ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with section 345, the United States Trustee monitors fiduciaries and depositories and requires that chapter 11 estate assets be held in accounts at "authorized depositories," *i.e.*, those that have entered into UDA with the United States Trustee. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual"), § 7-1.1, pp. 1-2, at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/download.

4.      The UDA requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. *See* Manual, § 7- 1.3.2, p. 6. *See* Manual, § 7-1.2.1, p. 2. The Manual also states that should a chapter 11 debtor, trustee, or examiner establish accounts in financial institutions or

depositories outside the United States, it is required to seek prior approval of the United States Trustee or the bankruptcy court. *See* Manual, § 7-1.2.3, pp. 4-5.

5.  This Court may exercise its discretion to waive the requirements under 11 U.S.C. § 345(b), but only "for cause." *See, e.g.*, *In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (finding "cause" exists for waiver of investment, deposit, and reporting requirement where debtor is large, sophisticated entity with complex cash management system); *see also Ditech Holding*, 605 B.R. at 17-18.

**B.  Whether Cryptocurrency is "Money" Under Section 345 is a Novel Issue.**

7.  This case presents an issue of first impression regarding the requirements of Section 345 and its application to cryptocurrency and other digital assets. On its face, Section 345 appears to deal with only the deposit or investment of the "money of the estate." 11 U.S.C. 345(a). Traditionally, Section 345 deals with the fiat or government issued currency. However, the Bankruptcy Code does not define the term "money." *See* 11 U.S.C. § 101.[2] Similarly, bankruptcy courts or other courts have had limited opportunity to determine whether cryptocurrency is money.[3]

8.  In contrast to fiat currency, cryptocurrencies are not controlled by a central authority (*e.g.*, a central bank) and are not FDIC-insured or held on deposit in accounts at

---

[2] Legislative bodies have interpreted "money" in a variety of other contexts, but have not made a probative determination regarding cryptocurrency. *See, e.g.,* UCC ¶1-201(b)(24) (stating "'Money' means a medium of exchange currently authorized or adopted by a domestic or foreign government … [including] a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries."); *see also* 31 C.F.R. § 1010.100(m) ("The coin and paper money of the United States or of any other country that is designated as legal tender and that circulates and is customarily used and accepted as a medium of exchange in the country of issuance."); *see also* I.R.S., Notice 2014-21, at 1-2 (2014), available at http://www.irs.gov/pub/irs-drop/n-14-21.pdf (stating that virtual currencies are considered property for income tax purposes).

[3] Courts have had limited opportunities to interpret the definition of "money" broadly in a bankruptcy context. In *In re Hokulani Square*, the bankruptcy court interpreted "money disbursed" in a statute limiting the compensation of a trustee in a bankruptcy context. The Court noted that the plain meaning of the term money was a "medium of exchange," which generally meant anything commonly agreed upon as a token of value used in transactions. *In re Hokulani Square, Inc.*, 460 B.R. 763, 770-71 (B.A.P. 9th Cir. 2011).

4

traditional banks that have executed a uniform depository agreement with the United States Trustee.

9.  Regardless of whether cryptocurrency is characterized as digital money or property, it has value, and the issue is what should be done to protect the Debtors', and by extension its creditors', risk with respect to the handling of the same under the circumstances. *See, generally*, 3 Collier on Bankruptcy ¶ 345.02 (16th 2022) ("safeguarding cash is important in every case, particularly when the debtor is a business of any sort").

10. The United States Trustee leaves the Debtors to their burden to demonstrate that the requirements of 11 U.S.C. § 345, as applicable, are satisfied with respect to their handling of the Debtors' "money" which may or may not include cryptocurrency.[4]

11. Accordingly, the United States Trustee requests that a final order on Debtors' Cash Management be denied until the Debtors establish either that they have satisfied Section 345, that they have "cause" for waiving its requirements, or that Section 345 does not apply to cryptocurrency.

Dated: New York, New York
August 24, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: /s/Shara Cornell
Shara Cornell, Esq.
Mark Bruh, Esq.
Brian Masumoto, Esq.
*Trial Attorneys*
201 Varick Street, Room 1006
New York, New York 10014

---

[4] The United States Trustee is still in discussions with the Debtors regarding certain of their cash and investment accounts vis-à-vis Section 345 of the Bankruptcy Code. Depending on the outcome of those discussions, the United States Trustee reserves his right to supplement this Limited Objection.