| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900 | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200 |

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIRST SUPPLEMENTAL DECLARATION OF**
**PATRICK J. NASH, JR. IN SUPPORT OF THE DEBTORS'**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR**
**THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

I, Patrick J. Nash, Jr., being duly sworn, state the following under penalty of perjury:

1. I am the president of Patrick J. Nash, Jr., P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 300 North LaSalle, Chicago, Illinois 60654, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, collectively, "Kirkland"). I am a member in good standing of the Bar of the State of Illinois and I

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

have been admitted to practice in Illinois. There are no disciplinary proceedings pending against me.

2. On July 13, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On August 4, 2022, the Debtors filed an application to employ and retain Kirkland as counsel for the Debtors [Docket No. 360] (the "Application")[2] pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

3. My declaration in support of the Application (the "Original Declaration") was attached to the Application as Exhibit B.

4. In connection with the Application, I submit this supplemental declaration (this "Supplemental Declaration") to provide additional disclosures in response to requests made by the U.S. Trustee and in accordance with Bankruptcy Rules 2014(a) and 2016(b). Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein.

5. In paragraph 12 of the Original Declaration, I disclosed that it is Kirkland's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client. For the avoidance of doubt, the term "overtime expenses" used in paragraph 12 of the Original Declaration refers only to the reimbursement of overtime secretarial

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

charges that arise out of business necessity and charges for overtime meals and overtime transportation consistent with the Amended Guidelines and the Local Rules. Kirkland submits that it will not charge the Debtors for internal secretarial overtime in these chapter 11 cases.

6. Kirkland's policies and standard charges for client-reimbursable expenses and other charges were attached to the Engagement Letter filed with the Application. On page 3 of this attachment to the Engagement Letter, Kirkland provided, in relevant part, that "[t]here is no client charge for standard office supplies. Clients are charged for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then at [Kirkland]'s actual cost." Kirkland submits that it will not charge the Debtors for standard office supplies in these chapter 11 cases.

7. Paragraph 19 of the Original Declaration provides responses to the requests for information set forth in Paragraph D.1 of the Revised UST Guidelines. In response to the question in paragraph 19(c) of the Original Declaration, I disclosed Kirkland's current hourly rates for services rendered on behalf of the Debtors. For the avoidance of doubt, Kirkland's current hourly rates listed in paragraph 19(c) of the Original Declaration are the same hourly rates Kirkland used for services performed on behalf of the Debtors before the Petition Date.

8. Paragraph 34 of the Original Declaration provides specific disclosures with respect to Caisse de dépôt et placement du Québec and various affiliates (collectively, "Caisse") on a variety of matters. Kirkland represented Caisse on a variety of matters since 2018 including commercial litigation, public M&A, corporate, investment funds/regulatory, investment fund formation, restructuring, and real estate matters, all of which are inactive except for unrelated matters in connection with fund formation and M&A. Kirkland has not represented, and will not represent, Caisse adverse to the Debtors during the pendency of these chapter 11 cases. I do not

believe that Kirkland's current representation of Caisse precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

9. Paragraph 56 of the Original Declaration provides specific disclosures with respect to Voyager Digital Ltd. and various of its subsidiaries and affiliates (collectively, "Voyager") in its bankruptcy cases. Kirkland has not represented, and will not represent, the Debtors adverse to Voyager during the pendency of Voyager's bankruptcy cases. Similarly, Kirkland has not represented, and will not represent, Voyager adverse to the Debtors during the pendency of these chapter 11 cases. I do not believe that Kirkland's current representation of Voyager precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  August 30, 2022                                       Respectfully submitted,

*/s/ Patrick J. Nash, Jr.*
Patrick J. Nash, Jr.
as President of Patrick J. Nash, Jr., P.C., as
Partner of Kirkland & Ellis LLP; and as Partner
of Kirkland & Ellis International LLP