| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS LLP** |
| 601 Lexington Avenue | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, New York 10022 | 300 North LaSalle Street |
| Telephone:    (212) 446-4800 | Chicago, Illinois 60654 |
| Facsimile:    (212) 446-4900 | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ROBERT CAMPAGNA, MANAGING
DIRECTOR OF ALVAREZ & MARSAL NORTH AMERICA, LLC,
IN SUPPORT OF THE DEBTORS' MOTION SEEKING ENTRY OF
INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS
TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

I, Robert Campagna, hereby declare under penalty of perjury:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"), a global restructuring advisory services firm and a restructuring advisor to the above-captioned debtors and debtors in possession (the "Debtors"). Since the Debtors engaged A&M in mid-June

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

of 2022, I have worked closely with the Debtors' management and other professionals with respect to the Debtors' restructuring efforts, including assisting the Debtors in preparing cash flow projections, budgets, and other financial information. I lead the A&M team advising the Debtors and as such I am familiar with the Debtors' businesses, their financial affairs, and key aspects of the Debtors' day-to-day operations.

2. I am duly authorized to execute this declaration on behalf of the Debtors in support of the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 19] (the "Motion"), which seeks the authorization to, among other things, pay prepetition Non-Insider Severance Benefits.[2]

3. This declaration addresses the appropriateness of paying the prepetition Non-Insider Severance Benefits.

4. Prior to the Petition Date, the Debtors reduced their workforce and contemplated separation agreements with certain employees (the "Former Employees" and the agreements, the "Separation Agreements"). Ten Former Employees are owed Non-Insider Severance Benefits that were agreed to under the Separation Agreements signed in the month prior to the Petition Date.[3] Under the terms of the Separation Agreements, the Former Employees are eligible to receive Non-Insider Severance Benefits only if the Former Employee signs the release included within the Separation Agreement. I have reviewed these ten Separation Agreements. Information about the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] In the Motion the Debtors estimated that approximately 19 former Employees were entitled to Non-Insider Severance Benefits totaling approximately $409,000. Since filing the Motion the Debtors continued to evaluate their severance obligations and seek to pay the ten Former Employees identified herein.

Former Employees owed prepetition Non-Insider Severance Benefits, including their job titles and annual salary are included in **Exhibit A** attached to this declaration. As set forth on **Exhibit A**, all of these Former Employees were terminated within the 180 days prior to the Petition Date.

5.  I understand that the Debtors and their advisors completed an analysis of the Debtors' employees, officers, and directors and concluded that approximately 25 employees, officers, and directors would be considered statutory "insiders" under section 101(31) of the Bankruptcy Code, based on the amount of control they exert over the Debtors' business, among other factors. None of the Former Employees were included on this list of insiders, and none of them have titles suggesting insider status. None of the Former Employees had authority to dictate overall corporate policy or exercise control over the Debtors' business or strategic decisions. Further, none of the Former Employees sat on, or directly reported to the Debtors' board of directors, nor were any of the Former Employees hired or appointed by the board of directors. Many of the Former Employees' duties were limited to an individual division or group, and the Former Employees' scope of authority was accordingly limited. My understanding is that, as a result of these factors, these individuals would not be considered statutory "insiders."

6.  Additionally, while certain of the Separation Agreements provided for Non-Insider Severance Benefits that exceed $15,150 (the "Statutory Cap"), following discussions with the Committee and U.S. Trustee, the Debtors are now only seeking to pay prepetition Non-Insider Severance Benefits up to the Statutory Cap.[4]

7.  I believe that honoring these obligations to pay certain Non-Insider Severance Benefits to the Former Employees up to the Statutory Cap is a good faith gesture that will create

---

[4] *See Debtors' Omnibus Reply to Objections to Certain of the Debtors' First and Second Day Motions* [Docket No. 448] at ¶7.

goodwill and boost morale of the existing employees, many of whom know the Former Employees, and demonstrates that the Debtors are committed to honoring their obligations within the confines of the bankruptcy process. I believe the Debtors have made reasonable concessions to the Committee and the U.S. Trustee by agreeing to not seek to pay amounts above the Statutory Cap.

8. On August 25, 2022 counsel for a former employee based out of the United Kingdom (the "Objector") filed an objection to payment of the Non-Insider Severance Benefits to the extent the requested relief does not include certain notice pay and severance pay the employee believes she is owed.[5] I understand that historically, in order for employees to receive severance pay, they needed to execute a separation agreement. As the Objector did not execute a separation agreement prior to the Petition Date, the Debtors do not owe any severance pay to the Objector and are not seeking relief to pay any severance pay to her. The Objector is currently set to receive certain notice pay and as she did not receive any prepetition wages or other relevant payments, the total amount she will receive is below the Statutory Cap. For the avoidance of doubt, and in the interest of full disclosure, **Exhibit B** includes details on the notice pay the Debtors intend to pay to the Objector.

## Conclusion

9. In light of the forgoing, I believe that it is a reasonable exercise of the Debtors' business judgment to pay the prepetition Non-Insider Severance Benefits and that doing so is in the best interests of the Debtors and the Debtors' estates.

---

[5] *Limited Objection of Odette Wohlman to Debtor's Motion Seeking Entry of Interim and Final Orders (1) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 613].

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  August 30, 2022
New York, New York

|  |  |
|---|---|
| By: | */s/ Robert Campagna* |
| Name: | Robert Campagna |
| Title: | Managing Director |
|  | Alvarez & Marsal North America, LLC |

# Exhibit A
**Non-Insider Severance Benefits**

|  | Title | Hire Date | Separation Date | Date Separation Agreement Signed | Salary ($) | Agreed Severance ($) | Severance Proposed to be Paid ($) |
|---|---|---|---|---|---|---|---|
| 1 | Chief of Staff | 1/4/2021 | 6/15/2022 | 7/13/2022 | 185,000 | 56,923 | 15,150 |
| 2 | Software Engineer | 2/22/2022 | 6/23/2022 | 6/28/2022 | 95,000 | 14,616 | 14,616 |
| 3 | Senior Financial Crimes Manager | 9/7/2021 | 6/24/2022 | 6/15/2022 | 120,000 | 9,231 | 9,231 |
| 4 | QA Automation | 9/7/2021 | 6/30/2022 | 6/28/2022 | 110,000 | 16,923 | 15,150 |
| 5 | Lending Senior Compliance Analyst | 12/13/2021 | 7/7/2022 | 7/12/2022 | 67,000 | 10,308 | 10,308 |
| 6 | Content Writer UX/UI | 3/21/2022 | 7/7/2022 | 7/7/2022 | 85,000 | 13,077 | 13,077 |
| 7 | QA Automation | 4/4/2022 | 7/7/2022 | 7/7/2022 | 110,000 | 16,923 | 15,150 |
| 8 | Model Risk Analyst | 2/14/2022 | 7/8/2022 | 7/9/2022 | 95,000 | 14,615 | 14,615 |
| 9 | Operational Risk Director | 3/7/2022 | 7/8/2022 | 7/13/2022 | 180,000 | 27,693 | 15,150 |
| 10 | Senior Analyst, Tech Operations | 6/6/2022 | 7/11/2022 | 7/12/2022 | 135,000 | 20,770 | 15,150 |
|  |  |  |  |  | **TOTAL** | **$201,079** | **$137,597** |

## Exhibit B
**Legally Required Notice Pay**

|   | Title | Hire Date | Separation Date | Annual Salary (£) | Annual Salary ($)* | Legally Required Notice Pay (£) | Legally Required Notice Pay ($)* |
|---|---|---|---|---|---|---|---|
| 1 | Operations Director – PMO Lead | 6/21/2021 | 6/1/2022 | 125,000 | 147,500 | 7,212 | 8,510 |
|   |   |   |   |   |   | **TOTAL** | **8,510** |

*Calculated using a conversion rate of 1.18 GBP to 1 USD.