Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF FILING OF REVISED PROPOSED ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS AS OF THE PETITION DATE

**PLEASE TAKE NOTICE** that on August 4, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Application for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel to the Debtors Effective as of the Petition Date* [Docket No. 363] (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel as of the Petition Date* attached hereto as **<u>Exhibit A</u>** (the "<u>Revised Proposed Order</u>").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Application is attached hereto as **<u>Exhibit B</u>**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: August 31, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for entry of an order pursuant to section 327(e)

of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1

authorizing the Debtors to retain Latham & Watkins LLP ("L&W") as special counsel to the

Debtors with respect to the L&W Services, effective as of the Petition Date, all as more fully set

forth in the Application; and upon the Sikora Declaration and the Ferraro Declaration; and this

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the Southern District of

New York, entered February 1, 2012; and this Court having the power to enter a final order

consistent with Article III of the United States Constitution; and this Court having found that

venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the Debtors' notice of the Application and opportunity for a hearing

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]     Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is approved as set forth herein.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain L&W as special counsel to the Debtors with respect to the L&W Services, effective as of the Petition Date, and L&W is authorized to perform the L&W Services described in the Application.

3.      L&W shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the L&W Services in the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any applicable procedures and orders of the Court.

4.      Prior to any increase in L&W's rates for any individual providing services in the Chapter 11 Cases, L&W shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee, and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all

grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.      L&W shall apply any remaining amounts of the Fee Advance as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to L&W.  L&W is authorized without further order of the Court to apply amounts from the Fee Advance that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse L&W for fees or expenses incurred prior to the Petition Date consistent with its ordinary course billing practice.

6.      L&W shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

7.      For the avoidance of doubt, and to resolve an informal objection raised by the Office of the United States Trustee, L&W will not represent Blockchain Access UK Ltd. in any matter adverse to the Debtors, nor will L&W perform services for any of the Debtors that relate to any claim or cause of action that the Debtors may have against Three Arrows Capital, Ltd.; such matters will be handled by the Debtors' general bankruptcy counsel, Kirkland & Ellis, LLP or such other counsel as may be retained by the Debtors.

8.      In the event of any inconsistency between the Application, the Sikora Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

9.      Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

10.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12.      This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order. For the avoidance of doubt, to the extent this Court has or retains jurisdiction over any matter under this Paragraph 12, including any disputes relating to the L&W Services, such disputes shall be resolved by this Court notwithstanding any provision to the contrary in the Engagement Letter, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving any fee disputes.

**IT IS SO ORDERED.**

Dated: _____, 2022
        New York, New York

_____
MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to retain Latham & Watkins LLP ("L&W") as special counsel to the Debtors with respect to the L&W Services, effective as of the Petition Date, all as more fully set forth in the Application; and upon the Sikora Declaration and the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Application in this district is proper pursuant to 28 U.S.C.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

§§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is approved as set forth herein.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain L&W as special counsel to the Debtors with respect to the L&W Services, effective as of the Petition Date, and L&W is authorized to perform the L&W Services described in the Application.

3.      L&W shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the L&W Services in the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any applicable procedures and orders of the Court.

4.      **Prior to any increase in L&W's rates for any individual providing services in the Chapter 11 Cases,** L&W shall **file a supplemental affidavit with the Court and** provide ten ~~(10)~~ business days' notice to the Debtors, the United States Trustee, and any ~~statutory committee appointed in these Chapter 11 Cases before implementing any increases in the rates set forth in the Application for professionals providing the L&W Services, and such~~

2

~~notice shall be filed with the Court.~~**official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.**

5.   **L&W shall apply any remaining amounts of the Fee Advance as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to L&W.** L&W is authorized without further order of the Court to apply amounts from the Fee Advance **that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate** to compensate and reimburse L&W for fees or expenses incurred prior to the Petition Date consistent with its ordinary course billing practice. ~~The remainder of the Fee Advance shall be treated as an evergreen retainer and be held by L&W as security throughout the Chapter 11 Cases until L&W's fees and expenses are awarded and payable to L&W on a final basis.  L&W shall apply any Fee Advance remaining at the time of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly return to the Debtors' estates any Fee Advance remaining after such application.~~

**6.   L&W shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.**

**7.   For the avoidance of doubt, and to resolve an informal objection raised by the Office of the United States Trustee, L&W will not represent Blockchain Access UK**

3

**Ltd. in any matter adverse to the Debtors, nor will L&W perform services for any of the Debtors that relate to any claim or cause of action that the Debtors may have against Three Arrows Capital, Ltd.; such matters will be handled by the Debtors' general bankruptcy counsel, Kirkland & Ellis, LLP or such other counsel as may be retained by the Debtors.**

8.   ~~6.~~ In the event of any inconsistency between the Application, the Sikora Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

~~7. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7.~~

9.   ~~8.~~ Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

10.   ~~9.~~ Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.   ~~10.~~ The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12.   ~~11.~~ This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order. **For the avoidance of doubt, to the extent this Court has or retains jurisdiction over any matter under this Paragraph 12, including any disputes relating to the L&W Services, such disputes shall be resolved by this Court notwithstanding any provision to the contrary in the Engagement Letter, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving any fee disputes.**

4

**IT IS SO ORDERED.**

Dated: _____, 2022
             New York, New York

_____

MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

5