**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  david.turetsky@whitecase.com
          kwofford@whitecase.com
          sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
          gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

<u>**NOTICE OF FILING OF COMMITTEE BY-LAWS**</u>

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively the "**Debtors**") hereby files the By-Laws of the Committee (the "**By-Laws**") as directed by the Court at the hearing held today, September 1, 2022.  The By-Laws are attached hereto as <u>Exhibit A</u>.[2]

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]     The By-Laws are attached as executed, but the Privileged & Confidential header has been removed.

Dated:   September 1, 2022                      Respectfully submitted,
         New York, New York

                                                */s/ David M. Turetsky*
                                                **WHITE & CASE LLP**
                                                David M. Turetsky
                                                Keith H. Wofford
                                                Samuel P. Hershey
                                                1221 Avenue of the Americas
                                                New York, New York 10020
                                                Telephone: (212) 819-8200
                                                Facsimile:  (212) 354-8113
                                                Email:  david.turetsky@whitecase.com
                                                        kwofford@whitecase.com
                                                        sam.hershey@whitecase.com

                                                – and –

                                                **WHITE & CASE LLP**
                                                Michael C. Andolina (admitted *pro hac vice*)
                                                Gregory F. Pesce (admitted *pro hac vice*)
                                                111 South Wacker Drive, Suite 5100
                                                Chicago, Illinois 60606
                                                Telephone: (312) 881-5400
                                                Facsimile:  (312) 881-5450
                                                Email:  mandolina@whitecase.com
                                                        gregory.pesce@whitecase.com

                                                – and –

                                                **WHITE & CASE LLP**
                                                Aaron E. Colodny (admitted *pro hac vice*)
                                                555 South Flower Street, Suite 2700
                                                Los Angeles, California 90071
                                                Telephone: (213) 620-7700
                                                Facsimile:  (213) 452-2329
                                                Email:  aaron.colodny@whitecase.com

                                                *Proposed Counsel to the Official Committee of*
                                                *Unsecured Creditors*

**EXHIBIT A**

*Execution Version*

## BY-LAWS OF THE OFFICIAL COMMITTEE OF
## UNSECURED CREDITORS OF
## CELSIUS NETWORK LLC, et al.

**Case No. 22-10964(MG)**
**Jointly Administered**

**In the United States Bankruptcy Court**
**for the Southern District of New York**

**(the "By-laws")**

## 1. THE COMMITTEE

1.1    Appointment of Committee; Membership.  The Official Committee of Unsecured Creditors (the "Committee") shall consist of seven members selected by the Office of United States Trustee (the "U.S. Trustee") on July 27, 2022 pursuant to section 1102(a)(1) of title 11 of the United States Code (the "Bankruptcy Code") (and who have not subsequently resigned or been removed pursuant to Section 1.4) in connection with the chapter 11 cases of Celsius Network LLC, and its affiliated debtors (collectively, the "Debtors"), which cases were commenced on July 13, 2022 in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The members of the Committee as of the date of adoption of these By-laws are as follows: (a) Caroline G. Warren; (b) Thomas DiFiore; (c) ICB Solutions, Inc.; (d) Christopher Coco; (e) Andrew Yoon; (f) Mark Robinson; and (g) Covario AG (each a "Member").  Members of the Committee may be added or substituted by further designation of the U.S. Trustee or order of the Court.  Members may act only through those individuals designated pursuant to Section 1.6 or through proxies as provided in Section 1.6.1.

1.2    Chair.  The Committee may, by a vote of the majority of its Members, select a chairperson (or in the absence of a chairperson, a majority of the members subject to the Sections 2.4, 2.6, and 2.7 (the "Chair")).  The Chair shall preside over and shall be responsible for conducting all meetings, and shall have such other powers as set forth herein.

1.2.1    If the Chair is absent from a meeting or otherwise temporarily unavailable, the Members present at such meeting may elect a temporary Chair (or Chairs) for such meeting by Majority Vote (as defined in Section 2.5).

1.2.2    In the event a Chair resigns or is removed from its position as Chair, the Committee may elect a replacement Chair by a majority of its Members at any regular meeting of the Committee.

1.3    <u>Retention of Counsel and Other Professionals</u>.

1.3.1    At scheduled meetings of the Committee, with a majority of its Members present, the Committee voted to employ and retain, pursuant to orders to be entered by the Court, (a) the law firm of White & Case LLP to serve as the Committee's lead bankruptcy counsel, ("<u>Counsel</u>") and (b) [_____] ("_____") to serve as the Committee's financial advisor (collectively, Counsel, _____, and any other professionals that may hereafter be retained, the "<u>Committee Professionals</u>"), in performance of the Committee's duties under section 1103 of the Bankruptcy Code.  The Committee Professionals have agreed to represent the Committee solely with respect to the Committee's duties under the Bankruptcy Code in connection with the Debtors' chapter 11 cases, and will not represent individual Members of the Committee in connection with this matter.

1.3.2    The Committee may consider the retention of additional professionals, as it may see fit from time to time, but only upon a Majority Vote.

1.4    <u>Resignation or Removal of Members</u>.  A Member may resign at any time by giving written notice to the U.S. Trustee with a copy to Counsel.  If a Member resigns or is removed by order of the Court or by action of the U.S. Trustee, the Committee may determine whether to make recommendations to the U.S. Trustee for a substitute to replace the resigned or removed Member.

Any replacement Member will, upon and following appointment by the U.S. Trustee, be deemed to have ratified and be bound by these By-laws.  Prior to the appointment of a replacement (if any), the total membership of the Committee shall be those Members remaining after the resignation or removal.

1.4.1    If a Member ceases to hold either (i) an unsecured claim against any of the Debtors (*i.e.*, all of the Member's claim or claims are transferred, paid in full without risk of disgorgement or forfeiture of payment, assumed and assigned, or fully and finally disallowed by final order of the Court), or (ii) an interest in an account established by any Debtor that such Debtor asserts constitutes a claim against that Debtor such Member shall thereupon (x) give notice to each other Member and Counsel, and (y) be deemed to have resigned, effective immediately, from the Committee and neither such Member nor its assignee, if any, shall have the right to designate a successor.

1.4.2    Notwithstanding a Member's resignation or removal from the Committee, such Member remains bound by the confidentiality provisions of Section 4.

1.5    Replacement Representatives.  If any representative of a Member resigns, is no longer employed by or is no longer an agent of the Member represented, or for any other reason is unable to serve, the Member represented shall have the absolute right to designate a successor representative or alternate, as the case may be, which shall be an authorized employee or agent of such Member.

1.6    Participation by Members: Proxies.  Each Member may act on the Committee through such officers, employees or designated representatives as may have actual authority to attend meetings and to vote on that Member's behalf.  Each Member shall make good faith and diligent efforts to ensure that at least one of such individuals attend all regular meetings of the

Committee.  Any Member who is a partnership, corporation or other entity (non-individual) may be represented at Committee meetings by an individual (who may be an attorney) designated by such Member as the representative of such Member or by a designated alternate; provided that any individual designated pursuant to the foregoing is bound by these By-laws.  Each Member shall be required to provide notice of such designation to Counsel.  The provisions of this paragraph apply to all Committee meetings as well as any subcommittee meetings.  Any Member may be represented by counsel at any Committee meetings or in respect of any matters of the Committee.

　　　　1.6.1　<u>Proxies at Meetings</u>.  Any Member may designate in writing to Counsel by e-mail its attorney or any other individual to represent such designating Member's interest, and to have the power to vote such designating Member's vote, at a meeting of the Committee.

　　　　1.7　<u>*Ex Officio* Members</u>.  There shall be no *ex officio* members of the Committee without the approval by a Majority Vote.  An *ex officio* member shall not be entitled to vote on any issue, nor shall the presence of any *ex officio* member be counted for purposes of determining a quorum.  The Committee may vote to exclude any *ex officio* member from Committee discussions by a vote of a majority of the Members of the Committee, regardless of whether a direct conflict exists.  The Committee may vote to remove an *ex officio* member from the Committee by a vote of a Majority Vote.

## 2.  <u>MEETINGS AND ACTION BY THE COMMITTEE</u>

　　　　2.1　<u>Calling</u>.  Meetings of the Committee may be called by either Chair or by Counsel, as is deemed reasonably necessary to conduct the business of the Committee.  The Chair or Counsel shall call a meeting of the Committee at the request of any one Member of the Committee. The Chair or Counsel, at the direction of the Chair, may call emergency meetings in accordance with the preceding sentence whenever they deem such a meeting necessary or appropriate under

the circumstances.  In the absence of direction by the Chair, any one Member may call a meeting by delivering to all Members written notice, on not less than two days' notice, of the date, time, location and agenda for such meeting.

      2.2    <u>Notice</u>.  The Chair or Counsel shall give each Member notice of the time and place of each regular meeting of the Committee.  Notice of an emergency meeting shall be by any method designed to notify Members immediately of such meeting, and which shall be calculated to maximize participation by Members under the circumstances.  Failure to send notice to all Members, however, shall not affect the validity of a meeting provided that a good faith effort to give such notice was undertaken.

      2.2.1    <u>Notice of Regular Meetings</u>.  Regular meetings shall be called on not less than two days' notice; <u>provided</u>, <u>however</u>, that the Committee may set the time and date of the next regular meeting at the close of any regular meeting; and <u>provided</u>, <u>further</u>, that the Committee, by a vote of the majority of its Members, may set regular times, dates and places for such meetings.  Any such notice of a regular meeting shall, if feasible, be in writing (including by email), and if written notice is not feasible, shall be confirmed in writing after it is given.  If not previously set as provided above, such notice shall contain the time, date and location of such meeting.

      2.2.2    <u>Notice of an Emergency Meeting</u>.  If feasible, emergency meetings shall be held on at least one day's prior notice; but any meeting shall not be invalid if called on less notice.  The notice of such emergency meeting shall contain the time, date and place of such meeting, and shall state a limited agenda for consideration at such meeting.

      2.2.3    <u>Waiver of Notice</u>.  The transactions of any Committee meeting, however called and noticed or wherever held, shall be as valid as though had at a meeting duly

held after regular notice if: (a) a quorum is present; and (b) if, either before or after the meeting, each Member who did not receive proper notice and was not present (or, if present and did not receive proper notice, actually protested the lack of proper notice to him or her at or prior to the meeting or at its commencement) either: (i) signs a written waiver of notice; or (ii) signs a consent to holding the meeting.

2.3    Conduct of Meetings.  Members may normally participate in Committee meetings only through the attendance or participation by those representatives specified pursuant to Section 1.6.  Committee meetings shall generally be by remote video or telephone conference call unless the Committee, by vote of majority of its Members, decides that a personal meeting is appropriate.

2.3.1    Agenda.  The agenda for regularly scheduled meetings shall be prepared by Counsel, with guidance from the Chair, if practicable.  Each Member also shall have the right to place issues on the agenda for meetings.  The Committee may act on items not listed on the agenda.  If feasible, a proposed agenda will be circulated to each Member and its counsel and advisors reasonably (under the circumstances) in advance of each Committee meeting.

2.3.2    Who May Attend.  Meetings of the Committee shall be open to: (a) Members (including their respective counsel); (b) *ex officio* members (including their respective counsel), to the extent permitted under Section 1.7; (c) Committee Professionals; and (d) upon request of a Member, other Committee agents and/or representatives and other parties in interest whose attendance is approved by the Committee in its sole and absolute discretion by a Majority Vote.

2.3.3    Committee Discussions and Materials.  The Committee and its Members (including their respective counsel) shall not provide or furnish to third parties the

6

details of the Committee's discussions and deliberations, or the contents of any financial statements, reports or other information prepared for Committee consideration at any meeting (unless such documents are specifically known to be not confidential). The Committee and/or its Members may provide such information to a third party only if consistent with Section 4 hereof.

2.4    <u>Quorum</u>. Subject to Section 3.3, the presence in person or by remote video or telephone conference call of a majority of the Members of the Committee shall constitute a quorum for the transaction of business by the Committee. The Members present at a meeting at which a quorum is initially present may continue to do business until adjournment of such meeting notwithstanding the withdrawal from the meeting of enough Members to leave less than a quorum so long as any action taken (other than adjournment) has been previously approved by at least a majority of Members necessary to constitute a quorum.

2.5    <u>Voting</u>. Each Member shall be entitled to one vote regardless of the amount of the claim held by such Member. Such vote shall be exercised at the meeting, either by the Member or by such Member's duly authorized proxy designated pursuant to Section 1.6.1. Actions of the Committee shall be authorized by an affirmative vote of the majority of Members voting on such action (a "<u>Majority Vote</u>"), but in all events actions of the Committee require the affirmative vote of at least four Members (unless the Committee has 5 or less members, in which case Majority Vote shall control). The Chair's determination of any vote of the Committee with respect to any matter shall be final unless such determination was made in bad faith or was the result of manifest error.

2.5.1    <u>Polling by Telephone</u>. Subject to the provision of prior notice to each Member in accordance with Section 2.2 hereof, if the matter to be voted on is one of

7

significance and urgency, as determined by a majority of the Members present, with the advice

of Counsel, a reasonable effort shall be made during the meeting to poll by telephone and/or

email all absent Members, provided that the failure to reach any such absent Member will not

affect the validity of any vote otherwise proper under these By-laws.  Telephone or email votes

(as applicable) solicited pursuant to this Section 2.5.1, along with votes by Members voting by

proxy, shall be given full voting effect, and may be counted in computing a quorum with

respect to the relevant action.

2.6    <u>Action Without A Meeting</u>.  Any action required or permitted to be taken by the

Committee may be taken without a meeting, <u>provided</u>, <u>however</u>, removal of a Chair or changes to

the By-laws shall only be considered pursuant to a meeting.  In order to take action without a

meeting, Counsel or the Chair must either (i) make reasonable efforts to contact each Member or

its counsel or advisor for its vote, and a majority of the Members of the Committee must approve

the action prior to taking such action; or (ii) Counsel must provide each Member with "negative

notice" of the action to be taken, giving Members as much notice as reasonably practicable and a

majority of the Members shall not have objected to such action by a time specified by Counsel that

shall be as far in advance as reasonably practicable.  "Negative notice" shall have been given when

the Members receive a memorandum, email, or phone call from Counsel informing each Member

of the proposed action and requesting that the Member contact Counsel by a specified time, which

shall be as far in advance as reasonably practicable, if the Member does not support the action.  If

Counsel does not receive a response or objection from the Member by the specified time in the

preceding sentence, but reasonably believes that such Member has actually received the notice,

that Member shall be deemed to have voted in favor of the action.  For any action taken via negative

notice, all Members of the Committee shall be provided notice at substantially the same time of

8

the issue being voted upon except to the extent it has been previously determined at a Committee meeting pursuant to Section 3.2 hereof that a particular Member has a conflict of interest with respect to the particular vote and is therefore recused from voting.  Without prior action or consent by the Committee, but upon prior notice to the Committee, the Chair, after consultation with Counsel, is empowered to consent to or otherwise act on pro forma, minor or exigent matters, which shall include (i) requests requiring action by any party-in-interest between meetings or otherwise at the Committee's direction, for the entry of court orders or other matters involving amounts not greater than $100,000.00 (other than compensation of professionals) and do not represent matters of precedent or policy for the case; (ii) matters not readily susceptible to monetary evaluation that, in the judgment of the Chair and Counsel, are considered to be in the normal or ordinary course of the Debtors' business and do not represent matters of precedent or policy for the case; and (iii) requests for extension of deadlines.  Notwithstanding anything to the contrary in the By-laws, in instances in which the Chair is authorized to act without approval or input from the entire Committee, the Chair may only act if it agrees on the considered course of action, regardless of the circumstances.  Counsel shall provide prompt notice to each Member of any action taken in accordance with this Section 2.6.  This authorization is for the convenience of the Members only.  It is not intended that all such matters be handled without consultation with the Committee.

2.7    Emergency Action.  In an emergency (as determined in good faith by either the Chair or Counsel), action may be taken as set forth in this Section 2.7.

2.7.1    Action With Attempted Notice.    Action may be taken in the Committee's name without a meeting and without notice so long as the Chair seeks to obtain votes from each Member by polling that Member on the issue by telephone or by e-mail.  Such

a vote is effective only if a good faith effort is made to reach and consult with each Member of the Committee, and if the Members who approve the action otherwise would have provided sufficient votes to authorize the action at a regularly called meeting if all Members were in attendance.

2.7.2    <u>Action When Notice to Whole Committee Impractical</u>.  The Chair, with the advice of Counsel, or Counsel shall be empowered, without prior Committee action or consent, to consent to or otherwise act upon applications or motions for Court orders on an emergency basis if the Chair, with the advice of Counsel, or Counsel determine that it is not feasible to obtain a vote of the Committee pursuant to these By-laws.  The Chair and/or Counsel will make reasonable best efforts under the circumstances to communicate with all Members of the Committee before taking any such actions.  The Committee shall be promptly advised of any Court orders, motions or applications so acted upon by the Chair or Counsel pursuant to this Section 2.7.2.

2.7.3    <u>Limitation of Actions</u>.  Any action taken pursuant to Sections 2.7.1 or 2.7.2 shall be limited in scope so as to address, to the extent practical, only the emergency requiring the immediate action, shall be consistent with previous decisions and positions of the Committee and shall be taken in such a manner as to preserve for the whole Committee as much discretion as practicable, including the right to revisit any action on the consideration of the whole Committee where practicable.

2.7.4    <u>Notice of Actions</u>.  In the event any action is taken by the Committee pursuant to this Section 2.7, Counsel shall immediately inform the Committee of such action.

2.8    <u>Ratification</u>.  Any action taken on behalf of the Committee pursuant to Sections 2.6 or 2.7 may be subsequently approved and ratified by the Committee's action at a subsequent,

properly noticed meeting, or by a written waiver obtained pursuant to Section 2.2.3. Any action so approved and ratified shall be deemed from its inception to have been fully authorized by, and binding upon, the Committee.

2.9    Adjournment.    A majority of Members present, whether or not constituting a quorum, may adjourn any meeting to another time and place. Notice of the time and place of the adjourned meeting shall be given before the time of the adjourned meeting to Members not present at the adjournment.

2.10    Ministerial Matters.    Subject to Section 2.6, the Chair, following consultation with Counsel, or Counsel, may act on behalf of the Committee on matters which are routine or administrative (and, in each case, are non-material), or, with respect to Counsel only, which are purely legal or procedural in nature; provided, however, that no action shall be taken by the Chair or Counsel on matters with respect to which any Member has requested full Committee consideration at any meeting of the Committee.

2.11    Rules of Procedure.    The Committee has elected not to adopt formal rules of conduct for each meeting other than these By-laws. Nevertheless, Counsel shall maintain minutes of the meetings, which shall include a list of the Members present and the Committee action with respect to any motion or resolution. The minutes shall be circulated to the Members for review and approval as soon as practicable. The Chair may in their discretion elect to conduct any meeting generally pursuant to a set of rules reasonably designed to expedite the business of the Committee or to promote a more orderly consideration and resolution of issues before the Committee. For the avoidance of doubt, the Chair shall have the right to vote on motions, propose motions, and participate as a full voting Member notwithstanding its position as Chair.

11

3. **CONFLICTS OF INTEREST.**

3.1     In the event that any matter under review or consideration by the Committee may involve a conflict of interest with respect to any Member and/or its professionals (the "Conflicted Member"), such Conflicted Member shall disclose such potential conflict of which it has knowledge and either (i) shall recuse itself from voting on the matter voluntarily or (ii) if determined by the Committee to involve a conflict of interest, may be excluded by vote of a majority of the Members then present and not subject to such conflict of interest from that portion of the meeting at which such matter is considered.  The existence of a conflict of interest with respect to any specific matter shall not disqualify a Member from participating in the Committee on any other matters, provided, however, the Committee may determine that a conflict is so substantial that the Member is a Conflicted Member as to all matters until the conflict is resolved.

3.2     Any Conflicted Member subject to an alleged conflict of interest shall be provided with a reasonable opportunity to be heard and to provide other Members with additional information and/or refute any allegations of its alleged conflict of interest prior to any Committee vote regarding such Conflicted Member's alleged conflict of interest.  Whether a conflict of interest exists as to a particular Member, its professionals or a group of Members will be determined on an individual basis, and each Member or its professionals shall have the opportunity to be heard and have the Committee vote in connection with its alleged conflict of interest.  In the event of a tied vote on whether a conflict of interest exists, Counsel shall break the tie.

3.3     For the purpose of a vote under this Section 3 to exclude a particular Member or its professionals from a meeting, that Member shall not be counted for a quorum and shall not be entitled to vote on whether or not a conflict of interest exists.  Consistent with the foregoing, the Conflicted Member having a conflict of interest shall not have access to summaries, analyses,

12

reports or work product prepared by the professionals of the Committee with respect to the matter in which the conflict of interest exists, except to the extent determined to be appropriate under the circumstances in the discretion of the Committee; provided, however, that best efforts will be made to share redacted versions of the foregoing materials when possible, upon the request of such Conflicted Member.  Notwithstanding the foregoing, the Conflicted Member who is alleged to have a potential conflict of interest shall be permitted to discuss with the Committee its views on the subject to which the conflict is asserted.

3.4     Each Member of the Committee retains the right to appear in the chapter 11 cases of the Debtors in respect of its own interests and to take a position different from that of the Committee, provided, however, that no Member shall purport to represent or speak for the Committee in connection therewith.  Nothing contained in these By-laws shall (i) prevent any Member from exercising or seeking to enforce or protect any of its rights as an individual creditor or other party-in-interest or (ii) otherwise affect the ability of any Member to act in its capacity as an individual creditor or other party-in-interest as it may deem appropriate, whether or not such actions are opposed by the Committee.

3.5     The Members hereby authorize the Committee Professionals, following appropriate direction by a majority of the Members entitled to vote on a particular matter, to investigate, analyze and, if authorized by the Court, prosecute any potential claim or cause of action that may be asserted by or on behalf of the Debtors or any of their affiliates against any entity including, without limitation, Members.

## 4.  CONFIDENTIAL MATERIALS.

4.1     All (a) non-public, confidential or proprietary information, documents and matters of whatever nature and kind, disclosed to the Committee, its Members, their respective counsel,

13

and the Committee Professionals, including information disclosed by the Debtors or their professionals to (i) the Committee that is designated "confidential" or (ii) the Committee Professionals under a confidentiality agreement ((i) and (ii) collectively, the "Debtor Confidential Material") whether oral or written, (b) information or documents generated by the Committee, or by any of the Committee Professionals, or by any Member, or counsel or advisor to any Member, for the use of the Committee, whether or not including information based on or containing Debtor Confidential Material (collectively, "<u>Privileged Information</u>"), and (c) communications and discussions (including each meeting of the Committee and any minutes thereof) among Members in their capacity as such and communications among Committee Professionals and the Committee, including information regarding specific positions taken by Members (collectively, "<u>Committee Communications</u>", and clauses (a), (b) and (c) are collectively referred to as the "<u>Confidential Committee Material</u>"), will, except as otherwise provided herein, in your capacity as a Member, be kept confidential and not be disclosed in any manner whatsoever (including via (i) e-mails used or maintained by you in personal or professional email account(s); (ii) text messages and instant messages via cellular telephone, iPhone, Android, BlackBerry, or any other wireless communication device, including, without limitation, messages on any platform or service maintained by or on behalf of BlackBerry, Yahoo, Google, Facebook, WhatsApp, Snap Chat, Telegram, Reddit, MySpace, and/or LinkedIn or any similar platform or service, in any form, maintained used or created by you; (iii) postings, streaming, comments, likes, statuses, messages, notes, tweets, wall posts, photos, videos, blogs or updates on your personal and professional social media profiles and pages, including, without limitation, BlackBerry, Yahoo, Google, Facebook, WhatsApp, Snap Chat, Telegram, Reddit, MySpace, and/or LinkedIn or any similar platform or service, in any form, maintained used or created by you) except in connection with the activities

or communications (in each case, subject to the confidentiality provisions hereof) undertaken by the Committee or a Member in its capacity as a Member in connection with the Debtors' chapter 11 cases or otherwise in furtherance of the Committee's duties set forth in sections 1102 and 1103 of the Bankruptcy Code; provided however, Members shall not be entitled to receive information or documents disclosed or provided by the Debtors to the Committee Professionals that are designated as "professional eyes only" so long as such information or documents remain designated as "professional eyes only."  Notwithstanding the foregoing, Confidential Committee Material shall not include information (i) that was in the possession of a Member on a non-confidential basis prior to the receipt of such information in its capacity as a Member, (ii) that is separately received on a non-confidential basis by a Member outside of that Member's capacity as a Member, (iii) that is or becomes available to the public generally other than as a result of a breach of any of the provisions of this Section 4, or (iv) that becomes independently available to a Member by a means other than service on or in connection with its membership on the Committee so long as the Member's receipt of such information is not governed, to such Member's knowledge, by any other confidentiality provisions or agreements; and provided further, however, that with respect to clauses (i) or (ii) above, such information became available to the public or was obtained from a source that the Member reasonably believes was not prohibited from disclosing such information publicly.   The Committee reserves the right to designate particular additional information as Confidential Committee Material on an *ad hoc* basis.

4.2     Notwithstanding anything to the contrary contained herein, the Committee shall be permitted to make public any Confidential Committee Material (other than specific positions taken by Members, Debtor Confidential Material or any material derived from or containing Debtor Confidential Material) upon the consent of a majority of the Members of the Committee, provided,

that, with respect to Privileged Information, the relevant privilege is held and controlled solely by the Committee.

4.3     Notwithstanding the foregoing, a Member (or if applicable, the Committee) may share or disclose any Confidential Committee Material covered herein: (a) with other Members of the Committee and such Members' representatives to the Committee and (b) with the Member's attorneys, financial consultants, outside auditors, other professionals, affiliates, members, partners, directors, officers, employees or agents for purposes of the Debtors' chapter 11 cases or for the purpose of rendering advice and guidance to the Member, provided, that (i) the person or entity receiving such disclosure is informed by such Member of the confidential nature of such information and agrees prior to such disclosure via written agreement to be bound by the provisions of this Section 4, and (ii) the Committee or the Counsel may, in its discretion, restrict the distribution of certain Confidential Committee Material; (d) with third parties, when a Member is obligated to do so by court order, judicial process, regulatory proceeding, or the rules of an applicable securities exchange or request of any congressional committee, joint committee, or subcommittee, with each such exception to be consistent with and subject to all laws and regulations pertaining to non-public information including public securities laws; and when a Member is served with a subpoena or other process requiring production of documents or disclosure of information that is privileged as to the Committee, such Member must provide written notice to Counsel in connection with Section 4.9 below; and (e) with third parties, provided that confidentiality agreements acceptable to the Committee are duly executed with such other parties, and approved by a Majority Vote.

4.4     Subject to the provisions hereof, it is understood that the mere possession of Confidential Committee Material by a Member or its representatives as a result of the Member's

membership on the Committee is not and would not, in and of itself, constitute a breach of this provision at any time that such Member or its representative takes any action with respect to such Member's claim.  Members and their representatives shall advise any party with whom they are permitted to communicate Confidential Committee Material of the confidential nature of the material and the business of the Committee.  Members and their representatives who are from time to time contacted by any party in interest in the Debtors' chapter 11 cases or are otherwise obligated to report to other creditors or entities may not impart any Confidential Committee Material other than in accordance with Section 4.3, but may impart to such persons any information regarding the Debtors that is not Confidential Committee Material.

4.5    Notwithstanding the resignation or removal of a Member, such Member shall continue to be bound by the confidentiality provisions of these By-laws.  Upon dissolution of the Committee, the confidentiality provisions of this Section 4 shall continue to bind any Member or former Member of the Committee and their representatives until the expiration of the time period set forth in Section **Error! Reference source not found.**, unless otherwise ordered by the Court. After the dissolution of the Committee or upon the earlier conclusion of a Member's role as a member of the Committee, a Member shall, at the written request of Counsel (with respect to Confidential Committee Material), use commercially reasonable efforts to promptly return to Counsel or certify in writing that the Member has used commercially reasonable efforts to destroy any Confidential Committee Material and any material based on Confidential Committee Material (including copies thereof); provided, however, that the Committee or its Members or advisors may retain any Confidential Committee Material that has been preserved on backup tapes or servers, as well as all analyses, compilations, forecasts, studies or other documents prepared by them or such other material to the extent required by internal policy (including customary internal document

retention policies) or applicable law or regulation (subject to the confidentiality provisions of this Section 4) (collectively the "Retained Information"). The Retained Information will continue to be subject to the terms of this Agreement.

4.6     Nothing in this Section 4 shall be deemed or construed to grant, waive, alter or affect Members' qualified immunity or similar protections under applicable law. No Member shall have any liability with respect to another Member's breach or alleged breach of the provisions contained herein.

4.7     Each Member agrees that Committee deliberations are sensitive and confidential and shall be treated as Committee Communications, as set forth herein. In the event that any Member is contacted by any representative of the Debtors concerning a matter under consideration by the Committee or likely to be the subject of a Committee deliberation or decision and that is not particular to that Member in its capacity as a party-in-interest in the Debtors' chapter 11 cases, such Member shall notify Counsel as soon as reasonably practical.

4.8     The Debtors are third party beneficiaries with respect to this Section 4 to the extent that the Confidential Committee Material constitutes Debtor Confidential Material or was derived from Debtor Confidential Material.

4.9     Notices. With respect to any required disclosure of Confidential Committee Material by a Member to a third party under Section 4.3 above, such Member shall promptly and prospectively advise Counsel of such prospective disclosure. The Member or its representatives requesting or proposing to make such disclosure of Confidential Committee Material and its representatives will reasonably cooperate with the Committee's efforts to obtain a protective order or other appropriate remedy; provided, however, that absent the timely entry of such a protective order or remedy, if the Member or its representatives, in their reasonable judgment after

18

consultation with Counsel, believe that they are required to disclose Confidential Committee Material, the Member or its representatives may disclose only that portion of the Confidential Committee Material that the Member or its representatives, in the reasonable exercise of their judgment after consultation with Counsel, believe that they are required to disclose and will exercise commercially reasonable efforts to obtain assurance that confidential treatment will be accorded to that portion of the Confidential Committee Material that is being disclosed.  For the avoidance of doubt, Members shall have no obligation to advise anyone of investigations or inquiries by governmental agencies or regulators, even though such investigations and inquiries may pertain to Confidential Committee Material.

4.10    Other Provisions.

4.10.1  Money damages would not be a sufficient remedy for any breach or threatened breach of Section 4 hereof and the Committee shall be entitled to specific performance and injunctive or other equitable relief for any such breach or threatened breach by appropriate action in the Court.

4.10.2  Any action brought in connection with Section 4 hereof shall be brought in the Court.

4.10.3  Any amendment of Section 4 hereof shall not be effective to modify, alter or diminish the obligation of the Members or their representatives to maintain the confidentiality of the Confidential Committee Material.

5.  **MISCELLANEOUS**

5.1    Subcommittees.  The Committee may appoint such subcommittees as it deems appropriate, and may delegate to any such subcommittees such powers and responsibilities as may be necessary or appropriate to accomplish the subcommittee's task.

5.2     <u>Communications with Creditors</u>.  Written communications by or on behalf of the Committee with any party in interest in the Debtors' chapter 11 cases shall be made by Counsel at the direction of a majority of the Members.  The form and substance of such communications shall be approved by the Committee, but specific language need not be so approved.

5.3     <u>Media Communications</u>.  Subject to review and approval in advance by the Committee, communications with the media with respect to Committee views or positions shall be made only by the Chair, Counsel, or such Member(s) designated by a majority of the Members to communicate with the media.

5.4     <u>Expenses</u>.  The Committee shall seek reimbursement from the Debtors and their estates for the reasonable expenses of the Members incurred in connection with Committee business.  Reasonable expenses shall include travel expenses for meetings for one designated individual for such Member and for one other agent or representative, conference video and telephone calls, and such other expenses customarily covered by section 503 of the Bankruptcy Code, <u>provided</u>, <u>however</u>, that reimbursable expenses shall not include the legal fees and expenses of counsel and advisors to Members.  Members seeking reimbursement for allowed expenses shall transmit to Counsel, not less frequently than every three months, its itemized list of reimbursable expenses, and shall, on request of Counsel, sign any necessary pleadings, documents or declarations reasonably required to obtain such reimbursement.  Notwithstanding the foregoing, Members preserve their rights under section 503 of the Bankruptcy Code.

5.5     <u>Fiduciary Duties; Individual Rights</u>.  Although all Members acknowledge that they are acting in a fiduciary capacity as defined by law, nothing contained in these By-laws shall, subject to the confidentiality provisions herein, prevent any Member (or agent of such Member)

from exercising or seeking to enforce or protect any of its rights as an individual creditor or other party in interest in these cases, as it may deem appropriate.

5.6     Adoption; Amendment of By-laws.  These By-laws shall be adopted, and thereafter may be amended or repealed, or the effect of any section waived, only by a vote of the majority of the Members of the Committee.

5.7     New Members.  To the extent that the U.S. Trustee or the Court appoints a new member to the Committee, such member shall adopt and agree to these By-laws and shall execute the signature page to these By-laws attached at **Exhibit A** promptly.

5.8     Third-Party Beneficiary.  Nothing in these By-laws shall be construed as conferring upon any third party any third-party beneficiary status, including any right of enforcement of the provisions hereof.

5.9     Execution of these By-laws.  These By-laws may be executed in any number of counterparts, each of which shall constitute an original, and all such counterparts shall constitute one and the same instrument.  Delivery of an executed counterpart of a signature page to these By-laws by facsimile or scanned attachment to an email shall be as effective as delivery of a manually-executed counterpart of a signature page of these By-laws.

*[Signature pages follow]*

21

**Exhibit A**

Adopted, as of ___08/01/2022___, 2022

[●]

By: _____

Name: Caroline Warren
Title: Dir. of Sales NA Natural Habitats
Date: August 1, 2022

Adopted, as of _____, 2022


By:  /s/ *Christopher Coco*_____
Name: Christopher Coco
Title:
Date: 8/1/22

Adopted, as of 2 August, 2022

[●]

By: _____

Name:  Mark T. Robinson

Title:

Date: 2 August 2022

Adopted, as of _____, 2022

[●]

By: _Scott Duffy_____

Name: Scott Duffy

Title: CEO ICB solutions INC

Date: 08/1/2022

Adopted, as of Aug 1st , 2022

[●]

By: _____

Name: Andrew Yoon

Title:

Date: Aug 1st 2022

Adopted, as of _____8/2/_____, 2022

[•]

By: _____        Thomas DiFiore

Name:

Title:        Committe Member

Date:
            8/2/2022

27

Adopted, as of 2August _____, 2022

[•]

By: _Keith S. Noyes_

Name: Keith S Noyes

Title: Chief Risk and Compliance Officer, Covario AG

Date: 2 August 2022