JASON B. BINFORD
Texas Bar No. 24045499
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
jason.binford@oag.texas.gov
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter: 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

### JOINDER OF THE TEXAS STATE SECURITIES BOARD
### TO THE MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY
### OF AN ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER

The Texas State Securities Board (the "SSB"), by and through the Office of the Texas Attorney General, hereby files this Joinder (the "**Joinder**") to the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [D.E. 546] (the "**Motion**"). In support of the Joinder, the SSB respectfully states as follows:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms not otherwise defined or provided herein have the meanings ascribed to them in the Motion or D.E. 23 (the "First Day Declaration.").

1

**OVERVIEW**

1. The SSB supports the request of William K. Harrington, United States Trustee for Region 2 ("**U.S. Trustee**"), to appoint an examiner pursuant to 11 U.S.C. § 1104(c). Due to the history of mismanagement by the Debtors, the lack of transparency into the financial condition and assets of the Debtors both pre-petition and since the filing of the bankruptcy case, and the continued regulatory investigations that are ongoing in more than 40 states, including Texas, the appointment of an examiner with specific guidelines as to their duties is not only appropriate and in the best interest of creditors, but mandatory pursuant to 11 U.S.C. § 1104(c) as well.

**FACTUAL BACKGROUND**

2. The Debtors are young companies operating in a novel and complex, global cryptocurrency-based business.[3] The Debtors' corporate structure includes fifteen (15) non-debtor affiliates that operate in various parts of the world. The companies act in a custodial capacity and as an investment vehicle, brokerage account, and a lending institution.[4] The Debtors have 300,000 active users and hold $6.0 billion of cryptocurrency assets. Customers sign up for an account on the Debtors' digital platform, transfer their crypto assets to the companies in order to leverage their assets, and enter into a contract whereby the Debtors, in their full discretion, gain right and title to customer assets and are permitted to comingle those assets to "pledge, re-pledge, hypothecate, rehypothecate, sell, lend, or otherwise transfer or use any amount of such assets… for any period of time…."[5]

3. Well before June 2022, and thereafter, the Debtors had many indications of the upcoming serious financial issues. Nevertheless, just days before pausing customers' withdrawals, the Debtors continued to indicate that the companies were in good standing.

4. As an example, on June 7, 2022, Celsius, through its internet blog, posted an article

---

[3] *See generally,* First Day Declaration.
[4] *See id.* at pp. 2-5.
[5] *See id.* at pp 2-3.

2

titled "*Damn the Torpedoes, Full Speed Ahead*" in which the company made statements indicating viability and stability of the company.[6] Statements include, "[a]t this already challenging time, it's unfortunate that vocal actors are spreading misinformation and confusion. They have tried unsuccessfully, for example, to link Celsius to the collapse of Luna and falsely claim that Celsius sustained significant losses as a result." But see the Declaration of Alex Mashinsky, filed on July 14, 2022, in which he directly links the collapse of 3AC to the Luna collapse, which directly impacted Celsius.[7]

5.  Further, as an example of misleading communications by the Debtors, in the June 7, 2022 blog post, the Debtors assure customers that "[w]e have not had any issues meeting withdrawal requests. Celsius honors all withdrawals as quickly as possible..."[8] Just five (5) days later, the debtors paused withdrawals.[9] On June 28, 2022, Debtors hired restructuring counsel, and on July 13, 2022, filed the present bankruptcy case.

## PROCEDURAL BACKGROUND

6.  The Debtors commenced these cases on July 13, 2022, (the "Petition Date") and continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**").[10]

7.  On July 27, 2022, the U.S. Trustee appointed the Official Creditors' Committee (the "**Committee**").[11]

8.  On August 18, 2022, the U.S. Trustee filed the Motion. Responses to the Motion are due by September 7, 2022. A hearing is scheduled on the Motion on September 14, 2022 at 2:00 p.m. (E.S.T.) ("**Hearing**").

---

[6] https://blog.celsius.network/damn-the-torpedoes-full-speed-ahead-4123847832af
[7] *See* D.E. No. 23, para. 112.
[8] https://blog.celsius.network/damn-the-torpedoes-full-speed-ahead-4123847832af
[9] *See* D.E. No. 23, para. 126.
[10] *See* D.E. No. 1.
[11] *See* D.E. No. 241.

3

**JOINDER**

9.  Regulators in at least forty (40) states are currently investigating the Debtors' pre-petition investment activities, including Alabama, Kentucky, New Jersey, Washington, Idaho, and Texas. Prior to the Petition Date, securities regulators in Texas, New Jersey, Alabama, Washington, and Kentucky ordered the Debtors to cease offering unregistered securities.[12]

10. The SSB has requested information and documentation from the Debtors to which responses have been slow or incomplete, despite their representations to the Court and to the public of an intent to reorganize and continue operations post-emergence from bankruptcy.

11. The representations of the Debtors regarding their financial status in the bankruptcy case have been inconsistent at best. The Debtors have filed inconsistent budgets/cash flow statements,[13] failed to accurately disclose bank accounts,[14] and have not yet filed Schedules or Statements. As asserted by the U.S. Trustee, the financial irregularities and extensive mistrust of the Debtors by customers *and regulators* warrants the appointment of an independent and disinterested examiner.

12. The SSB would further posit that while the issue of the ultimate cost of an examiner is a factor for this Court to consider in this case, unique because the majority of creditors are individual consumers, the Court may limit the examiner's duties to those that compliment the work of the Unsecured Creditors Committee. The SSB is appreciative of the work being done by the Committee to clear the murky waters that are the Debtors' operations and assets, but believe a neutral third party will increase transparency in the present case. Further, an examiner may be more efficiently able to coordinate information requests by and dissemination to various parties in the case, including the Committee, state and federal regulators, creditors, and other parties in interest.

---

[12] https://www.cnbc.com/2022/06/16/state-securities-regulators-investigating-celsius-accounts-freeze.html
[13] *See* D.E. 447; D.E. 479, page 24; and D.E. 720.
[14] *See* D.E. 479, page 22.

## **RESERVATION OF RIGHTS**

13. The SSB reserves the right to supplement this Joinder at or prior to the Hearing, or any other relevant hearing.

## **PRAYER**

WHEREFORE premise considered, the SSB requests that an examiner be appointed pursuant to 11 U.S.C. § 1104(c), and grant such other and further relief, both at law and in equity, to which the SSB may justly be entitled.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 7, 2022,	Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
JASON B. BINFORD
Texas State Bar No. 24045499
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas State Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar No. RD8227
Texas Bar No. 24095553
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
jason.binford@oag.texas.gov
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on September 7, 2022.

                              */s/ Layla D. Milligan*
                              LAYLA D. MILLIGAN