**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by and among: (a) the debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "Debtors"); (b) certain of the Debtors' creditors and other constituents that are signatories to this Order; and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (a "Declaration"). Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "Party," and, collectively, as the "Parties." The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

## **Recitals**

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to contested matters, adversary proceedings and other disputes (each a "Dispute" and, collectively, the "Disputes"), arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court (the cases commenced by such petitions, the "Chapter 11 Cases");

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 discovery, or service of document requests, interrogatories, depositions, and other discovery requests (collectively, "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Cases;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below) in connection with Disputes during the course of the Chapter 11 Cases:

1.      The Parties shall submit this Order to the Court for approval.  The Parties shall abide by the terms of this Order even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Bankruptcy Rules.

### Scope of Order

3.      This Order applies to all information, documents and things exchanged in or subject to discovery that is produced either by a Party or a non-Party (each a "Producing Person"), to any other Party (a "Receiving Party"), formally or informally, in response to or in connection with any Discovery Requests served in the Chapter 11 Cases, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

4.      Persons who have not signed this Order or executed **Exhibit A** shall not be permitted to review Confidential Material or Highly Confidential Material unless either (i) the person designating the Confidential or Highly Confidential Material consents in writing, or (ii) after a request to such designating person is declined, the Court grants the party seeking to review Confidential Material or Highly Confidential Material permission to review such material following notice and a hearing.

5.      This Order applies to all non-Parties that are served with subpoenas in connection with a Dispute or who otherwise produce documents or are noticed for depositions with respect to a Dispute, and all such non-Parties are entitled to the protections afforded hereby and subject to

3

the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms

of this Order.

6.      Any Party or its counsel serving a subpoena upon a non-Party, which subpoena

requires the production of documents or testimony, shall serve a copy of this Order along with

such subpoena and instruct the non-Party recipient of such subpoena that such non-Party may

designate documents or testimony in a Dispute produced pursuant to such subpoena according to

the provisions herein.

<u>**Designating Discovery Material**</u>

7.      Any Producing Person may designate Discovery Material as "Confidential

Material" or "Highly Confidential Material" (any such Discovery Material, "<u>Designated

Material</u>") in accordance with the following provisions:

> a.      <u>Confidential Material:</u> A Party may designate Discovery Material as
> "Confidential" if such Party believes in good faith (or with respect to
> documents received from another person, has been reasonably advised by
> such other person) that: (i) such Discovery Material (A) constitutes or
> contains nonpublic proprietary or confidential technical, business, financial,
> personal or other information of a nature that can be protected under
> Bankruptcy Rules 7026 and 9014 and Federal Rule 26(c) or Bankruptcy
> Rule 9018 or (B) is subject by law or by contract to a legally protected right
> of privacy; or (ii) a Producing Person (A) is under a preexisting obligation
> to a third-party to treat such Discovery Material as confidential or (B) has
> in good faith been requested by another Party or non-Party to so designate
> such Discovery Material on the grounds that such other Party or non-Party
> considers such Discovery Material to contain information that is
> confidential or proprietary to such Party or non-Party.

> b.      <u>Highly Confidential Material:</u> A Party may designate Discovery Material as
> "Highly Confidential" if such Party believes in good faith (or with respect
> to documents received from another person, has been reasonably advised
> by such other person) that such Discovery Material constitutes or includes
> Highly Confidential Discovery Material that is of such a nature that a risk
> of competitive injury or consumer harm would be created if such Discovery
> Material were disclosed to persons other than those identified in Paragraph
> 12 of this Order, such as trade secrets, sensitive financial or sensitive
> business information, or personal identifiable information, and only to the

4

extent that the Party believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted.

    c.    <u>Undesignated Material:</u> Subject to the rights and obligations of the Parties under Paragraphs 9, 10, and 23 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material.

    8.    <u>Manner Of Designating Discovery Material:</u> Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Person as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such material is not practicable, such as with certain native file documents, such material may be designated as "Confidential" or "Highly Confidential" by including such terms in the file name thereof. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential" shall be treated as "Confidential" or "Highly Confidential" pursuant to this Order notwithstanding such Discovery Material not bearing such markings. A Party that was not the Producing Person may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Highly Confidential." In all cases, the designation of Discovery Material as "Confidential" or "Highly Confidential" shall constitute a representation that there is a good-faith basis for that designation.

    9.    <u>Late Designation of Discovery Material:</u> The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>"). If Discovery Material produced without a designation is subsequently designated as Designated Material,

arrangement will be made for the destruction of such Misdesignated Material, for the return to the Producing Person of all copies of such Misdesignated Material, and/or for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Person, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation. Nothing in this provision prevents a party from challenging any late designations to alleged Misdesignated Materials in accordance with paragraph 25 hereof.

## Use and Disclosure of Confidential or Highly Confidential Material

10.    <u>General Limitations On Use And Disclosure Of All Discovery Material:</u> All Discovery Material shall be used by the Receiving Parties solely for the purposes of a Dispute or the Chapter 11 Cases, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial or administrative purpose or function.

11.    <u>Confidential Material:</u> Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a.    the Debtors;

6

b.     any Party, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to any Dispute;

c.     the Official Committee of Unsecured Creditors (the "Committee");

d.     any professionals retained by the Debtors or the Committee under 11 U.S.C. § 328, or other industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Debtors or the Committee in connection with the Chapter 11 Cases;

e.     the U.S. Trustee; and

f.     any other persons specified in Paragraph 12 below.

12.    <u>Highly Confidential Material:</u> Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a.     outside counsel, and staff working under the express direction of such counsel, for:

(i)     the Debtors;

(ii)     the Committee;

(iii)     any Party; and

(iv)     the U.S. Trustee.

b.     industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) or other advisors that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases (including any professionals retained by the Committee);

c.     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d.     for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, <u>provided, however,</u> that such Highly Confidential Material can only be shared with such person in

7

connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

e.       any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm to the Producing Person and would not cause harm to the witness or the witness' employer, for example, by revealing material non-public information to the witness;

f.       outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases;

g.       court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or these Chapter 11 Cases;

h.       the Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

i.       any other person or entity with respect to whom the Producing Person may consent in writing.

13.     <u>Designated Material To Be Disclosed Only In Accordance With Paragraphs 11 and 12:</u> Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 12 of this Order.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 11 of this Order.

14.     <u>Prerequisite To Disclosure Of Designated Material:</u> Before any person or their representative identified in Paragraph 12(b), 12(d), 12(e), or 12(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **<u>Exhibit A</u>** annexed hereto.  Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated

Material to the person who was provided such access.  Such executed Declarations shall not be subject to disclosure unless a showing of good cause is made and the Court so orders.

15.     <u>Sealing of Designated Material Filed With Or Submitted To Court</u>: Unless otherwise agreed by the Producing Person, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules, such as by redacting Designated Material in pleadings, briefs, declarations, and memoranda, and replacing exhibits that constitute Designated Material with a placeholder, and providing unredacted and complete copies of all such submissions to all Parties to this Order and to the Court; <u>provided</u>, <u>however</u>, that Parties shall have seven (7) days after the filing of Designated Material under seal to file any motion to seal in connection with such filing.

16.     <u>Use of Discovery Material In Open Court:</u> The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 48 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such

Designated Material, then the Producing Person bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

## Depositions

17.    <u>Deposition Testimony - Manner Of Designation:</u> In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

    a.    Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

    b.    Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter; such written notice shall, in all circumstances, be provided at least one (1) day before any such hearing on related issues. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 21 below. Until expiration of the aforesaid seven (7) day or three (3) business day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential unless otherwise designated by counsel to any Party or non-Party on the record at the deposition.

18.    <u>Designated Material Used As Exhibits During Depositions:</u> Nothing in Paragraph 17 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

19.     <u>Presence Of Persons During Deposition Testimony:</u> Anyone who is not counsel to a Party and who wishes to attend a deposition must become a Party to this Order prior to such deposition.  When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

20.     <u>Responsibilities And Obligations Of Court Reporters:</u> In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.  If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

<b><u>General Provisions</u></b>

21.     This Order is a procedural device intended to protect Discovery Material designated as Designated Material.  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

22.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further

protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice.

23.    <u>Unauthorized Disclosure Of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

24.    <u>Manner Of Objecting To Designated Material</u>: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Person in writing, and then confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  If within 5 days after receipt of an objection in writing, the Producing Party does not agree to change the designation of the Discovery Material, the Receiving Party may seek expedited relief from the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential"

designation from any Discovery Material so designated.  In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" designation, the Producing Person shall bear the burden of proof.

25.     Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Person of Discovery Material as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at trial.

26.     Inadvertent Production Of Privileged Discovery Material: The inadvertent production of privileged or work-product protected documents, electronically stored information, or information (the "Inadvertently Produced Privileged Information") is not a waiver of the privilege or protection from discovery.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Person requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information.  If the Receiving Party disputes

the privilege claim, it must notify the Producing Person of the dispute and the basis therefore in writing within five (5) days of receipt of the Producing Person's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies on an expedited basis. The Producing Person must preserve the Inadvertently Produced Privileged Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved. If a Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall within a reasonable period of time notify the Producing Person and sequester the material until the Producing Person has had a reasonable opportunity to respond.

27. <u>Obligations Following Conclusion Of The Disputes:</u> Within ninety (90) days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy, including all appeals as to all Parties, all Parties shall, upon the request of the Producing Person, take all commercially reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Discovery Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic document management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; <u>provided</u> that such retained documents will continue to be treated as provided in this Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in

accordance with this paragraph, that Receiving Party shall, if requested by the Producing Person, verify such destruction in writing to counsel for the Producing Person. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

28. <u>Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order:</u> The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy for any retained Discovery Material. The final termination of the Disputes or the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce this Order.

29. <u>Amendment Of Confidentiality Agreement And Stipulated Protective Order:</u> Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time. The Parties may also agree by written stipulation to amend the provisions of this Order, subject to Court approval, and shall abide by the terms of the proposed amendment unless and until the Court orders otherwise.

30. <u>Disclosure Of Discovery Material In Other Proceedings:</u> Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Person's Discovery Material: (i) shall promptly notify the Producing Person (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be

disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

31.     <u>Use Of Discovery Material By Producing Person:</u> Nothing in this Order affects the right of any Producing Person to use or disclose its own Discovery Material in any way.

32.     <u>Objections To Discovery Requests:</u> Nothing herein shall be deemed (a) to prevent a Party or non-Party from objecting to Discovery Requests for any reason or asserting that information being sought in Discovery Requests is of such a confidential, personal or proprietary nature that discovery should not be afforded or (b) to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

33.     <u>Obligations Of Parties:</u> Nothing herein shall relieve a party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

34.     <u>Advice Of Counsel:</u> Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

35.     <u>Enforcement:</u> The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.  This Court retains jurisdiction to interpret and enforce this Order as to any Party.

36.    <u>Notice</u>: When notice is permitted or required by the provisions hereof, such notice

shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the

corresponding addresses and email addresses indicated below, and to counsel of any non-Party

receiving such notice.  Notice shall be delivered by email and may also be delivered by first-class

mail, Federal Express (or an equivalent delivery service), or hand delivery, and shall be effective

upon receipt.

37.    For avoidance of doubt, the confidentiality provisions of this Confidentiality

Agreement and Stipulated Protective Order do not limit the authority of the Court, on motion of a

party in interest or *sua sponte*, to determine whether confidential treatment is appropriate when

documents or testimony are proposed to be used in Court, whether in motion practice or during

trial.

**SO STIPULATED**:

New York, New York
Dated: September 7, 2022

*/s/ Samuel P. Hershey*

**White & Case LLP**
David M. Turetsky
Samuel P. Hershey
Keith H. Wofford
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email:    david.turetsky@whitecase.com
            sam.hershey@whitecase.com
            kwofford@whitecase.com

-and-

Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60654
Telephone:    (312) 881-5400

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
            ross.kwasteniet@kirkland.com

Facsimile:      (312) 881-5450
Email:          mandolina@whitecase.com
                gregory.pesce@whitecase.com

-and-

Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90012
Telephone:      (213) 620-7700

Facsimile:      (213) 452-2329
Email:          aaron.colodny@whitecase.com


*Proposed Counsel to the Official Committee
of Unsecured Creditor*

- and -

Judson Brown (admitted *pro hac vice*)
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:      (212) 446-4800
Facsimile:      (202) 389-5200
Email:          jdbrown@kirkland.com
*Proposed Counsel to the Debtors and
Debtors in Possession*

**IT IS SO ORDERED.**

Dated:   September 13, 2022
              New York, New York


            /s/ Martin Glenn
              MARTIN GLENN
         Chief United States Bankruptcy Judge

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | ) |
| | ) Case No. 22-10964 (MGH) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY
THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury (this "Declaration") that:

1.    My address is_____.

2.    My present employer is_____.

3.    My present occupation or job description is _____

_____.

4.    I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order [D.I. ●] (the "Order") relating to the Disputes between Debtors and certain of the Debtors' creditors and other constituents that are signatories to the Order.  All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order.  I further certify that I will not use Discovery Material for any purpose other than the Disputes and the Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material.  I agree to be bound by the terms and conditions of the Order.

5.    I understand that I am to retain in confidence from all individuals not expressly permitted to receive Discovery Material, whether at home or at work, all copies of any Discovery

Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Discovery Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.　　　I acknowledge and agree that I am aware that by receiving Discovery Material (a) I may be receiving material non-public information about companies and (b) there exist laws which may restrict or prohibit investments related to such companies as a result of the receipt of such information.　Notwithstanding the foregoing, no provision of this Declaration or the Order shall constitute a finding under the federal securities laws or be construed as an admission by any Party as to whether crypto tokens or transactions involving crypto tokens are securities or whether federal or state securities laws apply to any of the Debtors' activities.

7.　　　I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____        Signature: _____