| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF FURTHER REVISED**
**PROPOSED ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF AKIN GUMP STRAUSS HAUER & FELD LLP**
**AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

**PLEASE TAKE NOTICE** that on August 8, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

KE 90161661

*Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 392] (the "Application").

**PLEASE TAKE FURTHER NOTICE** that on August 31, 2022, the Debtors filed a revised proposed *Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 656] (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a further revised proposed *Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* attached hereto as **Exhibit A** (the "Further Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Further Revised Proposed Order and the Revised Proposed Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| New York, New York<br>Dated: September 13, 2022 | /s/ Joshua A. Sussberg<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                    ross.kwasteniet@kirkland.com<br>                    chris.koenig@kirkland.com<br>                    dan.latona@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |

## Exhibit A

**Further Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF AKIN GUMP STRAUSS HAUER & FELD LLP
AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for entry of an order (this "Order") pursuant to Bankruptcy Code sections 327(e), 328(a) and 1107(b), authorizing the Debtors to retain and employ Akin Gump Strauss Hauer & Feld LLP as special litigation counsel effective as of the Petition Date and granting related relief, all as further described in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that no other or further notice is necessary; and the Court having reviewed the Application, the Declarations and the *Supplemental Declaration of Mitchell Hurley in Support of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

*the Debtors' Application Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 649] (the "Supplemental Declaration") and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is granted as set forth herein.

2. Pursuant to Bankruptcy Code sections 327(e), 328(a) and 1107(b), the Debtors are authorized to retain and employ Akin Gump as their special litigation counsel effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as Exhibit 1.

3. Retention pursuant to Bankruptcy Code section 327(e) is appropriate given the specific scope of the proposed retention.

4. Akin Gump shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court.  Akin Gump shall not seek, without further order of the Court, reimbursement from the Debtors' estates for any fees incurred in defending any of Akin Gump's fee applications in these Chapter 11 Cases.

5. Akin Gump is authorized without further order of the Court to reserve and apply amounts held on account against any outstanding fees and expenses incurred on or prior to the

Petition Date, consistent with its ordinary course billing practices. Thereafter, Akin Gump shall apply any remaining amounts from its prepetition advance payment as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Akin Gump.

6.    Akin Gump shall file a notice with this Court and give not less than ten (10) business days' notice to the Debtors, the U.S. Trustee and the Committee prior to implementing any increases in its rates, other than as already set forth in the Hurley Declaration, in these Chapter 11 Cases. The notice shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtors have consented to such rate increases. Except with respect to the rates disclosed in the Hurley Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7.    To the extent the Debtors wishes to expand the scope of Akin Gump's services beyond those services set forth in the Application or this Order, the Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and, to the extent necessary, any supplemental declaration in support thereof, and serve such notice on the U.S. Trustee, the Committee and any party requesting notice under Bankruptcy Rule 2002. The Debtors shall provide all such parties with not less than fourteen (14) days' notice of the Proposed Additional Services and an opportunity to object (the "Objection Deadline"). If no such party files an objection by the Objection Deadline, the Proposed Additional Services and the underlying engagement agreement, if any, may be approved by the Court by further order without further notice or hearing.

8. Akin Gump shall use its best efforts to avoid any unnecessary duplication of services provided by any of the Debtors' retained professionals in these Chapter 11 Cases.

9. The Debtors and Akin Gump are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Akin Gump shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

11. To the extent that the Court does not grant certain of the relief requested in the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344] or other motion seeking to authorize the sealing of information, the Debtors shall file, as soon as reasonably practicable thereafter, unredacted versions of any declaration or other supplemental disclosure to the extent necessary to comply with such rulings by the Court.

12. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. To the extent the Application, the Declarations, the Supplemental Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for entry of an order (this "Order") pursuant to Bankruptcy Code sections 327(e), 328(a) and 1107(b), authorizing the Debtors to retain and employ Akin Gump Strauss Hauer & Feld LLP as special litigation counsel effective as of the Petition Date and granting related relief, all as further described in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that no other or further notice is necessary; and the Court having reviewed the Application, the Declarations and the *Supplemental Declaration of Mitchell Hurley in Support of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

*the Debtors' Application Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. ~~__~~649] (the "Supplemental Declaration") and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is granted as set forth herein.

2. Pursuant to Bankruptcy Code sections 327(e), 328(a) and 1107(b), the Debtors are authorized to retain and employ Akin Gump as their special litigation counsel effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as Exhibit 1.

3. Retention pursuant to Bankruptcy Code section 327(e) is appropriate given the specific scope of the proposed retention.

4. Akin Gump shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court. Akin Gump shall not seek, without further order of the Court, reimbursement from the Debtors' estates for any fees incurred in defending any of Akin Gump's fee applications in these Chapter 11 Cases.

5. Akin Gump is authorized without further order of the Court to reserve and apply amounts held on account against any outstanding fees and expenses incurred on or prior to the

Petition Date, consistent with its ordinary course billing practices. Thereafter, Akin Gump shall apply any remaining amounts from its prepetition advance payment as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Akin Gump.

6. Akin Gump shall file a notice with this Court and give not less than ten (10) business days' notice to the Debtors, the U.S. Trustee and the Committee prior to implementing any increases in its rates, other than as already set forth in the Hurley Declaration, in these Chapter 11 Cases. The notice shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtors have consented to such rate increases. Except with respect to the rates disclosed in the Hurley Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7. To the extent the Debtors wishes to expand the scope of Akin Gump's services beyond those services set forth in the Application or this Order, the Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and, to the extent necessary, any supplemental declaration in support thereof, and serve such notice on the U.S. Trustee, the Committee and any party requesting notice under Bankruptcy Rule 2002. The Debtors shall provide all such parties with not less than fourteen (14) days' notice of the Proposed Additional Services and an opportunity to object (the "Objection Deadline"). If no such party files an objection by the Objection Deadline, the Proposed Additional Services and the underlying engagement agreement, if any, may be approved by the Court by further order without further notice or hearing.

8. Akin Gump shall use its best efforts to avoid any unnecessary duplication of services provided by any of the Debtors' retained professionals in these Chapter 11 Cases.

9. The Debtors and Akin Gump are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Akin Gump shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

11. To the extent that the Court does not grant certain of the relief requested in the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344] or other motion seeking to authorize the sealing of information, the Debtors shall file, as soon as reasonably practicable thereafter, unredacted versions of any declaration or other supplemental disclosure to the extent necessary to comply with such rulings by the Court.

~~11.~~12. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

~~12.~~13. To the extent the Application, the Declarations, the Supplemental Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

4

13.14.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.15.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2022

                                            THE HONORABLE MARTIN GLENN
                                            CHIEF UNITED STATES BANKRUPTCY JUDGE