**Hearing Date and Time**: November 1, 2022 at 11:00 a.m. EDT
**Objection Deadline**: October 25, 2022 at 4:00 p.m. EDT

JENNER & BLOCK LLP
Catherine L. Steege (*pro hac vice* application pending)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Proposed Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON EXAMINER'S**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF JENNER & BLOCK LLP**
**AS ATTORNEYS FOR THE EXAMINER EFFECTIVE AS OF SEPTEMBER 29, 2022**

PLEASE TAKE NOTICE that a hearing on the *Examiner's Application for Entry of an Order Authorizing the Employment and Retention of Jenner & Block LLP as Attorneys Effective as of September 29, 2022* (the "**Application**") will be held on November 1, 2022 at 11:00 a.m.,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

prevailing Eastern Time (the "**Hearing**"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 521]; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by October 25, 2022, at 4:00 p.m., prevailing Eastern Time, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "**Debtors**") at https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in the subject matter of the Application.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely

objection may result in entry of a final order granting the Application as requested by the Examiner.

PLEASE TAKE FURTHER NOTICE that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 3, 2022
      Chicago, Illinois                     Respectfully submitted,

                                      JENNER & BLOCK LLP

                                      By: */s/ Vincent E. Lazar*
                                      Catherine L. Steege (*pro hac vice* application
                                        pending)
                                      Vincent E. Lazar
                                      353 N. Clark Street
                                      Chicago, IL 60654
                                      (312) 222-9350
                                      vlazar@jenner.com
                                      csteege@jenner.com

                                      Richard Levin
                                      Kayvan Sadeghi
                                      1155 Avenue of the Americas
                                      New York, NY 10036
                                      (212) 891-1600
                                      rlevin@jenner.com
                                      ksadeghi@jenner.com

                                    *Proposed Counsel to the Examiner*

JENNER & BLOCK LLP
Catherine L. Steege (*pro hac vice* application pending)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Proposed Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**EXAMINER'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF JENNER & BLOCK LLP AS ATTORNEYS
FOR THE EXAMINER EFFECTIVE AS OF SEPTEMBER 29, 2022**

Shoba Pillay, Examiner in these chapter 11 cases, files this application (the "**Application**")

for entry of an order, substantially in the form attached hereto as **Exhibit A** approving the

employment of Jenner & Block LLP as her attorneys effective as of September 29, 2022. In support

of this Application, the Examiner relies upon and incorporates by reference the *Disinterestedness*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Declaration of Shoba Pillay* [Dkt. 921-1] (the "**Disinterestedness Declaration**"), attached as Exhibit 1 to the *United States Trustee's Application for Order Approving Appointment of Examiner* ("**Examiner Application**") [Dkt. 921]; the *Declaration of Shoba Pillay Regarding Terms of Employment of Jenner & Block* attached to this Application as **Exhibit B** (the "**Employment Declaration**," and together with the Disinterestedness Declaration, the "**Pillay Declarations**"); and the *Declaration of Vincent E. Lazar* (the "**Lazar Declaration**") attached to this Application as **Exhibit C**, and respectfully represents:

### Jurisdiction, Venue and Authority

1.     This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.     The bases for the relief requested in this Application are sections 327(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"); and the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. 820] (the "**Examiner Order**"), which provides in part: "[t]he Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." (Examiner Order ¶ 10.)

2

**Background**

3.     On July 13, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their affairs as debtors and debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On August 17, 2022, this Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 521] (the "**Interim Compensation Order**").

5.     On August 18, 2022, the United States Trustee filed a motion seeking appointment of an examiner. [Dkt. 546.]

6.     On September 14, 2022, the Court entered the Examiner Order, directing the appointment of an examiner under section 1104(c) to investigate:

   a.   "the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored postpetition and whether different types of accounts are commingled";

   b.   "why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a 'Withhold Account'";

   c.   "the Debtors' procedures for paying sales taxes, use taxes, and value added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto"; and

   d.   "the current status of the utility obligations of the Debtors' mining business."

(Examiner Order ¶ 3.)

3

7.      The Examiner Order also directed the examiner to "otherwise perform the duties of an examiner set forth in §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code," subject to the terms of the Examiner Order. (*Id.*)

8.      On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed a notice of the appointment [Dkt. 920] and the Examiner Application. Also on September 29, 2022, this Court entered an order approving the appointment of the Examiner. [Dkt. 923.]

9.      Paragraph 10 of the Examiner Order authorizes the Examiner to retain counsel and other professionals subject to Court approval under Bankruptcy Code section 327(a).

## Relief Requested

10.      By this Application, the Examiner requests entry of an order under Bankruptcy Code section 327 and the Examiner Order, and in accordance with Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, and this Court's Interim Compensation Order, approving the employment of Jenner & Block as the Examiner's attorneys to represent and assist the Examiner in carrying out her duties. The Examiner seeks the approval effective as of September 29, 2022, the date on which Court appointed the Examiner. The Examiner requests that Jenner & Block be retained to perform the services described, and on the terms set forth, in this Application.

## Jenner & Block's Qualifications

11.      The Examiner seeks the appointment of Jenner & Block to represent her and assist her in carrying out her duties because of Jenner & Block's extensive investigative and bankruptcy experience, expertise, and resources.

12.     Jenner & Block has nearly 500 lawyers in offices in Chicago, Illinois; Los Angeles, California; New York, New York; San Francisco, California; Washington, D.C.; and London, United Kingdom.[2] Jenner & Block's attorneys have a broad range of experience in conducting investigations, including investigations in complex bankruptcy cases.

13.     Jenner & Block's Investigations, Compliance, and Defense practice group is one of the country's premier practices in the field of investigations. Its members have conducted internal investigations for publicly held corporations, privately held corporations and governmental entities across the United States and abroad. The group's members include a former United States Attorney; the former Principal Deputy Assistant Attorney General for the Criminal Division of the United States Department of Justice (DOJ); the former Presidentially appointed first Special Inspector General of the historic Troubled Asset Relief Program (TARP); 10 former assistant United States Attorneys and several former supervisors of United States Attorney's offices; and the former Associate Attorney General of the United States.

14.     Jenner & Block also has significant experience conducting investigations in connection with bankruptcy cases, having represented examiners or trustees in dozens of cases requiring significant investigations and reports of findings. Jenner & Block's bankruptcy attorneys include six members of the American College of Bankruptcy and two conferees on the National Bankruptcy Conference.

15.     Through her employment of Jenner & Block, the Examiner will have the benefit of the knowledge and experience of these attorneys, as well as the ability to call upon attorneys within

---

[2] The London office is operated by a separate partnership, Jenner & Block London LLP, which is affiliated with Jenner & Block.

Jenner & Block with experience in other specialized areas of law as may be needed. The Examiner

believes that Jenner & Block is qualified to represent her in these cases in a cost-effective, efficient,

and timely manner.

### Services to be Provided

16.     The Examiner anticipates Jenner & Block will provide her the following services:

a.   represent and assist the Examiner in the discharge of her duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law;

b.   assist the Examiner in the preparation of reports and represent her in the preparation of motions, applications, notices, orders and other documents necessary in the discharge of the Examiner's duties;

c.   represent the Examiner at hearings and other proceedings before this Court (and, to the extent necessary, any other court);

d.   analyze and advise the Examiner regarding any legal issues that arise in connection with the discharge of her duties;

e.   assist the Examiner with interviews, examinations and the review of documents and other materials in connection with the Examiner's investigation;

f.   perform all other necessary legal services on behalf of the Examiner in connection with the chapter 11 cases; and

g.   assist the Examiner in undertaking any additional tasks or duties that the Court might direct or that the Examiner might determine are necessary and appropriate in connection with the discharge of her duties.

### Jenner & Block's Disinterestedness

17.     As described in detail in the Pillay Declarations and the Lazar Declaration, Jenner

& Block has conducted a search of its conflict database and has made other internal inquiries about

connections with the Debtors and the entities and individuals listed on Exhibit A to the

Disinterestedness Declaration, and Exhibit 1 to the Lazar Declaration. The Pillay Declarations and

the Lazar Declaration set forth the scope of the search and those inquiries and their results.

6

18.    The Examiner believes that none of Jenner & Block's connections to parties in interest identified the Disinterestedness Declaration disqualify Jenner & Block from serving as attorneys to the Examiner.

19.    Based upon the Pillay Declarations and the Lazar Declaration, the Examiner believes that Jenner & Block is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to these chapter 11 cases, as required by section 328(a) of the Bankruptcy Code, and that Jenner's partners, associates, and other attorneys do not hold or represent any interest adverse to these chapter 11 cases or their estates. The disclosures by Jenner & Block set forth in the Disinterestedness Declaration have been made based upon a review of the best information available at the time.

20.    Jenner & Block has agreed to review its files periodically during these chapter 11 cases to ensure no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Jenner & Block will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a).

**Professional Compensation**

21.    Jenner & Block intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Examiner in connection to the chapter 11 cases. Subject to Court approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee's Fee Guidelines, as set forth in the Lazar Declaration, Jenner & Block will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of January 1, 2022, plus

7

reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Jenner & Block on the Examiner's behalf. The Lazar Declaration sets forth information concerning such hourly rates as currently in effect, which are: $1,085–$1,870 for partners; $900–$1,650 for counsel; $700–$1,095 for associates; $565–$890 for staff attorneys and department counsel; $330–$445 for discovery attorneys; and $295–$555 for paralegals.[3]

22.       Jenner & Block's hourly rates are set at a level designed to compensate Jenner & Block fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions.[4]

23.       The hourly rates set forth above are consistent with the rates that Jenner & Block charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending. The hourly rates listed above are appropriate and not significantly different from (a) the rates that Jenner & Block charges for other similar types of representations or (b) the rates that other counsel of similar expertise and experience would charge to do work similar to the work Jenner & Block will perform in these chapter 11 cases.

---

[3] Although Jenner & Block does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Jenner & Block will not charge any markup to the Examiner with respect to fees billed by any contract attorneys and instead will seek reimbursement for actual costs only. Moreover, any contract attorneys who are retained by the Examiner in connection with work performed by Jenner & Block will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

[4] As set forth in the proposed order, Jenner & Block has agreed to provide at least ten business days' notice to the Debtors and the U.S. Trustee before implementing any periodic increases and has agreed to file such notice with the Court.

24.     It is Jenner & Block's policy to charge its clients in all areas of practice for most expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by Jenner & Block to outside copying services, travel expenses, computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. In addition, Jenner & Block intends to retain a vendor to receive and host documents produced by other parties and will include the actual cost of such vendor's services in Jenner & Block's fee statements.

25.     The Examiner believes that Jenner & Block's rates are reasonable and comparable to the rates charged by other firms for similar services. The Examiner requests that all fees and related costs and expenses incurred by Jenner & Block be paid as administrative expenses of the estates under and subject to Bankruptcy Code sections 327, 330(a), 331, 503(b), and 507(a)(1) and this Court's Interim Compensation Order.

**Basis for Relief Requested**

26.     The Examiner Order authorizes the Examiner "retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." (Examiner Order ¶ 10.)

9

27.    Section 327(a) of the Bankruptcy Code provides, in part, that subject to Court

approval, a trustee "may employ one or more attorneys, accountants, appraisers, auctioneers, or

other professional persons, that do not hold or represent an interest adverse to the estate, and that

are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under

this title." 11 U.S.C. § 327(a).

28.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the person to
> be employed, the reasons for the selection, the professional services to be rendered,
> any proposed arrangement for compensation, and, to the best of the applicant's
> knowledge, all of the person's connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the United States
> trustee, or any person employed in the office of the United States trustee. The
> application shall be accompanied by a verified statement of the person to be
> employed setting forth the person's connections with the debtor, creditors, any
> other party in interest, their respective attorneys and accountants, the United States
> trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

29.    The Examiner submits that for all the reasons stated above and in the Pillay

Declarations and the Lazar Declaration, the retention and employment of Jenner & Block as

counsel to the Examiner is warranted. Further, as stated in the Disinterestedness Declaration and

the Lazar Declaration, Jenner & Block is a "disinterested person" within the meaning of section

101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does

not hold or represent an interest adverse to the Debtors' estates and has no connection to the

Debtors, their creditors, or other parties in interest, except as may be disclosed in the

Disinterestedness Declaration.

**Notice**

30.     Notice of this Application has been provided to: (a) the Debtors; (b) the Office of the U.S. Trustee; (c) the Official Committee of Unsecured Creditors; (d) the holders of the 50 largest unsecured claims against Debtors (on a consolidated basis); (e) the United States Attorney for the Southern District of New York; (f) the Internal Revenue Service; (g) the officers of the attorneys general in the states in which the Debtors operate; (h) the Securities and Exchange Commission; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.stretto.com/celsius. The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be given.

11

## Conclusion

WHEREFORE, the Examiner respectfully requests that this Court grant the Application and enter an order, substantially in the form attached hereto as **Exhibit A**, approving her employment of Jenner & Block as attorneys in the chapter 11 cases effective as of September 29, 2022, and granting the Examiner such other and further relief as the Court deems just and proper.

Dated: October 3, 2022
      Chicago, Illinois

Respectfully submitted,


By: /s/ *Shoba Pillay*
Shoba Pillay (*pro hac vice* application pending)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Examiner*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING EMPLOYMENT OF JENNER & BLOCK LLP AS ATTORNEYS FOR THE EXAMINER EFFECTIVE AS OF SEPTEMBER 29, 2022

Upon the *Application for Entry of an Order Authorizing the Retention and Employment of Jenner & Block LLP as Attorneys for the Examiner* (the "**Application**") of Shoba Pillay, the appointed Examiner in these chapter 11 cases, for entry of an order authorizing her to retain and employ Jenner & Block LLP as her attorneys effective as of September 29, 2022, under sections 105(a), 327(a), 330, 1104 and 1106 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Court's *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. 820] ("**Examiner Order**"); and the Court having reviewed the Application, the *Disinterestedness Declaration of Shoba Pillay* [Dkt. 921-1] (the "**Disinterestedness Declaration**"), attached as Exhibit 1 to the *United States Trustee's Application for Order Approving Appointment of Examiner* ("**Examiner Application**") [Dkt. 921]; the *Declaration of Shoba Pillay Regarding Terms of Employment of Jenner & Block* attached

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

as Exhibit B to the Application (the "**Employment Declaration**," and together with the Disinterestedness Declaration, the "**Pillay Declarations**"); the *Declaration of Vincent E. Lazar*, attached as Exhibit C to the Application (the "**Lazar Declaration**"); and having heard statements in support of the Application at a hearing held before the Court (the "**Hearing**") and any objections to the relief requested in the Application; and the Court having found that it has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334, that the Application is a core proceeding under 28 U.S.C. § 157(b)(2), and that the venue of this proceeding and the Application in this district is proper under 28 U.S.C. § 1409; and the Court having found, based on the Application, the Pillay Declarations, and the Lazar Declaration, that Jenner & Block does not hold or represent an interest adverse to the Debtors or their estates, that Jenner & Block is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and the relief requested in the Application is in the best interests of the Examiner, the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Examiner has provided appropriate notice of the Application under the circumstances and no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation, it is **ORDERED**:

1.      The Application is granted to the extent provided herein.

2.      The Examiner's employment of Jenner & Block LLP as her attorneys effective as of September 29, 2022 in accordance with the terms and conditions set forth in the Application and the Lazar Declaration is approved.

3.      Jenner & Block is authorized to provide the Examiner with the professional services

as described in the Application. Specifically, Jenner & Block will:

    a.  represent and assist the Examiner in the discharge of her duties and responsibilities
under the Examiner Order, other orders of this Court, and applicable law;

    b.  assist the Examiner in the preparation of reports and represent her in the preparation
of motions, applications, notices, orders and other documents necessary in the
discharge of the Examiner's duties;

    c.  represent the Examiner at hearings and other proceedings before this Court (and, to
the extent necessary, any other court);

    d.  analyze and advise the Examiner regarding any legal issues that may arise in
connection with the discharge of her duties;

    e.  assist the Examiner with interviews, examinations and the review of documents and
other materials in connection with the Examiner's investigation;

    f.  perform all other necessary legal services on behalf of the Examiner in connection
with the chapter 11 cases; and

    g.  assist the Examiner in undertaking any additional tasks or duties that the Court
might direct or that the Examiner might determine are necessary and appropriate in
connection with the discharge of her duties.

4.      Jenner & Block shall be compensated in accordance with and shall file interim and

final fee applications for allowance of its compensation and expenses and shall be subject to

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the

Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New

York, dated June 17, 2013, and the *Order (I) Establishing Procedures for Interim Compensation

and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt.

521].

5.      Prior to any increases in Jenner & Block's rates for any individual retained by

Jenner & Block and providing services in these cases, Jenner & Block shall file a supplemental

declaration with the Court and provide ten business days' notice to the Debtors, the United States

Trustee, the Official Committee of Unsecured Creditors, and any other official committee

appointed in this case.  The supplemental affidavit shall explain the basis for the requested rate

increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the

Examiner has consented to the rate increase.  The United States Trustee retains all rights to object

to any rate increase on all grounds including, but not limited to, the reasonableness standard

provided for in section 330 of the Bankruptcy Code.

6.      Notwithstanding anything in the Application to the contrary, Jenner & Block shall

(i) to the extent that Jenner & Block uses the services of independent contractors, subcontractors

or employees of foreign affiliates or subsidiaries (collectively, the "**Contractors**") in these case,

Jenner & Block shall pass-through the cost of such Contractors to the Debtors at the same rate that

Jenner & Block pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure

that the Contractors are subject to the same conflict checks as required for Jenner & Block; and

(iv) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

7.      The Examiner and Jenner & Block may take all actions necessary to effectuate the

relief granted in this Order.

8.      To the extent the Application, the Pillay Declarations, or the Lazar Declaration are

inconsistent with this Order, the terms of this Order shall govern.

9.      Notice of the Application as provided therein is deemed to be good and sufficient

notice of the Application, and the requirements of the Local Rules are satisfied by the contents of

the Application.

10.    This Court shall have exclusive jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

11.    This Order shall be effective and enforceable immediately upon its entry.

_____
The Honorable Martin Glenn
Chief United States Bankruptcy Judge

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF SHOBA PILLAY REGARDING
### TERMS OF EMPLOYMENT OF JENNER & BLOCK

I, Shoba Pillay, declare the following is true to the best of my knowledge, information, and belief:

1.     I am the Examiner, appointed under the Order Approving the Appointment of Chapter 11 Examiner. [Dkt. 923].

2.     I submit this declaration (the "**Declaration**") in connection with the *Examiner's Application for Entry of an Order Approving the Employment pf Jenner & Block LLP as Attorneys Effective as of September 29, 2022* (the "**Application**").[2]   Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

### Selection of Counsel

3.     In the Disinterestedness Declaration, I advised the U.S. Trustee that if selected as Examiner, I would employ Jenner & Block as my counsel.  I interviewed no other firms.  As a partner at Jenner & Block, I believe Jenner & Block is both well qualified and able to represent me in these cases in an efficient, timely, and cost-effective manner.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

**Rate Structure**

4.       In connection with my duties as Examiner, I will be responsible for supervising Jenner & Block. Jenner & Block will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of January 1, 2022, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Jenner & Block on the Examiner's behalf. The Lazar Declaration sets forth information concerning such hourly rates as currently in effect, which are: $1,085–$1,870 for partners; $900–$1,650 for counsel; $700–$1,095 for associates; $565–$890 for staff attorneys and department counsel; $330–$445 for discovery attorneys; and $295–$555 for paralegals.

5.       I have compared the aforementioned rates to those of other market professionals, including the professionals in this case, and have determined that Jenner & Block's rates are, on the whole, at or below the market rates for professionals of similar expertise. Therefore, I have determined that Jenner & Block's rates are reasonable and comparable to the rates charged by other firms for similar services.

**Cost Supervision**

6.       I recognize that it is my responsibility to monitor closely the billing practices of my counsel to ensure the fees and expenses paid by the estate on account of my appointment and investigation remain consistent with expectations and the exigencies of these chapter 11 cases.

7.       I will review the invoices that Jenner & Block submits. Because the engagement is expected to be of a limited duration, and the budget will be set forth in the Examiner's work plan submitted to the Court, I do not expect to employ any additional budgeting procedures.

8.      I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true

and correct according to the best of my knowledge, information and belief.


Dated: October 3, 2022                          /s/ *Shoba Pillay*
                                                Shoba Pillay

**Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[9] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF VINCENT E. LAZAR IN SUPPORT OF THE APPLICATION AUTHORIZING THE EMPLOYMENT OF JENNER & BLOCK LLP AS ATTORNEYS FOR THE EXAMINER EFFECTIVE AS OF SEPTEMBER 29, 2022

I, Vincent E. Lazar, declare the following is true to the best of my knowledge, information, and belief:

1.      I am a partner in Jenner & Block LLP ("**Jenner & Block**"), a law firm with offices in Chicago, Illinois; Los Angeles, California; New York, New York; San Francisco, California; Washington, D.C.; and London, United Kingdom.[1] I am currently resident in Jenner & Block's Chicago office, located at 353 North Clark Street, Chicago, IL 60654. I am a member in good standing of the bars of the States of New York and Illinois, and there are no disciplinary proceedings pending against me.

2.      I submit this Declaration in connection with the Application of the Examiner, Shoba Pillay, in the above-captioned jointly administered chapter 11 cases for an order approving the

---

[9] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[1] The London office is operated by a separate partnership, Jenner & Block London LLP, which is affiliated with Jenner & Block.

employment of Jenner & Block as the Examiner's attorneys effective as September 29, 2022.

Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3.      To the extent that any information disclosed herein requires subsequent amendment

or modification upon Jenner & Block's completion of further analysis or as additional information

regarding creditors and other parties in interest becomes available, one or more supplemental

declarations will be submitted to the Court reflecting the same.

### Jenner & Block's Qualifications

4.      Jenner & Block has nearly 500 lawyers in offices in Chicago, Illinois; Los Angeles,

California; New York, New York; San Francisco, California; Washington, D.C.; and London,

United Kingdom.[2] Jenner & Block's attorneys have a broad range of experience in conducting

investigations, including investigations in complex bankruptcy cases.

5.      Jenner & Block's Investigations, Compliance, and Defense practice group is one of

the country's premier practices in the field of investigations. Its members have conducted internal

investigations for publicly held corporations, privately held corporations and governmental entities

across the United States and abroad. The group's members include a former United States

Attorney; the former Principal Deputy Assistant Attorney General for the Criminal Division of the

United States Department of Justice (DOJ); the former Presidentially appointed first Special

Inspector General of the historic Troubled Asset Relief Program (TARP); 10 former assistant

United States Attorneys and several former supervisors of United States Attorney's offices; and

the former Associate Attorney General of the United States.

---

[2] The London office is operated by a separate partnership, Jenner & Block London LLP, which is affiliated with Jenner & Block.

6.      Jenner & Block also has significant experience conducting investigations in connection with bankruptcy cases, having represented examiners or trustees in dozens of cases requiring significant investigations and reports of findings. Jenner & Block's bankruptcy attorneys include six members of the American College of Bankruptcy and two conferees on the National Bankruptcy Conference.

7.      In preparing for its representation of the Examiner, Jenner & Block has become familiar with the background pertaining to the Debtors' businesses, the background of its bankruptcy filing, and many of the potential legal issues that may arise in the context of the Examiner's investigation. I believe that Jenner & Block is both qualified and able to represent the Examiner in her investigation in an efficient and timely manner.

<u>**Services to be Provided**</u>

8.      The Examiner anticipates that in connection with these chapter 11 cases, Jenner & Block will provide the following services to the Examiner:

   a.   represent and assist the Examiner in the discharge of her duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law;

   b.   assist the Examiner in the preparation of reports and represent her in the preparation of motions, applications, notices, orders and other documents necessary in the discharge of the Examiner's duties;

   c.   represent the Examiner at hearings and other proceedings before this Court (and, to the extent necessary, any other court);

   d.   analyze and advise the Examiner regarding any legal issues that arise in connection with the discharge of her duties;

   e.   assist the Examiner with interviews, examinations and the review of documents and other materials in connection with the Examiner's investigation;

   f.   perform all other necessary legal services on behalf of the Examiner in connection with the chapter 11 cases; and

g.   assist the Examiner in undertaking any additional tasks or duties that the Court
might direct or that the Examiner might determine are necessary and appropriate in
connection with the discharge of her duties.

**Jenner & Block's Disinterestedness and Connections**

9.      In connection with its proposed retention by the Examiner in these chapter 11 cases,

Jenner & Block performed a full conflicts check using the party-in-interest information (i) relied

upon in (1) the *Debtors' Application for Entry of an Order Authorizing the Retention and*

*Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the*

*Debtors and Debtors in Possession Effective as of July 13, 2022* [Dkt. 360], which attached as

Exhibit B the *Declaration of Patrick J. Nash, Jr. in Support of the Debtors' Application*; and (ii)

the *Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the*

*Employment and Retention of White & Case LLP as Counsel Effective as of July 29, 2022* [Dkt.

603], which attached as Exhibit B the *Declaration of Gregory F. Pesce in Support of the*

*Application*; and (iii) additional names provided by Jenner & Block. The results of Jenner &

Block's conflicts check is set forth in the *Disinterestedness Declaration of Shoba Pillay* [Dkt. 921-

1], dated September 28, 2022 (the "**Disinterestedness Declaration**"). Subsequent to the filing of

the Disinterestedness Declaration, the Debtors provided Jenner & Block with additional parties (a

list of which is attached hereto as Exhibit 1). Jenner & Block performed a full conflicts check with

respect to these additional parties and did not identify any connections to report.

10.     Based on my participation in Jenner & Block's full conflicts check and my review

of the Disinterestedness Declaration, I believe that Jenner & Block is a "disinterested person," as

defined in Bankruptcy Code section 101(14); does not hold or represent an interest adverse to these

chapter 11 cases, as required by Bankruptcy Code section 328(a); and that Jenner's partners,

counsel, associates, and other attorneys do not hold or represent any interest adverse to these

4

chapter 11 cases or their estates. Accordingly, I submit that Jenner & Block is not disqualified for employment by the Examiner under Bankruptcy Code section 327(a) to represent and assist the Examiner in discharging her duties.

11.    In addition, to the best of my knowledge, information and belief, neither I, Jenner & Block, nor any partner, counsel, associate, or other attorney of Jenner & Block, is a relative of, or has been so connected to, any judge of the United States Bankruptcy Court for the Southern District of New York, the United States Trustee for Region 2, or any employee of the United States Trustee for Region 2 as to make the approval of Jenner & Block employment improper. Accordingly, I submit that Bankruptcy Rule 5002 would not prohibit employment of Jenner & Block as attorneys for the Examiner.

**<u>Compensation</u>**

12.    Jenner & Block will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of January 1, 2022, which are:

| | |
|---|---|
| Partners | $1,085 to $1,870 |
| Counsel | $900 to $1,650 |
| Associates | $700 to $1,095 |
| Staff Attorneys / Dept. Counsel | $565 to $890 |
| Discovery Attorneys | $330 to $455 |
| Paralegals | $295 to $555 |

13.    Although Jenner & Block does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Jenner & Block will not charge any markup to the Examiner with respect to fees billed by any contract attorneys, but will seek reimbursement for actual costs only.  Moreover, any contract attorneys who are retained by the Examiner in connection with work performed by Jenner & Block will be

subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

14.    The charges for the attorneys who will render services to the Examiner will be based upon actual time spent and upon the experience and expertise of the attorney or legal assistant involved. Jenner & Block's hourly rates are set at a level designed to compensate Jenner & Block fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions.[3]

15.    The hourly rates set forth above are consistent with the rates that Jenner & Block charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending. The hourly rates listed above are appropriate and not significantly different from (a) the rates that Jenner & Block charges for other similar types of representations or (b) the rates that other counsel of similar expertise and experience would charge to do work similar to the work Jenner & Block will perform in these chapter 11 cases.

16.    It is Jenner & Block's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by Jenner & Block to outside copying services, travel expenses, expenses for "working

---

[3] As set forth in the Order, Jenner & Block has agreed to provide at least ten business days' notice to the Debtors and the U.S. Trustee before implementing any periodic increases and has agreed to file such notice with the Court.

meals," computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. In addition, Jenner & Block intends to retain a vendor to receive and host documents produced by other parties and will include the actual cost of such vendor's services in Jenner & Block's fee statements. Jenner & Block will charge these chapter 11 cases for these expenses in a manner and at rates consistent with charges made generally to Jenner & Block's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court. Jenner & Block believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. Jenner & Block does not charge its clients for domestic facsimile transmissions or for office supplies and will not seek reimbursement for them in this case. All requests for reimbursement of expenses will be consistent with any guidelines established by the Bankruptcy Court.

31.    Jenner & Block will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules and Local Rules, the *Order (I) Establishing Procedures For Interim Compensation And Reimbursement Of Expenses For Retained Professionals And (II) Granting Related Relief* [Dkt. 521] (the "**Interim Compensation Order**"), and any other applicable procedures and orders of the Court. In connection with any employment or interim or final fee application Jenner & Block files in these Chapter 11 Case, Jenner & Block will make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.*

17.     No agreement or understanding exists between Jenner & Block and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall Jenner & Block share or agree to share compensation received for services rendered in connection with this/these case(s) with any other person other than as permitted by Section 504 of the Bankruptcy Code.

18.     Mindful of the public interest nature of the work of an examiner in a chapter 11 case, Jenner & Block will endeavor to perform its services at a reasonable cost, consistent with the need to conduct a complete investigation and make a full report of the matters covered by the Court's order requiring the appointment of an examiner.

### Response to U.S. Trustee Fee Guideline Questions

19.     The following answer the questions in Section D.1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*:

    a. Jenner did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

    b. None of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case.

    c. Jenner & Block has not represented the Examiner in the 12 months prepetition.

    d. The Examiner is consulting with various parties in interest to determine the appropriate scope of the Examiner's role in these chapter 11 cases. Jenner & Block will prepare a budget and staffing plan for the Examiner's approval following the Examiner's determination of the appropriate scope of the Examiner's role in these chapter 11 cases.

20.     To the extent that, during or at the conclusion of Jenner & Block's employment in these chapter 11 cases, it discovers any facts bearing on matters described in this Declaration, Jenner & Block will supplement the information contained in this Declaration.

8

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: October 3, 2022                    /s/ *Vincent E. Lazar*
                                          Vincent E. Lazar

Exhibit 1

SCHEDULE 1(C)

**EQUITY HOLDERS**

BARRETT, CRAIG
BARSE, DAVID
BUI, DUNG
CACERES, JUAN CRUZ
CARTER, WILLIAM DOUGLAS
CONNOLLY, THOMAS
GIALAMAS, JOHN
HOFFMAN, DAVID
ISAIAS, ESTEFANO
JUBAYLI, JAD
KAZI, YLAN
KORDOMENOS, JAMES
LAMESH, LIOR
MAULDIN, ALAN L.
MAULDIN, MICHELLE E.
MOWRY, MICHAEL
PISTEY, ROBERT
REMEN, YARON
SHAMAI, SHAHAR
TRAN, ANHMINH
TREUTLER, JOHANNES
WALSH, SANDRA KNUTH

SCHEDULE 1(E)

**INSTITUTIONAL CUSTOMERS**

HIROKADO, KOHJI

SCHEDULE 1(G)

**LANDLORDS**

SJP PROPERTIES

SCHEDULE 1(J)

**RETAIL CUSTOMERS**

AL KHOORI, MOHAMED YOUSIF AHMED H.
ALEXANDER, ALENA
ALI, KHALEEF
AMM, ANDREAS
ASHIZAKI, YUKI
BACKHAUSEN, MARTIN
BAKER, DOMINIC JOHN
BASLAIB, MOHAMED ALI MOHAMED NASER
BENNETT, DANYAL
BOSKOVSKI, NIKOLA
BRAIBANT, OLIVIER
BROOKS, GARY
CHANG, RICKIE
CHIU, JAMES LEE
CHOI, LINDA YI
CHUNG, TING KONG TERENCE
COFFEY, MATTHEW
COHEN PAVON, RONI
COLLINS, NIC
CONKLIN, JENNIFER
CUSTÃ³DIO, JOÃ£O
DAMP, STEVEN CHARLES
DANZ, JAMES WILLIAM
DAVIS, OTIS
DEKKER, CARLOS C.
DEMIRTAS, ALI
DHIRAJ, MANDEEP
DIXON, JAMES
ELLINGTON, BRIAN
ENG CHUAN, LIEW
ERIKS, DENNIS
FARR, NICHOLAS
FEINTISCH, ADAM MICHAEL
FITE, JACOB BENJAMIN
FLETCHER, BRETT
FLOATZEN DOO
GASTON, PAUL
GATT, RAYMOND
GOH, JIAN KAI
GULJAÅ¡, JANOÅ¡
HAMILTON, NATHAN
HARTLEY, JAMES
HENNUYER, FABIEN

HEWES, JOSHUA
HIBBERT, ADRIAN
HO, QUOC TRI
HOERMANN, STEFAN
HUGHES, GARY
HUGHES, STEPHEN
ISAIAS, ESTEFANO EMILIO
JOSEPH, SEBASTIAN
KALYNOVSKYI, DMYTRO
KOHJI, HIROKADO
KORDOMENOS, JAMES NICK
LABENEK, ANDREW
LAMPLOUGH, HOWARD
LEWIS DAVIES, RYAN WYNN
LEWIS, HOWARD
LIAO, GUOPING
LIM, JANE
LYLLOFF, SANDER
MANZKE, HOLGER
MARKET, SHEELD
MARTIN, PATRICK VICTOR JOSEF
MATTHEWS, ANDREW
MCCLINTOCK, MICHAEL
MCINTYRE, DEVERICK
MOON, WANG SIK
MUNRO, IAN
MURPHY, THOMAS PATRICK, JR.
NEIMAN, GARY
PADALYTSYA, DARYNA
PAPADAKIS, GEORGIOS
PARK, SEONG
PERRY, BRETT ALAN
PETERSON, STEPHEN PAUL
PIURA, LUIS
POTTS, SHAUN
PRONKER, ANNA
QUINLAN, THOMAS
RADECKAS, DOMANTAS
RAJ, RAFAEL
RITTER, DAVID
RITTER, LINDA J.
SALERA, MANUEL
SINGH, BALBAHADUR
SMITH, DAVID SILVA
STEWART, RUSSELL GARTH
SUTTON, SEBASTIAN

TAN, RICHARD
TAN, YAN
TRAN, ANHMINH LE
TREBTOW, JENS
TUGANOV, IGNAT
TYCHALSKI, GEORGE
VALKENBERG, RENAUD
VAN, LOC TRUYEN
VILLINGER, CHRISTOPHER
VINCENT, CAROLYN MARGARET
WALCOTT, ROBERT
WANG, YIDI
WEXLER, KEVIN JAY
WHITE, DAVID
WILCOX, WAYLON J.
WOLF, CODY LEE
WOLSTENHOLME, MACGREGOR
WRIGHT, CHRISTOPHER
YATES-WALKER, JOSH OISIN
YOON, ANDREW
YU, BYUNG DEOK

SCHEDULE 1(K)

**TOP 50 UNSECURED CREDITORS**

| | |
|---|---|
| BAKER, DOMINIC JOHN | PERRY, BRETT ALAN |
| CHANG, RICKIE | PETERSON, STEPHEN PAUL |
| DANZ, JAMES WILLIAM | RAJ, RAFAEL |
| DEKKER, CARLOS C. | SAENZ, JESUS ARMANDO |
| DENTZEL, ZARYN | SINGH, BALBAHADUR |
| DIFIORE, THOMAS ALBERT | STEWART, RUSSELL GARTH |
| DIXON, SIMON | TAIAROA, KERI DAVID |
| DOWNS, BRADLEY JAMES | TAN, RICHARD |
| FARR, NICHOLAS | TAN, YAN |
| FEINTISCH, ADAM MICHAEL | TRUSSELL, MARK |
| FITE, JACOB BENJAMIN | TYCHALSKI, GEORGE |
| JEFFRIES, DAVID | VAN, LOC TRUYEN |
| KIBLER-MELBY, CORT | VILLINGER, CHRISTOPHER |
| KIESER, GREGORY ALLEN | VINCENT, CAROLYN MARGARET |
| KOHJI, HIROKADO | WEXLER, KEVIN JAY |
| LYLLOFF, SANDER | WILCOX, WAYLON J. |
| MCCLINTOCK, MICHAEL | WOLSTENHOLME, MACGREGOR |
| MCMULLEN, BRIAN | WRIGHT, CHRISTOPHER |
| MURPHY, THOMAS PATRICK, JR. | YATES-WALKER, JOSH OISIN |
| PARK, SEONG | YOON, ANDREW |

SCHEDULE 1(N)

**VENDORS**

AMON OU
BUSTOS, VICTOR PLA
CAYO RAFAŁ MOLAK
CIOCHINA, IONUT LUCIAN
CONSTANTINOU, ELPIDA
CREEL, GARCIA-CUELLAR, AIZA Y ENRIQUEZ SC
CUCIO GUISORDI, ANDREIA
D'ALBERT, MATTHEW
DEMETRIOU, ADONIS
ESPINHAL, LUIS FILIPE
GILBERT + TOBIN
KIF, EVGENI
KOUTRA ATHOS SOTIRIS
LANKTREE, OWEN
LIMA, ESTHER
MAKARIM & TAIRA S.
MOSCHOULLA PATATSOU CHRISTOFI
SJP PROPERTIES GENERAL CONSTRUCTION
SOLTYSINKSI KAWECKI SZLEZAK
SPORTS1TERNSHIP LLC
TERRA PANONICA
VERIFYINVESTORS.COM
WOLF THEISS
YOHANN