**Hearing Date and Time**: November 1, 2022 at 11:00 a.m. EDT
**Objection Deadline**: October 25, 2022 at 4:00 p.m. EDT

JENNER & BLOCK LLP
Catherine L. Steege (*pro hac vice* application pending)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Proposed Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>                                  Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**NOTICE OF HEARING OF EXAMINER'S MOTION FOR AN ORDER AUTHORIZING THE EXAMINER TO CONDUCT RULE 2004 EXAMINATIONS**

PLEASE TAKE NOTICE that a hearing on the *Examiner's Motion for an Order Authorizing the Eaminer to Conduct Rule 2004 Examinations* (the "**Rule 2004 Motion**") will be held on November 1, 2022, at 11 a.m., prevailing Eastern Time (the "**Hearing**"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Rule 2004 Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 521]; (c) be filed electronically with the Court on the docket of In re Celsius Network LLC, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by October 25, 2022, at 4:00 p.m., prevailing Eastern Time, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "**Debtors**") at https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in the subject matter of the Rule 2004 Motion.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Rule 2004 Motion as requested by the Examiner.

PLEASE TAKE FURTHER NOTICE that copies of the Rule 2004 Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Rule 2004

---

business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 3, 2022

    Chicago, Illinois    Respectfully submitted,

                JENNER & BLOCK LLP

                By: /s/ *Vincent E. Lazar*
                Catherine L. Steege (*pro hac vice* application
                  pending)
                Vincent E. Lazar
                353 N. Clark Street
                Chicago, IL 60654
                (312) 222-9350
                vlazar@jenner.com
                csteege@jenner.com

                Richard Levin
                Kayvan Sadeghi
                1155 Avenue of the Americas
                New York, NY 10036
                (212) 891-1600
                rlevin@jenner.com
                ksadeghi@jenner.com

                *Proposed Counsel to the Examiner*

**Hearing Date and Time**: November 1, 2022 at 11:00 a.m. EDT
**Objection Deadline**: October 25, 2022 at 4:00 p.m. EDT

JENNER & BLOCK LLP
Catherine L. Steege (*pro hac vice* application pending)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**EXAMINER'S MOTION FOR AN ORDER AUTHORIZING**
**THE EXAMINER TO CONDUCT 2004 EXAMINATIONS**

TO THE HONORABLE MARTIN GLENN:

Shoba Pillay, the Examiner in these chapter 11 cases, by her proposed undersigned counsel, moves for an order, substantially in the form attached as **Exhibit A**, pursuant to 11 U.S.C. §§105(a), 1106(a)(3)-(4) & (b), 1109(b), Fed. R. Bankr. P. 2004 ("Rule 2004") and Rule 2004-1 of the Local Rules of this Court (the "**Local Rules**"), authorizing the Examiner, without further order of this Court, to demand and compel by way of subpoena: (i) the oral examination, under oath, of persons and entities ("**Discovery Parties**") that the Examiner believes may have information that is relevant to the Investigation (as that term is defined in the *Order Directing the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code*, Dkt. 820 (the "Examiner Order") or that may lead the Examiner to such information, and (ii) the production of documents that may be relevant to the Investigation or lead the Examiner to information that is relevant to the Investigation. The Examiner respectfully states and represents as follows:

**Introduction**

1. The Examiner seeks the relief requested in this Motion to ensure that the Investigation is timely and efficiently completed. Based on the Examiner's conversations with the Debtors, the Official Committee of Unsecured Creditors, and various other parties-in-interest, the Examiner fully expects that the principal constituencies in these chapter 11 cases will cooperate with the Investigation and voluntarily produce the documents relevant to the Investigation and participate in informal interviews with the Examiner and her professionals. In fact, the Examiner is optimistic that all her fact finding will be conducted cooperatively in this manner and that proceeding formally will not be necessary.

2. Nevertheless, it is conceivable that the Examiner may, at some point, need to engage in formal discovery. Given that possibility, and the fact that under the Examiner Order the Examiner is currently required to complete her Investigation and file her report by December 10, 2022, it would not be feasible or efficient for the Examiner to wait until an immediate need for formal discovery arises to seek authority to propound such discovery. The Examiner respectfully submits that granting the requested relief will give her the tools she needs to conduct the Investigation, increase the likelihood that parties will voluntarily cooperate in the first instance, and preserve the rights of parties to seek relief if they have legitimate grounds to object to any subpoena.

**Jurisdiction, Venue and Authority**

3.   This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and the Examiner consents to the Court entering a final order on this Motion.

4.   The statutory predicates for the relief requested in the Motion are sections 105 and 1106 of the Bankruptcy Code, Rules 2004, 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rules 30 and 45 of the Federal Rules of Civil Procedure ("**Civil Rules**"); and Local Rule 2004-1.

5.   This Motion is made pursuant to the Examiner Order and applicable law, which provide that the Examiner is a party in interest in these chapter 11 cases that may seek relief and be heard by the Court. [Examiner Order at ¶ 12.]

**Background**

6.   On September 14, 2022, the Court issued the Examiner Order, directing the appointment of an Examiner under section 1104(c) to investigate:

   i.   the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored postpetition and whether different types of accounts are commingled;

   ii.  why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a "Withhold Account";

   iii. the Debtors' procedures for paying sales taxes, use taxes, and value added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto;

   iv.  the current status of the utility obligations of the Debtors' mining business; and

   v.   otherwise perform the duties of an examiner set forth in §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code.

[Examiner Order at ¶ 3.]

3

7. The Examiner Order further provides that subject to its terms: "the Debtors shall provide to the Examiner all non-privileged documents and information within their possession that the Examiner reasonably deems relevant to perform the Investigation." [Examiner Order at ¶ 6.]

8. On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed the Notice of the appointment as well as the Examiner Application. [Dkt. 920, 921.] That same day, this Court entered an order approving the appointment. [Dkt. 923.]

9. Immediately upon her appointment, the Examiner reached out to the Debtors, the UCC, and other significant parties-in-interest and began discussions concerning, among other things, the voluntary production of information. Those discussions have been productive and are ongoing.

10. The Examiner Order provides that the Examiner shall complete her Investigation by December 10, 2022, unless such time is extended by the Court for good cause upon motion and notice to all parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. [Examiner Order at ¶ 8.]

**Relief Requested**

11. By this Motion, the Examiner seeks entry of an Order, in substantially the form attached as **Exhibit A**, authorizing the Examiner, without further order of the Court, to demand and compel by way of subpoena: (i) the oral examination, under oath, of Discovery Parties and (ii) the production of documents that may be relevant to the Investigation or lead the Examiner to information that is relevant to the Investigation.

12. Further, the Examiner proposes the following procedures in connection with the Examiner's issuance of any subpoena:

(a) Except as otherwise agreed by the Examiner, or subsequently ordered by the Court, a Discovery Party to which a subpoena seeks documents (whether or not it

4

        also seeks testimony) is directed shall, within 7 days of service of such subpoena, produce all non-privileged documents responsive to such subpoena.

  (b)      If the subpoena so directs, the Discovery Party may be required to appear for an oral examination within 7 days of service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable.

  (c)      If a Discovery Party objects to producing documents or appearing for examination, the Discovery Party must file and serve within seven (7) days of service of a subpoena, a motion seeking a protective order, which the Court shall hear on shortened notice, no later than 5 days from the filing of such motion (subject to the Court's availability).

  (d)      The relief requested herein and reflected in **Exhibit A** is not intended to limit the substantive rights of any Discovery Party or other party under applicable law to object to any subpoena the Examiner may serve.

## Legal Authority

13.    Under Rule 2004(a), "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Here, the Examiner Order expressly provides that the Examiner has the standing of a party in interest that may seek relief and be heard by the Court. [Examiner Order at ¶ 12.]

14.    The latitude ordinarily permitted to parties-in-interest under Rule 2004 is particularly broad for examiners, given their significant statutory duties. *See In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994). "The investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a 'fishing expedition' as exploratory and groping as appears proper to the Examiner." *Id*. (citation omitted). "Any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *Id.*

15.    Having the authority to issue subpoenas to compel document production and oral examinations under Bankruptcy Rule 2004 is central to the Examiner's ability to fulfill her statutory court-ordered obligations, especially given the compressed time frame for the Examiner to complete the Investigation. And while the Examiner Order provides that certain parties are

5

already subject to 2004 discovery and the Examiner, based on her communications with third parties thus far, expects that most parties will voluntarily cooperate with her Investigation, the Examiner requires the ability to promptly propound discovery if necessary.

16.  Bankruptcy Courts have similarly granted Examiners the pre-authorization to issue Rule 2004 subpoenas in *Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y.) (Dkt. 2804); *In re Tribune Co.,* Case No. 08-13141 (Bankr. D. Del.) (Dkt. 4523); *New Century TRS Holdings, Inc.,* Case No. 07-10416 (Bankr. D. Del.) (Dkt. 3293); and *SemCrude, L.P.,* Case No. 08-11525 (Bankr. D. Del.) (Dkt. 2359). Similar relief is warranted here to give the Examiner the flexibility necessary to efficiently, effectively, and timely complete her Investigation.

17.  Moreover, the requested relief will not unduly prejudice any party that may become the subject of a subpoena issued by the Examiner. The proposed order contemplates that the substantive rights of any party that is subpoenaed to seek protective relief are fully preserved.

## Notice

18.  Notice of this Motion has been provided to: (a) the Debtors; (b) the Office of the U.S. Trustee; (c) the Official Committee of Unsecured Creditors; (d) the holders of the 50 largest unsecured claims against Debtors (on a consolidated basis); (e) the United States Attorney for the Southern District of New York; (f) the Internal Revenue Service; (g) the officers of the attorneys general in the states in which the Debtors operate; (h) the Securities and Exchange Commission; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.stretto.com/celsius. The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **Conclusion**

19. The Examiner respectfully requests that this Court grant the relief requested in this Motion and enter an Order substantially in the form attached as **Exhibit A**.

Dated: October 3, 2022

    New York, New York          Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ *Vincent E. Lazar*
Catherine L. Steege (*pro hac vice* application pending)
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com
csteege@jenner.com

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
ksadeghi@jenner.com

*Proposed Counsel to the Examiner*

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING EXAMINER TO CONDUCT 2004 EXAMINATIONS

Upon the Examiner's Motion for an Order Authorizing the Examiner to Conduct 2004 Examinations (the "**Motion**"[2]); the Court finding that the notice of the Motion is good and sufficient under the circumstances; the Court having reviewed the Motion and finding good cause to grant the Motion, it is ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Examiner is hereby authorized, pursuant to Bankruptcy Rule 2004, to demand and compel by way of subpoena: (i) the oral examination, under oath, of Discovery Parties; and (ii) the production of documents that may be relevant to the Investigation or lead the Examiner to information that is relevant to the Investigation.

3. The Examiner is hereby authorized to use the following procedures in connection with the Examiner's issuance of any subpoena:

    a. Except as otherwise agreed by the Examiner, or subsequently ordered by the Court, a Discovery Party to which a subpoena which seeks documents (whether or not it also seeks testimony) is directed shall, within 7 days of service of such subpoena produce all non-privileged documents responsive to such subpoena;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

b. Except as otherwise agreed by the Examiner, or subsequently ordered by the Court, if the subpoena so directs, the Discovery Party may be required to appear for the oral examination within 7 days of service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable;

c. If a Discovery Party objects to producing documents or appearing for examination, the Discovery Party must file and serve within seven (7) days of service of a subpoena, a motion seeking a protective order, which the Court shall hear on shortened notice, no later than 5 days from the filing of such motion (subject to the Court's availability); and

d. Nothing herein limits the substantive rights of any Discovery Party or other party under applicable law to object to any subpoena the Examiner may serve.

4. This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

November __, 2022

                                                              The Honorable Martin Glenn
                                                              United States Bankruptcy Judge

---

[2] Capitalized terms that are not otherwise defined herein are intended to have the same meaning attributed to them in the Motion.