Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER (I) EXTENDING THE TIME TO FILE NOTICES**
**OF REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on October 6, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* (the "Motion").  A hearing (the "Hearing") on the Motion will be held on **October 20, 2022, at 10:00 a.m., prevailing Eastern Time.**   In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl.    Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on October 19, 2022)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m., prevailing Eastern Time on October 20, 2022 must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time on October 20, 2022.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the

2

docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 528] (the "Case Management Order") by **October 17, 2022, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

PLEASE TAKE FURTHER NOTICE that only those responses or Objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely Objection may result in entry of a final order granting the Motion as requested by the Debtors.

PLEASE TAKE FURTHER NOTICE that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

New York, New York
Dated:  October 6, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER (I) EXTENDING THE TIME TO FILE NOTICES OF**
**REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), (i) extending the period within which the Debtors may remove civil

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the later of (a) April 9, 2023 (or 180 days from the current deadline to remove actions)[2] and (b) the first day that is thirty days after entry of an order terminating the automatic stay provided by section 362 of the title 11 of the United States Code (the "Bankruptcy Code") with respect to the particular action sought to be removed, without prejudice to the Debtors' right to seek further extensions, and (ii) granting related relief.

## Jurisdiction and Venue

2.       The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, rules 9006 and 9027 of the Bankruptcy Rules, and rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.       The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than

---

[2]       Calculated in accordance with Bankruptcy Rule 9006(a).

100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.      On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  On September 29, 2022, the Court entered an order approving the appointment of an examiner [Docket No. 923].

## The Actions

8.      The Debtors are party to a number of civil actions and administrative proceedings commenced prepetition and pending in various jurisdictions (collectively, the "Prepetition Actions").  Additionally, if commenced in compliance with the exceptions to the automatic stay imposed by section 362 of the Bankruptcy Code, parties may commence civil actions against the Debtors during the pendency of these chapter 11 cases (collectively, the "Postpetition Actions," and together with the Prepetition Actions, the "Actions").  These Actions may be subject to

removal pursuant to 28 U.S.C. § 1452, and, as of the date hereof, the statutory period within which

the Debtors may file notices of removal of the Actions (the "Removal Period") has not yet expired.

9.      Since the Petition Date, the Debtors have worked diligently on a number of critical

matters but have not yet determined which Actions, if any, they may seek to remove. Among other

things, the Debtors and their professionals focused on:

- stabilizing the Debtors' business operations following their transition into chapter 11;

- obtaining relief to continue operating in the ordinary course of business, including approval of a number of "first day" motions, "second day" motions, and retention applications;

- preparing for and attending the first day hearing, second day hearing, and subsequent omnibus hearings;

- preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs;

- responding to diligence requests from the Committee and U.S. Trustee;

- addressing the concerns of and questions from the Committee and U.S. Trustee regarding the Debtors' cash management, security, and business operations, among other things, and drafting and filing pleadings related thereto;

- engaging with the Committee and other parties in interest on strategic alternatives;

- engaging with various constituencies regarding gating legal issues;

- working with advisors to market certain of the Debtors' assets and drafting bidding procedures and documentation related thereto; and

- addressing numerous questions, concerns, and issues raised by employees, vendors, customers, and other parties in interest.

10.     As a result, the requested extension will provide the Debtors with an appropriate

amount of time to determine which Actions, if any, they may seek to remove.

**Basis for Relief**

11.     Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil

actions related to bankruptcy cases.[3]

12.     Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a civil
> action by a governmental unit to enforce such governmental unit's
> police or regulatory power, to the district court for the district where
> such civil action is pending, if such district court has jurisdiction of
> such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

13.     Bankruptcy Rule 9027(a)(2) sets forth the time periods for filing notices to remove

claims or causes of action and provides, with regard to prepetition actions, in pertinent part:

> If the claim or cause of action in a civil action is pending when a
> case under the [Bankruptcy] Code is commenced, a notice of
> removal may be filed [in the bankruptcy court] only within the
> longest of (A) 90 days after the order for relief in the case under the
> [Bankruptcy] Code, (B) 30 days after entry of an order terminating
> a stay, if the claim or cause of action in a civil action has been stayed
> under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee
> qualifies in a chapter 11 reorganization case but not later than 180
> days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14.     With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides:

> If the claim or cause of action is asserted in another court after the
> commencement of a case under the [Bankruptcy] Code, a notice of
> removal may be filed with the clerk only within the shorter of (A) 30
> days after receipt, through service or otherwise, of a copy of the
> initial pleading setting forth the claim or cause of action sought to
> be removed, or (B) 30 days after receipt of the summons if the initial

---

[3]     *See, e.g.*, *In re Danbury Square Assocs., Ltd. P'Ship*, 153 B.R. 657, 659 n.1 (Bankr. S.D.N.Y. 1993) (citing
Bankruptcy Rule 9027(a) and stating that "[a] petition for removal of a case pursuant to 28 U.S.C. § 1452 from a
state court to federal court is properly filed with the clerk of the bankruptcy court for the district and division
within which is located the state court where the civil action is pending."); *Jandous Elec. Constr. Corp. v. City of
N.Y. (In re Jandous Elect Constr. Corp.)*, 106 B.R. 48, 49 (Bankr. S.D.N.Y. 1989) ("Bankruptcy Rule 9027
governs the removal of civil actions pending in nonbankruptcy courts to the bankruptcy court.").

5

> pleading has been filed with the court but not served with the
> summons.

Fed. R. Bankr. P. 9027(a)(3).

15.     Bankruptcy Rule 9006(b) permits a court to extend the time period provided by

Bankruptcy Rule 9027 to remove actions for cause shown and specifically states:

> [W]hen an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or by
> order of court, the court for cause shown may at any time in its
> discretion . . . with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

16.     It is well established that Bankruptcy Rule 9006(b) authorizes the Court to enlarge

the Removal Period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027.  *See, e.g.*,

*In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 691 (S.D.N.Y. 2011) ("Bankruptcy Rule

9006(b)(1)(1) allows the bankruptcy court to enlarge the time for removal before the time for

removal expires *sua sponte*."); *In re Jandous Electric Const. Corp.*, 106 B.R. 48, 50

(Bankr. S.D.N.Y. 1989) (holding that the period in which to file motion to remove may be

expanded pursuant to Bankruptcy Rule 9006); *In re N. New England Tel. Operations LLC*,

504 B.R. 372, 380 (Bankr. S.D.N.Y. 2014) (same).  Furthermore, the Removal Period may be

extended under Bankruptcy Rule 9006(b)(1) where, as here, "the request therefor is made before

the expiration of the period originally prescribed or as extended by a previous order."

Fed. R. Bankr.  P. 9006(b)(1).

17.     The Debtors are seeking to extend the Removal Period deadline under Bankruptcy Rule 9027(a)(2)(A), which would otherwise expire on October 11, 2022, to ensure the Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline.[4]

18.     The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including:  (a) the importance of the Action to the resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and the matters to be considered in connection with the Debtors' reorganization process, claims allowance process, and assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the applicable Action.  Accordingly, to determine whether they should seek removal, the Debtors must analyze each Action following the full consideration of the foregoing factors.

19.     For the reasons set forth above, however, the Debtors have not yet had the opportunity to properly consider the removal of the Actions.  Accordingly, the Debtors request that the Court extend the Removal Period as set forth herein, without prejudice to the Debtors' right to seek further extensions.  The Debtors believe that extending the Removal Period as requested herein will provide the Debtors' management and advisors sufficient time to consider and make fully informed decisions concerning the removal of the Actions, thereby ensuring that the Debtors can appropriately exercise the rights granted by 28 U.S.C. § 1452.

20.     Furthermore, the rights of any party to the Actions will not be unduly prejudiced by the Debtors' requested extension.  Because section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their

---

[4]     Consistent with Local Rule 9006-2, this Motion is being filed prior to the expiration of the Removal Period; thus, the Removal Period shall be automatically extended until the Court resolves the Motion.

respective courts during these chapter 11 cases, even absent the relief requested herein.  Moreover, if the Debtors ultimately seek to remove any Action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, any party to such action may seek to have such action remanded pursuant to 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  Importantly, the relief requested herein does not limit or alter any party's rights under 28 U.S.C. § 1452(b) to seek a remand.  Accordingly, cause exists for the relief requested herein.

21.     Courts in this jurisdiction have granted removal period extensions similar to the extension requested herein.  *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Sept. 28, 2022) (extending the removal period through the later of (a) 180 days from the deadline under Bankruptcy Rule 9027 and (b) the first day that is thirty days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed); *In re Frontier Commc'ns*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. July 28, 2020) (same); *In re Barneys N.Y., Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Oct. 23, 2019) (same); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. May 15, 2019) (same); *In re Aegean Marine Petrol. Network, Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2019) (same).[5]

22.     Accordingly, for the reasons set forth above, cause exists for the Court to extend the Removal Deadline through and including the later of (a) April 9, 2023 (or 180 days from the current deadline to remove actions) and (b) the first day that is thirty days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code.

---

[5]     Because of the voluminous nature of the orders cited herein, they are not attached to this motion.  Copies of these orders are available upon request of Debtors' counsel.

## **Motion Practice**

23.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, this Motion satisfies Local Rule 9013-1(a).

## **Notice**

24.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c)  the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission;  and  (g) any  party  that  has  requested  notice  pursuant  to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

25.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated:  October 6, 2022

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:              jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:              patrick.nash@kirkland.com
                        ross.kwasteniet@kirkland.com
                        chris.koenig@kirkland.com
                        dan.latona@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) EXTENDING THE TIME
## TO FILE NOTICES OF REMOVAL OF CIVIL
## ACTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the period to file notices of removal of Actions pursuant to 28 U.S.C. § 1452, section 105(a) of the Bankruptcy Code, and Bankruptcy Rules 9006(b) and 9027, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Netowrk LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The time period by which the Debtors may file notices of removal in this Court with respect to the Actions pursuant to Bankruptcy Rule 9027(a)(2) is extended through and including to the later of (a) April 9, 2023 (or 180 days from the current deadline to remove actions) and (b) the first day that is thirty days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code with respect to the particular action sought to be removed.

3.    This Order is without prejudice to the Debtors' right to request a further extension of time to file notices of removal of any or all of the Actions.

4.    This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

7.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE