

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

David J. Lender
+1 (212) 310-8000
david.lender@weil.com

October 9, 2022

**Via Email and ECF**

Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

***Re: Request for Status Conference Concerning In re Celsius Network LLC, Chapter 11 Case No. 22-10964 (MG)***

Dear Chief Judge Glenn:

We represent Core Scientific, Inc. ("**Core Scientific**"), the counterparty to that certain Master Services Agreement, dated December 18, 2020, with debtor Celsius Mining LLC ("**Celsius Mining**") (the "**Agreement**"). On September 28, 2022, the debtors in the above-referenced chapter 11 cases (the "**Debtors**") filed the *Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt* and corresponding *Notice of Hearing on Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt* (Dkt. No. 917) (together, the "**Contempt Motion**"), seeking, *inter alia*, entry of an order holding Core Scientific in civil contempt for alleged automatic stay violations, with an objection deadline of October 13, 2022, and a hearing on October 20, 2022. Core Scientific strongly disagrees with the factual allegations in the Contempt Motion and the legal theories set forth therein, objects to the relief requested therein, and, as described below, intends to file a motion for affirmative relief related to the Contempt Motion (the "**Affirmative Motion**") that should be heard contemporaneously with the Contempt Motion so that the Court is able to determine all issues efficiently.

Following communications with Debtors' counsel regarding appropriate scheduling for the Contempt Motion where Debtors' counsel informed us that the Debtors intended to press for an evidentiary hearing on October 20, 2022, Core Scientific files this letter to request a status conference at the Court's earliest convenience to discuss an appropriate schedule for an evidentiary hearing and related deadlines on the Contempt Motion and the Affirmative Motion, which raise similar factual issues as the Contempt Motion, as described below in more detail.

To be clear, Core Scientific is not seeking to delay a ruling by this Court on what are essentially contract interpretation issues raised by the Contempt Motion. To the contrary, Core

Scientific would like the Court to rule on those issues as soon as practicable, albeit with a full and clear evidentiary record. The false allegations the Debtors make in the Contempt Motion are harmful to Core Scientific, and the breach of contract allegations, premised on the incorrect notion that Core Scientific must subsidize the Debtors' money-losing mining business to the tune of millions of dollars a month, immediately threatens the viability of Core Scientific's business. A lengthy delay on a resolution of these contract issues, therefore, is not in Core Scientific's interests, but development of an adequate record and a fair hearing is most certainly in Core Scientific's interest. Given the importance of these issues, a reasonable schedule for discovery and presentation of evidence to this Court makes sense for all parties and the Court. And although we are hopeful we can come to an agreement with the Debtors on scheduling these matters, given the upcoming deadlines on the Contempt Motion and the importance of these matters to Core Scientific, it was necessary to reach out to the Court and the parties in interest to request a status conference to establish with guidance from the Court a procedural framework to provide a fair hearing as soon as is practical.

There are several reasons supporting Core Scientific's request for a reasonable schedule.

First, the Contempt Motion is not an emergency. Core Scientific has deployed all crypto mining machines the Debtors have provided to it. In addition, Core Scientific has never threatened Debtors with termination of the Agreement and continues to operate Debtors' mining machines at the highest level in the industry, albeit at significant economic detriment to Core Scientific's own stakeholders. As such, a reasonable schedule for the Contempt Motion and related issues will not prejudice the Debtors but will enable an accurate record for the Court's determination.

Second, because this matter is of grave importance to Core Scientific, it is critical that Core Scientific be afforded a sufficient and reasonable opportunity to present its case to the Court—together with appropriate time for discovery, keeping in mind expedited timelines for discovery in complex chapter 11 cases. To that end, the Debtors have sought overbroad discovery not proportional to the needs of the dispute while at the same time resisting our requests to obtain reasonable and necessary discovery. Although we are attempting to resolve these disputes consensually without the Court's involvement, the parties have yet to exchange any documents, and depositions are currently scheduled to take place a mere 1–3 days before the October 20 hearing with either no documents in advance or with no sufficient time to review any such documents to properly prepare. As such, not only is a reasonable schedule necessary to provide due process to Core Scientific, but we submit the Court would also benefit from the parties taking the time to present the evidence on the issues raised in the Contempt Motion (as well as our anticipated Affirmative Motion) in a clear and coherent manner, rather than haphazardly and rushed.[1]

---

[1]    In addition, given the number of matters currently scheduled to be heard at the October 20, 2022 hearing, Core Scientific is concerned that there are not enough hours available on that day to litigate this important issue before the Court with the time it merits. Specifically, the *Notice of Adjournment of Hearing on Certain Motions, Applications, and Status Conferences to October 20, 2022 at 10:00 A.M. (Prevailing Eastern Time)* (Dkt. No. 927) lists the following matters on the schedule for the October 20 hearing: the Debtors' cash management motion, the Debtors' motion to extend time to file schedules and statements, three retention applications, a motion

Third and relatedly, a reasonable schedule is merited because Core Scientific engaged our firm less than a week ago to represent it in the Debtors' chapter 11 cases. Although we have been working diligently and expeditiously on the matter, a more thoughtful schedule will provide the time needed to respond to the Contempt Motion adequately, particularly as it is replete with false allegations, raises disputed contract interpretation issues and requests unsupported, aggressive relief. In fact, the entire validity of the Contempt Motion is called into question by the fact that the bankruptcy court decision on which the Contempt Motion relies most heavily, *In re Windstream Holdings, Inc.*, 627 B.R. 32, 38 (Bankr. S.D.N.Y. 2021), was just reversed on appeal late last week. Specifically, on October 6, 2022, the United States District Court of the Southern District of New York reversed and vacated that decision. *See Windstream Holdings, Inc. v. Charter Commc'ns Inc. (In re Windstream Holdings, Inc.)*, Case No. 21-cv-4552-CS (S.D.N.Y. Oct. 6, 2022), Dkt. No. 28. We submit that the Debtors should use the scheduling conference to consider whether they should go forward with their requested relief in light of this decision.

Fourth, as a result of the Debtors' continued breach of the Agreement by refusing to pay postpetition amounts due thereunder and the resulting damages Core Scientific is incurring to subsidize the Debtors' business while they proffer an unreasonable interpretation of the Agreement, Core Scientific has now determined that it intends to file, contemporaneously with its objection to the Contempt Motion, the Affirmative Motion seeking an order granting one or more of the following alternative forms of relief: (i) providing Core Scientific relief from the automatic stay to allow it to terminate the Agreement; (ii) compelling the Debtors to assume or reject the Agreement in short order; and (iii) compelling immediate payment of Core Scientific's administrative expense claims arising from its performance under the Agreement.[2] In the interest of judicial economy, given the substantial factual overlap between the Contempt Motion and the Affirmative Motion, including the attendant contractual interpretation issues, Core Scientific submits that the motions should be briefed on the same timeline and heard by this Court at the same time.

As noted above, we have met and conferred with counsel for the Debtors, but to date they have insisted on proceeding on the current schedule and that the October 20 conference will be a full evidentiary hearing on the Contempt Motion, a position that itself may violate Local Bankruptcy Rule 9014-2.[3] Accordingly, Core Scientific submits this letter and requests a status

---

for relief from the automatic stay, a motion requesting appointment of a preferred equity committee, and two adversary proceeding pretrial status conferences.

[2]    Core Scientific currently intends to file the Affirmative Motion, but reserves the right to add to or change the relief sought.

[3]    S.D.N.Y. Local Bankruptcy Rule 9014-2 provides that:

The first scheduled hearing in a contested matter will not be an evidentiary hearing at which witnesses may testify, unless: (a) the Court gives prior notice to the parties that such hearing will be an evidentiary hearing; (b) the motion requests emergency relief and is made at the commencement of the case; (c) the motion requests interim or final relief under section 363(b), 363(c)(2)(B) or 364 of the Bankruptcy Code; (d) the motion requests the Court's approval of rejection of an unexpired lease of real property under section 365(a) of the Bankruptcy Code,

conference to bring the issues to the Court's attention.  In light of the foregoing, and to assist the Court with the requested status conference, Core Scientific proposes the following schedule relating to the Contempt Motion and the Affirmative Motion:[4]

| Event | Deadline |
|---|---|
| Deadline to file Affirmative Motion and response to Contempt Motion | October 20, 2022 |
| Deadline to file response to Affirmative Motion and reply to objections to Contempt Motion | October 27, 2022 |
| Deadline to file reply to objections to Affirmative Motion | October 31, 2022 |
| Hearing on Contempt Motion and Affirmative Motion | Week of October 31, 2022 or at Court's convenience |

We look forward to discussing the issues raised herein and any questions the Court may have.

Respectfully submitted,

/s/ *David J. Lender*
David J. Lender
*Counsel to Core Scientific, Inc.*

cc:  Ray C. Schrock, P.C. (Weil, Gotshal & Manges LLP)
Ronit J. Berkovich (Weil, Gotshal & Manges LLP)
Theodore E. Tsekerides (Weil, Gotshal & Manges LLP)
Patrick J. Nash, Jr., P.C., Counsel to the Debtors
Gregory F. Pesce, Counsel to Official Unsecured Creditors Committee

---

and a timely objection thereto is filed; (e) the hearing is on confirmation of a plan in a case under chapter 9, chapter 11, chapter 12, or chapter 13 of the Bankruptcy Code; or (f) Repealed.

LBR 9014-2.  None of these requirements have been met.  Paragraph 5 of the Case Management Procedures does not change these requirements.  It merely states that (i) omnibus hearings may not be an evidentiary hearing at which witnesses may testify unless the proposed agenda provides otherwise, and (ii) parties may request to the Court that such hearing be an evidentiary hearing.  *See* Case Management Procedures (Dkt. No. 528), ¶ 5.  It does not appear to expand the types of hearings that can be evidentiary hearings; instead, it provides requirements for letting the Court know that a hearing will be an evidentiary hearing.  In line with the maxim that the specific governs the general, the prohibition in the Local Rules specifically targeted at contested matters controls.

[4]   We intend to circulate a corresponding proposed scheduling order to the necessary parties prior to the status conference in compliance with S.D.N.Y. Local Rule 9076-1(d).

Office of the United States Trustee
Kyle J. Ortiz, Counsel to the Ad Hoc Group of Custodial Account Holders
Deborah Kovsky-Apap, Counsel to the Ad Hoc Group of Withhold Account Holders
Andrew R. Gottesman, Counsel for Symbolic Capital Partners Ltd.