Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

*Counsel to the Debtors and*
*Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM,**
**(II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,**
**(III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF**

        **PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting*

*Proofs of Claim (III) Approving Notice Thereof, and (IV) Granting Related Relief* (the "Motion")

will be held on **November 1, 2022, at 11:00 a.m.**, **prevailing Eastern Time** (the "Hearing")

before the Honorable Martin Glenn, Chief United States Bankruptcy Judge.  In accordance with

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the Hearing (*i.e.*, on October 31, 2022)**.

      **PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 11:00 a.m., prevailing Eastern Time on November 1, 2022 must connect to the Hearing beginning at 10:00 a.m., prevailing Eastern Time on November 1, 2022. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern

District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 528] (the "Case Management Order") by **October 25, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated:  October 11, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

*Counsel to the Debtors and*
*Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM,**
**(II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,**
**(III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (this "Motion"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Bar Date Order"):[2]  (a) setting Bar Dates (as defined herein) for creditors to submit

Proofs of Claim (as defined herein) in these chapter 11 cases; (b) approving the procedures described

herein for submitting Proofs of Claim in these chapter 11 cases and the form of the Proof of Claim

attached hereto as **Exhibit B**; (c) approving the form and manner of service of the notice of the

Bar Dates, substantially in the form attached hereto as **Exhibit C** (the "Bar Date Notice"),

including the publication version of the Bar Date Notice, substantially in the form attached hereto

as **Exhibit D**, and email notice to Celsius account holders (the "Email Notice"), substantially in

the form attached hereto as **Exhibit E**, and allowing for publication notice as described in this

Motion; and (d) granting related relief.

**Jurisdiction and Venue**

2.    The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]    Except as otherwise defined herein, all terms shall have the meanings ascribed to them by the Bankruptcy Code.
In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy
Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term
"governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term
"person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

4.      The bases for the relief requested herein are sections 501, 502(b)(9), and 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2002-1 and 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the *Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim* of the United States Bankruptcy Court for the Southern District of New York (the "Guidelines").

## Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.      On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[3]  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases

---

[3]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration.

have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee"). On September 29, 2022, the Court entered an order approving the appointment of an examiner [Docket No. 923].

## Bar Dates

8.        Except as otherwise set forth herein, the Debtors seek to establish **5:00 p.m. prevailing Eastern Time on December 13, 2022** (the "General Claims Bar Date") as the deadline by which all persons and entities must submit proofs of claim (each, a "Proof of Claim") asserting claims that arose on or before the Petition Date (each, a "Claim") against the Debtors in these chapter 11 cases. This date is thirty-five days after November 8, 2022, the date by which the Debtors propose to disseminate the bar date packages with the Bar Date Notice. The General Claims Bar Date includes Claims asserted under section 503(b)(9) of the Bankruptcy Code.[4] If approved, the General Claims Bar Date would occur at least thirty-five days after the date of service of the Bar Date Notice as set forth herein and therefore complies with the Guidelines.

9.        In addition to the General Claims Bar Date, pursuant to section 502(b)(9) of the Bankruptcy Code, the deadline by which all governmental units must submit Proofs of Claim asserting Claims that arose on or before the Petition Date against the Debtors in these chapter 11 cases (the "Governmental Bar Date") is **5:00 p.m. prevailing Eastern Time on January 10, 2023**.[5]

---

[4]    "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business, and entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code. *See* 11 U.S.C. § 503(b)(9).

[5]    Section 502(b)(9)(A) of the Bankruptcy Code provides that governmental units have 180 days after the Petition Date to file Proofs of Claim.

10.     The Debtors seek authority to establish supplemental bar dates (any such date, a "Supplemental Bar Date") without further order of the Bankruptcy Court to the extent the Debtors amend or supplement their schedules of assets and liabilities (the "Schedules") to provide adequate notice and opportunity to submit a Proof of Claim to parties holding claims affected thereby.   In such instances, the Debtors will provide such parties with notice, in a form substantially similar to the Bar Date Notice, that will clearly set forth the Supplemental Bar Date by which such parties must submit a Proof of Claim (and which shall afford parties at least thirty-five days from the notice date to submit Proofs of Claim consistent with the Guidelines).

11.     Lastly, the Debtors seek to require any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty days from the date of entry of such order (the "Rejection Bar Date," and together with the General Claims Bar Date, the Supplemental Bar Date and the Governmental Bar Date, collectively, the "Bar Dates").   The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

**Procedures for Submitting Proofs of Claim**

**I.     Claims for Which Proofs of Claim Need Not be Filed**

12.     In accordance with the Guidelines and Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity, ***other than*** those listed below, that holds a Claim against any Debtor in these chapter 11 cases be required to submit a Proof of Claim to assert such Claim in accordance with the Bar Date Order.   Subject to Bankruptcy Court approval of the Bar Dates and the Bar Date Order, the Debtors propose that persons or entities do ***not*** need to submit a Proof of

5

Claim in these chapter 11 cases on or prior to the applicable bar date if the Claim falls into one of

the following categories:

a)   any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b)   any Claim that is listed on the Schedules filed by the Debtors, *provided* that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c)   any Claim that has previously been allowed by order of this Court;

d)   any Claim that has already been paid in full by any of the Debtors;

e)   any Claim for which a different deadline has previously been fixed by this Court;

f)   any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

g)   any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h)   any Claim based on an equity interest in the Debtors;

i)   any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising

before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j)   any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k)   any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519]; and

l)   any Claim held by any person or entity solely against a non-Debtor entity.

13.      Due to their voluminous nature and for ease of review, on their Schedules of Assets

and Liabilities [Docket No. 974] (the "Schedules"), the Debtors reported crypto-currency related

claims, including account holder claims on account of transfers to the Custody, Earn, Withhold,

and Borrow programs, at Celsius Network LLC.  The Schedules for each Debtor, other than Celsius

Network LLC, include a cover page cross-referencing the Schedules of Celsius Network LLC and

incorporate the crypto-current claims as filed in the Schedules of Celsius Network LLC in their

Schedules.

14.      The applicable terms of use governing the business relationship between the

Debtors and their account holders are between each account holder, on the one hand, and Celsius

Network LLC and its "Affiliates," on the other hand (as defined in the terms of use).  This may

mean that account holders have claims against every Debtor and non-Debtor entity in the Debtors'

corporate structure.  The Debtors understand that certain parties in interest, including certain

holders of the Series B Preferred Shares issued by Celsius Network Limited, intend to argue that

account holders have claims solely against Celsius Network LLC.  The Debtors expect that this

legal issue will be resolved by the Court in the near term, either through a to-be-commenced

adversary proceeding, a claims objection, or other litigation (the "Account Holder Claim Ruling").

15.     Pursuant to Bankruptcy Rule 3003(c)(2), if a claim is scheduled as contingent, unliquidated, or disputed, a creditor must file a Proof of Claim in order to preserve rights with respect to such Claim.  The Debtors have scheduled account holder Claims at each Debtor Entity and have not scheduled any such Claim as contingent, unliquidated, or disputed.  The Debtors believe that scheduling any such Claims as contingent, unliquidated, or disputed would inequitably require each account holder to file a Proof of Claim against each Debtor Entity to preserve the rights to the issues to be decided through the Account Holder Claim Ruling.  For the avoidance of doubt, it is not the intent of the Debtors to create any presumption that account holders have Claims against each Debtor entity, as that issue is disputed by certain holders of the Series B Preferred Shares issued by Celsius Network Limited, and no creditor or other party should rely on the fact that the account holder claims are scheduled at each Debtor entity as dispositive as to this legal issue, which will be decided in the Account Holder Claim Ruling.  To the extent the Court enters a final and non-appealable order with respect to the Account Holder Claim Ruling, the Debtors intend to amend the Schedules to the extent required by such ruling.  ***At this time, to the extent an account holder agrees with the amount of their claim provided in the Schedules, there is no need to file an additional Proof of Claim to ensure that such Claim is asserted against each Debtor Entity.***  For the avoidance of doubt, nothing contained herein is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

## II.     The Proof of Claim Form

16.     The Debtors seek approval of the form of the Proof of Claim attached hereto as **Exhibit B** (the "Proof of Claim Form"), which, although based upon Official Form 410, is modified to allow creditors to assert 503(b)(9) Claims, to require holders of Claims based on

cryptocurrency held in accounts on the Debtors' platform to list the number of units of each cryptocurrency held in lieu of denominating their Claim in United States dollars, and to identify the type of account (*i.e.* Earn, Custody, Borrow, or Withhold) they assert their cryptocurrency is held in.

17.    In accordance with the Guidelines, and with the assistance of their notice and claims agent, Stretto, Inc. (the "Notice and Claims Agent"), the Debtors propose to provide each retail account holder (each, a "Retail Creditor") with a notification via the Debtors' mobile application (the "App") that they will be receiving the Email Notice from the Notice and Claims Agent, attached hereto as **Exhibit E**, with a link to the Bar Date Notice and instructions on how to file a Proof of Claim.  Pursuant to the Guidelines, at least thirty-five days before the General Claims Bar Date, the Notice and Claims Agent will send each Retail Creditor the Email Notice (where the necessary email address is available).  The link provided in the Email Notice to the Proof of Claim Form will direct the Retail Creditor to enter a pin number which, once entered correctly, will take the Retail Creditor to the Notice and Claims Agent's website where the Retail Creditor will have access to a personalized version of the Proof of Claim Form with their name, address, and email information prepopulated.  At that point, the Retail Creditor will be able to complete and submit the Proof of Claim Form on the Notice and Claims Agent's website.  The Notice and Claims Agent will also provide all of the Debtors' Retail Creditors (where applicable address information is available) and non-Retail Creditors listed on their Schedules with a Proof of Claim form via first-class mail service.

## III.    Requirements for Preparing and Submitting Proofs of Claim

18.    In accordance with the Guidelines, the Debtors request that the Bankruptcy Court require all Proofs of Claim submitted in these chapter 11 cases be consistent with the following:

a)  Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account[6] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;[7]

b)  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims;

c)  Parties who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d)  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by checking the applicable box at the top of the proposed Proof of Claim Form. Each Proof of Claim will include the option to submit Claims against "All Debtors (Account Holder Claim)." A Proof of Claim submitted under Case No. 22-10964 or that does not

---

[6]  For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly indicate (a) each type of cryptocurrency held and (b) the number of units of each cryptocurrency held (which may be done through the table of crypto-currency on the proposed Proof of Claim Form).

[7]  Supporting documentation may include, but is not limited to, a .csv report of the claimants' account with the Debtors.

identify a Debtor will be deemed as submitted only against Celsius Network LLC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22-10964 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e) If the holder asserts separate Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Claim; *provided* that a claim that indicates it is filed against each Debtor by checking the box titled "All Debtors (Account Holder Claim)" shall be deemed to have been filed against each Debtor without the need to file additional claims; and

f) Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent **actually receives** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an **original** signature, at the following address: Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE. PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

## IV.   Consequences of Failing to Timely Submit a Proof of Claim

19.   In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, the Debtors propose that any entity that is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such Claim—including any such Claim asserting administrative expense status under section 503(b)(9) of the Bankruptcy Code—against the Debtors (or submitting a Proof of Claim with respect to that Claim), and the Debtors and their property will be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim. Moreover, such creditor will be prohibited from (a) voting on any chapter 11 plan filed in these chapter 11

cases on account of such Claim and (b) participating in any distribution in these chapter 11 cases

on account of such Claim.

## **The Bar Date Notice**

20.     The Bar Date Notice is substantially similar to the form notice annexed to the

Guidelines, as required thereby.  Among other things, the Bar Date Notice:  (a) identifies the Bar

Dates, (b) includes detailed procedures for submitting a timely and accurate Proof of Claim,

(c) lists the parties who are not required to submit a Proof of Claim, (d) describes the consequences

of failing to submit a Proof of Claim in accordance with the Bar Date Order and Guidelines, and

(e) provides creditors with the name and telephone number of the Notice and Claims Agent, where

questions may be addressed and from whom additional information may be obtained.

21.     With the assistance of the Notice and Claims Agent, by no later than

November 8, 2022 (thirty-five days in advance of the General Claims Bar Date), the Debtors will

serve the Bar Date Notice and a Proof of Claim Form via email from the Notice and Claims Agent

as applicable and via first-class mail as applicable in accordance with the *Final Order*

*(I) Establishing Certain Notice, Case Management, and Administrative Procedures and*

*(II) Granting Related Relief* [Docket No. 528] (as amended, supplemented, or modified by order

of the Court, the "Case Management Procedures") and the *Order (I) Authorizing Debtors to Serve*

*Certain Parties by Email and (II) Granting Related Relief* [Docket No. 840]:

   a) the Master Service List (as defined in the Case Management
      Procedures);

   b) all known creditors and other known holders of potential Claims
      against the Debtors as of the date of entry of the Bar Date Order,
      including all persons or entities listed in the Schedules for which
      the Debtors have mailing addresses or email addresses;

   c) all entities that have filed Proofs of Claim in these chapter 11
      cases as of the date of the Bar Date Order;

d)  all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

e)  all entities who are party to executory contracts and unexpired leases with the Debtors;

f)  all entities who are party to litigation with the Debtors;

g)  all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h)  all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i)  all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

22.     The Debtors also intend to provide notice of the Bar Dates by publication to help ensure that all potential claimants receive adequate notice of the Bar Dates.  Specifically, the Debtors propose to publish the Bar Date Notice, modified for publication substantially in the form attached hereto as **Exhibit D**, on one occasion in *The New York Times* (National Edition), *USA Today*, and *CoinDesk* (CoinDesk.com) at least twenty-eight days before the General Claims Bar Date in accordance with Bankruptcy Rule 2002 and the Guidelines.

## Basis for Relief

### I.     The Bar Dates Comply with the Guidelines and Should Be Approved

23.     Generally, claimants must submit a Proof of Claim to assert a Claim in a bankruptcy proceeding.  *See* 11 U.S.C. § 501(a).  Bankruptcy Rule 3003(c)(3) typically governs the submission of Proofs of Claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  General claims bar dates are integral to the twin goals of chapter 11—preserving going-concerns and maximizing creditor recovery value.  *See In re Waterman S.S. Corp.*, 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986).  Indeed, prolonged uncertainty regarding the aggregate

liabilities of the bankruptcy estate could delay or derail the development of a sound restructuring plan process to the detriment of creditors and parties in interest. *Id.* ("Absent the setting of a bar date, a Chapter 11 case could not be administered to a conclusion.").

24.     Recognizing the importance of setting deadlines for submitting claims against a debtor, courts in this jurisdiction routinely approve relief similar to that requested in the motion. *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2022); *In re Pareteum Corp.*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. July 11, 2022); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27, 2021); *In re Centric Brands, Inc.*, No. 20-22637 (SHL) (Bankr. S.D.N.Y. June 5, 2020); *In re Barneys N.Y., Inc.*, No. 19-36300 (CMG) (Bankr. S.D.N.Y. Sept. 4, 2019).[8]

25.     To ensure that the Debtors are able to confirm and consummate a chapter 11 plan, the Debtors will require accurate information regarding the nature, validity, amount, and status of all Claims that will be asserted against their estates in these chapter 11 cases. Given the sheer number of potential claimants in these chapter 11 cases, it is important that the Debtors begin the claims analysis and reconciliation process as soon as possible pursuant to clear procedures designed to both limit confusion on the part of creditors and facilitate an efficient process that conserves estate resources. Fixing the Bar Dates as set forth herein will help the Debtors accomplish the foregoing objectives.

26.     In addition, (a) requiring holders of 503(b)(9) Claims to assert such Claims using the Form of Proof of Claim attached hereto on or prior to the General Claims Bar Date and (b) requiring holders of Claims based on cryptocurrency held in accounts on the Debtors' platform

---

[8]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

to list the number of units of each cryptocurrency held in lieu of denominating their Claim in United States dollars will ensure that the Debtors have accurate information regarding the nature, validity, and amount of such Claims while affording parties asserting such Claims appropriate and adequate notice. Moreover, this approach facilitates a cost-effective, efficient claims process for such creditors and helps conserve estate resources to the benefit of the Debtors' unsecured creditors.[9]

27.     Although the Guidelines include holders of claims allowable under section 503 of the Bankruptcy Code in the list of parties not required to submit a Proof of Claim and require that Proofs of Claim be denominated in United States currency, the Guidelines also provide that "there will of course be variations in specific situations and the list is not intended to be exhaustive." *See* Guidelines, at ¶ 9. The Debtors submit that the adjustments to the Proof of Claim form set forth herein are justified and warranted under the circumstances present here. Courts in this jurisdiction regularly deviate from the Guidelines to adjust the Proof of Claim form and with respect to fixing bar dates for submitting claims under section 503(b)(9) of the Bankruptcy Code. *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2022); *In re Vewd Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Feb. 3. 2022) (establishing a bar date for 503(b)(9) claims); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27, 2021) (same); *In re Greensill Cap. Inc.*, No. 21-10561 (MEW) (Bankr. S.D.N.Y. Apr. 26, 2021) (same); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2020) (same).

28.     Finally, the Bar Dates herein comply with the Guidelines and the applicable provisions of the Bankruptcy Code, are appropriate, and should be approved. First, the General

---

[9]     Parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.

Claims Bar Date will be at least thirty-five days after the Debtors provide notice to claimants of such bar date. Second, the Governmental Bar Date is the first business day following 180 days after the Petition Date in accordance with section 502(b)(9) of the Bankruptcy Code. Third, the Rejection Bar Date and Supplemental Bar Dates are necessary to provide the Debtors with flexibility to address circumstances under which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract or lease rejections) or to ensure that creditors receive proper notice and an opportunity to assert claims. Accordingly, the Debtors request the Bankruptcy Court establish the Bar Dates set forth herein.

## II.    The Procedures for Submitting Proofs of Claim Should Be Approved

29.    The Debtors have worked to design procedures that: (a) provide creditors with ample notice and opportunity to submit Proofs of Claim, (b) provide a clear process for effecting the same, and (c) achieve administrative and judicial efficiency. Indeed, the procedures described above are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

30.    Among other things, the procedures provide clear instructions for submitting Proofs of Claim that are calculated to avoid confusion or uncertainty among creditors that might lead them to submit unnecessary protective Proofs of Claim or multiple Proofs of Claim, which, in either event, would result in unnecessary expense and delay in the claims reconciliation process for all parties affected thereby. The use of a notification to Retail Creditors via the Debtors' App provides useful information regarding the process by which Retail Creditors may file Proofs of Claim. Indeed, the Debtors believe that the use of a notification via the App will help mitigate creditors' confusion and result in a claims reconciliation process that is less burdensome, costly, and time-consuming for the Debtors, all of which inure to the benefit of these estates.

16

31.    Lastly, the Debtors propose that claimants be permitted to submit Proofs of Claim in person, by hand delivery, or via mail.  Although proofs of claim submitted by facsimile or electronic mail will not be accepted, the Debtors propose that Proofs of Claim be permitted to be submitted electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius.  A similar electronic interface has been utilized in other large bankruptcy cases.  *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2022) (approving procedures for submission of proofs of claim through electronic interface); *In re Vewd Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Feb. 3. 2022) (same); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27, 2021) (same); *In re Greensill Cap. Inc.*, No. 21-10561 (MEW) (Bankr. S.D.N.Y. Apr. 26, 2021) (same); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2020) (same).[10] These procedures will facilitate the claims process by establishing guidelines for noticing and publishing the Bar Dates and providing claimants with clear instructions regarding the procedures and other requirements for submitting a Proof of Claim.  Accordingly, these procedures should be approved.

**III.    The Form and Manner of the Bar Date Notice Should be Approved.**

**A.    The Form of Bar Date Notice Satisfies the Requirements of the Guidelines.**

32.    The Bar Date Notice substantially conforms to the form notice annexed to the Guidelines, varying only to the extent appropriate and necessary given the size, complexity, and circumstances of these chapter 11 cases.  Moreover, the publication version of the Bar Date Notice will be substantially similar to the attached Bar Date Notice and will only omit provisions that are

---

[10]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

not applicable or are not absolutely necessary (such as the official definition of "claim") to reduce publication costs. *See* Guidelines, at ¶ 5.

33.     The Bar Date Notice, Bar Date Order, and all exhibits and attachments thereto substantially comply with the applicable rules and the Guidelines establishing the procedural guidelines relating to the establishment of bar dates and providing notice thereof.  The Bar Date Notice and the Bar Date Order were modeled on the forms attached to the Guidelines.  Any alterations to these forms are appropriate, minimal, and generally have been limited to those instances where such deviations:  (a) are necessary or appropriate to tailor the Bar Date Notice and Bar Date Order for use in these chapter 11 cases; (b) adopt changes that are expressly contemplated by the Guidelines; or (c) provide additional information for the benefit of potentially interested parties.

**B.      The Notice and Service Satisfies Due Process Requirements.**

34.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one days' notice by mail of the time fixed for submitting Proofs of Claim pursuant to Bankruptcy Rule 3003(c).  The Guidelines further require that the Debtors mail claimants the Bar Date Notice at least thirty-five days in advance of the Bar Dates and publish the Bar Date Notice at least twenty-eight days in advance of the Bar Dates.  In addition, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or that it is desirable to supplement other notice.  Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

35.     To determine the adequacy of notice to a creditor, case law distinguishes between "known" and "unknown" creditors.  Generally speaking, the former is a creditor whose identity is either known or is reasonably ascertainable by the debtor, while the latter is one whose interests

are conjectural or future or, although potentially discoverable upon investigation, do not come to

the knowledge of the debtor in the ordinary course of business. *See Tulsa Prof'l Collection Servs.,*

*Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S.

306, 317 (1950) (holding that publication is acceptable where it is not "reasonably possible or

practicable to give more adequate warning," whereas when names and addresses are available,

notice must be mailed).

36.     Where a creditor is known to the debtor, due process requires that the debtor take

reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting

proofs of claim. *See, e.g.*, *In re Enron Corp.*, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29,

2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive

notice is generally sufficient with an unknown creditor."); *Daewoo Int'l (Am.) Corp. Creditor*

*Trust v. SSTS Am. Corp.*, 2003 WL 21355214, at *3 (S.D.N.Y. June 11, 2003) (same); *Pope*,

485 U.S. at 491 (holding that where creditor was known or "reasonably ascertainable," then due

process only requires "notice by mail or other means as certain to ensure actual notice").

37.     Where a creditor is unknown to the debtor, due process requires only that the debtor

take reasonable steps, such as notice by publication, to provide constructive notice of the deadline

for submitting proofs of claim. *See, e.g.*, *In re XO Commc'ns*, 301 B.R. 782, 793 (Bankr. S.D.N.Y.

2003) (finding that if a creditor is unknown constructive notice is generally sufficient); *DePippo v.*

*Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is

'unknown' to the debtor, publication notice of the claims bar date is adequate constructive notice

sufficient to satisfy due process requirements . . . ."); *In re U.S.H. Corp. of New York*, 223 B.R. 654,

659 (Bankr. S.D.N.Y. 1998) (same). Furthermore, debtors are not required to publish notice in an

excessive number of publications. *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 358 (Bankr.

19

S.D.N.Y. 1992) (finding it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read).

38.     To provide creditors reasonably known to the Debtors with actual notice of the Bar Dates herein, the Debtors propose to serve the Bar Date Notice by no later than November 8, 2022 (thirty-five days in advance of the General Claims Bar Date), upon all creditors identified during a thorough review of the Debtors' books and records.  As such, the Debtors will be providing actual notice to creditors reasonably known to them with no less than thirty-five days' notice of the General Claims Bar Date in satisfaction of Bankruptcy Rule 2002(a)(7).

39.     After the initial mailings of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[11] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity interest holders) decline to pass along notices to these parties and instead provide their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants become known to the Debtors.   In these and similar circumstances, the Debtors request that the Bankruptcy Court permit them to make supplemental mailings of the Bar Date Notices and Proof of Claim Forms at any time up to twenty-one days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant creditors.

40.     To provide creditors unknown to the Debtors with constructive notice of the Bar Dates herein, the Debtors propose to publish the Bar Date Notice, modified as necessary (but

---

[11]   If notices are returned as "return to sender" without a forwarding address, the Debtors request that they should not be required to mail additional notices to such creditors.

consistent with the requirements of the Guidelines), in each of *The New York Times* (National Edition), *USA Today*, and *CoinDesk* (CoinDesk.com) at least twenty-eight days prior to the General Claims Bar Date.  As such, the Debtors will be providing unknown creditors with at least twenty-eight days' constructive notice of the General Claims Bar Date in satisfaction of the Guidelines and Bankruptcy Rule 2002(a)(7).

41.    In light of the foregoing, service and publication of the Bar Date Notice is reasonably designed to reach all interested parties in a cost-effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the Guidelines.  Accordingly, the Debtors request that the Court deem the form of Bar Date Notice and mailing and publication thereof good, adequate, and sufficient notice of the Bar Dates set forth herein.

## Reservation of Rights

42.    Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or the Bar Date Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## Motion Practice

43. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, this Motion satisfies Local Rule 9013-1(a).

**Notice**

44.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

45.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate.

New York, New York
Dated: October 11, 2022

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                   ross.kwasteniet@kirkland.com
                   chris.koenig@kirkland.com
                   dan.latona@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

23

## Exhibit A

**Bar Date Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) SETTING BAR**
**DATES FOR SUBMITTING PROOFS OF CLAIM,**
**(II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,**
**(III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order") pursuant to Bankruptcy Rule 3003(c)(3) (a) setting Bar Dates for creditors to submit Proofs of Claim in these chapter 11 cases, (b) approving the procedures described herein for submitting Proofs of Claim in these chapter 11 cases and the form of the Proof of Claim attached thereto as Exhibit B, (c) approving the form and manner of service of the notice of the Bar Dates, substantially in the form attached thereto as Exhibit C (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached thereto as Exhibit D, and allowing for publication notice as described in this Motion, and (d) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.§ 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is ***actually received*** by Stretto, Inc. (the "Notice and Claims Agent") on or before the later of **5:00 p.m. prevailing Eastern Time on December 13, 2022** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

3. Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be ***actually received*** by the Notice and Claims Agent before **5:00 p.m. prevailing Eastern Time on January 10, 2023** (the "Governmental Bar Date").

4. Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty days from the date of entry of such order. The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.

5. If the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall provide notice of any amendment or supplement to the holders of Claims affected thereby. The Debtors shall also provide such holders with notice that they will be afforded at least thirty-five days from the date of such notice to submit Proofs of Claim with respect to Claims affected by the amendment or supplement of the Schedules or otherwise be forever barred from doing so.

6. In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) asserting such Claim against the Debtors and their chapter 11 estates, (b) voting on any chapter 11 plan filed in this case on account of such Claim, and (c) participating in any distribution in these chapter 11 cases on account of such Claim.

7.      As appropriate, the Debtors' Notice and Claims Agent shall email and mail (where applicable address information is available) Retail Creditors with instructions on filing a Proof of Claim and where the Email Notice is sent, substantially in the form annexed as <u>Exhibit E</u> in the Motion and hereby approved, the Debtors shall provide Retail Creditors with a link to the Notice and Claims Agent's website with access to Proofs of Claim forms substantially similar to the Form of Proof of Claim annexed as <u>Exhibit C</u> to the Motion, which is hereby approved.

8.      The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these chapter 11 cases shall apply:

a)   Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account[3] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at http://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.[4]

b)   In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and

---

[3]   For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (a) each type of cryptocurrency held and (b) the number of units of each cryptocurrency held, and (c) the type of account (Earn, Custody, Borrow, or Withhold).

[4]   Supporting documentation may include, but is not limited to, a .csv report of the claimants' account with the Debtors.

(iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims.

c)  Parties who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

d)  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by checking the applicable box at the top of the proposed Proof of Claim Form. Each Proof of Claim will include the option to submit Claims against "All Debtors."  A Proof of Claim submitted under Case No. 22-10964 or that does not identify a Debtor will be deemed as submitted only against Celsius Network LLC.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22-10964 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

e)  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Claim; *provided* that a claim that indicates it is filed against each Debtor by checking the box titled "All Debtors (Account Holder Claim)" shall be deemed to have been filed against each Debtor without the need to file additional claims.

f)  Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent **actually receives** the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address:  Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE.  PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

9.      Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these

chapter 11 cases on or prior to the applicable bar date if the Claim falls into one of the following

categories:

    a)  any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

    b)  any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

    c)  any Claim that has previously been allowed by order of this Court;

    d)  any Claim that has already been paid in full by any of the Debtors;

    e)  any Claim for which a different deadline has previously been fixed by this Court;

    f)  any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

    g)  any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

    h)  any Claim based on an equity interest in the Debtors;

    i)  any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit;

any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j)   any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k)   any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519]; and

l)   any Claim held by any person or entity solely against a non Debtor entity.

10.    Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11.    The notice substantially in the form annexed as Exhibit C to the Motion is approved and shall be deemed adequate and sufficient if served by email or first-class mail at least thirty-five days prior to the General Claims Bar Date on:

a)   the Master Service List (as defined in the Case Management Procedures);

b)   all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

c)   all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

d)   all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

e)   all entities who are party to executory contracts and unexpired leases with the Debtors;

f)   all entities who are party to litigation with the Debtors;

g) all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h) all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i) all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

12.    After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants become known to the Debtors. In this regard, the Debtors may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to twenty-one days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

13.    Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary but consistent with the requirements of the Guidelines), substantially in the form annexed as Exhibit D to the Motion, on one occasion in each of *The New York Times* (National Edition), *USA Today*, and *CoinDesk* (CoinDesk.com) at least twenty-eight days prior to the General Claims Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the General Claims Bar Date.

14.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

15.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing to consider the Motion, if any, nothing in the Motion, this Order, or announced at the hearing to consider the Motion, if any, constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

16.    The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

17.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules of this Court are satisfied by such notice.

18.    Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

19.    Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

20.    The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Bar Date Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit B**

**Form of Proof of Claim**

**Fill in this information to identify the case:**

Name of Debtor & Case Number:

☐ All Debtors (Account Holder Claim)
☐ Celsius Network, LLC (Case No. 22-10964)
☐ Celsius Network Inc. (Case No. 22-10965)
☐ Celsius Network Limited (Case No. 22-10966)
☐ Celsius KeyFi LLC (Case No. 22-10967)

☐ Celsius Mining LLC (Case No. 22-10968)
☐ Celsius Lending Networks, LLC (Case No. 22-10969)
☐ Celsius Lending LLC (Case No. 22-10970)
☐ Celsius US Holding LLC (Case No. 22-10971)

**United States Bankruptcy Court for the Southern District of New York**

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number          Street _____

City                     State                ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number          Street _____

City                     State                ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
                MM   /  DD   /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

6. **Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

7. **List the number of each type of asset held in each type of account as of the date the case was filed.**

| Coin | Earn | Withhold | Custody | Borrow |
|------|------|----------|---------|--------|
| 1inch Network (1INCH) | | | | |
| 3pool Curve (3CRV) | | | | |
| AAVE (AAVE) | | | | |
| Arable Protocol (ACRE) | | | | |
| Cardano (ADA) | | | | |
| Alchemix (ALCX) | | | | |
| MyNeighborAlice (ALICE) | | | | |
| Alchemix USD (alUSD) | | | | |
| Ampleforth (AMPL) | | | | |
| Anchor Protocol (ANC) | | | | |
| Angle (ANGLE) | | | | |
| Ankr (ANKR) | | | | |
| Star Atlas (ATLAS) | | | | |
| AnnchorUST (aUST) | | | | |
| Avalanche (AVAX) | | | | |
| Badger DAO (BADGER) | | | | |
| Balancer (BAL) | | | | |
| Basic Attention Token (BAT) | | | | |
| bBADGER (bBADGER) | | | | |
| Bitcoin Cash (BCH) | | | | |
| bDIGG (bDIGG) | | | | |
| Beacon ETH (BETH) | | | | |
| Lido Bonded LUNA (BLUNA) | | | | |
| BNB (BNB) | | | | |
| Bancor (BNT) | | | | |
| Boba Network (BOBA) | | | | |
| BarnBridge (BOND) | | | | |
| Bone ShibaSwap (BONE) | | | | |
| SpookySwap (BOO) | | | | |
| BoringDAO (BOR) | | | | |
| BoringDAO (BORING) | | | | |
| Bitcoin SV (BSV) | | | | |
| Bozkurt Token (BT) | | | | |
| Bitcoin (BTC) | | | | |
| Bitcoin Gold (BTG) | | | | |
| Binance USD (BUSD) | | | | |
| Celsius (CEL) | | | | |
| CreaEther (CETH) | | | | |
| Compound (COMP) | | | | |
| Cream Finance (CREAM) | | | | |
| Curve Dao Token (CRV) | | | | |
| Convex Finance (CVX) | | | | |
| Convex CRV (CVXCRV) | | | | |
| cxADA (cxADA) | | | | |
| cxBTC (cxBTC) | | | | |
| cxDOGE (cxDOGE) | | | | |
| cxETH (cxETH) | | | | |
| Dash (DASH) | | | | |
| DePay (DEPAY) | | | | |
| DIGG (DIGG) | | | | |

| | | | | |
|---|---|---|---|---|
| Dogecoin (DOGE) | | | | |
| Polkadot (DOT) | | | | |
| DQUICK (DQUICK) | | | | |
| Eos (EOS) | | | | |
| Ellipsis (EPS) | | | | |
| Ethereum Classic (ETC) | | | | |
| Ethereum (ETH) | | | | |
| STASIS EURO (EURS) | | | | |
| Harvest Finance (FARM) | | | | |
| Fei USD (FEI) | | | | |
| StaFi (FIS) | | | | |
| Falcon Project (FNT) | | | | |
| Frax (FRAX) | | | | |
| Fantom (FTM) | | | | |
| FTX Token (FTT) | | | | |
| Gemini Dollar (GUSD) | | | | |
| H2O DAO (H2O) | | | | |
| Hermez Network (HEZ) | | | | |
| ICHI (ICHI) | | | | |
| JOE (JOE) | | | | |
| Kin (KIN) | | | | |
| Kyber Network (KNC) | | | | |
| Lido DAO (LDO) | | | | |
| ChainLink (LINK) | | | | |
| Livepeer (LPT) | | | | |
| Liquity (LQTY) | | | | |
| Loopring (LRC) | | | | |
| Litecoin (LTC) | | | | |
| Terra Luna (LUNA) | | | | |
| Liquity USD (LUSD) | | | | |
| LUSD Curve (LUSD Curve) | | | | |
| Decentraland (MANA) | | | | |
| Polygon (MATIC) | | | | |
| Multi-Collateral DAI (MCDAI) | | | | |
| MegaElfLand (MELT) | | | | |
| Mimatic (MIMATIC) | | | | |
| Maker (MKR) | | | | |
| Maple (MPL) | | | | |
| Marinade Staked SOL (MSOL) | | | | |
| Notional Finance (NOTE) | | | | |
| NXM (NXM) | | | | |
| OMG Network (OMG) | | | | |
| ownix (ONX) | | | | |
| Orbs (ORBS) | | | | |
| Origin Dollar (OUSD) | | | | |
| PAX (PAX) | | | | |
| PAX Gold (PAXG) | | | | |
| Pickle Finance (PICKLE) | | | | |
| pNetwork (PNT) | | | | |
| Star Atlas DAO (POLIS) | | | | |
| BENQI (QI) | | | | |
| Qredo (QRDO) | | | | |
| QuickSwap (QUICK) | | | | |
| Rai Reflex Index (RAI) | | | | |
| Raydium (RAY) | | | | |
| Ren (REN) | | | | |
| THORChain (RUNE) | | | | |
| BENQI Liquid Staked AVAX (SAVAX) | | | | |
| Saga (SGA) | | | | |

| | | | | |
|---|---|---|---|---|
| Songbird (SGB) | | | | |
| Sogur (SGR) | | | | |
| Synthetix (SNX) | | | | |
| Solana (SOL) | | | | |
| SparkLab (SPARK) | | | | |
| Serum (SRM) | | | | |
| Stable/cash (Stable/cash) | | | | |
| Lido Staked ETH (STETH) | | | | |
| Lido Staked LUNA (STLUNA) | | | | |
| sUSD (sUSD) | | | | |
| SushiSwap (SUSHI) | | | | |
| TrueAUD (TAUD) | | | | |
| tBTC (TBTC) | | | | |
| TrueCAD (TCAD) | | | | |
| TrueGBP (TGBP) | | | | |
| TrueHKD (THKD) | | | | |
| TrueFi (TRU) | | | | |
| TrueUSD (TUSD) | | | | |
| UMA (UMA) | | | | |
| Uniswap (UNI) | | | | |
| US Dollar (USD) | | | | |
| USD Coin (USDC) | | | | |
| Tether (USDT) | | | | |
| USDT ERC20 (USDT ERC20) | | | | |
| Unslashed Finance (USF) | | | | |
| Ultra Salescloud (UST) | | | | |
| Bancor Governance Token (vBNT) | | | | |
| Vesper (VSP) | | | | |
| Wrapped Bitcoin (WBTC) | | | | |
| Wrapped DLG (WDGLD) | | | | |
| WETH (WETH) | | | | |
| Wrapped Fantom (WFTM) | | | | |
| Wrapped Matic (WMATIC) | | | | |
| XAUT (XAUT) | | | | |
| eCash (XEC) | | | | |
| Stellar Lumens (XLM) | | | | |
| Ripple (XRP) | | | | |
| Tezos (XTZ) | | | | |
| yearn.finance (YFI) | | | | |
| YF Link (YFL) | | | | |
| YUSD Stablecoin (YUSD) | | | | |
| yveCRV-DAO (yveCRV-DAO) | | | | |
| Zcash (ZEC) | | | | |
| 0x (ZRX) | | | | |
| ZUSD (ZUSD) | | | | |
| Other: | | | | |

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges  required by Bankruptcy Rule 3001(c)(2)(A).

| | | |
|---|---|---|
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
| | | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | | Limit disclosing information that is entitled to privacy, such as health care information. |

**9.** **Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

---

**10.** **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

**11.** **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

**12.** **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
     First name          Middle name          Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number      Street

_____
City                          State    ZIP Code

Contact phone _____  Email _____

## **Exhibit C**

**Bar Date Notice**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINE**
**REQUIRING SUBMISSION OF PROOFS**
**OF CLAIM ON OR BEFORE DECEMBER 13, 2022,**
**AND RELATED PROCEDURES FOR SUBMITTING PROOFS**
**OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. prevailing Eastern Time on December 13, 2022** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

Except for those holders of the claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **July 13, 2022** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim").**[4]  In addition, governmental units have until **5:00 p.m. prevailing Eastern Time on January 10, 2023** (the date that is the first business day following 180 days after the order for relief) (the "Governmental Bar Date"), to submit Proofs of Claim.

---

**A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

---

### Debtors in these Chapter 11 Cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Celsius Network LLC | 2148 | 22-10964 |
| Celsius KeyFi LLC | 4414 | 22-10967 |
| Celsius Lending LLC | 8417 | 22-10970 |
| Celsius Mining LLC | 1387 | 22-10968 |
| Celsius Network Inc. | 1219 | 22-10965 |
| Celsius Network Limited | 8554 | 22-10966 |
| Celsius Networks Lending LLC | 3390 | 22-10969 |
| Celsius US Holding LLC | 7956 | 22-10971 |

---

[2]  As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]  Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4]  "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business.  *See* 11 U.S.C. § 503(b)(9).

### Who Must Submit a Proof of Claim

You **MUST** submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is ***not*** one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

### What To Submit

The Debtors are providing a link to access a Proof of Claim form for use in the cases in an email sent to each Retail Creditor; if your Claim is scheduled by the Debtors, the form sets forth your name, address, and email as it is reflected in the Debtors' books and records.  You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors.  Retail Creditors will receive one notification, even though Claims may be schedules at multiple or all Debtors.  You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting the Debtors' notice and claims agent, Stretto, Inc. (the "Notice and Claims Agent"), by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at:  http://cases.stretto.com/celsius.

The following procedures for the submission of Proofs of Claim against the Debtors in these chapter 11 cases shall apply:

    a)  Each Proof of Claim must:  (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account[5] and (B) in the case of any

---

[5]   For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held.

other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at http://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.[6]

b)  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims.

c)  Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

d)  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by checking the applicable box at the top of the proposed Proof of Claim Form. Each Proof of Claim will include the option to submit Claims against "All Debtors." A Proof of Claim submitted under Case No. 22 10964 or that does not identify a Debtor will be deemed as submitted only against Celsius Network LLC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22 10964 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

---

[6]  Supporting documentation may include, but is not limited to, a .csv report of the claimants' account with the Debtors.

e) If the holder asserts separate Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Claim; *provided* that a claim that indicates it is filed against each Debtor by checking the box titled "All Debtors (Account Holder Claim)" shall be deemed to have been filed against each Debtor without the need to file additional claims.

f) Receipt of Service: Any claimant wishing to receive acknowledgment that Stretto received its Proof of Claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

### When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE. PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

### Claims for Which Proofs of Claim Need Not Be Filed

Persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a) any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b) any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c) any Claim that has previously been allowed by order of this Court;

d) any Claim that has already been paid in full by any of the Debtors;

e) any Claim for which a different deadline has previously been fixed by this Court;

f) any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

g) any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h) any Claim based on an equity interest in the Debtors;

i) any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j) any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k) any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519]; and

l) any Claim held by any person or entity solely against a non Debtor entity.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE BANKRUPTCY COURT BELIEVE THAT YOU HAVE ANY CLAIM.

### Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order (the "Rejection Bar Date"). The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

### Supplemental Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so.

### The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the

7

Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

### Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**BY ORDER OF THE COURT**

New York, New York                    */s/ Joshua A. Sussberg*
Dated:  October 11, 2022              **KIRKLAND & ELLIS LLP**
                                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                      Joshua A. Sussberg, P.C.
                                      601 Lexington Avenue
                                      New York, New York 10022
                                      Telephone:       (212) 446-4800
                                      Facsimile:        (212) 446-4900
                                      Email:             jsussberg@kirkland.com

                                       - and -

                                      Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
                                      Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
                                      Christopher S. Koenig
                                      Dan Latona (admitted *pro hac vice*)
                                      300 North LaSalle Street
                                      Chicago, Illinois 60654
                                      Telephone:       (312) 862-2000
                                      Facsimile:        (312) 862-2200
                                      Email:             patrick.nash@kirkland.com
                                                          ross.kwasteniet@kirkland.com
                                                          chris.koenig@kirkland.com
                                                          dan.latona@kirkland.com

                                      *Counsel to the Debtors and*
                                      *Debtors in Possession*

**<u>Exhibit D</u>**

**Publication Notice**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Debtors and*
*Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF BAR DATES FOR**
**SUBMITTING PROOFS OF CLAIM AND CLAIMS UNDER**
**SECTION 503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTORS**

　　　**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. prevailing Eastern Time on December 13, 2022** (the "General Claims Bar Date"), as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) to submit a Proof of Claim against any of the Debtors listed below (collectively, the "Debtors"). A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Stretto, Inc. (the noticing and claims agent retained in these chapter 11 cases), by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States, (ii) for no charge by visiting the Debtors' restructuring website at http://cases.stretto.com/celsius, or (iii) for a fee via PACER by visiting http://ecf.nysb.uscourts.gov.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

The Bar Date Order requires that all entities (collectively, the "Claimants") holding or wishing to assert a claim that arose or is deemed to have arisen prior to July 13, 2022 (the "Petition Date"), against the Debtors ("Claims") to submit a Proof of Claim so as to be actually received by Stretto, Inc. (the "Notice and Claims Agent") on or before the applicable bar date (collectively, the "Bar Dates") as set forth below.  None of the bar dates described herein apply to any governmental unit.  Pursuant to section 502(b)(9) of the Bankruptcy Code, all governmental units shall have at least 180 days from the commencement of these chapter 11 cases to submit Claims against the Debtors.

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
| --- | --- | --- |
| Celsius Network LLC | 2148 | 22-10964 |
| Celsius KeyFi LLC | 4414 | 22-10967 |
| Celsius Lending LLC | 8417 | 22-10970 |
| Celsius Mining LLC | 1387 | 22-10968 |
| Celsius Network Inc. | 1219 | 22-10965 |
| Celsius Network Limited | 8554 | 22-10966 |
| Celsius Networks Lending LLC | 3390 | 22-10969 |
| Celsius US Holding LLC | 7956 | 22-10971 |

| General Claims Bar Date (Applicable to 503(b)(9) Claims) | All Claimants holding or wishing to assert a Claim must submit a Proof of Claim with respect to such Claim so as to be **actually received** by the Notice and Claims Agent by **December 13, 2022, at 5:00 p.m. prevailing Eastern Time** (the "General Claims Bar Date"), including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code. |
| --- | --- |
| **Supplemental Bar Date** | In the event the Debtors amend or supplement their schedules of assets and liabilities (collectively, the "Schedules"), the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so. |
| **Rejection Bar Date** | If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order (the "Rejection Bar Date").  The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease. |

### When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by:

(i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE.  PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**Contents of Proofs of Claim.**  Each Proof of Claim must:  (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account[2] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.  **Please note** that each Proof of Claim must state a Claim against only one Debtor.  To the extent the Proof of Claim lists more than one Debtor, the applicable Claim may be treated as if submitted only against the first-listed Debtor.  If a Proof of Claim does not identify a specific Debtor, the Proof of Claim will be considered as submitted only against Celsius Network LLC.

**Section 503(b)(9) Claims.**  Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date. The Bankruptcy Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code.  In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made against the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the Section 503(b)(9) Claim was satisfied by payments made by the Debtors.

**Consequences of Failing to Timely Submit Your Proof of Claim.**  Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or submitting a Proof of Claim with respect thereto).  In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with

---

2   For the avoidance of doubt, all Claims for cryptocurrency held by any holder must clearly state (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held.

respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

**Reservation of Rights.**  Nothing contained in this notice is intended to or should be construed as a waiver of the Debtor's right to:  (a) dispute, or assert offsets or defenses against, any submitted Claim or any Claim listed or reflected in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend the Schedules.

**Additional Information.**  If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim form or related documents, you may do so by visiting the Debtors' restructuring website at http://cases.stretto.com/celsius or contacting the Notice and Claims Agent by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or writing to the following address:  Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Please note that the Notice and Claims Agent cannot advise you how to submit, or whether you should submit, a Proof of Claim.

## Exhibit E

**Email Notice**

**D2. Celsius Customer Notice of Claims Bar Date Email**

**Email Subject Line:** Celsius Network LLC Notice of Claims Deadline
**Sent From:** Celsius Network LLC Restructuring noreply@cases-cr.stretto-services.com

**To:** [CUSTOMER NAME]

**You're receiving this email because you have a claim in the Celsius Network LLC restructuring matter.** This email contains important information about your claim, and the claims filing process.

## Step 1: Take note - the last date to file a claim is [PENDING].

## To review complete information about the filing process, the legal notice can be found here.

**[Hyperlink to Notice of Claims Bar Date].**

## Step 2: Review the amount of your claim listed by Celsius Network LLC in the Schedules of Assets and Liabilities. The details about your claim are here:

**Celsius Account Email:** [MERGE]
**Creditor Name:** [CUSTOMER NAME]
**Address:** [MERGE all address fields]

Your claim is listed on Schedule **EF Part 2** as a General Unsecured [**Contingent, Unliquidated, Disputed**] claim comprising of the coin(s) listed in the table below. Your claim [**IS/IS NOT**] subject to an offset.

| Coin | Earn | Custody | Withheld | Retail Collateral |
|---|---|---|---|---|
| [Merge] | [Merge] | [Merge] | [Merge] | [Merge] |
| [Merge] | [Merge] | [Merge] | [Merge] | [Merge] |

**Step 3:  If you agree with the type and amount of your claim listed above, you do not need to file a claim and no further action is required at this time.**

As explained in the Notice of Deadline to File Proofs of Claim, customers do not need to submit a Proof of Claim in these chapter 11 cases if their claim is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "Disputed," "Contingent," or "Unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules.

**Step 4: If you disagree with your scheduled claim listed above, or your claim was scheduled as "Contingent," "Unliquidated," or "Disputed," you must file a proof of claim, on or before the General Bar Date of [PENDING] or be forever barred from further recovery.**

If you have determined that you need to file a claim (because you disagree with the scheduled claim listed above OR your claim is listed as Contingent, Unliquidated, or Disputed), there are two ways to submit your claim:

**To submit your Proof of Claim online**, please click [Merge Custom URL] and enter the following online claim filing PIN: [Merge]

**To submit your Proof of Claim via mail**, download a <u>blank proof of claim form</u> [link to form]. Upon completion of your claim form (together with any supporting documentation you may have), please remit to the following address:

**Celsius Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine CA 92602**

**Important Deadlines to File Claims**:

General Bar Date: [Date]

Governmental Unit Bar Date: [Date]

**For questions related to submitting your Proof of Claim, you can contact Stretto at:**
Toll-Free: (855) 423-1530

International: (949) 669-5873

Email: celsiusinquiries@stretto.com

Please click here[Link to FAQs] for additional information about this Notice and what it means for you.