**Hearing Date:  November 1, 2022 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  October 25, 2022 at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

*Counsel to the Debtors and Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE DEBTORS TO REDACT AND FILE**
**UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION**
**RELATED TO THE DEBTORS' KEY EMPLOYEE RETENTION PLAN**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Confidential Information Related to the Debtors' Key Employee Retention Plan* (the "Motion") will be held on **November 1, 2022 at 11:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only"

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on October 31, 2022)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 11:00 a.m., prevailing Eastern Time on November 1, 2022 must connect to the Hearing beginning at 10:00 a.m., prevailing Eastern Time on November 1, 2022. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing

2

system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 528] (the "Case Management Order") by **October 25, 2022, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated: October 11, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

*Counsel to the Debtors and Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DEBTORS' MOTION FOR ENTRY OF
## AN ORDER AUTHORIZING THE DEBTORS TO REDACT
## AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION
## RELATED TO THE DEBTORS' KEY EMPLOYEE RETENTION PLAN

The above-captioned debtors and debtors in possession respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to (a) redact and file under seal the program participants'

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

job titles, job descriptions, supervisors, hiring personnel, corresponding salaries, and proposed KERP awards, as set forth in Exhibit B to the KERP Motion (as defined herein), and (b) provide unredacted versions of Exhibit B to the KERP Motion (the "KERP Motion Exhibit") solely to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and (iii) White & Case LLP as counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (the "Committee") ((i) through (iii), collectively, the "Receiving Parties," and in each case on a confidential and professionals' eyes only basis).

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1, 9018-1, and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

5.    Concurrent with the filing of this Motion, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief* (the "KERP Motion"), which seeks authorization for the Debtors to award retention based awards to sixty-two of the Debtors' non-insider employees.   The KERP Motion Exhibit, which is attached to the KERP Motion as Exhibit B, contains commercially and personally sensitive information with respect to the Debtors' reporting structure and their employees, including job titles, job descriptions, supervisors' names, hiring personnel, salaries, and proposed KERP awards (the "Confidential Information").   In light of the non-public, personal, and/or sensitive information related to the Debtors' employees set forth in the KERP Motion Exhibit, the Court should restrict access to the Confidential Information and any subsequent notices containing information related thereto to the Receiving Parties pursuant to section 107 of the Bankruptcy Code.

6.    Disclosing the Confidential Information would allow the Debtors' competitors to obtain sensitive commercial information regarding the Debtors' employment practices, internal reporting structures, and individual employees.   If Confidential Information were made publicly available, the Debtors' competitors could gain an improper advantage and/or strategically target and pursue the Debtors' employees, which would, in turn, negatively impact the Debtors' business and ability to maximize the value of their estates.   Certain of the Debtors' employees, including those specifically disclosed in the KERP Motion Exhibit, provide vital assistance to the Debtors' advisors to facilitate the administration of these chapter 11 cases.   Disclosing the Confidential Information could allow the Debtors' competitors to attract the very employees necessary to the Debtors' operations and restructuring efforts.   Indeed, since the Petition Date, 102 employees have

resigned.  And, as set forth in the KERP Motion, many of the remaining employees have already received offers to join competitors, in some instances, for compensation that is significantly above their current compensation.

7.      An unredacted version of the KERP Motion Exhibit will be provided to the Court Clerk's office in accordance with Local Rule 9037-1(c), as well as to the U.S. Trustee and counsel to the Committee.

**Basis for Relief**

**I.      Redacting the Confidential Information is Warranted Under Section 107(b) of the Bankruptcy Code.**

8.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that protect entities from potential harm that may result from the disclosure of certain confidential information.  Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:  (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]"  11 U.S.C. § 107(b).

9.      Bankruptcy Rule 9018 provides that, upon a motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

10.     If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).  Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause."  *Orion Pictures*, 21 F.3d at 28.  "Courts have supervisory power

4

over their records and files and may deny access to those records and files to prevent them from

being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560

(D. Del. 2005). Courts are required to provide such protections "generally where open inspection

may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the

"authority goes not just to the protection of confidential documents, but to other confidentiality

restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295

B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Confidential commercial information "has been defined

as information which would cause 'an unfair advantage to competitors by providing them

information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68

(Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27). And "[c]ommercial

information need not rise to the level of a trade secret to be protected under section 107(b), but the

information must be so 'critical to the operations of the entity seeking the protective order that its

disclosure will unfairly benefit the entity's competitors.'" *In re Celsius Network LLC*, No. 22-

10964 (MG) (Bankr. S.D.N.Y. Sept. 28, 2022) (citing *In re Barney's, Inc.*, 201 B.R. 703, 708–09

(Bankr. S.D.N.Y. 1996)).[2] Courts have also held that the resulting sealing order should be broad

(*i.e.*, "any order which justice requires"). *See, e.g.*, *Glob. Crossing, Ltd.*, 295 B.R. at 724 (citing

Bankruptcy Rule 9018).

11. The Confidential Information is confidential commercial information that may be

protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Courts in this

district have held that such confidential commercial information includes information related to a

debtor's key employee retention plan. *See In re Voyager Digital Holdings, Inc.*, No. 22-10943

---

[2]  *See also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) of the Bankruptcy Code creates an
exception to the general rule that court records are open to examination by the public and, under this exception,
an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in
nature).

(MEW) (Bankr. S.D.N.Y. Aug. 25, 2022) (sealing KERP participants' job titles, supervisors, corresponding salary, and proposed KERP award); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. July 22, 2022) (sealing job descriptions, job titles, compensation data, supervisors, and number of reports); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Oct. 7, 2021) (sealing the names of participants, their job titles, and specific payout amounts); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (sealing employee names, job titles, supervisors' names, and number of reports); *In re Fairway Grp. Holdings Corp.*, No. 20-10161 (JLG) (Bankr. S.D.N.Y. Apr. 8, 2020) (sealing salary, severance, and proposed payout amounts); *In re Quirky, Inc.*, No. 15-12596 (MG) (Bankr. S.D.N.Y. Oct. 27, 2015) (sealing the names of participants, job titles, and sale-related metrics).[3]

12.     The Debtors operate in a highly competitive industry and publishing the Confidential Information—which includes the job title, job description, supervisor, hiring personnel, salary, and proposed KERP award of each program participant—may enable competitors to poach the Debtors' key employees.  If any of the Confidential Information is publicly disclosed, the competitive advantage the Debtors' competitors would obtain will undoubtedly harm and jeopardize the Debtors' ability to maximize the value of their estates.

13.     Furthermore, disclosing the Confidential Information would enable the Debtors' employees to learn or intuit certain information with respect to their colleagues, which is not only inappropriate, but also is likely to negatively affect employee morale to the detriment of the Debtors and their estates.  Accordingly, disclosing the Confidential Information would negatively impact the Debtors' business, put the Debtors at an enormous competitive disadvantage, erode

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' counsel.

employee morale, and undermine the Debtors' efforts to successfully drive these chapter 11 cases to resolution.

14.     The Debtors narrowly tailored the request in this Motion to protect only the commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code.  As a result, redacting and filing under seal the Confidential Information is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

15.     The Debtors further request that the Order authorizing the seal remain for the duration of these chapter 11 cases so as not to frustrate the purpose of the Order.  This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where truly necessary.

### Notice

16.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: October 11, 2022

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

8

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE DEBTORS TO REDACT
### AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION
### RELATED TO THE DEBTORS' KEY EMPLOYEE RETENTION PLAN

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to (a) redact and file under seal the program participants' job titles, job descriptions, supervisors, hiring personnel, corresponding salaries, and proposed KERP awards, as set forth in Exhibit B to the KERP Motion (the "KERP Motion Exhibit"), (b) provide unredacted versions solely to the Receiving Parties, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to file the KERP Motion Exhibit with the Confidential Information under seal.

3.      The unredacted version of the KERP Motion Exhibit shall remain confidential and shall not be made available to anyone other than the Receiving Parties without the Debtors' consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4.      The Debtors shall submit an unredacted copy of the KERP Motion Exhibit to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5.      The Clerk of this Court shall treat the Confidential Information contained in the KERP Motion Exhibit as confidential, and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the KERP Motion Exhibit as soon as practicable following the effective date of any chapter 11 plan in this case or any successor cases.

2

6.       The Debtors are authorized to cause the unredacted versions of the KERP Motion Exhibit to be served on and made available, on a confidential basis, to the Receiving Parties.

7.       Any party authorized to receive the unredacted versions of the KERP Motion Exhibit shall be authorized and directed, subject to Local Rule 9037-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.  If the Confidential Information is attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

8.       Any party who receives the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

9.       The requirements set forth in Local Rules 9013-1, 9018-1, and 9037-1 are satisfied by the contents of the Motion.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

3