Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

*Counsel to the Debtors and*
*Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF UNREDACTED**
**VERSION OF DEBTORS' APPLICATION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR TO**
**THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

   **PLEASE TAKE NOTICE** that on August 4, 2022, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed a redacted version of the *Debtors'*

*Application for Entry of an Order Authorizing the Retention and Employment of Stretto, Inc. as*

*Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[Docket No. 361] (the "Application") in accordance with the *Order (I) Authorizing the Debtors to Prepare a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors Of Commencement Of these Chapter 11 Cases, and (V) Granting Related Relief* [Docket No. 55] and the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements and Related Documents and (II) Granting Related Relief* [Docket No. 344] (the "Sealing Motion"), which was pending at the time the Application was filed. Contemporaneously therewith, an unredacted version of the Application was provided to the United States Bankruptcy Court for the Southern District of New York (the "Court"), counsel to the official committee of unsecured creditors, and the United States Trustee for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that on September 16, 2022, the Court entered the *Order Authorizing the Retention and Employment of Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 841] (the "Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Debtors agreed that, "[t]o the extent that the Court does not grant certain of the relief requested in the [Sealing Motion] or other motion seeking to authorize the sealing of information, the Debtors shall file, as soon as reasonably practicable thereafter, unredacted versions of any declaration or other supplemental disclosure to the extent necessary to comply with such rulings by the Court." *See* Order at ¶ 17.

**PLEASE TAKE FURTHER NOTICE** that on September 28, 2022, the Court entered the *Memorandum Opinion and Order on the Debtors' Sealing Motion* [Docket No. 910] (the "Opinion and Order"), which directed all of the Debtors' professionals that filed retention applications to file unredacted retention applications within fourteen days after the entry of the Opinion and Order. *See* Opinion and Order at § IV.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Opinion and Order, the Debtors hereby file an unredacted version of the Application, attached hereto as **Exhibit A** (the "Unredacted Application").

**PLEASE TAKE FURTHER NOTICE** that copies of the Unredacted Application and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page left intentionally blank]*

3

New York, New York
Dated: October 11, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit A

**Unredacted Application**

Hearing Date:  September 1, 2022, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  August 25, 2022, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' APPLICATION FOR**
**ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR TO**
**THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this application (this "Application"):

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), authorizing the retention and employment of Stretto, Inc. ("Stretto") as

administrative advisor ("Administrative Advisor") to the Debtors effective as of the Petition Date

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

(as defined herein).   In support of the Application, the Debtors submit the declaration of Sheryl Betance, Managing Director of Stretto (the "Betance Declaration"), attached hereto as **Exhibit B**. The Debtors' Application is in accordance with the terms and conditions set forth in that certain Engagement Agreement between the Debtors and Stretto (the "Engagement Agreement"), a copy of which is attached hereto as **Exhibit C**.

## Jurisdiction and Venue

2.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The statutory bases for the relief requested herein are section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.    The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans

using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.    On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[2]  As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

## Stretto's Qualifications

8.      Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Stretto has acted as the administrative advisor in many large bankruptcy cases pending in this district, including:  *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 4, 2022); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Oct. 26, 2021); *In re Kumtor Gold Co. CJSC*, No. 21-11051 (LGB) (Bankr. S.D.N.Y. July 29, 2021); *In re VTES, Inc.*, No. 20-12941 (JLG) (Bankr. S.D.N.Y. Feb. 24, 2021); *In re Furla (U.S.A.), Inc.*, No. 20-12604 (SCC) (Bankr. S.D.N.Y. Jan. 26, 2021); *In re Century 21 Dep't Stores LLC,* No. 20-12097 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2020); *In re NTS W. USA Corp.*, No. 20-35769 (CGM) (Bankr. S.D.N.Y. Sept. 18, 2020); *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. Sept. 10, 2020); *In re Seabras 1 USA, LLC*, No. 19-14006 (SMB) (Bankr. S.D.N.Y. Jan. 21, 2020); *In re Agera Energy LLC*, No. 19-23802 (RDD) (Bankr. S.D.N.Y. Dec. 17, 2019); and *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 19, 2019).

## Services to be Provided

9.      Pursuant to the Engagement Agreement, the Debtors seek to retain Stretto to provide, among other things, the following bankruptcy solicitation and administration services, if and to the extent requested by the Debtors:

> a.      Assist with, among other things, solicitation, balloting, and tabulation of votes and prepare any related reports, as required in support of confirmation of a chapter 11 plan;

b.       Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

c.       Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

d.       Manage and coordinate any distributions pursuant to a chapter 11 plan if designated as distribution agent under such plan; and

e.       Provide claims analysis and reconciliation, case research, depository management, treasury services, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of the Engagement Agreement), and any related services otherwise required by applicable law, governmental regulations, or court rules or orders in connection with these chapter 11 cases.

10.    Stretto's retention as Administrative Advisor will provide the Debtors with experienced professionals and services that are essential to successful chapter 11 cases. Stretto will coordinate with the Debtors' other retained professionals in these cases to avoid any unnecessary duplication of services. Accordingly, the relief requested in this Application is in the best interests of the Debtors' estates and all parties in interest.

## **Professional Compensation**

11.    The fees Stretto will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors submit that Stretto's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Stretto as Administrative Advisor. The Debtors believe Stretto's rates are more than reasonable given the quality of Stretto's services and its professionals' bankruptcy expertise. Additionally, Stretto will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

12.    Prior to the Petition Date, the Debtors provided Stretto an advance in the amount of $50,000. Pursuant to the *Order (I) Authorizing and Approving the Appointment of Stretto, Inc.*

*as Claims and Noticing Agent and (II) Granting Related Relief* [Docket No. 54], Stretto was authorized to apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount and to hold the advance under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.  However, Stretto will not apply its retainer to any fees and expenses incurred as Administrative Advisor to the Debtors unless and until such fees and expenses have been approved by the Court in accordance with the proposed order granting this Application.

13.     Stretto intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement.  Stretto will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

14.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting from Stretto's bad faith, gross negligence, willful misconduct, or as otherwise provided in the Engagement Agreement.  The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in these chapter 11 cases.

**Disinterestedness**

15.     Stretto has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

16.     Stretto believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.   Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Basis for Relief**

17.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

18.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party

> in interest, their respective attorneys and accountants, the U.S.
> Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014(a).

19.      In light of the size and complexity of these chapter 11 cases, the Debtors

respectfully submit that retaining and employing Stretto pursuant to the terms of the Engagement

Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest

to these chapter 11 cases.   The Debtors also believe that the terms and conditions of the

Engagement Agreement are reasonable in light of the anticipated high volume of creditors and

other parties-in-interest that will be involved in these cases.

20.      The Debtors previously filed an application [Docket No. 4] (the "Section 156(c)

Application") seeking an order appointing Stretto as claims and noticing agent pursuant to section

156(c) of title 28 of the United States Code and section 105(a) of the Bankruptcy Code, which

application was granted by this Court on July 19, 2022 [Docket No. 54].   The Debtors believe that

administration of these chapter 11 cases will require Stretto to perform duties outside of the scope

requested in the Section 156(c) Application.   Accordingly, to help manage administrative tasks

with respect to the thousands of creditors and other parties in interest that are expected to be

involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors

respectfully request the Court enter an order appointing Stretto as the Administrative Advisor in

these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy

Rules 2014 and 2016.

## Notice

21.      The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50

largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States

Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

22.     No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: August 4, 2022

*/s/ Chris Ferraro*
Name: Chris Ferraro
Title: Chief Financial Officer, Celsius Network LLC

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the retention and employment of Stretto, Inc. ("Stretto") as administrative advisor ("Administrative Advisor") effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, all as more fully set forth in the Application; and upon the First Day Declarations; and upon the Betance Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and the Betance Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Application is granted as set forth herein.

2.     The Debtors are authorized to retain Stretto as Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement, as modified herein.

3.     This Order shall not apply to any services Stretto has sought authorization to render pursuant to the Section 156(c) Application.

4.     Stretto is authorized to take such other action as may be reasonable or necessary to comply with all duties set forth in the Application.

5.     Stretto shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.  Stretto shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Stretto.

6.     Such other services as may be requested by the Debtors and agreed to by Stretto shall be subject to separate approval by Court order.

7.      The Debtors shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

8.      All requests of Stretto for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, *provided*, *however*, that in no event shall Stretto be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

9.      In the event that Stretto seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Stretto for payment of indemnity pursuant to the Engagement Agreement, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Stretto's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.     Stretto shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Stretto's counsel other than those incurred in connection with a request of Stretto for payment of indemnity, retention of Stretto, and preparation of fee applications.

11.     The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

12.     Stretto shall exclude the Debtors' bankruptcy cases and related information, as well as information regarding any of the Debtors' non-debtor affiliates, from any file sharing arrangement with Xclaim, Inc. or any other entity operating a marketplace or similar service to facilitate trade or resolution of claims held against bankrupt or insolvent entities.

13.     Prior to any increases in Stretto's rates for any individual retained by Stretto and providing services in these cases, Stretto shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by the Court.

14.     Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

15.     In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

18.     Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2022

_____

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Betance Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF SHERYL BETANCE**
**IN SUPPORT OF DEBTORS' APPLICATION FOR**
**ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR TO**
**THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

I, Sheryl Betance, under penalty of perjury declare as follows:

1.     I am a Senior Managing Director of Corporate Restructuring at Stretto, Inc. ("Stretto"), a chapter 11 administrative services firm with offices at 410 Exchange, Ste. 100, Irvine, California 92602.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.     This declaration (this "Declaration") is made in support of the above-captioned debtors' (collectively, the "Debtors") *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022*, which was filed contemporaneously herewith (the "Application").[2]

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

## Qualifications

3.      Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Stretto's professionals have acted as the official administrative advisor in many large bankruptcy cases in this district and in other districts nationwide.  Stretto's cases include: *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 4, 2022); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Oct. 26, 2021); *In re Kumtor Gold Co. CJSC*, No. 21-11051 (LGB) (Bankr. S.D.N.Y. July 29, 2021); *In re VTES, Inc.*, No. 20-12941 (JLG) (Bankr. S.D.N.Y. Feb. 24, 2021); *In re Furla (U.S.A.), Inc.*, No. 20-12604 (SCC) (Bankr. S.D.N.Y. Jan. 26, 2021); *In re Century 21 Dep't Stores LLC,* No. 20-12097 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2020); *In re NTS W. USA Corp.*, No. 20-35769 (CGM) (Bankr. S.D.N.Y. Sept. 18, 2020); *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. Sept. 10, 2020); *In re Seabras 1 USA, LLC*, No. 19-14006 (SMB) (Bankr. S.D.N.Y. Jan. 21, 2020); *In re Agera Energy LLC*, No. 19-23802 (RDD) (Bankr. S.D.N.Y. Dec. 17, 2019); and *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 19, 2019).

## Services to be Rendered

4.      As Administrative Advisor, Stretto will perform the bankruptcy administration services specified in the Application and the Engagement Agreement.  In performing such services, Stretto will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as Exhibit C to the Application.

## Disinterestedness

5.     Stretto is a "disinterested person" as that term is defined in section 101(14) of the

Bankruptcy Code with respect to the matters upon which it is to be engaged; in that Stretto and its

professional personnel:

> a.     are not creditors, equity security holders, or insiders of the Debtors;
>
> b.     are not and were not, within two years before the date of the filing of these cases, directors, officers, or employees of the Debtors; and
>
> c.     do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

6.     I caused to be submitted for review by our conflicts system the names of potential

parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases, as set forth on

**Schedule 1** attached hereto.  A list of Potential Parties in Interest was provided by the Debtors and

included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and

officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' largest

unsecured creditors on a consolidated basis, the U.S. Trustee and persons employed in the office

of the U.S. Trustee, and other parties.  The Potential Parties in Interest list was compared to an

internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries.

Stretto's internal database also includes Stone Point Capital LLC ("Stone Point"), its funds, and

each such fund's respective portfolio companies as set forth in the list most recently provided to

Stretto by Stone Point's internal compliance department (the "Stone Point Searched Parties").  The

results of the conflict check were compiled and reviewed by Stretto professionals under my

supervision.  At this time, and as set forth in further detail herein, Stretto is not aware of any

connection that would present a disqualifying conflict of interest.  Should Stretto discover any new

relevant facts or connections bearing on the matters described herein during the period of its retention, Stretto will use reasonable efforts to file promptly a supplemental declaration.

7.    To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Stretto nor any of its professionals have any materially adverse connection to the Debtors, their creditors, or other relevant parties.

8.    Stretto has and will continue to represent clients in matters unrelated to these chapter 11 cases.  In addition, in matters unrelated to these chapter 11 cases, Stretto and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter 11 cases.  Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.  Based upon a review of the Potential Parties in Interest:

- Alvarez & Marsal North America, LLC ("A&M"), has been identified as a Potential Party in Interest.  Richard Newman, an employee of A&M, is a current client of Stretto's chapter 7 software business in his individual capacity, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

- Ashby & Geddes, PA has been identified as a Potential Party in Interest. Ashby & Geddes, PA is a current client of Stretto's chapter 7 software business, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

- Additionally, the list of Potential Parties in Interest includes entities, as set forth on **Schedule 2** attached hereto, which are current, former or potential defendants to avoidance actions brought under the Bankruptcy Code by clients of Stretto Recovery Services.  However, to the best of my knowledge, such relationships are materially unrelated to these chapter 11 cases.

- A notice of appearance in these chapter 11 cases has been filed on behalf of the Cred Inc. Liquidation Trust ("Cred").  Cred is a client of Stretto's Corporate Restructuring business. However, to the best of my knowledge,

4

such relationships do not create an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders.

- The list of Potential Parties in Interest identifies Signature Bank, one of Stretto's bank vendors, as having a banking relationship with the Debtors. However, to the best of my knowledge, such relationship is materially unrelated to these chapter 11 cases.

9.     To the best of my knowledge, none of Stretto's employees are related to bankruptcy judges in the Southern District of New York, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), or any attorney known by Stretto to be employed by the U.S. Trustee.

10.     Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed. To the best of my knowledge, none of Stretto's professionals were partners of, or formerly employed within the last three years by firms that are Potential Parties in Interest or that have filed a notice of appearance in these chapter 11 cases.

11.     Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. Except as otherwise set forth herein, to the best of my knowledge, Stretto does not currently utilize the services of any law firms, investment banking and advisory firms, accounting firms, or financial advisors who have been identified as Potential Parties in Interest or who have filed a notice of appearance in these chapter 11 cases. Kirkland & Ellis LLP

has been identified as a Potential Party in Interest. Stretto utilizes the services of Kirkland & Ellis LLP in matters unrelated to these chapter 11 cases.

12.     In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point. Stone Point is a financial services-focused private equity firm based in Greenwich, Connecticut. The firm has raised and managed eight private equity funds—the Trident Funds—with aggregate committed capital of approximately $25 billion. Stone Point targets investments in the global financial services industry and related sectors.

13.     The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules. Stretto has searched the names of the Debtors and the names of the Potential Parties in Interest against the Stone Point Searched Parties. In addition, Stretto has provided Stone Point with the names of the Debtors, any non-Debtor affiliates, and the Debtors' significant equity holders, and has requested that Stone Point search such names against its investments to confirm whether Stone Point has any relationship to such entities.

14.     Based solely upon the foregoing search, Stretto has determined that StarStone Insurance Holdings Limited, owned by Trident Fund V, has been identified as one or more of the Debtors' insurance providers. Additionally, based solely upon the foregoing search, Stretto has determined that HireRight, owned by Trident Fund VII, has been identified as one or more of the Debtors' vendors. Finally, CDP Investissements Inc. ("CDP") has been identified as an equity holder of Celsius Network Limited. CDP participates as a limited partner in certain Trident Funds. However, none of the Trident Funds hold any interest in the Debtors. Further, Stretto's relationships to the foregoing entities do not create any adverse interest against the Debtors' estates that would present a disqualifying conflict of interest, and there are no other material connections

that require disclosure.  To the extent Stretto learns of any material connections between Stone

Point's funds or investments included in the above-described conflicts search and the Debtors,

Stretto will promptly file a supplemental disclosure.  Stretto may have had, may currently have, or

may in the future have business relationships unrelated to the Debtors with one or more Stone

Point entities including, among others, portfolio companies of Stone Point.

15.      From time to time, Stretto partners or employees personally invest in mutual funds,

retirement funds, private equity funds, venture capital funds, hedge funds, and other types of

investment funds (the "Investment Funds"), through which such individuals indirectly acquire a

debt or equity security of many companies, one of which may be one of the Debtors or their

affiliates, often without Stretto's or its personnel's knowledge.  Each Stretto partner or employee

generally owns substantially less than one percent of such Investment Fund, does not manage or

otherwise control such Investment Fund, and has no influence over the Investment Fund's decision

to buy, sell, or vote any particular security.  Each Investment Fund is generally operated as a blind

pool, meaning that when the Stretto partners or employees make an investment in the particular

Investment Fund, he, she, or they do not know what securities the blind pool Investment Fund will

purchase or sell and have no control over such purchases or sales.

16.      From time to time, Stretto partners or employees may personally directly acquire a

debt or equity security of a company that may be one of the Debtors or their affiliates.  Stretto has

a policy prohibiting its partners and employees from using confidential information that may come

to their attention in the course of their work.  In this regard, subject to the foregoing, all Stretto

partners and employees are barred from trading in securities with respect to matters in which

Stretto is retained.  Subject to the foregoing, upon information and belief, and upon reasonable

inquiry through email survey of Stretto's employees, Stretto does not believe that any of its

partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

17.    To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtors' estates; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason; and (c) has disclosed all of Stretto's connections with the Debtors, its creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

18.    Stretto is party to an agreement with Xclaim, Inc. ("Xclaim"), whereby Stretto provides Xclaim with a daily formatted data file containing a debtor's public claims register to facilitate claims trading on Xclaim's platform.  In exchange, Stretto receives a small processing fee.  Stretto only provides Xclaim with information found on publicly-available claims registers. Nothing in the agreement impacts any other party's ability to access public claims registers.

19.    Stretto hereby stipulates that the Debtors' claims registers shall be excluded from Stretto's arrangement with Xclaim, and Stretto shall not receive any compensation with respect to such arrangement related to the Debtors' claims registers.

20.    Stretto never had a contract with any other party under which Stretto (a) provided or will provide exclusive access to claims data or (b) was or will be compensated for claims data that is made available by Stretto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: August 4, 2022
New York, New York

/s/ Sheryl Betance

Sheryl Betance
Senior Managing Director
Stretto
410 Exchange, Ste. 100
Irvine, California 92602

# SCHEDULE 1

### List of Schedules

| Schedule | Category |
|----------|----------|
| 1(a) | Current and Recent Former Entities Affiliated with the Debtors |
| 1(b) | Directors/Officers |
| 1(c) | Equity Holders |
| 1(d) | Bankruptcy Professionals |
| 1(e) | Institutional Customers |
| 1(f) | Insurance |
| 1(g) | Landlords |
| 1(h) | Legal Matters and Litigants |
| 1(i) | Non-Bankruptcy Advisors and Ordinary Course Professionals |
| 1(j) | Retail Customers |
| 1(k) | Top 50 Unsecured Creditors |
| 1(l) | Taxing Authority/Governmental/Regulatory Agencies |
| 1(m) | Utilities |
| 1(n) | Vendors |
| 1(o) | U.S. Trustee Personnel, Judges, and Court contacts for the Southern District of New York |

# SCHEDULE 1(a)

## Current and Recent Former Entities Affiliated with the Debtors

Celsius (AUS) Pty Ltd. (Australia)
Celsius EU UAB (Lithuania)
Celsius KeyFi LLC
Celsius Lending LLC
Celsius Management Corp.
Celsius Mining IL Ltd.
Celsius Mining LLC
Celsius Network Europe d.o.o. Beograd (Serbia)
Celsius Network (Gibraltar) Ltd.
Celsius Network IL Ltd. – Bulgaria Branch
Celsius Network IL Ltd. (Israel)
Celsius Network Inc.
Celsius Network LLC
Celsius Network Ltd. (UK)
Celsius Networks Lending LLC
Celsius Operations LLC
Celsius Services CY Ltd. (Cyprus)
Celsius US Holding LLC
Celsius US LLC (Formerly Celsius Money)
GK8 Ltd (Israel)
GK8 UK Ltd.
GK8 USA LLC
KN Media Manager LLC

## SCHEDULE 1(b)

### Directors/Officers

Ayalor, Amir
Barse, David
Bentov, Tal
Blonstein, Oren
Bodnar, Guillermo
Bolger, Rod
Carr, Alan Jeffrey
Cohen-Pavin, Roni
Denizkurdu, Aslihan
Deutsch, Ron
Dubel, John Stephen
Goldstein, Nuke
Kleiderman, Shiran
Leon, S. Daniel
Mashinsky, Alex
Nadkarni, Tushar
Nathan, Gilbert
Ramos, Trunshedda W.
Sunada-Wong, Rodney
Tosi, Laurence Anthony

# SCHEDULE 1(c)

## Equity Holders

Advanced Technology Fund XXI LLC
Altshuler Shaham Trusts Ltd.
Andersen Invest Luxembourg SA SPF
Artus Capital GmbH & Co. KGaA
Barrett, Craig
Barse, David
BNK to the Future
Bui, Dung
BullPerks (BVI) Corp.
Caceres, Juan Cruz
Caisse de dépôt et placement du Québec
Carter, William Douglas
CDP Investissements Inc.
Connolly, Thomas
Craig Barrett Andersen Invest Luxembourg SA SPF
European Media Finance Ltd.
Fabric Ventures Group SARL
Gialamas, John
Gumi Cryptos Capital LLC
Heliad Equity Partners GmbH & Co. KGaA
Hoffman, David
Intership Ltd.
Isaias, Estefano
JR Investment Trust
Jubayli, Jad
Kazi, Ylan
Kordomenos, James
Lamesh, Lior
Mauldin, Alan L.
Mauldin, Michelle E.
Mowry, Michael
Pistey, Robert
Remen, Yaron
Shamai, Shahar
Tether International Ltd.
tokentus Investment AG
Tran, Anhminh
Treutler, Johannes
Walsh, Sandra Knuth
WestCap Celsius Co-Invest 2021 LLC
WestCap Group
WestCap SOF Celsius 2021 Aggregator LP

WestCap SOF II IEQ 2021 Co-Invest LP

# SCHEDULE 1(d)

## **Bankruptcy Professionals**

Akin Gump Strauss Hauer & Feld LLP
Alvarez & Marsal Holdings LLC
Centerview Partners LLC
Deloitte & Touche LLP
Ernst & Young
Latham & Watkins LLP
Stretto
White & Case LLP

# SCHEDULE 1(e)

## Institutional Customers

168 Trading Ltd.
Akuna Digital Assets LLC
Alameda Research Ltd.
Amber - Maple
Amber Technologies Ltd.
Anchorage Hold LLC
Anchorage Lending CA LLC
Antalpha Technologies Ltd.
AP Capital Absolute Return Fund
AP Capital Investment Ltd.
Auros Tech Ltd.
B2C2 Ltd.
Babel Holding Ltd.
B-Brick Inc.
BCB Prime Services Ltd.
BCRS2 LLC
Belleway Ltd.
BK Coin Capital LP
Blockchain Access UK Ltd.
Blue Fire Capital Europe Cooperatief UA
CEX IO Ltd.
CMS Holdings LLC
Coinbase Credit
Core Scientific Inc.
Cumberland DRW LLC
Dexterity Capital LLC
Digital Asset Funds Management Pty. Ltd.
Digital Treasures Management Pte. Ltd.
Diversified Alpha SP
Druk Holding & Investments Ltd.
Dunamis Trading (Bahamas) Ltd.
Dunamis Trading III Ltd
DV Chain LLC
Enigma Securities Ltd.
Equities First Holdings LLC
FalconX Ltd.
Fasanara Investments Master Fund
Flow Traders BV
Folkvang SRL
Fractal
Future Technology Investment Ltd.
Galaxy

Galaxy Digital LP
Gemini Trust Co. LLC
Genesis Global Capital LLC
Grapefruit Trading LLC
GSR Markets Ltd.
Harrison Opportunity III Inc.
HAS Futures LLC
Hehmeyer LLC
Hehmeyer Trading AG
Hirokado, Kohji
Hodlnaut Pte. Ltd.
HRTJ Ltd.
Intership Ltd.
Iterative OTC LLC
JKL Digital Capital Ltd.
JSCT Hong Kong Ltd.
JST Systems LLC
Jump Trading LLC
Keyrock SA
Komaransky, Mike
Kronos Holdings Ltd.
LedgerPrime Digital Asset Opportunities
    Master Fund LP
Liquibit USD Market Neutral Arbitrage
    Fund
Liquidity Technologies Ltd.
LUOJI2017 Ltd.
Marquette Digital
Matrix Port Technologies Ltd.
Memetic Capital LP
Menai Markets Ltd.
Mountain Cloud Global Ltd.
Nascent GP Inc.
Nascent LP
New World Holdings SA
Nickel Digital Asset Fund SPC Digital Asset
    Arbitrage SPC Institutional
Nickel Digital Asset Master Fund SPC -
    Digital Factors Fund SP
Niederhoffer, Roy
NYDIG Funding LLC
Oiltrading.com Pte. Ltd.

Onchain Custodian Pte. Ltd.
Optimal Alpha Master Fund Ltd.
OSL SG Pte. Ltd.
Outremont Alpha Master Fund LP
Parallel Capital Management Ltd.
Pharos Fund BTC SP
Pharos Fund Eth SP
Pharos Fund SP
Pharos Fund SPC
Pharos USD Fund SP
Plutus21 Crypto Fund I LP
Point95 Global
Power Block Coin LLC
Prime Trust
Profluent Trading Inc.
Profluent Trading UK Ltd.
QCP Capital Pte Ltd.
Radkl LLC
Red River Digital Trading LLC
Reliz Ltd.
S&P Solutions Inc.
Scrypt Asset Management AG
SEBA Bank AG
Siafu Capital
Simplex
Symbolic Capital Partners Ltd.
Tagomi Trading LLC
TDX SG Pte. Ltd.
Tether International Ltd.
Three Arrows Capital Ltd.
Tower BC Ltd.
Tower Research Capital
Transfero Brasil Pagamentos SA
Trigon Trading Pty. Ltd.
TrueFi
Trustoken Inc.
Ultimate Coin
Vexil Capital Ltd.
Waterloo Maple Inc.
Weave Markets LP
Wincent Investment Fund PCC Ltd.
Wintermute - Maple
Wintermute Trading Ltd.
Wyre Payments Inc.
ZeroCap Ltd.

# SCHEDULE 1(f)

## **Insurance**

AmTrust Underwriters Inc.
ANV Insurance
Associated Industries Insurance Co. Inc.
Atlantic Insurance
Ayalon Insurance Co.
Crum & Forster Specialty Insurance Co.
Falvey Insurance Group
Hudson Insurance Group
Indian Harbor Insurance Co.
Lloyd's of London
Markel Insurance
Marsh
Migdal Insurance Co.
Relm Insurance Ltd.
Republic Vanguard Insurance Co.
Sentinel Insurance Co.
StarStone Insurance
United States Fire Insurance Co.
Zurich Insurance Group AG

# SCHEDULE 1(g)

## **Landlords**

Algo Adtech Ltd.
Desks & More
Industrious LLC
New Spanish Ridge LLC
Regus
SJP Properties

# SCHEDULE 1(h)

## Legal Matters & Litigants

BitBoy Crypto
Bofur Capital
MS SD IRA LLC
Pharos Fund
Symbolic Capital Partners Ltd.
Vexil Capital Ltd.

# SCHEDULE 1(i)

## Non-Bankruptcy Advisors and Ordinary Course Professionals

A. Georgiou & Co. LLC
Advokatu Kontora Sorainen IR Partneriai
Buckley LLP
CMS Cameron McKenna Nabarro Olswang LLP
Cryptos Capital
Finnegan Henderson Farabow Garrett & Dunner LLP
Holley Nethercote Pty. Ltd.
Jackson Lewis PC
Matsumura, Miko
McCarthy Tetrault LLP
Taylor Wessing LLP
Uría Menéndez Abogados SLP
Wilson Sonsini Goodrich & Rosati PC

## SCHEDULE 1(j)

### Retail Customers

Abeliuk, Eduardo
Abuvala, Ravi Ryan
Adams, Darryl Thomas
Al Khoori, Mohamed Yousif Ahmed H.
Alexander, Alena
Ali, Khaleef
Ali, Yanush
AltCoinTrader Pty Ltd.
Amm, Andreas
Andari Co. Ltd.
Ankeney, John Charles
Ashizaki, Yuki
Backhausen, Martin
Baer, Matthew David
Baker, Dominic John
Baslaib, Mohamed Ali Mohamed Naser
Bauman, Simon
Bennett, Danyal
Berg, Henry Guyer
Berrada, Amin
BJ Investment Holdings LLC
BNK to the Future
Boroff, Dustin Charles
Boskovski, Nikola
Braibant, Olivier
Bressler, David Jason
Brian T. Slater Revocable Living Trust
Bright, Nicolas John
Broad Reach Consulting LLC
Brooks, Gary
Bru Textiles NV
Burkgren, Eric Alan
CAEN Group LLC, The
Campos, John Jr.
Carolyn Vincent Superannuation Fund
Carter, Luke Armstrong
Champigny, Edward William
Chang, Rickie
Chiu, James Lee
Chiu, Yee Lai
Choi, Linda Yi
Choi, Luke Kyung Goo

Christiansen, Robert Nathan
Chu, Cindy
Chulamorkodt, Natakom
Chung, Ting Kong Terence
Cipolloni, Mark J.
Coffey, Matthew
Cohen Pavon, Roni
Coinmerce BV
Collins, Nic
Conklin, Jennifer Walter
Covario AG
Crypto10 SP
Custódio, João
Damp, Steven Charles
Danz, James William
Davis, Otis
Deferred 1031 Exchange LLC
Dekker, Carlos C.
Delargy, Colin C.
Demirtas, Ali
DGL Investments LLC
Dhiraj, Mandeep
DiFiore ASA Irrevocable GST Trust
Dixon, James
Dixon, Simon
Donofrio, John
Downs, Bradley James
Druk Project Fund
Duprex, Jeffrey Paul
Ecko, Marc
Eller, Phillip Brian
Ellington, Brian
Elshafei, Ashraf
Eng Chuan, Liew
Eriks, Dennis
Farr, Nicholas
Feintisch, Adam Michael
Fertik, Michael Benjamin Selkowe
Fite, Jacob Benjamin
Fletcher, Brett
Floatzen Doo
Garner, Phillip Wayne Jr.

Gaston, Paul
Gatt, Raymond
Gilmer, George Hudson
Goh, Jian Kai
Gray, Jill Marie
Guliaš, Janoš
H Trussell Investments Pty. Ltd.
Halikias, Thomas T.
Hamilton, Nathan
Harrell, Ashley Anne
Hartley, James
Hennuyer, Fabien
Herring, Stephen Ashley
Hewes, Joshua
Hibbert, Adrian
Ho, Quoc Tri
Hoermann, Stefan
Holt, Jonathon James
HOME 007 LLC
Hughes, Gary
Hughes, Stephen
Humphreys, Steven C.
Hunt, Bryan J.
ICB Solutions
InfoObjects Inc.
Invictus Capital Financial Technologies SPC
Isaias, Estefano Emilio
Jahizi, Oliver
Jensen, Joseph
Jonas, Leah Nicole
Joseph, Sebastian
Juiris, Peter Casimir
Kalynovskyi, Dmytro
Kap, Ethan Garet
Keiser, Marc Vito
Kelly, James Patrick
Kevin Batteh Trust, The
Kim, Sungyoun
King, Christopher Scott
Koala 1 LLC
Kohji, Hirokado
Kordomenos, James Nick
Koyama, Osamu
Ku, Yuehsu
Labenek, Andrew
Lamplough, Howard

Langslet, Robert
Lehrfeld, Joseph S.
Lewis Davies, Ryan Wynn
Lewis, Howard
Liao, Guoping
Lim, Jane
Liu, Nanxi Nanqian
Luo, Edward
Lylloff, Sander
Mahoney, Justin Michael
Manea, Mircea
Manzke, Holger
Marchioni, John P.
Market, Sheeld
Martin, Patrick Victor Josef
Mastropieri, Bengi
Matsumura, Fumihiko
Matthews, Andrew
Mattina, Christopher W.
McCarty, John Edward
McClintock, Michael
McGarry, Brian Thomas
McIntyre, Deverick
McKeon, Brian Joseph
McMullen, Brian
McNeil, James W.
Meehan, Kristine M.
Mellein, John Gabriel
Mercola, Joseph Michael
Messall, Patrick
MHT Super Pty. Ltd.
Miller, Samuel Garfield, Jr.
Mohan, Arun
Moon, Wang Sik
Moser, Christopher M.
Mowry, Michael Shane
MSL Family Trust, The
Munro, Ian
Murphy, Thomas Patrick, Jr.
Musumeci, Antonio
Narayanan, Swathi Lakshmi Tirupattur
Neiman, Gary
Neste, Bradley
Nguyen, Phuc
Padalytsya, Daryna
Pae, Mitchell Chon

Pagnanelli, Victor Carl
Palm, Travis John
Papadakis, Georgios
Paris Castle IV LLC
Park, Seong
Patel, Shilla Natvarbhai
Patil, Abhitabh Aneel
Perry, Brett Alan
Peterson, Stephen Paul
Pham, Khai Trinh
Phonamenon Management Group LLC
Pierce, James
Pierson, Justin T.
Piura, Luis
Plutus21 Blockchain Opportunities II SP
Plutus21 Blockchain Yield I SP
Pomeranz, Alex Aaron
Potts, Shaun
Pronker, Anna
Pundisto, Lalana
Pusnei, Alexandru
Quinlan, Thomas
Radeckas, Domantas
Raj, Rafael
Reitz, Spencer Mcdowell
RHMP Properties Inc.
Ritter, David
Ritter, Linda J.
Ritter, Paul
Robert, Joseph Murdoch
Robinson, Andrew Douglas
Salera, Manuel
Schroeder, Jesse
Sese LLC
Shar, Stephen Phillip
Sidibe, Aissata
Singh, Balbahadur
Slater, Glen Brian
Sleeping1 LLC
Smith, David Silva
Smith, Nelson Courtney
Sondhi, Tarun
Souders, Jack Trayes
Stapleton, Paul
Steinborn, Steven Harold
Stevens, Daron Robert

Stewart, Russell Garth
Stringer, Douglas Ross
Strobilus LLC
Sun, Siqi
Sutton, Sebastian
Swyftx Pty. Ltd.
Sypniewski, Christian
Tan, Richard
Tan, Yan
Tap Root LP
Thayer, Craig William
Thomas DiFiore Childrens GST Investment
    Irrevocable Trust
Tincher, Steven Jess
Tobias, Scott Jeffrey
Tran, Anhminh Le
Trebtow, Jens
Tremann, Christopher Ernest
Tuganov, Ignat
Tychalski, George
Tyler, Craig Edward
Ubuntu Love Pty. Ltd.
Valkenberg, Renaud
Van, Loc Truyen
Vendrow, Vlad
Villinger, Christopher
Vincent, Carolyn Margaret
Vivas, Rafael
Wagner, Thomas Nichols
Walcott, Robert
Walkey, Thomas
Wang, Yidi
Wexler, Kevin Jay
White, David
Wierman, Duncan Craig
Wilcox, Waylon J.
Williams, Charles W.
Williams, Robert, II
Williamson, Hiram
Wiseman, Timothy
Wolf, Cody Lee
Wolstenholme, MacGregor
Woodward, Laurie
Wright, Christopher
Wu, Xinhan
Yao, Mark

Yates-Walker, Josh Oisin
Yeung, Tak H.
Yoon, Andrew
Young, John Martin
Yu, Byung Deok
Zhang, Xi
Zhong, Jimmy
Ziglu Ltd.
Zipmex Asia Pte. Ltd.
Zwick, Matthew James

## SCHEDULE 1(k)

### Top 50 Unsecured Creditors

Alameda Research Ltd.
AltCoinTrader Pty. Ltd.
B2C2 Ltd.
Baker, Dominic John
CAEN Group LLC, The
Chang, Rickie
Covario AG
Crypto10 SP - Segregated Portfolio of
    Invictus Capital Financial Technologies
    SPC
Danz, James William
Deferred 1031 Exchange LLC
Dekker, Carlos C.
Dentzel, Zaryn
DiFiore, Thomas Albert
Dixon, Simon
Downs, Bradley James
Farr, Nicholas
Feintisch, Adam Michael
Fite, Jacob Benjamin
ICB Solutions
Invictus Capital Financial Technologies SPC
Jeffries, David
Kibler-Melby, Cort
Kieser, Gregory Allen
Kohji, Hirokado
Lylloff, Sander
McClintock, Michael

McMullen, Brian
Murphy, Thomas Patrick, Jr.
Park, Seong
Perry, Brett Alan
Peterson, Stephen Paul
Pharos Fund SP
Pharos USD Fund SP
Raj, Rafael
Saenz, Jesus Armando
Singh, Balbahadur
Stewart, Russell Garth
Strobilus LLC
Taiaroa, Keri David
Tan, Richard
Tan, Yan
Trussell, Mark
Tychalski, George
Van, Loc Truyen
Villinger, Christopher
Vincent, Carolyn Margaret
Wexler, Kevin Jay
Wilcox, Waylon J.
Wolstenholme, MacGregor
Wright, Christopher
Yates-Walker, Josh Oisin
Yoon, Andrew
Ziglu Ltd

# SCHEDULE 1(l)

## **Taxing Authority/Governmental/Regulatory Agencies**

Alabama, State of, Securities Commission
Kentucky, Commonwealth of, Department of Financial Institutions
New Jersey, State of, Bureau of Securities
Texas, State of, Securities Board
United States, Government of the, Department of Justice
United States, Government of the, Securities & Exchange Commission
Washington, State of, Division of Securities

# SCHEDULE 1(m)

## Utilities

AT&T Inc.
Comcast Corp.
Cox Business Services LLC
EE Ltd.
Giffgaff Ltd.
Google Fiber Inc.
Hypercore Networks Inc.
Lightpath Fiber Enterprise Business Unit of Altice USA Inc.
Lumen Technologies Inc.
RingCentral Inc.
Spectrum Enterprises Inc.
Verizon Wireless Telecom Inc.

# SCHEDULE 1(n)

## Vendors

1-800 Flowers.com Inc.
1-800-GOT-JUNK? LLC
192 Business Experian
192 Business Ltd.
221B Partners
3 Verulam Buildings Barristers
4imprint Group plc
9Beach Latin American Restaurant LLC
A. Georgiou & Co. LLC
A1 Express Ltd.
A23 Boutique Hotel
A24 Ltd.
A2E
Abacus
Abacus Labs Inc.
ABF Freight System Inc.
Accretive Capital LLC
Acrion Group Inc.
Ada Support Inc.
Adobe Inc.
ADTRAV Corp.
Agile Freaks SRL-D
AgileEngine LLC
AGS Exposition Services Inc.
Ahrefs Pte. Ltd.
Ainsworth Inc.
Air Essentials Inc.
Air France-KLM SA
Air Serbia
Airspeed18 Ltd.
Akerman LLP
Akin Gump Strauss Hauer & Feld LLP
Alaric Flower Design
Alaska Air Group Inc.
Alba Invest Doo
ALCHEMIQ Catering
Alex Fasulo LLC
Algo Adtech Ltd.
AlgoExpert
Alitalia Compagnia Aerea Italiana SpA
AlixPartners LLP
Allianz Global Assistance SAS

Aloft Hotel Management Inc.
ALPHA Events Ltd.
AlphaGraphics Inc.
Amazon.com Inc.
American Airlines Group Inc.
American Family Connect Property &
    Casualty Insurance Co.
American Lock & Key Inc.
Amon Card Ltd.
Amon OU
Amplicy Ltd.
Amsalem Tours & Travel Ltd.
Andersen LLP
Any.Do Ltd.
Appbot
Apple Search Ads
Apple Search Advertisements
Apple Store
AppsFlyer Inc.
Aqua Kyoto Ltd.
Arlo SoHo Hotel
Arocon Consulting LLC
ArtDesigna
Ashby & Geddes
Aston Limo Service
AT&T Inc.
Athlonutrition S.S
Atlassian Corp. plc
Atom Exterminators Ltd.
August LLC
Auth0 Inc.
AutomationEdge Technologies Inc.
Avaya Inc.
AVL Services LLC
Azmi & Associates
B&C Camera
B&H Foto & Electronic Corp.
BambooHR LLC
Bamboozle Café
BCAS Malta Ltd.
BCL Search Inc.
Bellwood Global Transportation

Benjamin, The
Best Buy Co. Inc.
Best Name Badges
Big Cartel LLC
Bill.com Holdings Inc.
BIND Infosec Ltd.
Bionic Electronics HT Ltd.
BirchamsArt
BitBoy Crypto
Bitfinex
Bitfly Ltd.
Bitfo Inc.
BitGo Inc.
Bitmain Technologies Ltd.
Bittrex Global GmbH
Bitwave
Blacklane GmbH
Blackpeak Inc.
Blake & Co.
Block Solutions Sdn Bhd
Blockchair Ltd.
Blockdaemon Ltd.
BlockWorks Group LLC
Bloomberg Finance LP
Bloomberg Industry Group
Blue Edge Bulgaria EOOD
Blue Moon Consultants International Ltd.
Blue Rock Search LLC
BlueVoyant Israel Ltd.
Board Game Designs
Bob Group Ltd.
Bolt Food
Bookyourcovidtest.com
Boston Coach Corp.
Brave Software International
Brazen Head Irish Pub
Brendan Gunn Consulting Group
British Airways plc
Brooklyn's Down South
BrowserStack Inc.
BTC 2022 Conference
BTC Media LLC
Budget Rent A Car Ltd.
Bulwerks LLC
Bulwerks Security
Bustos, Victor Pla

Buzzsprout
C Street Advisory Group
Cablevision Lightpath LLC
Calendly LLC
California, State of, Department of Financial
    Protection and Innovation
CAN Mouzouras Electrical Contractors
Canva Inc.
Caola Co. Inc.
Capitol Hill Hotel
Caplinked Inc.
Carey Executive Transport
Carithers Flowers
Carmo Cos.
Carta Inc.
Caspian Holdings Ltd.
CAYO Rafał Molak
CDPQ US Inc.
CDW Corp.
Chain of Events SAS
Chainalysis Inc.
Chamber of Digital Commerce, The
Chick-fil-A Inc.
Chief
Ciochina, Ionut Lucian
Cision US Inc.
CitizenM Operations Holding BV
Cleverbridge AG
Click and Play - Conteudos Digitais Lda
ClubCorp Holdings Inc.
CMS CMNO LLP
CoderPad Inc.
Coffee Distributing Corp.
Cogency Global Inc.
CoinDesk Inc.
Coinfirm Ltd.
Coinlend GmbH
CoinMarketCap OpCo LLC
CoinRoutes Inc.
College Investor LLC, The
Comcast Corp.
Compliance Risk Concepts LLC
Concorde Hotel Ltd., The
Consensus Sales Inc.
ConsenSys AG
Constantinou, Elpida

Consumer Technology Association
Contentful Inc.
Cooper Global Ltd.
Coppell FC
Core Club, The
Core Scientific Inc.
Corsair Gaming Inc.
Costco Wholesale Corp.
Coursera Inc.
Cox Business Services LLC
Creative Video Productions Ltd.
Creditor Group Corp.
Creel, Garcia-Cuellar, Aiza y Enriquez SC
Crelin Peck Consulting LLC
CRP Security Systems Ltd.
Crypto Fiend
Crypto Love
CryptoDailyYT Ltd.
CryptoRecruit Pty. Ltd.
CryptoWendyO
CSC
CT Corp.
C-Tech Constandinos Telecommunication
    Ltd. Co.
Cucio Guisordi, Andreia
Curb Mobility LLC
CVS Pharmacy Inc.
Cyesec Ltd.
CYTA Ltd.
D'Albert, Matthew
Dalvey & Co.
Dan Hotels Ltd.
Daniel J. Edelman Inc.
Data Dash Inc.
Data4U Ltd.
Datapoint Surveying & Mapping
David Meltzer Enterprises
David Rabbi Law Firm
DBeaver
Dealex Moving LLC
Dearson Levi & Pantz PLLC
Decentral Media Inc.
DeepL SE
Del Friscos Grille
Delaware, State of Division of Corporations
Dell

Deloitte Tax LLP
Delta Air Lines Inc.
Demetriou, Adonis
Derriere's Gentleman's Club
Desk doo
Dezenhall Resources Ltd.
DHL
Digital Asset News LLC
Diplomat Resort, The
DNSFilter Inc.
Do Not Sit On The Furniture
Docker Inc.
DoiT International
DoiT International UK & I Ltd.
DoorDash Inc.
Dow Jones & Co. Inc.
Dragos DLT Consulting Ltd.
DRB Hosting Ltd. (Deribit)
Dream Hotels
Dribbble Holdings Ltd.
DSV AS
Dune Analytics AS
Dynasty Partners Ltd.
E.R. Bradleys Saloon
Eagle County Regional Airport
Ecrime Management Strategies Inc.
Edgewater Advisory LLC
EE Ltd.
Egon Zehnder International Inc.
El Al Israel Airlines Ltd.
Elements Massage Ltd.
Elite Marketing Group LLC
Elmwood Design Ltd.
Emanuel Clodeanu Consultancy SRL
Embassy Suites Hotels
Emirates Group, The
Enginuity on Call
EnjoyMaloy Trade Party
Enlightium Ltd.
ENSafrica
Enterprise Digital Resources Ltd.
Enterprise Rent-A-Car Co. Inc.
Epitome Capital Management Pty. Ltd.
Espinhal, Luis Filipe
Estate of Edward W. Price, Jr.
Etsy Inc.

Eversheds Sutherland
EXDO Events Center
Expedia Group Inc.
Expo Group Inc, The
Exquisite Sounds Entertainment
EY
ezCater Inc.
Facebook
Fairmont Austin Lodging
FalbaSoft Cezary Falba
Falkensteiner Hotels & Residences
Fatal Ltd.
FatCat Coders
Fattal Hotels Ltd.
FedEx Corp.
Female Quotient LLC, The
Fibermode Ltd.
Filmsupply LLC
Financial Times Group Ltd.
FiNext Conference
FingerprintJS Inc.
Finnegan Henderson Farabow Garrett
    Dunner LLP
First Class Vending Inc.
Fixer.io
Flixel Inc.
Flonights Ltd.
Flowroute LLC
FluXPO Media
Flyday Consultancy
Forkast Ltd.
Forter Inc.
Frame.io Inc.
Freeman
Fromday-One BV
Frontend Masters
FSCom Ltd.
Fusion Bowls
G&TP Sweden AB
Gandi SAS
Gartner Inc.
GEA Ltd.
Gecko Labs Pte. Ltd.
Gecko Technology Partners Ltd.
GEM
Gett Inc.

Giftagram USA Inc.
Gila Dishy Life Coach LLC
Gilbert + Tobin
GitBook SAS
GitHub Inc.
GitKraken
GK8 Ltd.
Glovo
GoDaddy.com
Gogo Air International SARL
Goin' Postal
Google Ads
Google Cloud
Google Fi
Google Fiber
Google LLC
Google Play
Google Workspace
GoToAssist
Grammarly Inc.
GreyScaleGorilla
Grit Daily News
GrubHub Inc.
GuardianArc International LLC
H2Prod
Halborn Inc.
Hampton Inn
HanaHaus
Handel Group LLC
Harris-Harris Group LLC, The
Haruko Ltd.
Hattricks Tavern
Headway Workforce Solutions Inc.
Healthy Horizons Ltd.
Heathrow Express Operating Co. Ltd.
Hedgeguard
HeleCloud Ltd.
HelpSystems LLC
Henriksen-Butler Nevada LLC
Hertz Corp., The
Herzog Fox & Neeman
Highlight Films Ltd.
Hilton Worldwide Holdings Inc.
HireRight LLC
HMRC Shipley
Holland & Knight LLP

Home Depot Inc., The
Hootsuite Inc.
Horasis
Hotel Da Baixa Prata Lda.
Hotel Majestic
Hotel Midtown Atlanta
Hotels.com
Hudson Standard, The
Hyatt Hotels Corp.
Hysolate Ltd.
I.A.M.L Ltd.
Ideal Communications Inc.
Idemia Group SAS
Illumiti Corp.
Incorporating Services Ltd.
Indian Eagle
Information, The
Infura Inc.
InGenie Ltd.
Innovatica LLC
Inside.com Inc.
Insider Inc.
Insperity Inc.
Instacart
Integrated Security & Communications Inc.
Intelligo Group USA Corp.
Intercontinental Hotel Group plc
Intercontinental Miami
Intertrust NV
Intuit Inc.
InvestAnswers
ip-api
IPQualityScore
IST NY Inc.
Iterable Inc.
Ivan on Tech Academy
Jackson Lewis LLP
Jaffa Hotel, The
JAMS Inc.
Jarvis Ltd.
JB Hunt Transport Services Inc.
JetBlue Airways Corp.
JetBrains sro
Joberty Technologies
John Lewis & Partners
JSC Royal Flight Airlines

Juliet International Ltd.
Jumpcut 3D
Juniper Office
Junk Masterz LLC, The
Junkluggers LLC, The
JV Associates Inc.
K.F.6 Partners Ltd.
Kairon Labs BV
KALC LLC
Kanoo Pays
Keeper Security
Kenetic Trading Ltd.
Kerry Hotel HongKong
KeyFi Inc.
Kforce Inc.
Kif, Evgeni
Killian Firm PC, The
Kimpton Surfcomber Hotel
KINTSUGI, Unipessoal Lda.
Knobs BAC
Kohl's
Korn Ferry
Koutra Athos Sotiris
Krispy Kreme
Kroll Advisory Ltd.
L&L Moving Storage & Trucking LLC
La Maison Favart
Lanktree, Owen
Las Vegas Window Tinting
Latham
LaunchDarkly
Lawn Care
LawnStarter
Leaa
Left House, The
Lima, Esther
Line Group
LinkedIn Corp.
LinkedIn Ireland Unlimited Co.
Lithify Ltd.
Locate852
Loews Hotels
Logitech
Logshero Ltd.
Logz.io
LS Future Technology AB

Lucidchart
Lucille's Smokehouse Bar-B-Que
Lufthansa Deutsche
Lumen
Lunar Squares
LVC USA Inc.
Lyft
Madison Liquidators
MadRev LLC
Makarim & Taira S.
Maltego Technologies
Mambu Tech BV
Mammoth Growth LLC
Mandarin Oriental Hotel
Manhattan Bagel
Manzo's Suites
Maren Altman FZCO
Marios Locksmith Ltd.
Marriott Hotels & Resorts
Marsh USA
Maxon Corp.
Mayami Mexicantina
Mazars LLP
Mazars Ltd.
McCarthy Tetrault LLP
McLagan Partners Inc.
MCM 965
mDesign Holdings Ltd.
MediaOne Partners
Melio
Memorisely
Metropol Palace
MF Partners Ltd.
MFA Network
MGM Grand Hotel LLC
Miami Beach Convention Center
Michael Page International Inc.
Michaels Cos. Inc., The
Microsoft Azure Inc.
Microsoft Corp.
Million Roses, The
MINDS
Minuteman Press International Inc.
Mixed Analytics
Mixpanel Inc.
Momentum Media Group

Monarch Blockchain Corp.
Monday.com Ltd.
MOO Print Ltd.
Moralis Academy
Morris Manning & Martin LLP
Moschoulla Patatsou Christofi
Motion Array
Motion Design School Co.
Move 4 Less LLC
MTA SpA
Music 2 the Max
MVP Workshop
Myers-Briggs & Co. Inc.
MythX
Namecheap Inc.
National Office Interiors & Liquidators
National Railroad Passenger Corp.
Nationwide Multistate Licensing System &
   Registry
Navex Global Inc.
NBC Universal
Necter
Nevada Sign
New Spanish Ridge LLC
New York Times Co., The
Next Web Events BV, The
NextGenProtection
NICE Systems UK Ltd.
Nico Signs Ltd.
NordLayer
Nordlogic Software SRL
Nordstrom Inc.
Nossaman LLP
Notability Partners
Notarize
Nothing Bundt Cakes
Nuri
NuSources
Nyman Libson Paul LLP
OAKds Inc.
Ocean View Marketing Inc.
Office Depot
Office Movers Las Vegas
Office Star B2B Ltd.
OfficeSpace Software Inc.
OfficeVibe

OKEx
Onchain Custodian Pte. Ltd.
Onfido
Onfido Inc.
Onfido Ltd.
Optimizely Inc.
Oracle Corp. UK Ltd.
Otter.ai
OVF Customer.io LLC
PABXL
Pack & Send
Paddle
Pagliara Entertainment Enterprises LLC
Palantir Security Ltd.
Panasonic Avionics Corp.
Panera Bread
Panorays Ltd.
Papaya Global HK Ltd.
Park MGM Las Vegas
Park Plaza Hotels
Parklane Resort & Spa
Party City
Paxful Inc.
Payplus by Iris
Payplus Ltd.
Peas Recruitment Ltd.
Peninsula Business Services Ltd.
Phase II Block A South Waterfront Fee LLC
Photo Booth Vending
Plaid Inc.
Pluralsight Inc.
Polihouse Boutique Hotel
Polyrize Security Ltd.
Portswigger Ltd.
Postman Inc.
Postmates Inc.
Practising Law Institute Inc.
Premaratne, Inesha
Premier Due Diligence LLC
Premium Beat
Prescient
PRG U.S. Inc.
Print Hoboken LLC
Printful Inc.
Priority Power
Pro Blockchain Media LLP

Proof of Talent LLC
Protect Operations Ltd.
PSE Consulting Engineers Inc.
PSJ Kanaris Enterprises Ltd.
PTI Office Furniture
PubliBranco
Pure Marketing Group Corp.
Puressence Ltd.
Quality Inn & Suites Hotel
Quantstamp Inc.
Quoine Pte. Ltd.
RA Venues at Churchill War Rooms
Rails Tech Inc.
Real Vision Group
Rebecca Sweetman Consulting Ltd.
Reddit Inc.
Redk CRM Solutions Ltd.
Reflectiz Ltd.
Regus Management Group LLC
reMarkable AS
Residence Inn
Resources Global Professionals
Restream.io
Retool Inc.
Rever Networks Inc.
RFO Conferences Organizing LLC
RingCentral Inc.
Ritz-Carlton, The
Rosewood Hotel & Resorts LLC
Rothschild TLV
Royal Mail plc
Royalton Hotel
Sabana Labs SL
Saffron Indian Cuisine
Saint Bitts LLC
Sam's Club
Sam's Limousine & Transportation Inc.
SAP America Inc.
Schoen Legal Search
ScraperAPI
Seamless
SecureDocs Inc.
Securitas Security Services USA Inc.
Segment Inc.
Selfridges
SendSafely

Sentry
Sevio FZC
SewWhatAndWear
Sheraton Hotels
Shutters on the Beach
Shutterstock
Silhouette Building, The
Similarweb Inc.
SJP Properties General Construction
Sketch BV
Skew Ltd.
Slack Technologies LLC
SlideTeam
Small Pocket Video
Smart City Networks LP
Smartcontract Inc.
SMSF Association
Snowflake Inc.
So & Sato Law Office
Soho Beach House
SolarWinds
Soltysinksi Kawecki Szlezak
SonarSource
South City Kitchen
Southwest Airlines
Sovos Compliance
SP V1CE Ltd.
Spears Electric
Spectrum
Sponsor United
Sports1ternship LLC
SpotHero
Standard Restaurant Equipment Co.
Staples
Starbucks
Statusgator
Stephanos Greek & Mediterranean Grill
Stuart Tracte Photography
Studio ViDA
Sublime HQ Pty. Ltd.
SuperSonic Movers LLC
Surety Solutions
Swag.com
Swept Cleaning Service of Austin
Swiss International Air Lines Ltd.
SXSW LLC

Synapse Florida
Syndic Travel
TAAPI.IO sro
Tableau Software LLC
Talking Cocktails
Tampa Printer
Target Corp.
TaskRabbit
TaxBit Inc.
Taylor Wessing LLP
TCL Publishing Ltd.
Teamz Inc.
Tembo Embroidery & Custom Merchandise
Ten Manchester Street Hotel
Tenderly doo
Terra Panonica
TET Events LLC
Thimble Insurance
Thomson Reuters
Thunderclap LLC
Titan Office Furniture Ltd.
T-Mobile US Inc.
TokenTalk Ltd.
Toll Free Forwarding
Toolfarm
Towers Watson Ltd.
Trade Group Inc., The
TradingView Inc.
TransUnion
Trash Cans Warehouse
TRD Comm
Trello Inc.
Trovata Inc.
Trustpilot Inc.
TubeBuddy
Turkish Airlines
Twenty84 Solutions
Twilio Inc.
Twitter Inc.
Uber
Uber Eats
Udemy Inc.
Uline Inc.
Unbound Tech Ltd.
Unifire Extinguishers Ltd.
United Airlines

University Arms Hotel
Unstoppable Domains Inc.
UPS
Upstager Consulting Inc.
UrbanStems Inc.
USA Strong Inc.
UsabilityHub Pty. Ltd.
UsaStrong.io
USPS
V3 Digital Ltd.
Valere Capital
Vanguard Cleaning Systems of Las Vegas
Varonis Systems Inc.
VCU Blockchain
Vercel Inc.
Verified First LLC
VerifyInvestors.com
Verizon Wireless
Vert & Blanc Enterprises Ltd.
Viasat Inc.
Virtru Corp.
Virtual Business Source Ltd.
Virtually Here For You Ltd.
Vivid Edge Media Group
Volta Systems Group
VoskCoin LLC
VSECNOW Ltd.
Walgreens Boots Alliance Inc.
Wall Street Journal
Walmart Inc.
Warwick Hotel Ltd.
Wayfair Inc.
WCEF LLC
West Coast Pure Water LLC
WestCap Management LLC
Whirling Dervish Productions
Wilde Aparthotels
Wings Hotel, The
Wintermute Trading Ltd.
Wolf Theiss
Wolt
Wolters Kluwer NV
Workland
Workspace Management Ltd.
World Economic Forum
WP Engine Inc.

Wyndham Hotels & Resorts Inc.
Wynn Las Vegas
Yellowgrid
yellowHead Ltd.
Yohann
YouTube Premium
Zapier.com
Zegans Law Group Pllc, The
Zendesk Inc.
Zeplin Inc.
Zoho Corp.
Zoom Video Communications Inc.
Zubtitle LLC
Zuraz97 Ltd.

# SCHEDULE 1(o)

## U.S. Trustee Personnel, Judges, and Court Contacts for the Southern District of New York

Abriano, Victor
Arbeit, Susan
Beckerman, Lisa G.
Bruh, Mark
Chapman, Shelley C.
Cornell, Shara
Drain, Robert D.
Gannone, James
Garrity, James L., Jr.
Glenn, Martin
Harrington, William K.
Higgins, Benjamin J.
Higgins, David S.
Jones, David S.
Joseph, Nadkarni
Lane, Sean H.
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morris, Cecelia G.
Morrissey, Richard C.
Ogunleye, Alaba
Riffkin, Linda A.
Rodriguez, Ilusion
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Tiantian, Tara
Velez-Rivera, Andy
Vescovacci, Madeleine
Wells, Annie
Wiles, Michael E.
Zipes, Greg M.

## SCHEDULE 2

**Potential Parties in Interest Disclosures**

4Imprint Inc.
AlixPartners LLP
Amazon Capital Service Inc.
AT&T
Atlassian Pty Ltd
CDW
Comcast
CSC
CT Corporation
Dell Business Credit
FedEx
Hertz Corporation
JB Hunt Transport Inc.
Kforce Inc.
Kroll Advisory LLC
Microsoft
Regus Management LLC
Securitas Security Services Inc.
Shutterstock Inc.
Solar Winds
Spectrum Energy, Inc.
Staples Contract & Commercial, Inc
Verizon
Zoho Corporation

**Exhibit C**

**Engagement Agreement**

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

**STRETTO**

## Services Agreement

This Services Agreement (this "**Agreement**") is entered into as of June 22, 2022 between Stretto, Inc. ("**Stretto**") and __Celsius Network Limited__ (together with its affiliates and subsidiaries, the "**Company**").[1]

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Services**

   (a) Stretto agrees to provide the Company with consulting services regarding (i) legal noticing, maintenance of claims registers, creditor mailing matrices, an electronic platform for filing proofs of claim, plan solicitation, balloting, tabulation of votes, disbursements, and administrative support in preparation of schedules of assets and liabilities and statements of financial affairs ("**Claims Administration, Noticing, and Solicitation Services**"); and (ii) crisis communications, claims analysis and reconciliation, preference analysis and recovery, contract review and analysis, case research, public securities, depository management, treasury services, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement), and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations, or court rules or orders (all such services collectively, the "**Services**").

   (b) The Company acknowledges and agrees that Stretto will often take direction from the Company's representatives, employees, agents, and/or professionals (collectively, the "**Company Parties**") with respect to providing Services hereunder. The parties agree that Stretto may rely upon, and the Company agrees to be bound by, any requests, advice, or information provided by the Company Parties to the same extent as if such requests, advice, or information were provided by the Company.

   (c) The Company agrees and understands that Stretto shall not provide the Company or any other party with legal advice.

2. **Rates, Expenses and Payment**

   (a) Stretto will provide the Services on an as-needed basis and upon request or agreement of the Company. Stretto's charges for Services through the effective date of a chapter 11 plan shall be at the rates attached hereto (the "**Preferred Rate Structure**"). The Company agrees to pay for reasonable out of pocket expenses incurred by Stretto in connection with providing Services hereunder.

   (b) Stretto will bill the Company no less frequently than monthly. All invoices shall be due and payable upon receipt. Where an expense or group of expenses to be incurred is expected to exceed $10,000 (e.g., publication notice), Stretto may require advance or direct payment from the Company before the performance of Services hereunder. If any amount is unpaid as of 30 days after delivery of an invoice, the Company agrees to pay a late charge equal to 1.5% of the total amount unpaid every 30 days.

---

[1]    The Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in any chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case. Each affiliated entity shall be jointly and severally liable for the Company's fees and expenses.

1

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B



(c) In the case of a dispute with respect to an invoice amount, the Company shall provide a detailed written notice of such dispute to Stretto within 10 days of receipt of the invoice.

(d) The undisputed portion of the invoice will remain due and payable immediately upon receipt thereof. Late charges shall not accrue on any amounts disputed in good faith.

(e) The Company shall pay any fees and expenses for Services relating to, arising out of, or resulting from any error or omission made by the Company or the Company Parties.

(f) The Company shall pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Stretto or paid by Stretto to a taxing authority.

(g) Upon execution of this Agreement, the Company shall pay Stretto an advance of $ 50,000.00 . Stretto may use such advance against unpaid fees and expenses hereunder. Stretto may use the advance against all prepetition fees and expenses. Company shall upon Stretto's request, which request may take the form of an invoice, replenish the advance to the original advance amount. Stretto may also, at its option hold such advance to apply against unpaid fees and expenses hereunder.

(h) Stretto reserves the right to make reasonable increases to the Preferred Rate Structure on a periodic basis. If any such increase represents an increase greater than 10% from the previously effective level, Stretto shall provide 30 days' notice to the Company of such increase.

(i) Payments to Stretto under the terms of this Agreement for services rendered, may be remitted by Company using either (or both) of the following methods:

> **Wire Transmission**
> Bank Name – Pacific Western Bank
> Bank Address – 110 West A Street, Suite 100, San Diego, CA 92101
> ABA – 122238200
> Account Number – 1000681781
> Account Name – Bankruptcy Management Solutions, Inc.
>
> **Check**
> Stretto
> Attn: Accounts Receivable
> 410 Exchange, Suite 100
> Irvine, CA 92602

3. **Retention in Bankruptcy Case**

(a) If the Company commences a case pursuant to title 11 of the United States Code (the "**Bankruptcy Code**"), the Company promptly shall file applications with the Bankruptcy Court to retain Stretto (i) as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and (ii) as administrative advisor pursuant to section 327(a) of the Bankruptcy Code for all Services that fall outside the scope of 28 U.S.C. § 156(c).. The form and substance of such applications and any order approving them shall be reasonably acceptable to Stretto.

(b) If the Company seeks authorization in a chapter 11 case to obtain postpetition financing, including debtor-in-possession loans or use of cash collateral, the Company shall include Stretto's fees and expenses incurred hereunder in any professional compensation carve-out.

(c) If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Stretto will continue to be paid for Services pursuant to 28 U.S.C. § 156(c) and the terms hereunder.

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

≡ STRETTO

4. **Confidentiality**

   (a) The Company and Stretto agree to keep confidential all non-public records, systems, procedures, software, and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the receiving party's possession or known to it, independently developed by the receiving party, lawfully obtained by the receiving party from a third party, or required to be disclosed by law, then the receiving party shall bear no responsibility for publicly disclosing such information.

   (b) If either party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, (i) such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time, if possible, to seek any remedy available under applicable law to prevent disclosure of the information; and (ii) such party will limit such disclosure to the extent the such party's counsel in good faith determines such disclosure can be limited.

5. **Property Rights**

Stretto reserves to itself and its agents all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems, specifications, applications, processes, routines, manuals, documentation, and any other information or property (collectively, "**Property**") furnished by Stretto for itself or for use by the Company hereunder. Fees and expenses paid by the Company do not vest in the Company any rights in such Property. Such Property is only being made available for the Company's use during and in connection with the Services provided by Stretto hereunder.

6. **Bank Accounts**

At the request of the Company or the Company Parties, Stretto shall be authorized to establish accounts with financial institutions in the name of and as agent for the Company to facilitate distributions pursuant to a chapter 11 plan or other transaction. To the extent that certain financial products are provided to the Company pursuant to Stretto's agreement with financial institutions, Stretto may receive compensation from such institutions for the services Stretto provides pursuant to such agreement.

7. **Term and Termination**

   (a) This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to other party; or (ii) immediately upon written notice for Cause (as defined herein). "**Cause**" means (i) gross negligence or willful misconduct of Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents that causes material harm to the Company's restructuring under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Stretto invoices for more than 60 days from the date of invoice or (iii) the accrual of invoices or unpaid Services in excess of the advance held by Stretto where Stretto reasonably believes it likely will not be paid.

   (b) If this Agreement is terminated after Stretto is retained pursuant to Bankruptcy Court order, the Company promptly shall seek entry of a Bankruptcy Court order discharging Stretto of its duties under such retention, which order shall be in form and substance reasonably acceptable to Stretto.

   (c) If this Agreement is terminated, the Company shall remain liable for all amounts then accrued and/or due and owing to Stretto hereunder.

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

STRETTO

(d) If this Agreement is terminated, Stretto shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions, and Stretto shall provide the necessary staff, services, and assistance required for such an orderly transfer. The Company agrees to pay for such Services pursuant to the Preferred Rate Structure.

## 8.   No Representations or Warranties

Stretto makes no representations or warranties, express or implied, regarding the services and products sold or licensed to the Company hereunder or otherwise with respect to this Agreement, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness, or capacity. Notwithstanding the foregoing, if the above disclaimer is not enforceable under applicable law, such disclaimer will be construed by limiting it so as to be enforceable to the extent compatible with applicable law.

## 9.   Indemnification

(a) To the fullest extent permitted by applicable law, the Company shall indemnify and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents (collectively, the "**Indemnified Parties**") from and against any and all losses, claims, damages, judgments, liabilities, and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "**Losses**") resulting from, arising out of, or related to Stretto's performance hereunder. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

(b) Stretto and the Company shall notify each other in writing promptly upon the assertion, threat or commencement of any claim, action, investigation, or proceeding that either party becomes aware of with respect to the Services provided hereunder.

(c) The Company's indemnification of Stretto hereunder shall exclude Losses resulting from Stretto's gross negligence or willful misconduct.

(d) The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

## 10.   Limitations of Liability

Except as expressly provided herein, Stretto's liability to the Company for any Losses, unless due to Stretto's gross negligence or willful misconduct, shall be limited to the total amount paid by the Company to Stretto for the portion of the particular work that gave rise to the alleged Loss.  In no event shall Stretto be liable for any indirect, special, or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided hereunder.

## 11.   Company Data

(a) The Company is responsible for, and Stretto does not verify, the accuracy of the programs, data and other information it or any Company Party submits for processing to Stretto and for the output of such information, including, without limitation, with respect to preparation of statements of financial affairs and schedules of assets and liabilities (collectively, "**SOFAs and Schedules**"). Stretto bears no responsibility for the accuracy and content of SOFAs and Schedules, and the Company is deemed hereunder to have approved and reviewed all SOFAs and Schedules filed on its behalf.

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

≡ STRETTO

(b) The Company agrees, represents, and warrants to Stretto that before delivery of any information to Stretto: (i) the Company has full authority to deliver such information to Stretto; and (ii) Stretto is authorized to use such information to perform Services hereunder and as otherwise set forth in this Agreement.

(c) Any data, storage media, programs or other materials furnished to Stretto by the Company may be retained by Stretto until the Services provided hereunder are paid in full. The Company shall remain liable for all fees and expenses incurred by Stretto under this Agreement as a result of data, storage media or other materials maintained, stored, or disposed of by Stretto. Any such disposal shall be in a manner requested by or acceptable to the Company; provided that if the Company has not utilized Stretto's Services for a period of 90 days or more, Stretto may dispose of any such materials in a manner to be determined in Stretto's sole reasonable discretion, and be reimbursed by the Company for the expense of such disposition, after giving the Company 30 days' notice. The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs, data, or information provided by the Company to Stretto.

(d) Stretto and the Company agree that this Agreement is subject to the terms set forth in the GDPR Addendum attached hereto as <u>Exhibit A</u>, which are incorporated herein by reference.

(e) Notwithstanding the foregoing, if Stretto is retained pursuant to Bankruptcy Court order, disposal of any Company data, storage media, or other materials shall comply with any applicable court orders and rules or clerk's office instructions.

**12. California Consumer Privacy Act.**

(a) Definitions.  In this Section,
  (i) **"CCPA"** means the California Consumer Privacy Act of 2018, including amendments and final regulations;
  (ii) **"Personal Information"** has the same meaning given to such term under section 1798.140 of the CCPA and is limited to any Company data provided to Stretto by the Company in order for Stretto to provide Services under this Agreement; and
  (iii) **"Commercial Purposes,"** **"Sell,"** **"Business,"** and **"Service Provider"** have the same meanings assigned to them in section 1798.140 of the CCPA.

(b) Relationship Between the Parties. To the extent the Company is considered a Business under California law, and subject to the terms of this Section 12, Stretto will act solely as Company's Service Provider with respect to Personal Information.

(c) Restrictions. Stretto certifies it will not: (i) Sell Personal Information or (ii) collect, retain, use, or disclose Personal Information for any purpose other than for the specific purpose of performing the Services specified in this Agreement, including collecting, retaining, using, or disclosing Personal Information for any Commercial Purpose other than providing the Services specified in this Agreement unless otherwise permitted under the CCPA.

**13. Non-Solicitation**

The Company agrees that neither it nor any of its subsidiaries or affiliates shall directly or indirectly solicit for employment, employ, or otherwise retain as employees, consultants, or otherwise, any employees of Stretto during the term of this Agreement and for a period of 12 months after termination thereof unless Stretto provides prior written consent to such solicitation or retention.

**14. Force Majeure**

Whenever performance by Stretto of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance,

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

≡ STRETTO

act of terrorism, war or war condition, or by reason of any other matter beyond Stretto's reasonable control, then such performance shall be excused.

### 15. Choice of Law

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

### 16. Arbitration

Any dispute arising out of or relating to this Agreement or the breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction. There shall be three arbitrators named in accordance with such rules. The arbitration shall be conducted in the English language in Irvine, California in accordance with the United States Arbitration Act. Notwithstanding the foregoing, upon commencement of any chapter 11 case(s) by the Company, any disputes related to this Agreement shall be decided by the bankruptcy court assigned to such chapter 11 case(s).

### 17. Integration: Severability; Modifications: Assignment

(a) Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms, and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, agreements, and communications between the parties relating to the subject matter hereof.

(b) If any provision of this Agreement shall be held to be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

(c) This Agreement may be modified only by a writing duly executed by an authorized representative of the Company and an officer of Stretto.

(d) This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Stretto may assign this Agreement to a wholly-owned subsidiary or affiliate without the Company's consent.

### 18. Effectiveness of Counterparts

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement. This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.

### 19. Notices

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:

If to Stretto:          Stretto
                        410 Exchange, Ste. 100
                        Irvine, CA 92602

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

STRETTO

Attn: Sheryl Betance
Tel: 714.716.1872
Email: sheryl.betance@stretto.com

If to the Company:    Ron Deutsch
Celsius Network Limited
121 River Street, PH05
Hoboken, NJ  07030
Email: ron.deutsch@celsius.network

With a copy to:    Brad M. Kahn
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 100376
Email: bkahn@akingump.com

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

**STRETTO**

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement effective as of the date first above written.

Stretto

By: Sheryl Betance

Title: Senior Managing Director

Celsius Network Limited

By: Alex Mashinsky

Title: CEO

8

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

STRETTO

**Exhibit A**

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

STRETTO

## GDPR Addendum

This GDPR Addendum is a part of the Services Agreement (the "**Agreement**") by and between Stretto (the "**Processor**")[2] and the Company (together, the "**Parties**").

### RECITALS

WHEREAS,

(A)     The Processor and the Company have agreed to the following terms regarding the Processing of Company Personal Data.

(B)     The Company acts as a Controller of the Company Personal Data.

(C)     The Company wishes to subcontract certain Services, pursuant to the Agreement, which imply and require the processing of personal data, to the Processor.

(D)     The Company instructs the Processor to process Company Personal Data.

(E)     The Parties seek to implement a data processing agreement that complies with the requirements of the current legal framework in relation to data processing and with the Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation or "**GDPR**").

NOW THEREFORE, the Company and the Processor agree as follows:

1.     **Definitions.** The parties agree that the following terms, when used in this GDPR Addendum, shall have the following meanings.

    (a)     "**Addendum**" shall mean this GDPR Addendum;

    (b)     "**Company Personal Data**" means any Personal Data Processed by the Processor or a Subprocessor on behalf of the Company pursuant to or in connection with the Agreement, and may include, for example, Personal Data of Company's employees, clients, customers, creditors, equity interest holders, or counter-parties;

    (c)     "**Data Protection Laws**" means EU Directive 95/46/EC, as transposed into domestic legislation of each Member State and as amended, replaced or superseded from time to time, including by the GDPR and laws implementing or supplementing the GDPR;

    (d)     "**Services**" means the services the Processor provides to the Company pursuant to the Agreement;

    (e)     "**Subprocessor**" means any person appointed by or on behalf the Processor to process Personal Data on behalf of the Company in connection with the Agreement;

---

[2] Capitalized terms utilized but not defined in the GDPR Addendum have the meanings ascribed to them in the Agreement.

1

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

 STRETTO

(f)     "**Technical and organizational security measures**" means those measures aimed at protecting Personal Data against accidental or unlawful destruction or accidental loss, alteration, unauthorized disclosure or access, in particular where the processing involves the transmission of data over a network, and against all other unlawful forms of processing;

(g)     The terms "**Commission**", "**Controller**", "**Data Subject**", "**Member State**", "**Personal Data**", "**Personal Data Breach**", "**Processor**", "**Processing**", "**Special Categories of Personal Data**", and "**Supervisory Authority**" shall have the same meaning as in the GDPR, and their derivative terms shall be construed accordingly.

2.   **Obligations of the Company.**  The Company agrees and warrants:

(a)     that the Processing, including the transfer itself, of the Company Personal Data has been and will continue to be carried out in accordance with the relevant provisions of the applicable Data Protection Laws (and, where applicable, has been notified to the relevant authorities of the Member State);

(b)     that it has instructed and throughout the duration of the Services will instruct the Processor to process the Company Personal Data transferred only on the Company's behalf and in accordance with the applicable Data Protection Laws, the Agreement, and this Addendum;

(c)     that the Processor will provide sufficient guarantees in respect of the technical and organizational security measures;

(d)     that after assessment of the requirements of the applicable data protection law, the technical and organizational security measures are appropriate to protect the Company Personal Data against accidental or unlawful destruction or accidental loss, alteration, unauthorized disclosure or access, in particular where the processing involves the transmission of data over a network, and against all other unlawful forms of processing, and that these measures ensure a level of security appropriate to the risks presented by the processing and the nature of the data to be protected having regard to the state of the art and the cost of their implementation;

(e)     that it will ensure compliance with the technical and organizational security measures; and

(f)     that the Company Personal Data transferred to Processor does not include or involve any special categories of data, as defined by Article 9 of the GDPR.

3.   **Obligations of the Processor.**  The Processor agrees and warrants:

(a)     to comply with the Data Protection Laws;

(b)     to process the Company Personal Data only on behalf of the Company and in compliance with its instructions and this Addendum; if it cannot provide such compliance for whatever reasons, it agrees to inform promptly the Company of its inability to comply, in which case the Company is entitled to suspend the processing of data and/or terminate the Agreement;

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

≡ STRETTO

(c)     that it has no reason to believe that the legislation applicable to it prevents it from fulfilling the instructions received from the Company and its obligations under the Agreement and that in the event of a change in this legislation which is likely to have a substantial adverse effect on the warranties and obligations provided by the Clauses, it will promptly notify the change to the Company as soon as it is aware, in which case the Company is entitled to suspend the transfer of data and/or terminate the Agreement;

(d)     that it has implemented reasonable and appropriate technical and organizational security measures before processing the Company Personal Data;

(e)     that it will promptly notify the Company about:

  i.     any legally binding request for disclosure of the Company Personal Data by a law enforcement authority unless otherwise prohibited, such as a prohibition under criminal law to preserve the confidentiality of a law enforcement investigation;

  ii.    any accidental or unauthorized access; and

  iii.   any request received directly from any data subject without responding to that request, unless it has been otherwise authorized to do so by the Company or as required by any applicable law;

(f)     to deal promptly and properly with all inquiries from the Company relating to its Processing of the Company Personal Data and to abide by the advice of the supervisory authority with regard to the processing of the Company Personal Data;

(g)     to take reasonable steps to ensure the reliability of any employee, agent, or contractor of any Subprocessor who may have access to the Company Personal Data, ensuring in each case that access is strictly limited to those individuals who need to know or access the relevant Company Personal Data, as strictly necessary to perform the Services under the Agreement, and to comply with Data Protection Laws in the context of that individual's duties to the Subprocessor, ensuring that all such individuals are subject to confidentiality undertakings or professional or statutory obligations of confidentiality; and

(h)     that it shall not use (or disclose any Company Personal Data to) any Subprocessor unless required or authorized by the Company with prior written consent.

**4.     Obligations after Termination of Personal Data Processing Services.**

(a)     The Parties agree that within 10 business days of the termination of the Agreement or provision of Services, the Processor and any Subprocessor shall, at the choice of the Company, return all Company Personal Data and the copies thereof to the Company or shall destroy all the Company Personal Data and certify to the Company that it has done so, unless legislation imposed upon the Processor prevents it from returning or destroying all or part of the Company Personal Data. In that case, the Processor warrants that it will guarantee the confidentiality of the Company Personal Data and will not further process the Company Personal Data.

DocuSign Envelope ID: 8FAC5DAF-FBDC-4E65-A894-962E8548711B

**STRETTO**

(b)    The Processor and any Subprocessor warrant that upon request of the Company and/or of the supervisory authority, it will submit its data-processing facilities for an audit of the technical and organizational security measures.

5.    **Notices.**  All notices and communications given under this Addendum must be delivered as provided for by the Agreement.

4