Immanuel Herrmann
*Pro se Celsius creditor*
Admin of the worldwide Celsius
Earn Customer Telegram group
**<https://t.me/celsiusearn>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL RESPONSE, DECLARATION, EXHIBIT, AND REQUEST FOR RELIEF RE:**

**[D.R. 954]**

Now comes Immanuel Herrmann, *pro se* Celsius creditor, and submits the following supplemental response, supplemental request for relief, sworn declaration, and exhibit, to his filing–*D.R. 954–Omnibus Objection to Court Filings Taking Positions on Which Coins are Customer Property, D.R. Nos. 855, 737, 760, and 662*.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**SUPPLEMENTAL RESPONSE**

On information and belief, according to social media reports and voice calls in the first person that I personally read and reviewed and listened to, Alexander Mashinsky told people at the conference "Consensus," which took place from June 9-12, that Celsius was "in trouble" and that, based upon these warnings, customers made withdrawals. [See Exhibit A]

On information and belief, the network of "insiders" at Celsius Network therefore extends far beyond employees, close-in consultants, and others who are normally insiders, but an extended community of people.

I personally read the tweet in Exhibit A before it was deleted and certify in my declaration that the attached exhibit is a true and correct representation of the deleted tweet, to the best of my memory, knowledge and belief.

In addition, I would like to make the court aware that Alexander Mashinsky is regularly coming onto "Twitter Spaces" with Celsius customers, including after his resignation, lobbying for various restructuring plans outside of the official committee and the restructuring process, and for Custody funds to be returned.[1]

---

[1] Last night, Mr. Mashinsky came onto a Twitter space with former Celsius employee Zach (@Zach_HODL_ON on Twitter). Zach is working on a restructuring plan that he claims is his plan (and not Alex Mashinsky's). Mr. Mashinsky, however, claims to support the plan. This plan as thus far described is not compliant with various regulations, and will never work, in my view. I believe this may well be a bad faith effort to drive the Debtor into liquidation and bypass the independent committee responsible for restructuring and the court-ordered process. Depending on the future behavior of Zach and Mr. Mashinsky, I may raise this issue more formally or in more detail with the court at a future date.

**SUPPLEMENTAL REQUEST FOR RELIEF**

In addition to the relief request in my initial objection, I request that before Custody or Withhold accounts, or any other creditors, are able to withdraw any funds preferentially, regardless of the account size, that such customers certify under penalty of perjury that they had no inside, non-public information from Celsius Network, or its affiliates, and had no secondhand inside, non-public information from those who passed on such inside information before "the Pause."

I believe the court is best equipped to provide the precise language here, and/or the US Trustee, to ensure any laws and rules around insider and preferential payments are followed by any customers that may eventually be allowed to withdraw preferential amounts *vis a vis* other customers, should they prevail in their claims.

Such a sworn declaration could easily be implemented through the app, or any future app or website, and electronically signed or make a claim at no significant cost or effort to the Debtor.

This disclaimer may perhaps also appropriately apply to "pure custody" withdrawals and/or withdrawals under the $7575 preference payment threshold.

I also request that the court consider (but not decide today) if a similar disclaimer should be required if there is a future with regards to any special relief or final settlement with regards to customer clawbacks. People who did not have inside information should have no problem signing such a statement to get their coins back, or to get a release from preference actions.

Finally, I am willing to work on getting more sworn declarations, or to look for recordings, if helpful or needed. There are recordings floating around on (some) of these things, but some

were on unrecorded Twitter spaces. Twitter spaces can be recorded or unrecorded; it us up to the host.

Thank you, your honor.

Respectfully submitted,

Dated: October 6, 2022
Washington, D.C.

<u>*s/ Immanuel Herrmann*</u>
Immanuel Herrmann
Celsius *pro se* creditor

**EXHIBIT A: DECLARATION OF IMMANUEL HERRMANN**

I, Immanuel Herrmann, declare:

1. I am a Celsius Network LLC Creditor.

2. I submit this declaration in support of my Omnibus Objection to Court Filings Taking Positions on Which Coins are Customer Property, D.R. Nos. 855, 737, 760, and 662–and in support of today's supplemental response and request for relief.

3. As the admin of the worldwide Earn Group on Telegram, I spend many hours on social media, tuned into what's happening. Additionally, before founding the group, I caught a lot of what was happening on social media.

4. On May 5, 2022, I read the tweet attached in Exhibit B, which was posted by @erikanswerman, directly posted by the account of @erikanswerman, before it was deleted.

5. I have been searching for this deleted tweet for a while in the hopes that I could submit it to this court, and asking around about it, but did not locate it until today, October 6.

6. To the best of my memory, knowledge and belief, the photograph that I acquired today, October 6, 2022, which is attached in Exhibit B, is a true and correct representation of the tweet that I read directly from @erikanswerman's Twitter account on May 5, 2022.

7. On a Twitter Spaces, I was told by speakers that Alex Mashinsky warned people at Consensus that Celsius was "in trouble" by people who claimed they were personally present at the event. This additional secondary information corroborates the tweet.

8. On a Twitter Spaces, I was told that large depositors who do not meet the official definition of "insider" but had inside information withdrew massive amounts of coins from the platform based on that inside information. This additional secondary information corroborates the tweet.

9. On a Twitter Spaces, I was told that large depositors who had withdrawn large amount of money had "lawyered up" and were concerned about clawbacks, and was on one call

where someone freaked out and hung up after someone warned them about not stating what happened in public.

10. On a Twitter spaces, I overheard a large depositor tell the group that he was given a warning from Celsius and had moved his funds to Custody.

11. In the Earn Telegram channel today, October 6, someone who I know personally asserted to me as follows: "They've also talked about in the spaces how account managers were basically negotiating with people on where collateral would go back [to Custody or Earn] to if they paid off loans during the pause and right before it."

12. On a Twitter spaces, I heard similar claims about collateral being returned to Custody after the pause and do not believe, to the best of my knowledge and belief, that the behavior of the Debtor was consistent during the pause, nor during the lead-up to the pause (given that certain withdrawals went through while others were flagged for manual review.)

13. On a Twitter spaces, I heard reports of loanholders being able to move funds between Earn and Custody to service loans, which happened through customer service (but not through the app) on an arbitrary and capricious basis, including based upon random circumstances, luck, and connections, such as: people could reach and whether they had the right "account manager" for large accounts, leading to unequal treatment.

14. Last night, the evening of October 5, Alexander Mashinsky came on to an unrecorded Twitter spaces to support a plan which he claimed was created by former Celsius employee Zach, who is now longer an employee. Mr. Mashinsky said that "the Community" should support Zach's plan.

15. Last night, the evening of October 5, a member of my community told me that Alexander Mashinsky said that Custody should get their coins back because they are "unaccredited" and hurting and need their coins back. (I was not there for that portion of the call but was there for all other portions referenced in this declaration.)

16. I am an non-accredited U.S. Earn depositor who was both grandfathered into Earn, and paid off a loan April 15, the date when non-accredited customers were not supposed to be prohibited from making additional deposits into Earn accounts, and had my collateral placed into an Earn account after April 15. The details of how this happened are in my earlier filing, D.R. 954.

17. I will submit more sworn declarations on the matter, should I file a lift-stay motion or other requests for relief, or should it be relevant to insider payments issues as outlined in this filing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on October 6, 2022, at Silver Spring, Maryland

/s/ Immanuel Herrmann

Immanuel Herrmann

**EXHIBIT B: Deleted Tweet about Consensus "tip off" from Alex Mashinsky**

