**Hearing Date and Time**: November 1, 2022 at 11:00 a.m. EDT
**Objection Deadline**: October 25, 2022 at 4:00 p.m. EDT

Víctor Ubierna de las Heras
Email: victorub@protonmail.com
Telephone +34 699760721
*Pro se Creditor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON VÍCTOR UBIERNA DE LAS HERAS MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING THE PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that a hearing on the *MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING THE PRODUCTION OF DOCUMENTS* (the "**Rule 2004 Motion**") will be held on November 1, 2022, at 11 a.m., prevailing Eastern Time (the "**Hearing**"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Rule 2004 Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of In re

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Celsius Network LLC, No. 22-10964 (MG) by registered users of the Court's electronic filing systemand in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by October 25, 2022, at 4:00 p.m., prevailing Eastern Time, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "**Debtors**") at https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in the subject matter of the Rule 2004 Motion.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Rule 2004 Motion as requested by the pro se Creditor.

PLEASE TAKE FURTHER NOTICE that copies of the Rule 2004 Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Rule 2004 Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 13, 2022

Madrid, Spain                          Respectfully submitted,

Víctor Ubierna de las Heras

By: /s/ *Víctor Ubierna de las Heras*
Víctor Ubierna de las Heras
Pro se creditor
+34 699760721
victorub@protonmail.com

**Hearing Date and Time**: November 1, 2022 at 11:00 a.m. EDT
**Objection Deadline**: October 25, 2022 at 4:00 p.m. EDT

Víctor Ubierna de las Heras
Email: victorub@protonmail.com
Telephone +34 699760721

*Pro se Creditor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al*[2] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**VÍCTOR UBIERNA DE LAS HERAS MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING THE PRODUCTION OF DOCUMENTS**

TO THE HONORABLE MARTIN GLENN:

Víctor Ubierna de las Heras, pro se creditor, hereby respectfully moves (the "Motion") this Court for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2004-1 of the Local Rules of this Court (the "Local Rules"), for the production of documents. In support of this Motion, Víctor Ubierna de las Heras, respectfully states as follows:

**Jurisdiction, Venue and Authority**

1.     The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

relief requested herein are Bankruptcy Rule 2004 and Rule 2004-1 of the Local Rules of this Court

(the "Local Rules). Movant consents to the entry of any order in relation to this motion.

## BACKGROUND

2.      The 341 meeting of creditors held on October the 13th, 2022, leaves more questions

unanswered than those answered. As it was stated by the representative of the US Trustee, creditors

wanting more answers should file a 2004 motion. About the unanswered questions, specifically,

the first creditor to ask a question after the UST and the UCC wanted to know when was the time

when Mr. Ferraro became aware of the insolvency of Celsius. That question wasn't answered and

is of crucial importance to the creditors and the debtors' estate. From the Vermont filing docket

number 730 hangs the question about the date of insolvency, as it is alleged that in 2019 not taking

into account the CEL token Celsius was insolvent. From a Vermont filing another question of the

uttermost importance remain unanswered. Vermont alleged that the interest of old customers was

being paid with the money of new customers, at least at some point in time. Any document and

interrogation that could confirm this is crucial.

3.      During that 341 meeting it was also mentioned that one entity related to Mr. Leon,

an insider, took a loan in the period just before the Petition Date. The collateral of that loan was

CEL token. This brings numerous questions regarding due process, some kind of risk asssesment,

as the date of the loan is late May and the quantity is near four millions dollars. This is not the only

insiders transaction that is suspicious, as in late May, early June a lot of withdrawals happened;

even on June the 12th. This is of paramount importance as they may exist emails, Teams messages

and other documents that confirms that there existed a coordinated "run on the bank" by insiders.

And another actions can be brought before the court it is of importance to the debtors estate.

4.      As mentioned earlier in Twitter and confirmed during the 341 meeting of creditors,

T-shirts were bought from the ex-CEO's wife, Ms. Mashinsky, the exact numbers not beign

known. Mr. Ferraro also confirmed that until May 2022 there was not an internal policy regulating

these expenses. As creditor there is a need to know if due diligence was followed on these expenses

or if there are more dubious expenses, as this could have a beneficial effect on the debtors' estate.

5.      On another topic, Mr. Nuke tweeted about the insider withdrawals and explained his on the 6th of October, 2022. From his tweet, it is possible to ascertain that internal transfers were just database entries, or just as some will say, "a change on an Excel". If movements from one account to another were just database entries this could mean funds were commingled. This is a matter that must be clarified as it is of importance to earn customers like myself and to the whole of the debtors' estates.

6.      At the 341 meeting, Mr. Ferraro also stated than the platform, *to the best of his knowledge,* was locked down on the date of the Pause, including for employees and insiders. Nevertheless, researching Twitter one is able to find some customers that after talking to Customer Service were able to withdraw their cryptocurrency and some other that not. Clarification is needed.

7.

## Relief Requested

8.      By this 2004 Motion, Víctor Ubierna de las Heras respectfully requests the entry of an order compelling production of documents described in Exhibit B.

## BASIS FOR RELIEF

9.      Bankruptcy Rule 2004 provides in relevant part:

> *(a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.*
>
> *(b) Scope of Examination. The examination of an entity under this rule ... may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In ... a reorganization case under chapter 11 of the Code, ... the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.*
>
> *(c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and for the production of documents may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.*

Fed. R. Bankr. P. 2004.

10.  It is well established that the scope of an examination under Rule 2004 is unfettered and broad. In

re GHR Energy Corp., 33 B.R. 451, 453 (Bankr. D. Mass. 1983); see also In re Mittco, Inc., 44

B.R. 35, 36 (Bankr. E.D. Wis. 1984); In re Vantage Petroluem Corp., 34 B.R. 650, 651 (Bankr.

E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a fishing

expedition." In re Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). See also In re Johns-Manville

Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984) (same); Matter of Frigitemp Corp., 15 B.R. 263, 264 n.

3 (Bankr. S.D.N.Y. 1981) (noting that examinations under the predecessor to Rule 2004 have been

likened to "fishing expeditions" and "inquisitions")

11.  "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the

Court to discover its extent and whereabouts, and to come into possession of it, that the rights of

the creditor may be preserved.'" In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y.

1991) (citing Cameron v. United States, 231 U.S. 710, 717 (1914)). Accordingly, examinations

under Rule 2004(a) and (c) may include within their scope, among other things: any matter which

may relate to the property and assets of the estate; the financial condition of the debtor; any matter

which may affect the administration of the estate; and, in a chapter 11 case, any matter relevant to

the case or the formulation of a plan. See Fed. R. Bank. P. 2004(a) and (c).

12.  In addition, "[o]ne of the most fundamental crucial duties of a debtor-in-possession upon the filing

of a Chapter 11 petition is to keep the Court and creditors informed about the nature, status and

condition of the business undergoing reorganization." In re V. Savino Oil & Heating Co., 6

13.  99 B.R. 518, 526 (Bankr. E.D.N.Y. 1989). "'Full and fair' disclosure is required during the entire

reorganization process; it begins 'on day one, with the filing of the Chapter 11 petition.'"

Momentum Manufacturing Corp. v. Employee Creditors Committee (In re Momentum

Manufacturing Corp'), 25 F.3d 1132, 1136 (2d Cir. 1994).

14.  The purpose of this production of documents is to fully determine the aspects detailed in the

background section.

*15.*    Although the scope of an examination under Rule 2004 is "unfettered and broad", Movant has

narrowly tailored the information and documentation sought from the Debtors specifically relate

"to any matter which may affect the administration of the debtor's estate". See In re GHR Energy

Corp., 33 B.R. 451, 453 (Bankr. D. Mass. 1983); Fed. R. Bankr. P. 2004. Movant has sought to

limit its discovery to only Spansion's continued infringement of its patents after filing for

bankruptcy.

*16.*

## Notice

Notice of this Motion has been served on counsel to the Debtors, the Office of the United States

Trustee, and Counsel to the Comitte and the Ad Hoc Groups, and all other parties who have

requested notice in these cases pursuant to Bankruptcy Rule 2002. Under the Circumstances,

Movant submits that such notice is adequate and sufficient and that no other or further notice is

required.

## NO PRIOR REQUEST FOR RELIEF

No previous motion for the relief sought herein has been made to this or any other Court. Movant

reserves the right to conduct further depositions and other discovery, or otherwise, as appropriate.

## RESERVATION OF RIGHTS

Movant reserves all rights, claims, defenses, and remedies, including, without limitation, the right to

amend, modify, or supplement this Application, to seek additional discovery from any party, add

additional parties, or to raise additional grounds for granting this Application during any hearing on

the Application.

6

**Conclusion**

17.    WHEREFORE, Víctor Ubierna de las Heras, respectfully requests that this Court (i) grant this

2004 Motion in its entirety; (ii) compel the Debtors to produce the documents and information

listed on Exhibit B attached hereto and to the proposed order within ten (10) days from the date of

the issuance of the Order as authorized by the proposed order; and (iv) grant such further and

additional relief as this Court deems just and proper.

Dated: October 13, 2022

        Madrid, Spain                Respectfully submitted,


        Víctor Ubierna de las Heras


                                By: /s/ *Víctor Ubierna de las Heras*
                                Víctor Ubierna de las Heras
                                Pro se creditor
                                +34 699760721
                                victorub@protonmail.com

## **EXHIBIT A**

PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

## ORDER GRANTING MOTION FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANK. P. 2004

The motion of Víctor Ubierna de las Heras ("Movant") for an order compelling the production of documents from Celsius Network LLC, et al. pursuant to Rule 2004 having been read and considered, it is

**ORDERED** that the motion is **GRANTED** to compel the production of documents described in Exhibit B of the Motion in accordance with Fed. R. Bankr. R. 2004(b). This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

_____

November___, 2022

_____
The Honorable Martin Glenn
United States Bankruptcy Chief Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

## **EXHIBIT B**

DOCUMENTS REQUIRED

1.      Documents regarding a possible insolvency of Celsius from 2019, 2020 or 2021

2.      Documents regarding the first discussions of insolvency or bankruptcy in 2022.

3.      Documents regarding a difficulty to pay earn interest to customers.

4.      Documents regarding a pay of earn interest with the money of new customers.

5.      All documents regarding the loan to a company from Mr. Leon, an insider, on late May 2022.

6.      Documents, specifically emails or messages, with for example, discussions. talks or instructions,

among management or insiders to withdraw their money before the Pause.

7.      All documents regarding the buying of T-shirts from USA STRONG and Krissy Mashinsky.

8.      All documents regarding the corporate expenses from insiders.

9.      All documents regarding the functioning of internal transfers or the accounting system and how

they are done off chain within seconds.

10.     Any record of transactions after the Pause was instituted.

11.     Any record of annual awards paid to insiders.


As used here, the words "record," "records," "document" or "documents" include the original and any

copies of any written, printed, typed or graphic matter of any kind or nature, regardless of how produced or

reproduced — any book, pamphlet, periodical, letter, memorandum, contract, agreement, invoice, bill,

receipt, cancelled check, telegram, report, record, study, handwritten note, working paper, paper, chart,

graph, drawing sketch, index, tape, data sheet, data processing card, personal notes, personal diaries,

personal calendars, financial statement, tickets, expense records, vouchers or working papers — drafts of

any kind, including drafts of contracts or letters, charts, or any other written drafts, whether recorded,

transcribed, punched, taped, or that is now or was at any time in the possession, custody or control of the

party from whom these documents are being requested, or in the possession, custody or control of the

present or former agents, representatives or employees of the party from whom these documents are being

requested, or any and all persons acting on his or her behalf.

The above shall include any documents or any other form of writing or record of any kind; made at any

time; in the possession, custody or control of such individuals or entities; or known by the party from whom

these documents are being requested to exist or have existed.

As used here, the words "record," "records," "document," or "documents" include ELECTRONIC data, specifically including, but not limited to: any form of writing or data storage in or on hard drives [desktop and/or notebook], floppy discs, taped backups, compact discs, DVDs, notebook computers, email storage facilities, audio tapes, videotapes, laser discs, smartphone, mobile phone, or other portable digital media; Internet or intranet servers, Internet service providers; cloud storage or any other online storage or data/document/file backup. The term "electronic data, documents, information," or "ESI" shall mean any and all electronic data or information stored on a computing or storage device. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of a computer device. This term includes, but is not limited to: databases; all text file and word   processing documents (including metadata); presentation documents; spreadsheets; graphics, animations and images (including, but not limited to: .JPG, .GIF, .BMP, .PDF, .TIFF files); email; email strings; instant messages (including attachments, logs of email history and usage; header information and "deleted" files); email attachments; calendar and scheduling information; cache memory; Internet history files and preferences; audio, video and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems activity logs; servers; archives; backup or disaster recovery systems; hard drives, discs, CDs, diskettes, removable drives, tapes, cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems. This term includes, but is not limited to: on-screen information, system data, archival data, legacy data, residual files. Technical terms related to e-discovery are intended to be as defined in The Sedona Conference Glossary for E-discovery and Digital Information Management, July 2014 (Fourth Edition) and subsequent versions.

2.      If any Request for documents calls for the production of privileged or work product materials and such privilege or work product immunity from discovery is asserted, provide the following information in a written response:

        a.    A statement of the basis for the ground of privilege, work product, or other ground of nondisclosure;

        b.    A brief description of any document withheld, including:

            i.    date of the document;

            ii.    number of pages, attachments, and appendices;

            iii.    names of its author, or preparer, and an identification by employment and title of each such person;

            iv.    name of each person who was sent, shown or carbon or blind copied the document, or has access to or custody of the document, together with an identification of each such person;

            v.    present custodian; and

            vi.    subject matter of the document, and in the case of any document referring or relating to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the court to determine the propriety of any claim of privilege.

3.      Documents are to be produced as they are kept in the usual course of business or are to be organized and labeled to correspond with the categories of the Requests. Any documents that must be removed from their original folders, binders, covers or containers (collectively, "containers") in order to be produced shall be identified in a manner so as to clearly specify where such documents originated and with a copy of any title or reference on the containers.