Karen Cordry
D.C. Bar No. 278051
Bankruptcy Counsel,
National Association of Attorneys General
1850 M St., NW, 12th Floor
Washington, DC 20036
Telephone: (301) 933-3640
kcordry@naag.org

ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS,
CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE,
MISSOURI, NEW YORK, NORTH DAKOTA AND OKLAHOMA

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:
:
CELSIUS NETWORK LLC, *et al.*,1
:
Debtors.2
:
---------------------------------------------------------------x

CHAPTER 11

Case No. 22-10964

(Joint Administration Requested)

LIMITED OBJECTION OF THE COORDINATING STATES TO THE
DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) APPROVING THE
BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS, (II) SCHEDULING CERTAIN DATES WITH RESPECT
THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV)
APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES,
<u>AND (V) GRANTING RELATED RELIEF</u>

The States of Alabama, Arkansas, California, District of Columbia, Hawaii, Maine,

Missouri, New York, North Dakota and Oklahoma, collectively the "Coordinating States," file

the following Limited Objection (the "Objection") to the *Debtors' Motion Seeking Entry of an*

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* (Docket No. 929) (the "Motion"). The Coordinating States file the following statement in support of their Objection.

The Motion requests the Court to authorize the Debtors to enter into a bidding and auction process to sell the entirety of its business on an aggressive schedule with proposed hearing dates for the "Retail Assets" on November 28 and any Remaining Assets on December 20, 2022. The Motion as such repeats on a far grander scale the problematic request made in the motion to sell the Debtors' "stablecoin" assets (Docket No. 922) and the issues relating to the status as property of the estate (or not) of the "Custody" and "Withhold" Accounts that were heard by the Court on October 6 and resulted in the entry of an amended proposed stipulation resolving those issues on October 7, 2022 (Docket No. 996).

The most fundamental aspect of this case – that has not yet been resolved in any fashion – is what is the status of the cryptocurrency assets held by the Debtors? Are they *property of the estate* that can be used and sold by the Debtors? Or are they the property of the customers that are only being held by the Debtors but that are not its assets to dispose of. Those issues were raised with respect to the stablecoin sale motion and the objections (Docket Nos. 832, 925, and 967) pointed to the report of the Examiner in this case that was examining precisely that issue and noted it remained unresolved. That motion has now been adjourned until a hearing date of November 1, 2022, and objections are not due until October 25, 2022. (Docket No. 936). During the recent hearing dealing with the status of the Custody and Withhold accounts, it was again noted that the Examiner's report would be crucial to resolving those issues and it was

explicitly determined that no decision would be made thereon prior to the filing of an interim report by the Examiner. (Docket No. 996). Nevertheless, the Motion now before the Court seeks to sell the *entire* business, an undertaking that even more crucially depends on the outcome of that report and yet would be scheduled to go forward and be concluded even in advance of the resolution of the more limited motions described above.

The Coordinating States respectfully submit that such an approach makes little sense. The U.S. Trustee, the states of Vermont and Texas, and others, have filed objections to the proposed Motion for that reason among others. (Docket Nos. 1040, 1047, 1054, 1056, and 1057). In the view of the Coordinating States, trying to proceed to an auction prior to determining what is to be sold would be no more realistic than if one sought to sell a car dealership without being able to tell the buyers whether some, all, or none of the cars on the lot would be part of the assets being purchased. Even if one could try to negotiate some sort of offer contingent on all of the possible outcomes of these motions, that effort would be far more difficult to conduct than one based on a known asset structure and would seriously complicate the process. It is certainly highly unlikely to result in the highest and best offers one might be able to obtain after bidders actually know what they are trying to buy.

For that reason and those set out in the objections above, which the Coordinating States also adopt and incorporate herein, they oppose the Debtors' motion as currently structured. To be clear, the Coordinating States do not oppose any efforts the Debtors wish to make to contact and negotiate with potential purchasers for some or all of its assets and to consider incorporating any offers into the terms of a stand-alone reorganization plan or a transfer of the Debtors' business to a third party. But for the reasons set out herein, and in the other objections, it is plainly premature to attempt to carry out a binding sales process and obtain court approval

3

thereof prior to the resolution of the most crucial issues underlying the sale. The Coordinating States would also note that the time could be used profitably to complete exploration of what would need to be done in any of those forms of reorganization to bring the debtor's operations (whether retained or transferred to a third party) into compliance with all of the regulatory constraints under which it must operate. The Coordinating States among others have been in the process of investigating and determining whether the Debtors' operations, as conducted prior to the bankruptcy, violated state law and what changes need to be made to resolve any such violations. That process can be carried on concurrently with the Examiner's analysis and, when completed, will allow for a bidding process that will bring the highest and best offers for the Debtors' assets.

      Accordingly, the Coordinating States support in particular the relief requested in the U.S. Trustee's Objection (including the appointment of a privacy ombudsman) and that in the objection filed by the State of Texas (including the information on the parties participating in the bidding process to allow for regulatory review, the right to listen in if and when an actual auction is held, and a bar on allowing insiders to participate in the auction). Most critically there should be deferral of any actual binding auction process and sale approval process until after the completion of the Examiner's Report with time for all parties to complete a full and transparent review thereof.

      WHEREFORE, the Coordinating States request that the Motion be denied or that any relief granted thereunder be on a timeline that allows the Examiner to submit her report, and the Court to make final determinations regarding the status of the property to be sold, and with due regard for ensuring regulatory compliance for any operations going forward, and for such other and further relief as would be appropriate.

Dated: October 14, 2022

Respectfully submitted,

KAREN CORDRY,
Bankruptcy Counsel

*/s/ Karen Cordry*

Karen Cordry
D.C. Bar No. 278051
Bankruptcy Counsel,
National Association of Attorneys General
1850 M St., NW, 12th Floor
Washington, DC 20036
Telephone: (301) 933-3640
kcordry@naag.org

ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE, MISSOURI, NEW YORK, NORTH DAKOTA, AND OKLAHOMA

### **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on October 14, 2022.

*/s/ Karen Cordry*

KAREN CORDRY