Immanuel Herrmann
*Pro se Celsius creditor*
Admin of the worldwide Celsius
Earn Customer Telegram group
**https://t.me/celsiusearn**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                                        )
In re:                                                 )        Chapter 11
                                                        )
CELSIUS NETWORK LLC, *et al.,*[1]     )        Case No. 22-10964 (MG)
                                                        )
            Debtors.                            )        (Jointly Administered)
_____ )

**SUPPLEMENTAL LIMITED OBJECTION OF IMMANUEL HERRMANN TO THE DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) APPROVING THE BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) GRANTING RELATED RELIEF (SUPPLEMENTAL TO D.R. 1056; OBJECTION TO D.R. 929.)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

I, Immanuel Herrmann, *pro se* Celsius creditor, hereby submit this supplemental limited objection ("Supplemental Limited Objection") to the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially all of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief, D.R. 929 (the "Motion").

**BACKGROUND**

On July 13, 2022 (the "Petition Date"), the above captioned Debtors commenced their cases under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") that are pending before this Court.

On September 29, 2022, the Debtors filed the Motion. Through the Motion, the Debtors seek approval of–*inter alia*–bidding procedures in connection with the sale of all or substantially all of the Debtors' assets, properties, goodwill and rights relating to their businesses, including the Debtors' retail platform business (the "Retail Platform Assets"), which "include any cryptocurrencies or digital assets held by the Debtors (to the extent that they comprise property of the estate as such term is defined under section 541 of the Bankruptcy Code)."[2]

In addition, the Debtors propose to sell property of the Debtors "free and clear" of "all liens, security interests, pledges, charges, defects or similar encumbrances (collectively, the "Encumbrances").[3]

---

[2] See paragraph 6.b. of the Motion.

[3] See section I.B. paragraph 38 of the Motion.

**SUPPLEMENTAL LIMITED OBJECTION**

I supplement my original objection to assert my property rights. As another depositor noted in a recent objection, there appears to be no process in the bidding procedures for ensuring that potential purchasers of the Retail Platform Assets are informed of which digital assets currently "held" by the Debtors for customers are not property of the Debtors' estates for customers such as myself and others. [See D.R. 1063]

I own 1.40763964 bitcoin (the "Bitcoin") which I pledged as collateral for a loan I received from Celsius Lending LLC ("Celsius") in the amount of $22,000 on November 7, 2021, (the "Bitcoin Loan"), pursuant to "Celsius Loan Terms and Conditions" (the "Loan Conditions").

I own 25.93784811 Ethereum (the "Ethereum") which I pledged as collateral for a loan I received from Celsius Lending LLC ("Celsius") in the amount of $30,600 on October 26, 2021, (the "Ethereum Loan"), pursuant to "Celsius Loan Terms and Conditions" (the "Loan Conditions").

In both cases, paragraph 9 of the Early Repayment section of the Loan Conditions provides: "Should you make a full Early Repayment of your loan in accordance with the terms hereof, Celsius shall release the Collateral to your Celsius Account within ten (10) days of your full repayment."

Also in both cases, I had signed, before taking out my loans, loan contracts stating that I was the "**sole owner** of all Digital Assets used in connection with the Loan." [Emphasis added; see D.R. 954, pages 4-5]

I repaid my Ethereum loan on March 15, 2022 and the collateral was returned back to my account. I never told Celsius where to put it, or took any action to put it in an Earn account.

I repaid my Bitcoin loan on May 12, 2022 because it was in danger of imminent liquidation, and the collateral was returned back to my account on May 13, 2022. I contacted Celsius on May 12, 2022, regarding my early repayment of the Bitcoin Loan, because I was nervous that my loan might be liquidated. I was told by a Celsius employee on May 14, 2022: "I have taken a close look at your account and can see your loan 98038 has since been completed and the **<u>collateral has been returned back to your account</u>**." [Emphasis added.] Never once was an Earn account mentioned, nor did I deposit these coins into an Earn account.

It is clear that once repayment of the Bitcoin Loan and the Ethereum Loan (collectively "The Loans") occurred, my pledge of the collateral securing payment of The Loans ceased, Celsius had no property interest in the cryptocurrency pledged, and all property interests in the collateral reverted to me.

Notably, it was also an explicit prepetition violation of the contract terms, and possibly a violation of their formal or informal agreements with regulators, to place my Bitcoin collateral into an Earn account after April 15, 2022, as I am a U.S. non-accredited investor. (More details below.)

I received a notice from Celsius that they were "pausing" all withdrawals on June 12, 2022, less than one month after repaying my Bitcoin loan.

I tried several times to move my coins and to withdraw them from Earn after The Pause. However, I was informed by Celsius that I could not move my coins or withdraw any of my coins–or do anything at all for that matter–because all transfers, swaps, and other activities were halted due to "The Pause."

The bottom line is that I never consented to my collateral being placed in Earn post-repayment with regards to either loan, nor did I not want or intend to stay in the Earn program; I opposed it.

Again, I never deposited my Bitcoin or Ethereum collateral into "Earn" after paying back The Loans; it was merely placed there by the Debtor as, essentially a "default" account, in spite of the fact that the default–and in fact the *exclusive*–account type, for any and all new non-accredited deposits after April 15, 2022, was Custody **according to Celsius' ALL CAPS <u>UNDERLINED</u> CONTRACT TERMS.** (More details below.)

I started tuning into Twitter spaces in the days and weeks after The Pause, talking with other depositors, and hearing from people with similar stories, while others had their coins returned to Custody with seemingly no rhyme or reason for why some returned collateral went to one type of account, while other coins went to another type of account.

Others had liquidated loans that they could not service, which was horrifying to hear about. In those cases too, collateral was returned to either Custody or Earn, on a seemingly arbitrary and capricious basis, as I attested to in the "Amended Declaration of Immanuel Herrmann" [D.R. 1063, page 5.] (I do not believe I heard about "withhold" until postpetition.)

I never deposited the returned coins into an Earn nor consented to the deposit of the returned coins into Earn, they were simply placed there. On information and belief, the rationale for doing so was arbitrary and capricious.

Like many previous Celsius loan holders, after I repaid my loan, I was using Celsius for safekeeping of my coins going forward, as a way to avoid having to keep my private keys, as they advertised on the website, as I have covered in depth in my previous filings including my *Omnibus Objection to Court Filings Taking Positions on Which Coins are Customer Property,* D.R. 954.

Celsius is holding my Bitcoin and Ethereum as a bailee, custodian or trustee and therefore cannot sell it free and clear of liens, claims and interests that I possess in the collateral pursuant to Bankruptcy Code section 363(f).[4] See *In re Allonhill, LLC*, 2019 LEXIS 1304, at *163 (Bankr. D. Del. Apr. 25, 2019) (stating that where property is held by the debtor as bailee, agent or trustee, the property does not become part of the debtor's estate).

Therefore, I object to the Motion to the extent that the Motion intends to sell or will result in the sale of my Bitcoin or Ethereum collateral as outlined in this limited objection.

I plan to file a proceeding in the future seeking affirmative relief (the "Future Proceeding") which will include the facts and law that support that my Bitcoin and Ethereum are my property and not property of any of the Debtors' estates. However, to the extent that there is a determination by the Court that the Debtors hold property rights in the Bitcoin and

---

[4] See Section 363(f) of the Bankruptcy Code which requires that the assets to be sold free and clear must be property of the estate under section 363(b) or 363(c).

Ethereum that they plan to sell pursuant to Bankruptcy Code section 363(f), I expressly do not consent to the sale of my Bitcoin or Ethereum under 363(f)(2).

In addition, I request that any order approving the Motion require the Debtors to disclose to any prospective purchasers of the Debtors' Assets that I dispute that my Bitcoin and Ethereum are property of the Debtors' bankruptcy estates.

I further request that my returned Bitcoin and Ethereum collateral be excluded from any 363 sale, or any sale or other use whatsoever, until and unless the Court rules that my Bitcoin and Ethereum are property of the Debtors' estates upon consideration of the Future Filing or any other procedural mechanism.

**NON-ACCREDITED INVESTORS IN MARYLAND, SUCH AS MYSELF, SHOULD HAVE HAD RETURNED COLLATERAL PLACED IN CUSTODY AFTER 4/15, ACCORDING TO THE CONTRACT TERMS**

I am a non-accredited investor in Maryland (a Custody state–on information and belief–vs a Withhold State) who paid off one of my loans (my Bitcoin Loan) on May 12, 2022, and whose collateral was placed in an Earn account without my consent, without me depositing the collateral into an Earn account **and** in violation of the contract terms, which stated, in part:

> *BEGINNING APRIL 15, 2022 (THE "MODIFICATION DATE"), THE FOLLOWING TERMS SHALL APPLY:*
>
> *IF YOU ARE A NON-ACCREDITED U.S. USER, ANY DIGITAL ASSET TRANSFERRED TO CELSIUS ON OR AFTER THE MODIFICATION DATE WILL NOT EARN REWARDS AND NOT HAVE ACCESS TO THE EARN SERVICE.*

Celsius did not have my consent to place my Bitcoin in an Earn account after I paid off my Bitcoin loan on May 12, 2022, and the contract stated it would be placed in a Custody account.

Again: With regards to the Bitcoin Loan, in addition to depositing the Bitcoin without my consent, the contract states that **"IF YOU ARE A NON-ACCREDITED U.S. USER, ANY DIGITAL ASSET TRANSFERRED TO CELSIUS ON OR AFTER THE MODIFICATION DATE WILL <u>NOT</u> EARN REWARDS AND <u>NOT</u> HAVE ACCESS TO THE EARN SERVICE."** [All caps and emphasis provided by Celsius in their terms of use, not by me.]

In the case of my Bitcoin Loan, paid back on May 12, 2022, Celsius violated the **ALL CAPS AND SOMETIMES <u>UNDERLINED</u>** language of their own contract by storing my collateral into an Earn account, and did so without my consent.

In addition to violating their agreement with me, this may have been done in violation of consent agreements Celsius may have signed with regulators, or representations they may have made to regulators.

Therefore, Celsius may even be prohibited by regulators from selling or otherwise benefiting from my coins, which may have no value to the estate and may not be able to be included in any sale or used for any purpose whatsoever except to be stored for safekeeping and ultimately returned to me, after getting court and regulatory approvals.

## CELSIUS SHOULD DISCLOSE THIS DISPUTE TO BIDDERS, OR SIMPLY EXCLUDE MY COINS FROM ANY 363 SALE

Celsius should disclose to bidders that the ownership of my Bitcoin and Ethereum collateral are in dispute. With respect to my Bitcoin collateral, they should include an additional disclosure that they may need to seek regulatory clarity before my Bitcoin can be moved, spent, or disposed of in any way.

Celsius should explain to bidders that they may be serving as bailee, agent or trustee with respect to all of my returned collateral and that they may be prohibited from even using my Bitcoin by regulators, because I am a non-accredited investor, who had his Bitcon non-consensually placed into Earn after April 15.

Alternatively, Celsius should simply exclude my coins from any 363 sale entirely and, when the court offers a process to do so, return them to me.

## RESERVATION OF RIGHTS

I reserve all the rights, remedies, causes of action, claims and defenses at law and in equity now existing or hereafter arising with respect to The Loans, the Bitcoin, the Ethereum, the Celsius Loan Terms and Conditions and the Terms of Use, under the foregoing agreements and related documents, the Bankruptcy Code or applicable nonbankruptcy law.

Nothing herein shall be construed as a waiver of any claims, causes of action, remedies or defenses that I have against any of the Debtors or any other person or entity under the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, the right to move for relief from the automatic stay or to file an Adversary Proceeding or any other

cause of action at any time to seek, among other things, the return of my Bitcoin and

Ethereum collateral.


Dated: October 17, 2022
Silver Spring, Maryland

/s/ Immanuel Herrmann
Immanuel Herrmann
