Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Leah Hamlin (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:    (202) 389-5000
Facsimile:    (202) 389-5200

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**ADDENDUM TO CONFIDENTIALITY AGREEMENT**
**AND STIPULATED PROTECTIVE ORDER**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

This addendum (this "Addendum") to the *Confidentiality Agreement and Stipulated Protective Order* [Dkt. No. 790] (the "Protective Order")[2] is entered into by and among: (a) the debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"); and (b) Core Scientific, Inc. ("Core Scientific" and with the Debtors, the "Parties").

**Recitals**

**WHEREAS**, on July 13, 2022, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on September 13, 2022, the Court entered the Protective Order;

**WHEREAS**, on September 28, 2022, the Debtors filed against Core Scientific a *Motion to Enforce the Automatic Stay and for Civil Contempt* [Dkt. No. 917] (the "Motion");

**WHEREAS**, the Parties have sought or may seek certain Discovery Material (as defined in the Protective Order) from one another with respect to the Motion and related matters;

**WHEREAS**, the Parties wish to facilitate and expedite the production, exchange, and treatment of documents marked "Confidential" and "Highly Confidential" pursuant to the terms of the Protective Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED** that the following terms will supplement and modify the Protective Order and govern requests for and production and handling of Discovery Material exchanged between the Parties with respect to the Motion:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Protective Order.

1. The Parties shall submit this Addendum to the Court for approval. The Parties shall abide by the terms of this Addendum and the Protective Order even if this Addendum is not entered by the Court for any reason, unless the Court orders otherwise.

2. Core Scientific certifies and agrees that it has read and understands, and agrees to be bound by, the terms of the Protective Order.

3. Core Scientific shall be a Party to the Protective Order (as defined therein).

4. Paragraphs 11, 12 and 13 of the Protective Order are hereby modified to provide that Confidential and Highly Confidential Discovery Material, and any and all information contained therein, may be produced, given, shown, made available or otherwise communicated to Core Scientific, its outside counsel and other professionals, and staff working under the express direction of such counsel, in connection with the Motion.

5. Paragraph 26 of the Protective Order shall be modified to include the maximum protection allowed by N.Y. Comp. Codes R. & Regs. tit. 22, § 202.70.11-c(g), in addition to Federal Rule of Evidence 502(d).

6. Use of Designated Material in Filings in Connection with the Motion: Unless otherwise agreed by the Producing Person, all Designated Material included in any document filed with the Court in relation to the Motion that discloses Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules, such as by redacting Designated Material in the filed document, and replacing exhibits that constitute Designated Material with a placeholder, and providing unredacted and complete copies of all such submissions to all Parties to this Order, to the United States Trustee, and to the Court; provided, however, that the Designated Material shall become public seven (7) days after the filing unless the Producing Person files an objection with the Court to the unsealing

3

of the Designated Material. If an objection is filed, the Designated Material shall remain under seal until such time as either the Court determines whether the Designated Material shall remain confidential, or the parties reach an agreement on the unsealing of the Designated Material.

7. The provisions of this Addendum constitute an Order of this Court and violations of the provisions of this Addendum are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court. This Court retains jurisdiction to interpret and enforce this Addendum.

**SO STIPULATED:**

Dated: October 17, 2022

| | |
|---|---|
| */s/ Ray C. Schrock* | */s/ Joshua A. Sussberg* |
| **WEIL, GOTSHAL & MANGES LLP** | **KIRKLAND & ELLIS LLP** |
| Ray C. Schrock, P.C. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| David J. Lender | Joshua A. Sussberg, P.C. |
| Ronit J. Berkovich | 601 Lexington Avenue |
| Theodore E. Tsekerides | New York, New York 10022 |
| 767 Fifth Avenue | Telephone: (212) 446-4800 |
| New York, New York 10153 | Facsimile: (212) 446-4900 |
| Telephone: (212) 310-8000 | Email: jsussberg@kirkland.com |
| Facsimile: (212) 310-8007 | |
| Email: ray.schrock@weil.com | -and- |
|       david.lender@weil.com | |
|       ronit.berkovich@weil.com | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
|       theodore.tsekerides@weil.com | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| | Christopher S. Koenig |
| *Counsel to Core Scientific, Inc.* | Dan Latona (admitted *pro hac vice*) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: patrick.nash@kirkland.com |
| |       ross.kwasteniet@kirkland.com |
| |       chris.koenig@kirkland.com |
| |       dan.latona@kirkland.com |
| | |
| | -and- |
| | |
| | Judson Brown, P.C. (admitted *pro hac vice*) |
| | T.J. McCarrick (admitted *pro hac vice*) |
| | Leah Hamlin (admitted *pro hac vice*) |
| | 1301 Pennsylvania Avenue NW |
| | Washington, D.C. 20004 |
| | Telephone: (202) 389-5000 |
| | Facsimile: (202) 389-5200 |
| | Email: judson.brown@kirkland.com |
| |       tj.mccarrick@kirkland.com |
| |       leah.hamlin@kirkland.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |

**SO ORDERED:**

Dated: _____, 2022
New York, New York

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE