UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**FIRST SUPPLEMENTAL DECLARATION OF KEVIN COFSKY IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF PERELLA WEINBERG PARTNERS LP AS INVESTMENT BANKER TO THE COMMITTEE EFFECTIVE AS OF AUGUST 2, 2022, (II) APPROVING THE TERMS OF THE PERELLA ENGAGEMENT LETTER, (III) WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016, AND (IV) GRANTING RELATED RELIEF**

I, Kevin Cofsky, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Partner of the firm of Perella Weinberg Partners LP ("**PWP**"),[2] which has its principal office at 767 Fifth Avenue, New York, New York 10153. PWP is part of a global financial services firm that provides corporate advisory services. I am authorized to execute this first supplement declaration (the "**First Supplemental Declaration**") on behalf of PWP.

2. On August 24, 2022, the Committee filed the *Official Committee of Unsecured Creditors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Perella Weinberg Partners LP as Investment Banker to the Committee Effective as of August 2,*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application or the Engagement Letter, as applicable.

1

*2022, (II) Approving the Terms of the Perella Engagement Letter, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016, and (IV) Granting Related Relief* [Docket No. 606] (the "**Application**").  This First Supplemental Declaration is being submitted following discussions with the U.S. Trustee and to supplement my initial declaration (the "**Initial Declaration**") in support of the Application in these Chapter 11 cases.

3. The facts set forth in this First Supplemental Declaration are based upon my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business that were reviewed either by me or by employees of PWP under my supervision and direction. If called and sworn as a witness, I could and would testify competently to the facts set forth herein.

### Supplemental Disclosures Regarding Parties In Interest

4. In connection with the Initial Declaration, a list of names identified by the Debtors and provided to PWP was set forth in **Schedule 1** attached thereto (the "**Parties In Interest**"). Thereafter, the U.S. Trustee's Office requested that PWP identify any connections to certain additional names identified on **Schedule 1** attached hereto (the "**Supplemental Parties In Interest**").

5. Based on reports generated by PWP's conflicts department, PWP does not currently represent, and has not represented within the last two (2) years, any of the Supplemental Parties In Interest.

### Additional Disclosures Requested by the U.S. Trustee

6. In connection with the Application, I submit this First Supplemental Declaration to provide additional disclosures in response to requests made by the U.S. Trustee and in accordance with Bankruptcy Rules 2014(a) and 2016(b).

2

7. In paragraph 21 of the Initial Declaration, I disclosed that a team of Professionals at PWP sought to be retained by Celsius Network Limited to act as its financial advisor in connection with a potential financing transaction. In connection with the potential financing transaction, PWP contacted multiple parties; however, none of these parties expressed any meaningful interest in the potential financing transaction. No engagement letter between PWP and Celsius Network Limited (or any other Debtor) was executed and, as disclosed in the Initial Declaration, no fees were paid to, or earned by, PWP in connection with the potential financing transaction, and no amounts are owed to PWP by Celsius Network Limited (or any other Debtor) in connection with the transaction.

8. In paragraph 22 of the Initial Declaration, I disclosed that two Professionals in PWP's Advisory Practice have an account with the Debtors. Out of an abundance of caution, and at the request of the U.S. Trustee, PWP has established a conflict wall to ensure the confidentiality of information and documentation, and to prevent the sharing of information and documentation between the Professionals and these two individuals.

9. In paragraph 23 of the Initial Declaration, I disclosed that certain Professionals of PWP, in connection with their employment before joining PWP, appeared or were engaged in cases, proceedings, and transactions involving attorneys, accountants, investment bankers, financial consultants, and claimants and Parties In Interest in these Chapter 11 Cases. No member of the Deal Team worked on matters related to the Debtors or the Chapter 11 Cases prior to their employment at PWP.

10. In paragraph 25 of the Initial Declaration, I disclosed that, except as otherwise disclosed therein, PWP has not been retained to assist any entity or person other than the Committee on matters relating to, or in connection with, the Chapter 11 Cases. In paragraph 25

3

of the Initial Declaration, I further disclosed that PWP will continue to provide professional services to entities or persons that may be creditors of the Debtors or Parties In Interest in the Chapter 11 Cases or their affiliates; provided, however, that such services do not directly relate to, or have any direct connection with, the Committee, Debtors and the Chapter 11 Cases. Such entities and persons are set forth on **Schedule 2** attached hereto. No entity or person identified on **Schedule 2** accounted for more than one percent of PWP's aggregate revenue in 2020, 2021 and 2022 (Aug YTD).

11. Paragraph 5 of the revised proposed form of Order granting the Application (the "**Revised Proposed Order**") filed contemporaneously herewith states: "Notwithstanding anything contained in this Order, the Application or the Engagement Letter, a Transaction shall include the sale of the Debtors' mining business or retail platform business." Paragraph 5 of the Revised Proposed Order was added to clarify the kind of transactions that could constitute a Transaction, not to expand the definition of Transaction. For the avoidance of doubt, (a) the sale of the Debtors' mining business refers to the sale of the Debtors' cryptocurrency mining business and related assets, properties, goodwill, and rights relating to the cryptocurrency mining business; and (b) the sale of the Debtors' retail platform business refers to the sale of assets, properties, goodwill and rights relating to the Debtors' retail platform business, including any cryptocurrencies or digital assets held by the Debtors (to the extent that they comprise property of the estate as such term is defined under section 541 of the Bankruptcy Code) as well the Debtors' account holders, loan portfolio, and related technology, custody and swap services, and staking and mining operations.

12. If any new material facts or relationships bearing on the matters described herein are discovered or otherwise arise during the pendency of these Chapter 11 Cases, PWP will use

reasonable efforts to provide the Court with a supplemental declaration disclosing such new material facts or relationships pursuant to Bankruptcy Rule 2014(a).

*[Remainder of page left intentionally blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: October 17, 2022
      New York, New York

*/s/ Kevin Cofsky*
Kevin Cofsky
Partner
Perella Weinberg Partners LP

## Schedule 1

### Supplemental Parties In Interest

**U.S. Trustee Personnel, Judges, and Court Connections for the Southern District of New York**

Anderson, Deanna
Barajas, Andres
Bentley, Philip
Mastando, John P., III
Slemmer, Daniel
Ziesing, Annie

## Schedule 2

| Party in Interest | Relationship to Debtors | Relationship to PWP Advisory Practice |
|---|---|---|
| Delta Air Lines Inc. | Vendor | Client |
| Keeper Security | Vendor | Client |
| Lufthansa Deutsche | Vendor | Client |