Presentment Date: November 7, 2022, at 12:00 p.m. (prevailing Eastern Time)
Objection Deadline: November 4, 2022, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF PRESENTMENT AND OPPORTUNITY FOR
## HEARING ON JOINT STIPULATION AND AGREED ORDER BETWEEN
## THE SECURITIES AND EXCHANGE COMMISSION AND THE DEBTORS TO
## EXTEND THE DEADLINE FOR FILING A NONDISCHARGEABILITY COMPLAINT

**PLEASE TAKE NOTICE** that the Securities and Exchange Commission ("SEC") and

the above-captioned debtors and debtors in possession (collectively, the "Debtors") will present

the *Joint Stipulation and Agreed Order Between the Securities and Exchange Commission and the*

*Debtors to Extend the Deadline for Filing a Nondischargeability Complaint* (the "Stipulation and

Order") to the Honorable Martin Glenn, Chief United States Bankruptcy Judge, for approval and

signature on November 7, 2022, at 12:00 p.m., prevailing Eastern Time.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Stipulation and Order shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of In re Celsius Network LLC, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d)  be served in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 528] (the "Case Management Order") by **November 4, 2022, at 4:00 p.m., prevailing Eastern Time**, (the "Objection Deadline"), on (i) the entities on the Master Service List available on the case website of the Debtors at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Stipulation and Order.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served by the Objection Deadline with respect to the Stipulation and Order, the Debtors shall, on the Presentment Date, submit the Stipulation and Order to the Court, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice.  The moving and objecting

parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Stipulation and Order and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated: October 17, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:  jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

## **Exhibit A**

**Stipulation and Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**STIPULATION AND AGREED ORDER**
**EXTENDING TIME TO TAKE ACTION, TO THE EXTENT**
**NECESSARY, TO DETERMINE THE NONDISCHARGEABILITY OF A**
**DEBT OWING TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. §1141(d)(6)**

This stipulation and agreed order (this "Stipulation") is entered into this 17th day of October, 2022, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the U.S. Securities and Exchange Commission (the "SEC" and, together with the Debtors, the "Parties").

**WHEREAS,** on July 13, 2022, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS,** section 1141(d)(6) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) [of the Bankruptcy Code] that is owed to a domestic governmental unit…";

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**WHEREAS**, rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides in relevant part that "a complaint to determine the dischargeability of a debt under § 523(c) [of the Bankruptcy Code] shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) [of the Bankruptcy Code] . . .";

**WHEREAS,** the staff of the SEC takes the position that section 523(c) of the Bankruptcy Code and the corresponding deadline in Bankruptcy Rule 4007(c) do not apply to the nondischargeability of a debt under section 1141(d)(6) of the Bankruptcy Code; and thus, that section 1141(d)(6) of the Bankruptcy Code is self-effectuating and the SEC may take whatever action may be required, if any, to determine the nondischargeability of a debt pursuant to section 1141(d)(6) of the Bankruptcy Code at any time, including following the confirmation of a chapter 11 plan. *See, e.g., In re Hawker Beechcraft, Inc.*, 515 B.R. 416 (S.D.N.Y. Mar. 27, 2014);

**WHEREAS,** the SEC does not concede the applicability of section 523(c) of the Bankruptcy Code to determinations under section 1141(d)(6) of the Bankruptcy Code, but recognizes that if section 523(c) of the Bankruptcy Code were to apply to such determinations, then an action to determine the nondischargeability of a debt pursuant to section 1141(d)(6) of the Bankruptcy Code in these chapter 11 cases would have to be filed on or before October 18, 2022, in accordance with Bankruptcy Rule 4007(c);

**WHEREAS,** without binding precedent in this jurisdiction on this issue, and in order to avoid unnecessary litigation, the undersigned parties nonetheless seek an extension of the section 523(c) of the Bankruptcy Code and Bankruptcy Rule 4007(c) deadline out of an abundance of caution, without prejudice to the SEC's right to seek further extensions.

Based on the foregoing stipulation of the parties, it is ORDERED that:

1.    To the extent section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) applies, the date by which the SEC must file its complaint or take other action that may be required, if any, in these chapter 11 cases to determine the nondischargeability of a debt, pursuant to section 1141(d)(6) of the Bankruptcy Code, shall be January 17, 2023, or such later date as may be ordered by the Court, without prejudice to the SEC's right to seek further extensions of the date.

2.    This Stipulation is without prejudice to any rights of the Debtors or other parties in interest to object to the applicability of section 1141(d)(6) of the Bankruptcy Code to any claims asserted by the SEC.

3.    Nothing in this Stipulation constitutes a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) applies, or that any deadline exists to seek a determination of nondischargeability under section 1141(d)(6) of the Bankruptcy Code.

4.    Neither this Stipulation nor any negotiations and writings in connection herewith will in any way be construed as or deemed to be evidence of, or an admission on behalf of any Party regarding, any claim or right that such Party may have against the other Party.

5.    Neither this Stipulation, nor any terms contained herein, shall be offered as evidence in any legal or administrative proceeding among or between the Parties, other than as may be necessary:  (a) to obtain approval of and to enforce this Stipulation or (b) to seek damages or injunctive relief in connection therewith.

6.    Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a

waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Stipulation or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; (h) a waiver or limitation of the Debtors', or any insurers', rights under the Bankruptcy Code or any other applicable nonbankruptcy law; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Stipulation are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7.    Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

8.    This Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

9.    This Stipulation represents the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

10.    The Court retains jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation, and the

Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or

related to the implementation of this Stipulation.

IT IS SO ORDERED.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Stipulation as of the date written below:

Dated:  October 17, 2022

By:  */s/ Therese A. Scheuer*
Therese A. Scheuer
Senior Trial Counsel
U.S. Securities and Exchange
Commission
100 F Street, NE
Washington, DC 20549
(202) 551-6029 (Telephone)
(202) 772-9317 (Facsimile)
scheuert@sec.gov

*Counsel for the U.S. Securities and
Exchange Commission*

*/s/ Joshua A. Sussberg*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com
*Counsel to the Debtors and Debtors in Possession*