**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
            kwofford@whitecase.com
            sam.hershey@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
            gregory.pesce@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re. Docket No. 1013** |

# THE OFFICIAL COMMITTEE OF
# UNSECURED CREDITORS' RESERVATION OF RIGHTS
# REGARDING THE EXAMINER'S MOTION TO APPROVE WORK PLAN

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") states as follows in support of this reservation of rights regarding the *Examiner's Motion to Approve Work Plan* [Docket No. 1013] (the "**Work Plan Motion**"),[2] seeking entry of an order approving the work plan attached to the Work Plan Motion as <u>Exhibit A</u> (the "**Work Plan**"):

**<u>Reservation of Rights</u>**

1.    As set forth in the *Official Committee of Unsecured Creditors' Limited Objection and Reservation of Rights to the Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [Docket No. 758] (the "**Committee Examiner Response**"), the Committee believes that the appointment of an examiner with a wide-ranging scope, as originally proposed in the Examiner Motion, is not in the best interests of account holders or unsecured creditors.  Among other things, a wide-ranging examiner's investigation could needlessly duplicate the investigation being conducted by the Committee, which would likely waste estate resources and reduce recoveries.  Additionally, such an examination could delay the restructuring process (and ultimate distributions to account holders), and result in significant professional fees and expenses.[3]

2.    With those concerns in mind, the Committee engaged the United States Trustee regarding a consensual resolution of the Examiner Motion.  Those productive discussions resulted

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Work Plan Motion.

[3]   For example, as described in the Committee Examiner Response, the examiner in *Residential Capital* ultimately incurred more than $89 million in fees and took ten months to complete its report, despite having a limited number of matters to investigate. *See Residential Cap., LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Dec. 3, 2013) [Docket No. 5994].  A chapter 11 plan in *Residential Capital* was not confirmed for more than six months after the examiner's report was filed on a confidential basis and almost eighteen months after the examiner's appointment. *See Residential Cap.*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Dec. 3, 2014) [Docket No. 6577] ¶¶ 2-9.  The Committee believes that account holders and unsecured creditors cannot afford a similar outcome here.

2

in the appointment of an examiner with an agreed proposed scope that is more appropriately tailored to the facts and circumstances of these cases, as reflected in the form of order filed prior to the hearing [Docket No. 752]. That form of order was approved by the Court, with the sole exception that the Court added a paragraph directing "the Examiner and the Examiner's professionals [to] consult with the Committee, the Debtors and the United States Trustee, and review the *pro se* filings related to the [Examiner] Motion, to consider whether any revisions to the Scope are appropriate." Examiner Order ¶ 16.

3. Following the Examiner's appointment on September 29, 2022, the Committee's counsel and the Examiner and her counsel have engaged in extensive dialogue regarding the Examiner's examination (the "**Examination**"), including potential steps to reduce the costs of the Examination. For example, the Committee and the Examiner have agreed that the Committee will share with the Examiner certain work product created by the Committee's cryptocurrency consultant, Elementus Inc. The Committee, the Examiner, and their respective counsel have also agreed to the mutual sharing of discovery. The Committee looks forward to continuing its dialogue with the Examiner on potential further steps to streamline and reduce the costs of the Examination.[4]

4. Nonetheless, the Committee has certain concerns, and seeks to reserves its rights, in connection with the Work Plan. In particular, and without in any way limiting its reservation of rights, the Committee wishes to highlight three potential issues:

5. First, the Committee is concerned that the Work Plan exceeds the scope of the Examination contemplated by the Examiner Order. For example, the Work Plan indicates that "[t]he Examiner's professionals will also monitor any investigation of the Debtors undertaken by

---

[4] Additionally, as directed by the Court, the Committee's counsel has reviewed the *pro se* filings related to the Examiner Motion to consider whether any revisions to the scope are appropriate, and engaged in discussions with the Examiner and her counsel regarding that topic. Those discussions are ongoing and the Committee has not agreed with any modification of the Examiner Order at this time.

3

any governmental entities that relates to matters within the scope of the examination." Work Plan ¶ 27. The number and extent of investigations of the Debtors by governmental entities is significant: Celsius is apparently subject to enforcement proceedings or investigations in at least 40 states, in addition to investigations or inquiries involving the federal government. Docket No. 732 ¶ 9. The Committee opposed requests by certain state regulators that the Examination address such matters to avoid the costs and delay from such a wide-ranging inquiry. *See* Committee Examiner Response ¶ 25 ("Any concerns that are properly within the jurisdiction of the respective State Agency or other regulatory agency should continue to be addressed and investigated by such agencies, including during these cases. Increasing the examiner's scope to investigate specific issues already being investigated by state agencies or securities regulators would be duplicative, costly, and inappropriate.") The Committee continues to believe that the Examiner should not spend much, if any, time monitoring ongoing governmental investigations, the proceeds of which will presumably result in charges, fines, or other penalties that will benefit governmental entities, and not the Debtors' creditors.

6. Second, the Examiner has notified the Committee that she may seek to expand the scope of her Examination under the Examination Order. Accordingly, the Committee cannot fully consider whether the Work Plan (including any fees and expenses contemplated thereunder) is appropriate because the Examination's scope remains undefined. While the Committee currently believes that no material expansion to the scope of the Examination is warranted, the Committee will require a reasonable opportunity to evaluate whether any proposed expansion is appropriate in light of the Examination Order and the facts and circumstances of these chapter 11 cases.

7. Third, the Committee has concerns regarding any fees, expenses, or costs incurred in connection with the Examination.[5] In particular, the Work Plan forecasts that "the total fees for the Examiner and her counsel, Jenner & Block, will aggregate approximately $3 to $5 million . . . . [T]he Examiner also has determined that she will require the services of a financial advisor, but at this stage she cannot estimate those costs with any level of precision." Work Plan ¶ 34. The Examination is slated to last 60 days following the filling of the Work Plan. *See* Examiner Order ¶ 8. Such amounts, if actually incurred, would warrant close scrutiny by the Committee, the United States Trustee, and any fee examiner in light of the Examination's current Court-approved scope (which is limited to a few discrete topics, several of which are data-driven inquiries the Committee would expect can be completed quickly) and the 60-day duration.

8. The Committee reserves its rights with respect to these and all other issues in connection with the Work Plan and the Examination.

---

[5] The Committee understands that the Work Plan was shared with the Debtors and the United States Trustee prior to being filed but neither the Debtors nor the United States Trustee provided any feedback.

| | |
|---|---|
| Dated: October 18, 2022<br>Chicago, Illinois | Respectfully submitted,<br><br>/s/ *Gregory F. Pesce*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Keith H. Wofford<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>Email:  david.turetsky@whitecase.com<br>           kwofford@whitecase.com<br>           sam.hershey@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile:  (312) 881-5450<br>Email:  mandolina@whitecase.com<br>           gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile:  (213) 452-2329<br>Email:  aaron.colodny@whitecase.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |