Hearing Date and Time: October 20, 2022, at 10:00 a.m. EDT
Objection Deadline: October 19, 2022, at 4:00 p.m. EDT

| | |
|---|---|
| Dennis F. Dunne<br>Nelly Almeida<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, NY 10001<br>Tel: (212) 530-5000<br>Fax: (212) 660-5219 | Joshua M. Mester (admitted *pro hac vice*)<br>**JONES DAY**<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071<br>Tel: (213) 489-3939<br>Fax: (213) 243-2539 |
| Andrew M. Leblanc<br>Melanie Westover Yanez<br>**MILBANK LLP**<br>1850 K Street, NW, Suite 1100<br>Washington, DC 20006<br>Tel: (202) 835-7500<br>Fax: (202) 263-7586 | *Counsel to CDP Investissements Inc.* |

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF REQUESTING HOLDERS' MOTION FOR ENTRY OF AN
ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER
SEAL IN CONNECTION WITH THE REPLY IN FURTHER SUPPORT OF THE
REQUESTING HOLDERS' MOTION FOR ENTRY OF AN ORDER DIRECTING
THE APPOINTMENT OF AN OFFICIAL PREFERRED EQUITY COMMITTEE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that a hearing on the *Requesting Holders' Motion Entry of an Order Authorizing the Filing of Certain Information Under Seal in Connection with the Reply in Further Support of the Requesting Holders' Motion for Entry of an Order Directing the Appointment of an Official Preferred Equity Committee* (the "Motion") will be held on **October 20, 2022, at 10:00 a.m.** (prevailing Eastern Time) (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. **Parties** wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. **Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m. (prevailing Eastern Time), the business day before the hearing (i.e., on October 19, 2022).**

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m. (prevailing Eastern Time) on October 20, 2022, must connect to the Hearing beginning at 9:00 a.m. (prevailing Eastern Time) on October 20, 2022.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is

used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders **applicable** to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (iii) be filed electronically with the Court on the Dkt. of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received by **October 19, 2022, at 4:00 p.m**. (prevailing Eastern Time), by (a) the undersigned counsel, (b) the entities on the Master Service List available on the case website of the above-captioned debtors at https://cases.stretto.com/celsius, and (c) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Requesting Holders (as defined in the Motion).

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings

filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 19, 2022
     New York, New York

| | |
|---|---|
| */s/ Dennis F. Dunne* | */s/ Joshua M. Mester* |
| Dennis F. Dunne | Joshua M. Mester |
| Nelly Almeida | **JONES DAY** |
| **MILBANK LLP** | 555 South Flower Street |
| 55 Hudson Yards | Fiftieth Floor |
| New York, NY 10001 | Los Angeles, CA 90071 |
| Tel: (212) 530-5000 | Tel: (213) 489-3939 |
| Fax: (212) 660-5219 | Fax: (213) 243-2539 |
| Email: ddunne@milbank.com | Email: jmester@jonesday.com |
|        nalmeida@milbank.com | |
| | *Counsel to CDP Investissements Inc.* |
| - and - | |
| Andrew M. Leblanc | |
| Melanie Westover Yanez | |
| **MILBANK LLP** | |
| 1850 K Street, NW, Suite 1100 | |
| Washington, DC 20006 | |
| Tel: (202) 835-7500 | |
| Fax: (202) 263-7586 | |
| Email: aleblanc@milbank.com | |
|        mwyanez@milbank.com | |

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

4

Hearing Date and Time: October 20, 2022, at 10:00 a.m. EDT
Objection Deadline: October 19, 2022, at 4:00 p.m. EDT

| | |
|---|---|
| Dennis F. Dunne<br>Nelly Almeida<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, NY 10001<br>Tel:  (212) 530-5000<br>Fax: (212) 660-5219 | Joshua M. Mester (admitted *pro hac vice*)<br>**JONES DAY**<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071<br>Tel:  (213) 489-3939<br>Fax: (213) 243-2539 |
| Andrew M. Leblanc<br>Melanie Westover Yanez<br>**MILBANK LLP**<br>1850 K Street, NW, Suite 1100<br>Washington, DC 20006<br>Tel:  (202) 835-7500<br>Fax: (202) 263-7586 | *Counsel to CDP Investissements Inc.* |

*Counsel to Community First Partners, LLC,*
*Celsius SPV Investors, LP, and Celsius*
*New SPV Investors, LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### REQUESTING HOLDERS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE REPLY IN FURTHER SUPPORT OF THE REQUESTING HOLDERS' MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF AN OFFICIAL PREFERRED EQUITY COMMITTEE

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

## Table of Contents

Relief Requested ................................................................................................................2

Jurisdiction .........................................................................................................................3

Background ........................................................................................................................3

Summary of Relief Requested ............................................................................................5

The Requested Relief Should Be Granted .........................................................................5

Motion Practice ..................................................................................................................8

Notice .................................................................................................................................8

No Prior Request ................................................................................................................9

## Table of Authorities

*In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) ..........................................7

*In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) .........................................7

*In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005)....................................................7

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*,
21 F.3d 24, 28 (2d Cir. 1994)..........................................................................................................6

11 U.S.C. § 105(a) .........................................................................................................................7

11 U.S.C. § 107(b) ......................................................................................................................6, 7

Fed. R. Bankr. P. 9018. ..................................................................................................................6

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Requesting Holders"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited ("CNL" and, together with its affiliated debtors and debtors in possession, the "Debtors"), by and through their undersigned counsel, respectfully state as follows in support of this motion (the "Motion"):

### Relief Requested

1.  By this Motion, pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rules 9013-1(a) and 9018-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (as amended, the "Local Bankruptcy Rules"), the Requesting Holders request authority to file under seal certain information in connection with the *Reply in Further Support of the Requesting Holders' Motion for Entry of an Order Directing the Appointment of an Official Preferred Equity Committee* (together with the *Declaration of Andrew M. Leblanc in Support of the Requesting Holders' Motion for Entry of an Order Directing the Appointment of an Official Preferred Equity Committee*, the "Reply").[1] The Requesting Holders propose to provide unredacted copies of the Reply and the exhibits annexed thereto to (A) this Court and (B) the Debtors. In addition, consistent with Debtors' authorization to do so, unredacted copies will also be provided to (C) the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") and (D) counsel to the UCC (as defined below), subject to the Confidentiality Agreement and Stipulated Protective Order [Dkt. No. 790] in these cases.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Reply.

2

2. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "Proposed Order").

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rules 9013-1, and 9018-1, and 9037-1.

### Background

5. On July 13, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. A detailed description of the relevant facts and circumstances is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Dkt. No. 23] and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Dkt. No. 22].

7. On July 27, 2022, the United States Trustee appointed an official committee of unsecured creditors (the "UCC"). *See Notice of Appointment of Official Committee of Unsecured Creditors* [Dkt. No. 241]. On September 14, 2022, the Court entered an *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code*

3

[Dkt. No. 820], which directed the appointment of an examiner on a limited scope. On September 29, 2022, the Court entered an *Order Approving the Appointment of Chapter 11 Examiner* [Dkt. No. 923], which approved the appointment of Shoba Pillay as examiner.

8. On September 22, 2022, the Requesting Holders filed the *Motion of Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. for Entry of an Order Directing the Appointment of an Official Preferred Equity Committee* [Dkt. No. 880] (the "Equity Committee Motion"), which seeks entry of an order directing the appointment of an official committee of the holders of CNL's preferred equity securities in these cases. On October 13, 2022, the Debtors and the UCC filed objections to the Equity Committee Motion. *See Debtors' Objection to Motion for Entry of an Order Directing the Appointment of an Official Preferred Equity Committee* [Dkt. No. 1045]; *The Official Committee of Unsecured Creditors Objection to the Motion of Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. for Entry of an Order Directing the Appointment of an Official Preferred Equity Committee* [Dkt. No. 1049].

9. In connection with the Requesting Holders' preparation of the Reply, the Requesting Holders notified Debtors of their intention to annex to their Reply certain materials provided pre-petition by Debtors to the Requesting Holders. Counsel for the Debtors responded that those materials appeared to be confidential commercial information, and the Debtors requested that the Requesting Holders seal the materials, thus occasioning this Motion.

4

**Summary of Relief Requested**

10. As described in more detail in the Equity Committee Motion and Reply, filed contemporaneously herewith, the Requesting Holders seek entry of an order directing the appointment of an Official Preferred Equity Committee.

11. The exhibits annexed to the Reply (the "Exhibits"), were provided to the Requesting Holders by Debtors, who have observed that the Exhibits contain sensitive, confidential, commercial information of the Debtors, relating to the Debtors' financials, partnerships, and business strategies (the "Confidential Information"). The Exhibits and Confidential Information are also discussed within the body of the Reply. The Exhibits are documents belonging to the Debtors, and the Debtors have specifically requested that the Requesting Holders maintain their confidentiality. Thus, the Exhibits and the Reply, and the Confidential Information contained therein, should not be publicly disclosed.

12. Accordingly, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Requesting Holders seek entry of the Proposed Order, attached hereto, authorizing them to file under seal the Exhibits and the portions of the Reply that summarize or disclose Confidential Information. The Requesting Holders intend to provide unredacted copies of the Reply and the Exhibits annexed thereto to the Court, the Debtors, the U.S. Trustee, and the UCC, through advisors on a strictly confidential basis and with the Debtors' permission.

**The Requested Relief Should Be Granted**

13. The Bankruptcy Code provides strong support for sealing the Exhibits and the portions of the Reply disclosing Confidential Information. Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Requesting Holders to file the Confidential Information under seal by permitting the issuance of an order that protects entities from potential

harm that may result from the disclosure of certain confidential information.  *See* 11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]"  Fed. R. Bankr. P. 9018.

15. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application.  *See id*. at 27 (holding that once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application").

6

16. The Second Circuit has noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Id.* Thus, under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information, however, need not rise to the level of a trade secret to be protected under Bankruptcy Code section 107(b). *Id.* at 28.

17. Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18. The Requesting Holders submit that Debtors have represented to them that the Confidential Information falls within the scope of confidential, commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *In re Glob. Crossing, Ltd.*, 295 B.R. at 725 (finding that the

7

purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

19. There is good cause to grant the Motion. The Debtors are in the business of providing sophisticated cryptocurrency-based financial services to institutional, corporate, and retail clients; it is a highly competitive business. The Debtors believe that the Confidential Information contains sensitive commercial and financial information that must be kept under seal.

20. Accordingly, by this Motion, the Requesting Holders respectfully request that the Court enter an order authorizing the Requesting Holders to file the Exhibits and the portions of the Reply that disclose Confidential Information under seal in accordance with Bankruptcy Rule 9018, and directing that such filing remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion.

## Motion Practice

21. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Requesting Holders submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

22. Notice of this Motion has been provided in accordance with the procedures set for in the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Dkt. No. 528]. The Requesting Holders respectfully submit that no further notice is required.

**<u>No Prior Request</u>**

23. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Requesting Holders respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as is just.

Dated:   New York, New York
         October 19, 2022

| | |
|---|---|
| */s/ Dennis F. Dunne* | */s/ Joshua M. Mester* |
| Dennis F. Dunne | Joshua M. Mester |
| Nelly Almeida | **JONES DAY** |
| **MILBANK LLP** | 555 South Flower Street |
| 55 Hudson Yards | Fiftieth Floor |
| New York, NY 10001 | Los Angeles, CA 90071 |
| Tel: (212) 530-5000 | Tel: (213) 489-3939 |
| Fax: (212) 660-5219 | Fax: (213) 243-2539 |
| Email: ddunne@milbank.com | Email: jmester@jonesday.com |
|       nalmeida@milbank.com | |
| | *Counsel to CDP Investissements Inc.* |

- and -

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586
Email: aleblanc@milbank.com
      mwyanez@milbank.com

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

10