WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
David J. Lender
Ronit J. Berkovich
Theodore E. Tsekerides

*Counsel to Core Scientific, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                     :   Chapter 11
                                          :
CELSIUS NETWORK LLC, et al.,              :   Case No. 22-10964 (MG)
                                          :
              Debtors.¹                   :   (Jointly Administered)
------------------------------------------------------------x
```

### *EX-PARTE* MOTION OF CORE SCIENTIFIC, INC. FOR ENTRY OF AN ORDER AUTHORIZING REDACTION OF CERTAIN INFORMATION AND FILING OF CERTAIN DOCUMENTS UNDER SEAL PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL BANKRUPTCY RULE 9018-1 IN CONNECTION WITH CORE SCIENTIFIC, INC.'S FORTHCOMING OBJECTION TO DEBTORS' MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR CIVIL CONTEMPT AND CORE <u>SCIENTIFIC INC.'S MOTION SEEKING AFFIRMATIVE RELIEF</u>

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Core Scientific Inc. ("**Core**") respectfully submits this motion (the "**Motion**") pursuant to

section 107(b) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules of Bankruptcy Procedure (the "**Local Rules**"), for the entry of an order granting leave to file under seal certain exhibits submitted in connection with Core's forthcoming objection (the "**Core Objection**") to *Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt* (ECF No. 917) (the "**Contempt Motion**") and motion seeking certain related affirmative relief (the "**Core Affirmative Motion**", and together with the Core Objection, the "**Core Pleadings**"). In support of this Motion, Core respectfully represents as follows:

## Background

1. On September 28, 2022, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the Contempt Motion.

2. On October 17, 2022, the Debtors filed the *Proposed Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, the Official Committee of Unsecured Creditors, and Core Scientific, Inc., With Respect to Schedule* (ECF No. 1089) (the "**Scheduling Stipulation**"), which reflects an agreement as to scheduling between the Debtors, the Official Committee of Unsecured Creditors (the "**UCC**"), and Core. On October 19, 2022, the Court entered an order approving the Scheduling Stipulation (ECF No. 1114) (the "**Scheduling Stipulation Order**").

3. Also on October 17, 2022, the Debtors filed the *Addendum to Confidentiality Agreement and Stipulated Protective Order* (ECF No. 1088) (the "**Protective Order Addendum**"), modifying the *Confidentiality Agreement and Stipulated Protective Order* (ECF No. 790) (the "**Original Protective Order**", and together with the Protective Order Addendum, the "**Protective Order**") to include Core as a party thereto.

4. Pursuant to the Scheduling Stipulation Order, Core is to file the Core Pleadings by October 19, 2022. *See* Scheduling Stipulation Order ¶ 1–2. Contemporaneously with such filings, Core intends to submit three declarations with certain exhibits attached thereto. Two of these

2

exhibits (the "**Confidential Exhibits**") contain highly sensitive and confidential commercial information relating to Core, its business, and its customers (the "**Confidential Information**"). Core would be irreparably harmed if the Confidential Information contained therein was included on the public docket and available to competitors in the cryptocurrency space.

5. Accordingly, Core requests entry of an order authorizing Core to redact and file the Confidential Exhibits under seal to protect the Confidential Information. Importantly, the Debtors, the UCC, and their witnesses will have access to the fully unredacted Confidential Exhibits, subject to the Protective Order.

6. In support of the requested relief, Core submits contemporaneously herewith the *Declaration of Todd DuChene in Support of Core Scientific Inc.'s Motion for Entry of an Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 in Connection with Core Scientific Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and For Civil Contempt and Core Scientific Inc.'s Motion Seeking Affirmative Relief* (the "**DuChene Declaration**").

## Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8. By this Motion, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, Core requests entry of an order authorizing Core to redact and file the Confidential Exhibits under seal to protect the Confidential Information.

9. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

## Basis For Relief Requested

10. Section 107(b) of the Bankruptcy Code, as applied through Section 105(a), protects against the disclosure of certain confidential information. Section 107(b) provides, in pertinent part:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b) (emphasis added). Parsing the language of section 107(b), courts have emphasized that once the court determines that the information falls within section 107(b), the court "is *required* to protect [the movant] and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Section 107(b) expressly authorizes the court to grant protection, where warranted, to an entity's confidential commercial information. Unlike Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. This protection is not limited to the debtor; it extends to creditors and other parties in interest. *See In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting motion to seal share purchase agreement between the debtors and a purchaser to protect the information of the purchaser and the company whose stock was being sold).

11. The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires [] to protect the estate or any entity in respect of a trade secret or other confidential

4

research, development, or commercial information [.]" Fed. R. Bankr. P. 9018. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *see also Orion Pictures*, 21 F.3d at 28 (noting that "[d]isclosing the sealed information, including the overall structure, terms and conditions of the McDonald's Agreement, renders very likely a direct and adverse impairment to [the debtor's] ability to negotiate favorable promotion agreements…thereby giving [its] competitors an unfair advantage." (internal quotation omitted). Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12.   The Second Circuit Court of Appeals has noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Orion Pictures*, 21 F.3d at 28. Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id*. Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id*. at 28. Courts have held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g., Glob. Crossing*, 295 B.R. at 724 (citing Bankruptcy Rule 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other

5

Pg 6 of 12

confidentiality restrictions that are warranted in the interests of justice." *Glob. Crossing*, 295 B.R. at 724.

13. In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *Glob. Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

14. Public disclosure of the Confidential Information would place Core at a competitive disadvantage. DuChene Decl. ¶ 4. The Confidential Information is contained in two separate emails from Core to a variety of customers in which Core seeks payment from its customers under various purchase orders. *Id.* The information to be redacted identifies those customers by name and provides specific invoice amounts for specific invoices and totals owed. *Id.* The Confidential Information is not only confidential business information to Core, as it shows how much each customer owed, but it is also confidential information to the specific customer. *Id.* Disclosure of that information to the public would provide all of Core's other customers with knowledge relating to what their competitors were paying Core for services and would provide those customers with a competitive advantage in their negotiations with Core. *Id.*

15. While we recognize that this Court has limited the redaction of information relating to the Debtors' creditors, *see Memorandum Opinion and Order on the Debtors' Sealing Motion* (ECF No. 910) (the "**Sealing Opinion**"), Core submits that its situation is different. Core is not proposing to redact or seal information relating to creditors in a chapter 11 case. That information is central to any bankruptcy case. *See* Sealing Opinion p. 32. Rather, Core is proposing to redact

6

and seal highly sensitive and confidential commercial information regarding Core's business and customers that, if made publically available, would cause irreparable harm to Core. There is no good reason why the general public needs to know this sensitive business information relating to parties who are not the Debtors. Thus, Core submits that the requested relief is appropriate.

16. Weighing the prejudice to Core from full disclosure of the Confidential Information (which is high) against the need for the public to know the specific terms of the Confidential Information beyond those being disclosed in the Core Pleadings, the balance clearly weighs in Core's favor. Thus, cause exists to grant the relief requested herein, because the Confidential Exhibits contain confidential commercial information that, if publicly disclosed, would provide Core's competitors with an unfair competitive advantage.

17. Upon request, Core will share a copy of the unredacted Confidential Exhibits with the U.S. Trustee on a confidential, professionals-eyes-only basis.

18. Accordingly, by this Motion and for the reasons set forth herein, Core respectfully requests that this Court enter an order authorizing Core to redact and file the Confidential Exhibits under seal to protect the Confidential Information.

## No Prior Request

19. No previous motion for the relief sought herein has been made to this or any other Court.

## Notice

20. Notice of this Motion has been given in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief* (ECF No. 528). Core submits that such notice is sufficient and no other or further notice need be provided.

WHEREFORE Core respectfully requests entry of the Proposed Order granting the relief requested herein.

Dated: October 19, 2022
      New York, New York

                                */s/ Theodore E. Tsekerides*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Ray C. Schrock, P.C.
David J. Lender
Ronit J. Berkovich
Theodore E. Tsekerides

*Counsel to Core Scientific, Inc.*

## Exhibit A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          : Chapter 11
                                                               :
CELSIUS NETWORK LLC, *et al.*,                                 : Case No. 22-10964 (MG)
                                                               :
                              Debtors.[2]         : (Jointly Administered)
---------------------------------------------------------------x

**[PROPOSED] ORDER AUTHORIZING REDACTION OF
CERTAIN INFORMATION AND FILING OF CERTAIN DOCUMENTS
UNDER SEAL PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE,
RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE,
AND LOCAL BANKRUPTCY RULE 9018-1 IN CONNECTION WITH CORE
SCIENTIFIC, INC.'S FORTHCOMING OBJECTION TO DEBTORS' MOTION TO
ENFORCE THE AUTOMATIC STAY AND FOR CIVIL CONTEMPT AND CORE
SCIENTIFIC INC.'S MOTION SEEKING AFFIRMATIVE RELIEF**

Upon the motion, dated October [●], 2022 (the "**Motion**"),[3] of Core Scientific Inc. ("**Core**"), pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, for entry of an order authorizing Core to redact and file under seal the Confidential Exhibits, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled by this Court; and this Court having determined that the legal and factual bases set forth in the Motion justify the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid harm to Core, and is in the best interests of Core, their customers, their creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, Core is authorized to redact and file the Confidential Exhibits under seal to protect the Confidential Information.

3. Core shall submit unredacted copies of the Confidential Exhibits to the Clerk of this Court under seal in an envelope, clearly indicating that the same has been filed under seal.

4. Except as otherwise provided in paragraph 2 of this Order or by a further order of this Court, the Confidential Exhibits shall remain under seal and confidential and shall not be made available without the prior written consent of Core to any party other than (i) the Court, and (ii) the U.S. Trustee.

5. Unredacted copies of the Confidential Exhibits shall not be filed on the public docket and shall remain permanently under seal, except as otherwise provided by a further

order of this Court. Upon closure, the Clerk's Office is directed to release any hard copies of, or electronic storage devices of, the Confidential Exhibits for disposal.

6. Nothing in this Order shall restrict in any way the right of any party in interest or the U.S. Trustee to seek relief from this Court to unseal any part of the Confidential Exhibits.

7. Core is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022
   New York, New York

   _____
   THE HONORABLE MARTIN GLENN
   UNITED STATES BANKRUPTCY JUDGE

3