Víctor Ubierna de las Heras
Email: victorub@protonmail.com
Telephone +34 699760721
Pro se Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| **CELSIUS NETWORK LLC,** *et al.*, | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors[1] | : | (Jointly Administered) |
------------------------------------------------------------x

**NOTICE OF OBJECTION TO FEE STATEMENT (Dk 1071)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

Víctor Ubierna de las Heras, pro se Creditor[2], hereby files this Notice of Objection to Fee Statement (the "**Objection**") to the *First Monthly Fee Statement Of Kirkland & Ellis Llp And Kirkland & Ellis International Llp For Compensation For Services And Reimbursement Of Expenses As Counsel To The Debtors And Debtors In Possession For The Period From July 13, 2022 Through July 31, 2022,* Docket Number 1071. (the "**Fee Statement**") and respectfully states as follows:

### PRELIMINARY STATEMENT

1. This Notice of Objection to Fee Statement is limited to Invoice Number: 1010139440, Client Matter: 53363-4. In the Matter of Automatic Stay Matters. For legal services rendered through July 31, 2022. Total legal services rendered $ 200,593.00.

2. From the beginning of this case, the anger and indignation of many creditors has been evident. Both in letters written to the court and on social media, the sentiment has been widespread that Mashinsky has committed fraud and misled clients.

3. Creditors are concerned about how much money is left in Celsius and on what it is being spent on. That is why when they read the Fee Statement of Kirkland & Ellis many were scared of the amount.

4. This creditor however understands that attorneys and other professionals are necessary in this case, but this does not mean that K&E expenses, and others, should not be adequate and supervised by creditors and other parties. Therefore, this pro se creditor cannot share that many hours have been spent writing a motion to extend the stay to directors and officers. Mashinsky must not be protected by Celsius. Had such a motion been filed, this creditor

---

[2] Pro se Creditor is an international creditor. English is not his native language and hereby apologizes in the case any mistakes appear in this objection. 0

2

would have objected. However, this motion to protect Mashinsky and other directors was never filed. Despite the motion being drafted it has not been filed with the Court, however, K&E has billed us time to research and write it. This is an expense that cannot be considered necessary and that is why this creditor objects to it. All hours spent on the motion to extend stay to directors should be detracted and not paid.

## FACTUAL BACKGROUND

5. On August 17, 2022, was signed and entered the Order (I) Establishing Procedures For Interim Compensation And Reimbursement Of Expenses For Retained Professionals And (Ii) Granting Related Relief, Docket Number 521.

6. On September 16, 2022, was signed and entered the Order Authorizing The Retention And Employment Of Kirkland & Ellis Llp And Kirkland & Ellis International Llp As Attorneys For The Debtors And Debtors In Possession Effective As Of July 13, 2022. Docket Number 845.

7. On October 14, 2022, was filed and entered the First Monthly Fee Statement Of Kirkland & Ellis Llp And Kirkland & Ellis International Llp For Compensation For Services And Reimbursement Of Expenses As Counsel To The Debtors And Debtors In Possession For The Period From July 13, 2022 Through July 31, 2022. Docket Number 1071.

8. On that Fee Statement $ 200,593.00 are billed under *In the Matter of Automatic Stay Matters*

## ARGUMENT

### Not necessary services

1. It is very clear that the motion to extend stay to directors was not necessary. If it was necessary, it would have been filed and K&E would have requested a hearing on the motion.

Instead, it was never heard because it was never filed. How can K&E defend that the drafting of a motion is necessary if they never filed it?

2. As explained by Catherine Steege and Andrew S. Nicoll, in a document published by Illinois Institute for Continuing Legal Education in Business Bankruptcy, Section 330(a)(4) of the Bankruptcy Code instructs bankruptcy courts to disallow compensation for services that are duplicative, that are not reasonably likely to benefit the debtor's estate, or that are not necessary to the administration of the case. Furthermore, courts have defined "necessary services" as "those that aid the professional's client in fulfilling its duties under the Code." In re Ben Franklin Retail Store, Inc., 227 B.R. 268, 270 (Bankr. N.D.Ill. 1998). Similarly, "[a]n expense is necessary if it was incurred because it was required to accomplish the proper representation of the client. In re Palladino, 267 B.R. 825, 833 – 834 (Bankr. N.D.Ill. 2001). Further, the party seeking compensation "bears the burden of establishing that she is entitled to certain expenses," and courts "will not assume any expense is necessary." 267 B.R. at 833. Surely, a motion that was never filed cannot be deemed as necessary.

3. For example, Grace C. Brier, on July 23, 2022, expended 4.5 hours re Draft motion to extend stay to directors and officers and the next day, on July 24, 2022 a further 7.4 hours were wasted re Draft motion to extend stay to officers and directors. Further, on July 29, 7.3 hours are billed for "Review and revise draft motion to extend stay to officers and directors". A motion that was never filed and must be considered as not necessary work. This not being the only hours spent on this motion to protect Mashinsky.

4. Furthermore, hours were spent researching this motion that was never filed. Thus, on July 17, 2022, Leah A. Hamlin spent 1.7 hours in Research re motion to extend automatic stay to directors and officers and Grace also another 2 hours on the same. Kirkland and Ellis is

one of the best, if not the best, firm that exists regarding bankruptcy proceedings in the United States of America. As such, K&E and its professionals are expected to Thus, it does not seem reasonable to pay them for "research" into topics. This pro se creditor has needed to search the code, academic journals, case law, etc. in other words, research, for him to be able to write this objection. However, K&E is expected to already know most of these items. Extending the stay to directors must not be a new topic for a firm like K&E, so it makes no sense to pay them for those hours researching a known item.

5. For example, Nicholas A. Binder for 0.4 hours did Analyze automatic stay implications. This seems reasonable and proves that there is a difference between the word analyze and research. While analyze is used in the context of studying the implications of something to the actual case, research is used in a much broader sense.

6. It can also be argued that protecting Mashinsky and shielding him was not in interest of the estate.

## **CONCLUSION**

WHEREFORE, Víctor Ubierna de las Heras respectfully requests that the hours and compensation requested in relation with the motion to extend the automatic stay to directors be deleted from the Fee Statement and not billed.

## **Notice**

Notice of this Objection has been given in accordance with the *Order (I) Establishing Procedures For Interim Compensation And Reimbursement Of Expenses For Retained Professionals And (Ii) Granting Related Relief, Docket Number 521*. Victor Ubierna de las Heras submits that such notice is sufficient, and no other or further notice need be provided.

Dated: October 21, 2022

Madrid, Spain

Respectfully submitted,

Víctor Ubierna de las Heras

By: /s/ *Víctor Ubierna de las Heras*
Víctor Ubierna de las Heras
Pro se creditor
+34 699760721
victorub@protonmail.com