Immanuel Herrmann
*Pro se Celsius creditor*
Admin of the worldwide Celsius
Earn Customer Telegram group
**https://t.me/celsiusearn**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                                                    )
In re:                                                           )          Chapter 11
                                                                    )
CELSIUS NETWORK LLC, *et al.*,[1]     )          Case No. 22-10964 (MG)
                                                                    )
              Debtors.                                       )          (Jointly Administered)
_____)

## MOTION FOR PROCEDURAL RELIEF TO OBJECT TO DR 1119 AND DR 1118 AND OMNIBUS OBJECTION TO DR 1119 AND DR 1118

Immanuel Herrmann, a Celsius Network LLC *pro se* creditor and party in interest in the above referenced bankruptcy proceeding, hereby files this motion requesting procedural relief to object to D.R. 1119 and 1118, and this omnibus objection to D.R. 1119, the motion to shorten time and D.R. 1118, the motion to file under seal.

I respectfully state in support of my motion as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**BACKGROUND**

On Wednesday, October 19, at 3:49pm, I informed Millbank, Kirkland, the UCC, and Chambers via formal letter that I objected to their motion to shorten time on their motion to file under seal, D.R. 1119, that I planned to object to their motion to file under seal and needed more time to do so, and that I reserved all rights. I have attached my letter as Exhibit A.

On Thursday, October 20, I objected to the motion to shorten time and the motion to file under seal in Your Honor's courtroom, due to concerns around transparency.

On Thursday, October 20, I sent a second formal letter to Millbank requesting a meet and confer on this matter. I spoke with Nelly Almedia from Millbank on October 20th, and she informed me that Kikland were the ones requesting the document being filed under seal, not Millbank. I followed up to schedule a meet & confer with Kirkland and Millbank. I have attached this letter as Exhibit B.

On Friday, October 21, at 1pm, I had a meet & confer with several lawyers from Millbank, Dan Latona from Kirkland, and the office of the US Trustee. I was informed that Kirkland would be opposing my request for access to the document either by agreeing to file it in unredacted form, or by allowing me to sign an NDA. I was further informed that they had concerns about the "enforceability" of an NDA, that it was highly sensitive commercial information, and that case law was clear around this. Additionally, I was told that they objected to my request on the grounds that I had not timely objected to D.R. 880, the motion directing the appointment of an official preferred equity committee.

It is my position that, as a creditor, the UCC had objected on my behalf. I also oppose filing this exhibit under seal on this shortened timeline, without being able to personally review the information in any form (redacted or unredacted), and decide whether I might have a response to it or choose to lodge an objection or to gain access before it is used as part of a court order granting or denying an official preferred equity committee.

I was told that this information may not be used in this court's decision in any case, in which case I ask: Why is it so important that it be filed for this purpose and what's the rush? How about this court decide this question of an official preferred equity committee based upon what has already been filed, and argued in Your Honor's courtroom, instead rushing to add a redacted document, filed under seal, into the mix at the eleventh hour, raising major concerns around transparency?

The U.S. Trustee's office listened in to the meet & confer. When I asked if their transparency concerns had been addressed, I was told they were just listening in and that they were not taking a position at this time.

The Debtor did not meet any of my requests: letting me sign an NDA to get the unredacted document, filing the document publicly, or, to my knowledge and belief, meeting the US Trustee Office's concerns in full with their line-by-line approval of any redactions. I therefore am falling back on this court, as a last resort, to request relief.

**REQUEST FOR RELIEF**

I am asking the court to:

- ACCEPT that this motion is filed as a timely objection to the notice to shorten time and the motion to file under seal (D.R. 1118 and 1119), given the lack of notice provided by Millbank and the Debtors, my timely formal letter on October 19 before 4pm ET, and my timely objection in your honor's courtroom on October 20;

- DENY the motion to shorten time, and DEFER the motion to file under seal to a normal timeline;

- ACCEPT that the UCC objected on my behalf to the motion to appoint a preferred equity committee, as they represent **all** creditors. It is my position that I have standing to request this document as a creditor, that the UCC objected on my behalf and that, in any event, any party in interest in this case has the standing to request materials. However, should this court disagree with that position, then I request leave to object to the motion to appoint a preferred equity committee, D.R. 880, in my individual capacity, in writing, so long as I submit and serve my objection by Monday, October 24, and for my written objection be considered alongside the document filed under seal, should this court grant the motions allowing for it to be filed under seal on an expedited timeframe;

- Issue a ruling at the November 1 hearing (or a ruling in writing before the November 1 hearing) that says one of three things:

    1. The document must be provided to me in unredacted form under NDA. (In which case Kirkland and I meet & confer again to see if we can resolve this without a court order on the specifics of the NDA, i.e. by stipulation, or Your Honor can put the specifics into an order.)

    2. The document must be filed in full unredacted form for all parties to view.

       3. Kirkland and Millbank can simply decline to file the document entirely at this time. As Your Honor noted, this document may not even be considered with respect to the motion to appoint a private equity committee.

Thank you, your honor.

Dated: October 21, 2022  
Silver Spring, Maryland

                                                    /s/ Immanuel Herrmann  
                                                      Immanuel Herrmann

# Exhibit A

# IMMANUEL HERRMANN, CELSIUS *PRO SE* CREDITOR

TO: MILBANK, LLP, AND JONES DAY
CC: CELSIUS NETWORK, THE UCC, AND THE CHAMBERS OF THE HONORABLE CHIEF BANKRUPTCY JUDGE MARTIN GLENN

October 19, 2022

Dear Dennis Dunne, Nelly Almeida, Andrew Leblanc, Melanie Westover Yanez, and Joshua M. Mester:

I am writing you this letter to inform you that I do not consent to your motion to shorten notice or your motion to file under seal (D.R. 1124 and D.R. 1119), that I will be verbally objecting to both at tomorrow's hearing, and that I reserve all rights.

As a *pro se* creditor, it is too late for me to get anything docketed today. So I am writing this to inform you that I plan to object to your motions tomorrow and that should your motions to shorten time or file under seal be granted tomorrow, I will docket this letter, after the hearing, to formally register my objection in the court record.

Your notice on both motions was unacceptably short; there is no urgency that requires your motions to be heard. While I will read your motions and do my best to raise all objections in court tomorrow, merely objecting on the grounds that your notice was insufficient for parties in interest is enough for now, in my view, to delay consideration. You are among the top bankruptcy law firms in the world, and you have not given creditors sufficient time to make their voices heard on these matters. I believe that this alone is more than sufficient cause for Chief Judge Glenn to deny your motions from being ruled upon until the November 1 hearing.

Sincerely,

Immanuel Herrmann
*Pro se Celsius creditor*

# IMMANUEL HERRMANN, CELSIUS *PRO SE* CREDITOR

TO: MILBANK, LLP AND JONES DAY
CC: SHARA CORNELL (OFFICE OF THE UNITED STATES TRUSTEE), CELSIUS NETWORK, AND THE UCC

October 20, 2022

Dear Dennis F. Dunne, Nelly Almeida, Andrew M. Leblanc, Melanie Westover Yanez, and Joshua M. Mester:

I am writing you this letter to follow up after today's hearing and request that you either withdraw your motion to seal, or else meet and confer with me, Kirkland and Ellis and any other required parties in interest, by 10am on Monday, either telephonically or in writing via electronic mail, about how we might resolve the matter of my access to the unredacted document via a stipulation or other consensual resolution.

I am willing to sign a confidentiality agreement if requested, so long as I receive assurances that the confidentiality document I am signing is the same document signed by other parties in interest who have access to confidential documents.

As Chief Judge Glenn noted today, transparency is of paramount interest in this case. As Ms. Cornell noted today, the United States Trustee's Office has concerns about the motion to seal.

As a *pro se* creditor who would not have access to this document under your "Requesting Holders' Motion for Entry of an Order Authorizing the Filing of Certain Information Under Seal In Connection With the Reply in Further Support of the Requesting Holders' Motion for Entry of An Order Directing the Appointment of An Official Preferred Equity Committee," D.R. 1118, I have serious concerns about this motion to seal and the lack of transparency it would create–concerns that only a firsthand review of the unredacted document, or, perhaps, an assurance by Ms. Cornell that her concerns are fully and completely addressed without reservation, including her line-by-line approval of any and all redactions, would satisfy.

If we are unable to resolve this matter, I reserve all rights, including the right to object to your motion by the noon Monday deadline, to file a motion to delay consideration or a motion asking the court to grant me access to the original, unredacted document upon signing a confidentiality agreement. Pursuing this access by court order is, of course, a last resort.

To save the court's time, and everyone's time–I hope that we can resolve this matter consensually and to everyone's satisfaction.

Thank you for your attention to this matter.

Sincerely,

Immanuel Herrmann
*Pro se Celsius creditor*