**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Theodore E. Tsekerides**
+1 (212) 310-8000
theodore.tsekerides@weil.com

**VIA E-MAIL AND ECF**

October 26, 2022

Hon. Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

**Re:** *In re Celsius Network LLC*, **No. 22-10964 (MG) – Response to Request for Informal Conference with the Court, Pursuant to Local Rule 7007-1(b)**

Dear Chief Judge Glenn:

We write on behalf of Core Scientific, Inc. ("**Core**") in response to the letter filed by the Debtors on October 25, 2022 (Dkt. No. 1182), in which they seek a conference with the Court to compel the depositions of two Core executives: Chief Executive Officer, Michael Levitt and Executive Vice President of Client Services, Russell Cann. Neither of these depositions is warranted. The Debtors are already scheduled to depose two Core witnesses—Jeff Pratt (Senior Vice President, Partnerships), and Monica Xia (Accounting Manager)—who have personal knowledge relating to the issues in dispute and who will also be appearing as 30(b)(6) witnesses on the relevant topics on behalf of Core. There is no reason why Core should be compelled to produce *two additional witnesses*, let alone its Chief Executive Officer and another high-ranking executive employee. The Debtors' request is not proportional to the evidentiary needs of this case, appears designed to harass Core's executives, and should be denied.

Without any sound argument for why the testimony of four corporate witnesses is warranted, the Debtors contend that Mr. Levitt and Mr. Cann have "unique knowledge at the heart of this dispute, including the deployment of Celsius' rigs, Core's hosting capacity, and Core's decision to pass through power costs to customers." *See* Dkt. No. 1182 at 1. This is not true. The knowledge that Mr. Levitt and Mr. Cann may have on these topics is entirely duplicative of the testimony that Mr. Pratt and Ms. Xia are well-positioned to provide. This point is underscored by the fact that Mr. Pratt and/or Ms. Xia are copied on *every single email* that the Debtors cite in support of their request to compel the depositions of Mr. Levitt and Mr. Cann. That should end the inquiry.

Also fatal to the Debtors' request—especially as relates to Mr. Levitt— is the high standard that safeguards corporate executives from depositions when they possess no unique knowledge from other witnesses. Here, it is hardly surprising that Mr. Levitt, as CEO, has "familiarity with the events underlying the litigation." *See* Dkt. No. 1182 at 1. But the Debtors must establish that Mr. Levitt "has unique

Hon. Martin Glenn
October 26, 2022
Page 2

**Weil, Gotshal & Manges LLP**

evidence, personal knowledge of the claims at issue" and "other witnesses are incapable of providing testimony about the conduct alleged." *Harapeti v. CBS Television Stations Inc.*, 2021 WL 3932424, *2 (S.D.N.Y. Sept. 2, 2021). The Debtors seem to recognize this exacting standard, but then simply assert it is met. They attempt to spin a tale by cobbling together snippets of an earnings call and various emails to erroneously claim that Mr. Levitt was devising plans to push costs on to customers. The actual documents tell a different story. First, none of the emails in which Mr. Levitt is actually a party refer to power costs at all. *See* CORE-00000802; CORE-00000398; CORE00002404. The one other email where Mr. Pratt references Mr. Levitt simply states that he asked that invoices with pass through go out on time. Second, the earnings call cited says nothing about power pass through costs. And Celsius can use the earnings call transcript if it contends otherwise. Most significantly, and underscoring that other witnesses can testify about the relevant topics, Mr. Pratt, who has personal knowledge and who is also going to give 30(b)(6) testimony, is copied on every single email cited—a fact the Debtors omitted from their letter. There is simply nothing to support the Debtors' purported need to depose Core's CEO on the motions before the Court, where other witness will already be providing such testimony. *See Iowa Pub. Employees' Retirement Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2020 WL 6273396, *1 (S.D.N.Y. Aug. 28, 2020) (denying motion to compel deposition where "[p]laintiffs have not shown that [the Chairman and CEO] has unique evidence, personal knowledge of the claims at issue, or that other witnesses are incapable of providing testimony about the conduct alleged.").

For similar reasons, the deposition of Mr. Cann is also unwarranted. He does not have any unique knowledge relevant to the adjudication of the Debtors' motion, and his testimony would be duplicative of the anticipated testimony of Mr. Pratt and Ms. Xia. *See Kleeberg v. Eber*, No. 16CV9517LAKKHP, 2019 WL 2051811, at *2-3 (S.D.N.Y. May 9, 2019) (granting motion for a protective order where the deposition sought would be duplicative of prior deposition testimony from another witness in the same action and not proportional to the needs of the case). Again, and notably, Mr. Pratt and/or Ms. Xia are on every single one of the emails the Debtors claim require Mr. Cann's deposition. This is no surprise: as Mr. Pratt and Ms. Xia's declarations make clear, each of them has personal knowledge of the facts at issue in the motions and are prepared to cover all relevant topics at their respective depositions. *See* Dkt. No. 1141 at ¶ 3; Dkt. No. 1142 at ¶ 1.

Given the time frames agreed to between the Parties on scheduling, and the fact that Core is already making two witnesses with direct, personal knowledge of the relevant issues in the Debtors' motion available for deposition, including to cover relevant 30(b)(6) topics, the depositions of Messrs. Levitt and Cann are not justified and not proportional to the needs of this contested matter. For these reasons, Core Scientific respectfully request that the Debtors' request be denied.

Respectfully submitted,


*/s/ Theodore E. Tsekerides*
Theodore E. Tsekerides
*Counsel to Core Scientific, Inc.*