Víctor Ubierna de las Heras
Email: victorub@protonmail.com
Telephone +34 699760721
Pro se Creditor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                  :    Chapter 11
                                                       :
**CELSIUS NETWORK LLC, *et al.*,**                     :    Case No. 22-10964 (MG)
                                                       :
                Debtors[1]      :    (Jointly Administered)
---------------------------------------------------------------x

**OMNIBUS OBJECTION TO DEBTORS' MOTION FOR ENTRY OF
AN ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE
UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED
TO THE DEBTORS' KEY EMPLOYEE RETENTION PLAN (Dk. 1020)
AND DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)
APPROVING THE DEBTORS' KEY EMPLOYEE RETENTION PLAN
AND (II) GRANTING RELATED RELIEF (Dk. 1021)**

Víctor Ubierna de las Heras, pro se Creditor[2], hereby files this Omnibus Objection Debtors' Motion For Entry Of An Order Authorizing The Debtors To Redact And File Under Seal Certain Confidential Information Related To The Debtors' Key Employee Retention Plan (Dk. 1020) And Debtors' Motion For Entry Of An Order (I) Approving The Debtors' Key Employee Retention Plan And (Ii) Granting Related Relief (Dk. 1021) and respectfully states as follows:

**FACTUAL BACKGROUND**

1. On July 13, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030
[2] Pro se Creditor is an international creditor. English is not his native language and hereby apologizes in the case any mistakes appear in this objection.

1

    manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 11, 2022, Debtors filed the two motions already mentioned before in this document and two declarations supporting them.

## ARGUMENT

### Not confidential information

3. Debtors seek to file under seal information regarding the job title of employees, who hired them or how much money they want to give to them as a bonus. This information is not confidential and creditors and other parties need to know it.

4. Rule 9018 of the Federal Rules of Bankruptcy Procedure establishes the procedures to invoke section 107(b). In relevant part, Rule 9018 provides:

"*On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . contained in any paper filed in a case under the Code.*" FED. R. BANKR.P. 9018. As this Court has held, the moving party bears the burden of showing that the information is confidential. See In re Food Mgmt. Grp., LLC, 359 B.R. 543, 561 (Bankr.S.D.N.Y.2007). In order for a document to be sealed, it must contain information implicating the movant's business operations. In re Orion Pictures Corp., 21 F.3d at 27; see also In re Farmland Indus., Inc., 290 B.R. 364, 368 (Bankr.W.D.Mo.2003).

    Moreover, the Court must also find that the redacted information "is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors." In re Barney's, Inc., 201 B.R. 703, 708-09 (Bankr.S.D.N.Y.1996).

    In re Motors Liquidation Co., 561 B.R. 36, 41 (Bankr. S.D.N.Y. 2016): *""In the*

*Second Circuit, documents which are part of the court record should not remain under seal absent the most compelling reasons." In re FiberMark, Inc., 330 B.R. 480, 503-04 (Bankr. D. Vt. 2005) (internal citations omitted). This Court has previously discussed the "strong presumption and public policy" favoring open access to court records. The right of public access is rooted in the public's First Amendment right to know about the administration of justice. The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved, as they are in this matter. In re Food Mgmt. Grp., LLC, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007) (internal quotation marks and citations omitted).*

*"As courts in other circuits have observed, "[t]his governmental interest [in public access to court records] is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 7 (1st Cir. 2005) (quoting In re Crawford, 194 F.3d 954, 960 (9th Cir. 1999)). "This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised." In re Bell & Beckwith, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984).". Also, ""The moving party bears the burden of showing that the information is confidential." In re Borders Grp., Inc., 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011) (internal citation omitted). The burden of proof is heavy, requiring an "extraordinary circumstance or compelling need." Id. at 47 (quoting City of Hartford v. Chase, 942 F.2d 130, 135-36 (2d Cir. 1991)). This Court has explained:*

*[s]ection 107(b) establishes an exception to the general right of access where under*

3

*compelling or extraordinary circumstances an exception is necessary. However, in most cases a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need to keep this material private.".*

5. The information would not be unfairly beneficial to competitors, as they are for example already making offers to employees above their salary or is easily obtainable from other sources as will be detailed later. Furthermore, the information that Debtors seek to redact should be open to inspections by creditors and other parties, as is crucial for them to object or not to the other motion.

6. It is very clear that there is no need to keep this information private. Creditors should be able to know who and why employees are given bonuses with their money. Also, during this case, grave accusations have been made relating to the business relations of Celsius with companies related to insiders, so creditors have every right to know who hired this employees in order for them to decide whether they want to object or not as doubt exists of whether it would be fair or not.

7. No harm would be made to debtors if the motion to file under seal was denied. In his declaration, Mr. Ferraro, docket number 1022, says that "*certain employees continue to receive offers to join competitors, in some instances, for compensation significantly above their current compensation.*". This shows that companies already have information about employees and that the offers that business competitors are making are already superior to the salaries, and debtors have disclosed so much, so there's no need for the rest of the information to be filed under seal.

8. A quick search to LinkedIn shows that some of the information that Debtors seek to file under seal is already public. Job titles, employee names, types of programs they use and even in some cases descriptions of the job they do are easily accessible on the internet,

posted by the employees. https://www.linkedin.com/company/celsiusnetwork/people/ shows 399 people employed by Celsius, 163 of them living in USA. It also shows 79 who work in engineering, 55 in finances… A brief example of the information already available is attached as exhibit A. Thus, in the context of this bankruptcy proceedings and the need for transparency the motion to file KERP info under seal should be denied.

### Not necessary to the company

9. This involves an obscene amount of money. From the declaration of Josephine Gartrell, docket number 1023, we know that the total cost would be $2.760 M. However, we don't know a detailed cost that justified this, as the key data is redacted. Celsius is a melting ice cube and this money only ads to the injury.

10. Furthermore, in the declaration of Mr. Ferraro, docket number 1022, is said that "*Despite the fact that the Debtors' trading, lending, staking, and custody platform (the "Platform") is frozen, the Debtors' employees (…) prepare the Platform for post-emergence operations*.". However, Debtors has requested, and this court has approved, procedures for the sale of virtually all of debtor's assets, including customer accounts. It makes no sense that on the one hand debtors request to sell all assets and customer accounts but on the other hand, debtors want employees to prepare platform for emergence operations. Thus, motion to approve KERP should be denied.

### CONCLUSION

WHEREFORE, Víctor Ubierna de las Heras respectfully requests that both the Debtors' Motion For Entry Of An Order Authorizing The Debtors To Redact And File Under Seal Certain Confidential Information Related To The Debtors' Key Employee Retention Plan (Dk. 1020) And Debtors' Motion For Entry Of An Order (I) Approving The Debtors' Key

Employee Retention Plan And (Ii) Granting Related Relief (Dk. 1021) be denied.

(Signature block on next page)

**<u>Notice</u>**

Notice of this Objection has been given in accordance with the *Amended Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief (ECF No. 528).* Víctor Ubierna de las Heras submits that such notice is sufficient, and no other or further notice need be provided.

Dated: October 25, 2022

Madrid, Spain                                   Respectfully submitted,

                                                                  Víctor Ubierna de las Heras

                                                                  By: /s/ *Víctor Ubierna de las Heras*
                                                                  Víctor Ubierna de las Heras
                                                                  Pro se creditor
                                                                  +34 699760721
                                                                  victorub@protonmail.com

## **Exhibit A**

Some examples of information already available including Job Titles and job descriptions (there are more than included here).





**Krishna Jha** · 3er
Development Lead at Celsius (Finance & Technology)

Celsius · Sardar Patel University
Lorton, Virginia, Estados Unidos

201 contactos

🔒 Enviar mensaje   ⋯

**Actividad**
202 seguidores

Krishna no ha publicado nada últimamente
Las publicaciones y comentarios recientes de Krishna se mostrarán aquí.

Mostrar toda la actividad →

**Experiencia**


Development Team Lead
Celsius · Jornada completa

**Experiencia**


**Development Team Lead**
Celsius · Jornada completa
oct. 2020 - actualidad · 2 años 1 mes
Hoboken, New Jersey, United States

Successfully delivered three different crypto-based products - A Liquidation System, Crypto based Loan Management System, Invoicing System.
Hired and managed blended team, design and implement new features in the the crypto loan platform.
Supervised software engineering teams and coordinated with managers while providing continuous job performance feedback, which lead to a considerable increase in employee productivity.
Communicated with internal leadership through weekly meetings to set realistic expectations and convey successes in KPI progress

**Aptitudes:** Agile Methodologies · Project Management · Angular · SQL · C# · TypeScript · .NET Core · Amazon Web Services (AWS) · Microsoft Azure · Management · Team Leadership



**Tavor Ben Shitrit** · 3er
SOC Analyst at Celsius

Celsius · The Academic College of Tel-Aviv, Yaffo
Shoham, Centro / Ha Merkaz, Israel

487 contactos

🔒 Enviar mensaje   ⋯

**Experiencia**


**SOC Analyst**
Celsius
feb. 2022 - actualidad · 9 meses
Tel Aviv, Israel

**Aptitudes:** AWS Security · Cybersecurity · Incident Response · Security Information and Event Management (SIEM) · EDR





Graham Dodd 🔊 · 3er

Senior Analyst

Celsius · Royal Holloway, University of London
Basildon, Inglaterra, Reino Unido

500+ contactos

🔒 Enviar mensaje     ⋯

## Acerca de

Experienced Senior Manager with a demonstrated history of working both within the financial services and banking industry. Skilled in Financial Services, Financial Risk, Enterprise Risk Management, Internal Audit, and Risk Management. Strong accounting professional with a Bachelor of Science (BSc) in Mathematics with Statistics from Royal Holloway, University of London.





